UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAN WANG and HANG GAO, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br> v.<br><br>ATHIRA PHARMA, INC.; and LEEN KAWAS,<br><br>        Defendants. | C21-861 TSZ<br><br>[consolidated with C21-862 TSZ and C21-864 TSZ]<br><br><br><br><br>ORDER |
| HARSHDEEP JAWANDHA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br> v.<br><br>ATHIRA PHARMA, INC.; DR. LEEN KAWAS; GLENNA MILESON; TADATAKA YAMADA; JOSEPH EDELMAN; JOHN M. FLUKE, JR.; JAMES A. JOHNSON; GOLDMAN SACHS & CO. LLC; JEFFERIES LLC; STIFEL, NICOLAUS & COMPANY, INCORPORATED; and JMP SECURITIES LLC,<br><br>        Defendants. | |
| TIMOTHY SLYNE and TAI SLYNE,<br><br>        Plaintiffs,<br><br> v.<br><br>ATHIRA PHARMA, INC.; LEEN KAWAS, Ph.D.; GLENNA MILESON; TADATAKA YAMADA, M.D.; JOSEPH EDELMAN; JOHN M. FLUKE, JR.; JAMES A. JOHNSON; GOLDMAN SACHS & CO. LLC; JEFFERIES LLC; STIFEL, NICOLAUS & COMPANY, INCORPORATED; and JMP SECURITIES LLC,<br><br>        Defendants. | |

ORDER - 1

THIS MATTER comes before the Court on motions for appointment as lead plaintiff and approval of lead counsel brought by (i) plaintiffs Timothy Slyne and Tai Slyne, docket no. 32, (ii) movant Kenneth Rozas, docket no. 38, (iii) movant Antonio Bachaalani Nacif, docket no. 40, and (iv) movant Wies Rafi, docket no. 42.[1]  Having reviewed all papers filed in support of, and in opposition to, the motions, and having concluded that these motions can be decided without oral argument, the Court enters the following Order.

**Background**

Athira Pharma, Inc. ("Athira") is a clinical-stage biopharmaceutical company focused on developing small molecules to restore neuronal health in an effort to combat neurological disorders like Alzheimer's disease.  See Compl. at ¶ 2 (docket no. 1).  On June 25, 2021, Athira shareholders Fan Wang and Hang Gao ("Wang/Gao") filed this putative class action alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as well as Rule 10b-5, which was promulgated by the United States Securities and Exchange Commission.  See id. at ¶¶ 49-54.  On the same day, two other actions were commenced, one by Athira shareholder Harshdeep Jawandha, and the other by Athira shareholders Timothy Slyne and Tai Slyne (collectively, the "Slynes").  See Compl. (C21-862 TSZ, docket no. 1); Compl. (C21-864 TSZ, docket no. 1).  In both of those matters, the putative class claims are pleaded under

---

[1] A similar motion brought by Jon T. Gustafson and Suleiman F. Nimri, docket no. 35, has been withdrawn.  See Notice (docket no. 53).

ORDER - 2

Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") and relate to Athira's September 2020 initial public offering ("IPO") and its "Registration Statement." Compl. at ¶¶ 1, 3, & 49-62 (C21-862 TSZ, docket no. 1); Compl. at ¶¶ 1, 5, & 52-62 (C21-864 TSZ, docket no. 1).  Upon the parties' stipulation, the Court consolidated all three cases.  Minute Order at ¶ 1 (docket no. 15).

As required by the Private Securities Litigation Reform Act ("PSLRA"), all named plaintiffs and all movants seeking appointment as lead plaintiff have filed the requisite certifications.[2]  See Ex. 1 to Compl. (docket no. 1-1) (Wang/Gao Certs.); Ex. 1 to Compl. (C21-862 TSZ, docket no. 1-1) (Jawandha Cert.); Exs. A & B to Compl. (C21-864 TSZ, docket nos. 1-1 & 1-2) (Slynes Certs.); see also Ex. B to Nivison Decl. (docket no. 43-2) (Rafi Cert.); Ex. A to Townsend Decl. (docket no. 41-1) (Nacif Cert.); Ex. A to Turner Decl. (docket no. 39-1) (Rozas Cert.).  Moreover, in accordance with the PSLRA, plaintiffs Wang/Gao and Jawandha arranged for notices of their lawsuits to be published.  See Ex. C to Townsend Decl. (docket no. 41-3); Ex. 1 to Farris Decl. (docket no. 33-1).  Both notices specified a deadline of August 24, 2021, for Athira's investors to move to serve as lead plaintiff in this action.  The pending motions to appoint lead plaintiff were timely filed.

