THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAN WANG and HANG GAO, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>ATHIRA PHARMA, INC.; and LEEN KAWAS,<br><br>    Defendants. | CASE NO.:  2:21-cv-00861-TSZ (Consolidated with 21-cv-00862-TSZ and 21-cv-00864-TSZ)<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND NOTICE OF INCORPORATION BY REFERENCE**<br><br>NOTE ON MOTION CALENDAR: June 10, 2022 |
| HARSHDEEP JAWANDHA, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ATHIRA PHARMA, INC.; DR. LEEN KAWAS; GLENNA MILESON; TADATAKA YAMADA; JAMES A. JOHNSON; JOSEPH EDELMAN; JOHN M. FLUKE, JR.; GOLDMAN SACHS & CO. LLC; JEFFERIES LLC; STIFEL, NICOLAUS & COMPANY, INCORPORATED; and JMP SECURITIES LLC,<br><br>    Defendants. | |

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND NOTICE OF INCORPORATION BY REFERENCE
2:21-cv-00861-TSZ

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

TIMOTHY SLYNE and TAI SLYNE, Individually and on Behalf of All Others Similarly Situated,

              Plaintiffs,

     v.

ATHIRA PHARMA, INC.; LEEN KAWAS, Ph.D.; GLENNA MILESON, TADATAKA YAMADA, M.D.; JOHN M FLUKE JR.; JAMES A. JOHNSON; JOSEPH EDELMAN, GOLDMAN SACHS & CO. LLC; JEFFERIES LLC; STIFEL, NICOLAUS & COMPANY, INCORPORATED; and JMP SECURITIES LLC,

              Defendants.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND NOTICE OF INCORPORATION BY REFERENCE
2:21-cv-00861-TSZ

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

Defendants Athira Pharma, Inc. ("Athira"), Dr. Leen Kawas, Glenna Mileson, John M. Fluke, Jr., James A. Johnson, Joseph Edelman, Goldman Sachs & Co., LLC, Jefferies LLC, Stifel, Nicolaus & Company, Inc., and JMP Securities LLC (collectively, "Defendants"), respectfully submit this request for judicial notice and notice of incorporation by reference. Defendants request that the Court consider four documents referenced and quoted in Plaintiffs' Consolidated Amended Complaint for Violations of the Federal Securities Law, ECF No. 74 ("Complaint" or "¶"), in connection with their Motion to Dismiss Consolidated Amended Complaint ("Motion to Dismiss"), filed concurrently herewith.

## INTRODUCTION

In connection with their Motion to Dismiss, Defendants request that the Court consider four documents: (a) Athira's Final Prospectus filed on September 18, 2020 in connection with its initial public offering ("IPO"); (b) the Final Prospectus filed on January 21, 2021 in connection with its secondary public offering ("SPO"); (c) the June 17, 2021 Athira press release announcing the launch of the special committee investigation; and (d) the October 21, 2021 Athira press release announcing its conclusion. Three of these documents are attached as Exhibits 2, 3, and 4 to the Declaration of John C. Roberts Jr. in Support of Defendants' Motion to Dismiss Consolidated Amended Complaint ("Roberts Declaration" or "Ex."), filed concurrently herewith, and Defendants link to the fourth document below. These documents are all repeatedly referenced and selectively quoted in Plaintiffs' Complaint. Defendants request that the Court deem them incorporated by reference into the Complaint or subject to judicial notice so that the Court may consider them in connection with the Motion to Dismiss. Defendants do not ask this Court to consider any documents that have not been extensively referenced and repeatedly quoted in the Complaint.

## LEGAL STANDARD

Contextual analysis is a bedrock principle of federal securities laws. *See Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190–91 (2015) ("reasonable

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND
NOTICE OF INCORPORATION BY REFERENCE
2:21-cv-00861-TSZ

- 1 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

investor" interprets statements "fairly and in context"); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323–24 (2007) ("[t]he strength of an inference cannot be decided in a vacuum"). When considering a motion to dismiss a claim under Section 10(b) of the Securities Exchange Act of 1934, courts "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322.

Incorporation by reference is "a judicially created doctrine that treats certain documents as though they are part of the complaint itself," *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2615 (2019), allowing courts to consider the "full text" of an incorporated document, "including portions which were not mentioned in the complaint[]," *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) *see also Roofers Loc. No. 149 Pension Fund v. Dreamworks Animation SKG, Inc.*, 677 F. App'x 376, 377 (9th Cir. 2017) (assessing challenged statement "in the context of the 'SEC filings incorporated by reference in the complaint'") (citation omitted). A document is incorporated if the pleading "refers extensively to the document" or the "document forms the basis of [a] claim." *Orexigen*, 899 F.3d at 1002 (citation omitted). Where a document is incorporated, a court "may assume [its] contents are true for purposes of a motion to dismiss." *Id*. at 1003.

Moreover, under Federal Rule of Evidence 201, courts may take judicial notice of information "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Documents subject to judicial notice can be used for the "limited purpose of determining what information was disclosed to the public during the class period." *PAR Inv. Partners, L.P. v. Aruba Networks, Inc.*, 681 F. App'x 618, 620 n.1 (9th Cir. 2017).