---

[2] The PSLRA mandates that a plaintiff seeking to serve as a class representative provide a sworn certification indicating *inter alia* that the plaintiff did not purchase the security at issue at the direction of counsel or in order to participate in the action and that the plaintiff will not accept any payment for serving as the class representative beyond the plaintiff's pro rata share of any recovery, except for reasonable costs and expenses (including lost wages) directly related to the representation of the class.  See 15 U.S.C. §§ 77z-1(a)(2)&(4) & 78u-4(a)(2)&(4).

ORDER - 3

**Discussion**

The PSLRA sets forth a "simple three-step process for identifying" a lead plaintiff. See In re Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2002). The first step involves posting notice in a "widely circulated national business-oriented publication or wire service." Id. (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)); see also 15 U.S.C. § 77z-1(a)(3)(A)(i). This task has been performed. In the second phase, the Court must select as the presumptively "most adequate plaintiff" the putative class member who has filed a complaint or made a motion for appointment, has "the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." See 306 F.3d at 729-30; see also 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I) & 78u-4(a)(3)(B)(iii)(I). For purposes of appointing a lead plaintiff pursuant to the PSLRA, the Court's Rule 23 inquiry "is not as searching as it would be on a motion for class certification." See In re Outerwall Inc. S'holder Litig., No. C16-1275JLR, 2017 WL 881382, at *4 (W.D. Wash. Mar. 6, 2017). During the third stage, others are given an opportunity to attempt to rebut the presumption that the selected putative class member is the "most adequate plaintiff" by offering proof that the selected member "is subject to unique defenses" or is otherwise incapable of "fairly and adequately" representing the class. See Cavanaugh, 306 F.3d at 730; see also 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II) & 78u-4(a)(3)(B)(iii)(II).

In this matter, the parties do not dispute the relative losses incurred, and the Court need not engage in a protracted analysis of which party has the largest financial interest. See Outerwall, 2017 WL 881382, at *4 (outlining four factors generally considered by

ORDER - 4

courts); see also Lewis v. CytoDyn, Inc., No. C21-5190 BHS, 2021 WL 3709291, at *3-4 (W.D. Wash. Aug. 19, 2021) (describing the same four factors, observing that the "trend among courts nationwide has been to use LIFO [last in, first out] in calculating competing movants' estimated losses," and explaining that the assumption under LIFO is the first stocks to be sold are the stocks most recently purchased).  Using the LIFO method, the losses experienced by the various movants are as follows:

| Movant | Securities Act | Exchange Act |
| --- | --- | --- |
| Nacif | $0.00 | $449,299.04 |
| Rafi | $44,737.92 | $94,145.10 |
| Rozas | $30,800.00 | $86,522.20 |
| Slynes | $7,454.28[3] | $0.00 |

Ex. C to Nivison Decl. (docket no. 43-3) (Rafi Loss Chart); Ex. B to Townsend Decl. (docket no. 41-2) (Nacif Loss Chart); Ex. B to Turner Decl. (docket no. 39-2) (Rozas Loss Chart); Rozas's Mot. at 3 (docket no. 38).  Movant Antonio Bachaalani Nacif has the largest financial interest and satisfies the requirements of Rule 23 in that Nacif's claims are typical of those of the class and Nacif can be expected to fairly and adequately protect the interests of the class.  See Cavanaugh, 306 F.3d at 730 (citing Fed. R. Civ. P. 23(a)); Lewis, 2021 WL 3709291, at *6 (typicality is shown if the proposed lead plaintiff's claims arise from the same event or course of conduct and are founded on the same legal theory as the class claims, and adequacy is established if the proposed lead plaintiff does not have any conflicts of interest with other class members and will, along

---

[3] See Slynes' Mot. at 5 (docket no. 32) (citing Ex. 2 to Farris Decl. (docket no. 33-2)).  But see Rafi's Reply at 2 n.1 (docket no. 56) (indicating that the Slynes' losses are actually $5,578.28).