/ / /

## ARGUMENT

## I. THE COURT SHOULD DEEM EXHIBITS 2 TO 4 AND THE SPO FINAL PROSPECTUS INCORPORATED BY REFERENCE INTO THE COMPLAINT

### A.    Exhibit 2: IPO Final Prospectus

Exhibit 2 to the Roberts Declaration is the Form 424B4 Final Prospectus for Athira's IPO, which was filed with U.S. Securities Exchange Commission ("SEC") on September 18, 2020. Plaintiffs' Complaint refers extensively to the "IPO Materials," including the Final Prospectus and Registration Statement, ¶¶7, 19, 20, 24, 168, 169, 173, 174, 190, 200, and these "numerous references" are sufficient to render the Final Prospectus incorporated by reference, *Orexigen*, 899 F.3d at 1007. In addition, the Complaint alleges that Exhibit 2 contains allegedly false or misleading statements. ¶¶110–115, 174–179, 183–90. The exhibit therefore forms part of the basis for Plaintiff' securities fraud claim, and is incorporated by reference for that reason. *Orexigen*, 899 F.3d at 1006 (holding that district court properly applied incorporation by reference doctrine to registration statement that incorporated the "'materially misleading' statements"); *In re Ocera Therapeutics Sec. Litig.*, 2018 WL 7019481, at *5 (N.D. Cal. Oct. 16, 2018) (incorporating "the sources of the allegedly fraudulent statements") (quotations and citation omitted), *aff'd*, 806 F. App'x 603 (9th Cir. 2020). Exhibit 2 is incorporated into the Complaint.

### B.    SPO Final Prospectus

Plaintiff's Complaint refers extensively to the "SPO Materials," including the Final Prospectus and Registration Statement. ¶¶7, 90, 119-21. The Complaint alleges that the SPO Materials contained false or misleading statements. ¶¶119–21, 180–90. Plaintiffs neither allege that the statements in the SPO Materials were different from those in the IPO Materials nor allege that they were false or misleading for different reasons, ¶¶119-121. Accordingly, Defendants do not burden the Court with attaching Athira's Final Prospectus on Form 424B4 for the SPO, filed with the SEC on January 21, 2021. This SPO Final Prospects is publicly available at https://www.sec.gov/Archives/edgar/data/0001620463/000156459021001770/atha-424b4.htm.

## C.   Exhibit 3 and 4: Press Releases

Exhibits 3 and 4 are the June 17, 2021 and October 21, 2021 press releases which announced, respectively, the launch and the conclusion of the special committee investigation. The June 17, 2021 press release is referenced repeatedly in the Complaint. ¶¶6, 91–92, 138. So, too, is the October 21, 2021 press release. ¶¶6, 97–99. The Complaint alleges that these press releases revealed the "truth" to the market, ¶¶91, 138. The "numerous references" and centrality of the claims are sufficient to render them incorporated by reference, *Orexigen*, 899 F.3d at 1007; *see also In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (incorporated documents served as "ground[s] for [] false statements and scienter").

## II.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 2, 3 AND 4, AND THE SPO FINAL PROSPECTUS

In the alternative, Defendants request that the Court take judicial notice of Exhibits 2, 3 and 4, and the SPO Final Prospectus. These exhibits are SEC filings pulled from the SEC Edgar website, and Plaintiff cannot reasonably contest their accuracy. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings subject to judicial notice on motion to dismiss); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (same); *In re Wash. Mut., Inc. Sec., Deriv & ERISA Litig.*, 2009 WL 3246994, at *4 (W.D. Wash. Oct. 5, 2009) (same); *In re Boeing Sec. Litig.*, 40 F. Supp. 2d 1160, 1165 (W.D. Wash. 1998) (same). Defendants do not offer Exhibits 2, 3, 4, and the SPO Final Prospectus for the truth of the alleged misstatements therein, but only to show what was publicly stated in parts of these SEC filings that Plaintiffs do not cite or quote in the Complaint, information that is not subject to reasonable dispute, "can be accurately and readily be determined" from the Exhibits, and therefore is properly subject to judicial notice. *See Orexigen*, 899 F.3d at 999–1000.

## CONCLUSION

The Court should deem Exhibits 2, 3, 4, and the January 21, 2021 Final Prospectus for the SPO to be incorporated by reference and subject to judicial notice, and the Court should consider them in connection with Defendants' Motion to Dismiss.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND NOTICE OF INCORPORATION BY REFERENCE
2:21-cv-00861-TSZ

- 4 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

Dated:  March 8, 2022

Respectfully submitted,

s/ Gregory L. Watts
Gregory L. Watts, WSBA #43995
John C. Roberts Jr., WSBA #44945
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Telephone: (206) 883-2500
Email:  gwatts@wsgr.com
Email:  jroberts@wsgr.com

*Attorneys for Defendants Athira Pharma, Inc., Glenna Mileson, John M. Fluke Jr., James A. Johnson, and Joseph Edelman*

s/ Sean C. Knowles
Sean C. Knowles, WSBA #39893
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: (206) 359-6224
Email: sknowles@perkinscoie.com

*Attorneys for Defendant Dr. Leen Kawas*

s/ Anthony Todaro
Anthony Todaro, WSBA #30391
Lianna Bash, WSBA #52598
**DLA PIPER LLP**
701 Fifth Avenue Suite 6900
Seattle, WA  98104-7029
Telephone: (206) 839-4800
Email: anthony.todaro@us.dlapiper.com
Email: liana.bash@us.dlapiper.com

John J. Clarke, Jr (*Pro Hac Vice*)
**DLA PIPER LLP**
1251 Avenue of the Americas, 27th Floor
New York, NY 10020
Telephone: (212) 335-4920
Email: john.clarke@dlapiper.com

*Attorneys for Defendants Goldman Sachs & Co., LLC, Jefferies LLC, Stifel, Nicolaus & Company, Inc., and JMP Securities LLC*

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND
NOTICE OF INCORPORATION BY REFERENCE
2:21-cv-00861-TSZ

- 5 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500