ORDER - 5

1 | with counsel, vigorously litigate on the class's behalf); *see also* Nacif Decl. at ¶¶ 3-7,
2 | Ex. D to Townsend Decl. (docket no. 41-4) (indicating that Nacif owns a business in
3 | Mexico, has experience working with lawyers, has been investing for approximately
4 | 25 years, is strongly motivated to recover the significant losses related to Athira's stock,
5 | and understands the important role and fiduciary duties of a lead plaintiff).  Nacif is
6 | therefore the presumptively "most adequate plaintiff."

7 |     Neither Rafi nor Rozas contend otherwise.  Indeed, Rozas has filed a notice of
8 | non-opposition, docket no. 55, which the Court treats as a withdrawal of Rozas's motion
9 | for appointment as lead plaintiff, and Rozas's motion, docket no. 38, is STRICKEN as
10 | moot.  Rafi does not challenge Nacif's designation as lead plaintiff, but argues that, if
11 | Nacif is disqualified or a co-lead plaintiff is appointed, then Rafi should be chosen.  *See*
12 | Rafi's Resp. at 3-4 (docket no. 46); Rafi's Reply at 2-3 (docket no. 56).

13 |     The Slynes do not contest Nacif's appointment as lead plaintiff in connection with
14 | the Exchange Act claims, but they contend that Nacif is an inadequate lead plaintiff with
15 | respect to the Securities Act claims because Nacif has no losses traceable to the IPO and
16 | Registration Statement.  They seek appointment as co-lead plaintiff with respect to the
17 | Securities Act claims.  The Slynes, however, do not have the largest financial interest in
18 | the relief sought under the Securities Act; both Rafi and Rozas incurred higher losses.
19 | Nacif objects to the Slynes' proposal for two lead plaintiffs, one for each group of claims
20 | (*i.e.*, a lead plaintiff for the Exchange Act claims and a different lead plaintiff for the
21 | Securities Act claims), citing cases indicating that a lead plaintiff need not have standing
22 | as to all claims.  *See* Nacif's Reply at 2 (docket no. 57) (citing *In re CTI Biopharma*
23 |

ORDER - 6

1  *Corp. Sec. Litig.*, No. C16-216RSL, 2016 WL 7805876, at *4 (W.D. Wash. Sept. 2,

2  2016), and *Outerwall*, 2017 WL 881382, at *8).

3      Given the general consensus of the parties, Nacif is appointed lead plaintiff, at least with respect to the Exchange Act claims, and the remaining issues before the Court are (i) whether to appoint another lead plaintiff as to the Securities Act claims; and (ii) if co-lead plaintiffs are to be appointed, whether Rafi (rather than the Slynes) is the "most adequate plaintiff" with respect to the Securities Act claims.  The Court answers both questions in the affirmative.

      Although the Ninth Circuit has suggested that the PSLRA envisions appointment of only one lead plaintiff, *see* *Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 711 n.4 (9th Cir. 2009), district courts have recognized circumstances in which appointment of co-lead plaintiffs is appropriate.  *See* *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428 (S.D. Tex. 2010) (appointing two state retirement funds as lead plaintiffs of the class and a group of four individuals as lead plaintiff of a subclass); *In re Peregrine Sys., Inc. Sec. Litig.*, 2002 WL 32769239 (S.D. Cal. Oct. 11, 2002) (appointing a group of ten individuals as lead plaintiff with respect to Securities Act (Section 11) claims and an Illinois pension fund as lead plaintiff with respect to Exchange Act (Section 10(b)) claims); *see also* *In re MGM Mirage Sec. Litig.*, No. 2:09-cv-1558, 2010 WL 4316754 (D. Nev. Oct. 25, 2010) (appointing co-lead plaintiffs, one that purchased common stock and another that bought debt securities); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061 (C.D. Cal 1999) (denying a motion to appoint a group of

137 class members as the lead plaintiff and instead sua sponte appointing an individual and an institutional investor to serve as co-lead plaintiffs).

The Court concludes that the situation in this matter also warrants appointment of co-lead plaintiffs. The Exchange Act and Securities Act claims have different elements, and the former requires a showing of scienter, while the latter does not. See, e.g., In re White Elec. Designs Corp. Sec. Litig., 416 F. Supp. 2d 754, 762, 764 (D. Ariz. 2006). Thus, unlike the unique standing defense at issue in CTI Biopharma, which was "unlikely to play a major role in the litigation," see 2016 WL 7805876, at *4, in this matter, an inability to prove scienter would be dispositive as to Nacif, who undisputedly has no Securities Act claims. Moreover, unlike the laches defense at issue in Outerwall, see 2017 WL 881382, at *8, an absence-of-scienter defense is not purely speculative, but rather is likely to be a focus of attention in this action. Finally, the notion that an inadequate lead plaintiff could simply be replaced at a later time, see Pino v. Cardone Capital, LLC, No. 2:20-cv-8499, 2020 WL 7585839, at *5 (C.D. Cal. Dec. 18, 2020), does not offer much comfort here; a new lead plaintiff and lead counsel would essentially start from scratch and the proceedings would be significantly delayed. Thus, the Court is persuaded that a class member with standing to assert Securities Act claims should also be appointed as a co-lead plaintiff.

Among the candidates, Rafi is presumptively the "most adequate plaintiff" with respect to the Securities Act claims. The only opposing parties, the Slynes, do not challenge the amount of Rafi's calculated losses or the typicality of Rafi's claims; they argue only that, because Rafi's damages related to Exchange Act claims exceed those

ORDER - 8

associated with Securities Act claims, Rafi will have less incentive to "fairly and adequately" represent class members with solely Securities Act claims.  Given the sums at issue, the nature of this suit, and Rafi's submissions, the Court concludes the Slynes have failed to rebut the presumption that Rafi is the "most adequate plaintiff" in connection with the Securities Act claims, and Rafi is appointed as co-lead plaintiff.

No reason has been given to disturb the choices of counsel made by Nacif and Ravi.  *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(v) & 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."); *see also* *Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff.").  Thus, Labaton Sucharow LLP and Glancy Prongay & Murray LLP are approved as lead counsel, and Breskin Johnson & Townsend, PLLC and Rossi Vucinovich, P.C. are approved as liaison counsel.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Rozas's motion, docket no. 38, is STRICKEN as moot;

(2) The Slynes' motion, docket no. 32, is DENIED;

(3) Nacif's motion, docket no. 40, is GRANTED in part and DENIED in part;

(4) Rafi's motion, docket no. 42, is GRANTED in part and DENIED in part;

(5) Nacif and Rafi are appointed co-lead plaintiffs.  Labaton Sucharow LLP and Glancy Prongay & Murray LLP are approved as lead counsel.  Breskin Johnson & Townsend, PLLC and Rossi Vucinovich, P.C. are approved as liaison counsel.

(6) Within fourteen (14) days of the date of this Order, co-lead plaintiffs and defendants shall meet and confer and file a Joint Status Report proposing a schedule for this matter, including deadlines for the filing of a consolidated complaint and any responsive pleading or motion. <u>See</u> Minute Order at ¶ 3 (docket no. 15). The Joint Status Report shall also identify one attorney from either Breskin Johnson & Townsend, PLLC or Rossi Vucinovich, P.C., and one attorney for defendants who shall serve as the liaison lawyer for each side; the liaison lawyers will have responsibility for receiving and, as appropriate, distributing to co-counsel any written or oral communications of the Court and serving as the contact point between the Court and all counsel to assist with scheduling and coordinating hearings and telephonic conferences.

(7) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 5th day of October, 2021.

                                              Thomas S. Zilly
                                              United States District Judge