THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTONIO BACHAALANI NACIF and WIES RAFI, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ATHIRA PHARMA, INC., et al.,

Defendants.

No. C21-861 TSZ

DEFENDANT DR. LEEN KAWAS'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER OF JULY 29, 2022

NOTE FOR MOTION CALENDAR:
Friday, August 12, 2022

DEFENDANT DR. LEEN KAWAS'S MOTION
FOR PARTIAL RECONSIDERATION
(No. C21-861 TSZ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

144202.0002\157903778.1

## I.    INTRODUCTION

In its Order of July 29, 2022 (the "Order"), the Court dismissed Plaintiffs' claim against Dr. Leen Kawas under Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5, but allowed Plaintiffs' claim against Dr. Kawas under Sections 11 and 15 of the Securities Act of 1933 to proceed—but only with respect to "Statement 3."  Dr. Kawas respectfully contends that, in declining to dismiss the Section 11 and 15 claims, the Court committed manifest error.  LCR 7(h)(1).  Accordingly, Dr. Kawas respectfully moves the Court to reconsider the Order solely with respect to its determination of the Section 11 and 15 claims against Dr. Kawas, and to dismiss those claims against her in their entirety.[1]

## II.    ARGUMENT

**The Court's ruling as to Statement 3 should be reconsidered because it purports to require disclosure of allegedly omitted information that is not specifically related to anything in the actual statements made**

The federal securities laws do not require that a corporation disclose everything that an investor may want to know.  See, e.g., In re Rigel Pharms., Inc. Sec. Litig., 697 F.3d 869, 880 n.8 (9th Cir. 2012) (stating with respect to claims under Section 10(b) and Rule 10b-5, "as long as the omissions do not make the actual statements misleading, a company is not required to disclose every safety-related result from a clinical trial, even if the company discloses some safety-related results and even if investors would consider the omitted information significant"); In re Time Warner Inc. Sec. Litig., 9 F.3d 259, 267 (2d Cir. 1993) ("[A] corporation is not required to disclose a fact merely because a reasonable investor would very much like to know that fact.  Rather, an omission is actionable under the securities laws only when the corporation is subject to a duty to disclose the omitted facts."), cert. denied, 511 U.S. 1017 (1994).  The governing statute here expressly ties omission liability to the actual statements made.  15 U.S.C. § 77k(a) (Section 11 liability based on omissions premised on an omission "to state a material fact required to be stated

---

[1] Because Statement 3 constitutes the sole basis for the remaining Section 11 claim as to defendant Athira Pharma, Inc. ("Athira"), dismissal of the Section 11 claim as to Dr. Kawas also requires dismissal of the Section 11 claim as to Athira.  As a result, there is no basis for the Section 15 control-person claim against Dr. Kawas.

DEFENDANT DR. LEEN KAWAS'S MOTION
FOR PARTIAL RECONSIDERATION
(No. C21-861 TSZ) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

144202.0002\157903778.1

therein or necessary to make the statements therein not misleading"). Thus, omission liability can only be found where a defendant fails to disclose material information that is necessary to make an actual statement not misleading. <u>Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund</u>, 575 U.S. 175, 194 (2015) ("Section 11's omissions clause . . . is not a general disclosure requirement; it affords a cause of action only when an issuer's failure to include a material fact has rendered a published statement misleading.").

Statement 3—the only statement not dismissed by the Court in its Order and therefore the only statement that could support the Court's denial of Dr. Kawas's motion to dismiss the Section 11 claim, Order at 42-43—does not satisfy this standard. This statement, which appears in a section of the IPO prospectus titled "Our Collaboration and Grant Agreements," ECF No. 77-2 at 95, describes the history and terms of an exclusive license agreement entered into in 2011, and amended and restated in 2015, between Athira and Washington State University Research Fund, and its successor, Washington State University (together, "WSU"). It states only that the license agreement grants Athira an exclusive license to make, use, sell, and offer for sale licensed products and licensed processes that embody the licensed patents and that form the underlying technology of the drug therapies Athira is developing:

> "In December 2011, we entered into an exclusive license agreement with Washington State University Research Fund, or WSURF, which, after the dissolution of WSURF in 2013, was superseded by an amended and restated exclusive license agreement with Washington State University, or WSU, in September of 2015. Under this agreement, WSU granted us an exclusive license to make, use, sell, and offer for sale licensed products and licensed processes that embody the licensed patents (including WSU's rights to a patent jointly owned with Pacific Northwest Biotechnology, Inc.) and that form the underlying technology of the drug therapies we are developing." CAC at ¶¶ 113 & 178 (quoting IPO Prospectus at 91 & 140, Ex. 2 to Roberts Decl. (docket no. 77-2 at 95 & 144)).

Order at 24-25.[2]

---

[2] As is evident on its face, the scope of Statement 3 is extremely limited. It does not identify the underlying patents; it does not identify *any* of the research or articles allegedly supporting the patents; it does not associate *any* of the patents, or the underlying work, with *any* research done by *anyone* associated with Athira, including specifically Dr. Kawas or her doctoral dissertation; and it does not make *any* qualitative statements about the value or validity of

DEFENDANT DR. LEEN KAWAS'S MOTION
FOR PARTIAL RECONSIDERATION
(No. C21-861 TSZ) – 2

144202.0002\157903778.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Plaintiffs do not allege that Statement 3 does not accurately describe the licensing agreement with WSU. Order at 40. The Order acknowledges that Plaintiffs allege that Statement 3 is misleading only because it fails to mention that Dr. Kawas's doctoral dissertation was obtained with "falsified research," and that "Kawas' research publications regarding the compound underlying [Athira's] lead product contained altered images." Id. Yet neither of these allegedly omitted facts is in any way connected to the actual content of Statement 3:

- Statement 3 does not reference or discuss Dr. Kawas's dissertation or any research by Dr. Kawas associated with the licensing agreement—which is the subject of Statement 3—or the licensed patents, which are not identified in Statement 3.

- Statement 3 does not discuss "the compound underlying the Company's lead product." It broadly references the "underlying technology" of drug therapies under development at Athira, not any particular compound or therapy.

In support of its conclusion that plaintiffs plead a plausible claim of Section 11 liability against Dr. Kawas (and Athira) based on Statement 3, the Court relied on Plaintiffs' allegation concerning "the failure to disclose Kawas's mistakes as a graduate student, while touting the exclusivity of a license for patents founded on Kawas's doctoral work. . . ." Order at 43. But the allegedly omitted information bears no connection to the substance of any aspect of Statement 3, much less contradicts the language of Statement 3, and therefore does not support the Court's conclusion that Statement 3 provides a basis for possible Section 11 liability against Dr. Kawas. See Veal v. LendingClub Corp., 423 F. Supp. 3d 785, 807-08 (N.D. Cal. 2019) (statement not actionable where "the reasons Plaintiffs offer as to why many of the statements are false or misleading bear no connection to the substance of the statements"); Rok v. Identiv, Inc., No. 15-cv-5775-CRB, 2017 WL 35496, at *7-9 (N.D. Cal. Jan. 4, 2017) (omission concerning internal control weaknesses not actionable because it was not *necessary* to make affirmative statements not

---

the unidentified underlying patents or identify *any* revenue or projected revenue associated with these patents or the licensing agreement.

DEFENDANT DR. LEEN KAWAS'S MOTION
FOR PARTIAL RECONSIDERATION
(No. C21-861 TSZ) – 3

144202.0002\157903778.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

misleading "even if such a weakness would have been 'material' to investors"), aff'd, 716 F. App'x 663 (9th Cir. 2018).[3]

The Court's discussion concerning the relationship of the alleged omission to statements in the prospectus concerning Dr. Kawas's qualifications further supports the conclusion that Plaintiffs have insufficiently pled the falsity element of their Section 11 claim against Dr. Kawas. "Even assuming that the enhanced images . . . were connected to ATH-1017, the actions taken by Kawas while a graduate student do not render misleading the facts set forth in Statements 1, 2, 6, 8, and 9." Order at 38. Likewise, Dr. Kawas's alleged actions as a graduate student do not make misleading the limited *facts* about the patents and licensing agreement that are set forth in Statement 3.

Although Plaintiffs allege that Athira "touted" the WSU licensing agreement to create "a false impression of . . . the value of [Athira's] intellectual property," CAC ¶ 3, neither Statement 3 nor any other statement in the Complaint—much less in the IPO and SPO Materials—"touts" the licensing agreement by describing factually the value it purportedly creates for Athira. In this regard, this case is similar to Pirani v. Slack Technologies, Inc., 445 F. Supp. 3d 367 (N.D. Cal. 2020), aff'd, 13 F.4th 940 (9th Cir. 2021), in which the district court rejected the plaintiff's claim that statements about the company's "key benefits" were false and misleading because the statements "touted" those benefits:

> The Court finds that the statements in the "Key Benefits" section are not actionable. Plaintiff does not allege that any particular statement is false or misleading. . . . Instead, plaintiff claims that by touting its "key benefits" Slack "implied that the Slack App was a market leader with unique advantages over its competitors and that the Company possessed the ability to scale up its services to reach more lucrative enterprise customers," when in fact the company was experiencing problems due to competition, reliability and infrastructure. However, a review of the "Summary of Key

---

[3] The extensive factual analysis that the Court undertook to support its conclusion that Plaintiffs have pled a Section 11 claim against Dr. Kawas based on Statement 3—identifying the underlying patents, determining which of those patents may be relevant to Athira's current work, identifying the articles cited in support of those patents and determining whether Dr. Kawas co-authored any of those articles—further supports the conclusion that the allegedly omitted information is not connected to the actual content of Statement 3.

DEFENDANT DR. LEEN KAWAS'S MOTION
FOR PARTIAL RECONSIDERATION
(No. C21-861 TSZ) – 4

144202.0002\157903778.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

> Benefits" section does not reveal any explicit or implicit statements about Slack's market position, competition, the reliability of its technology, or its infrastructure. . . . [T]he Court is not persuaded by plaintiff's contention that Summary of Key Benefits is false or misleading simply because it described, in very general terms, the company's strengths.

Id. at 389 (record citation omitted).  The same analysis applies here.  In not alleging facts to show that Athira said anything to create a false impression of the value of its intellectual property, Statement 3 is simply a nonactionable, accurate statement of fact.  See, e.g., In re Verifone Sec. Litig., 11 F.3d 865, 869-70 (9th Cir. 1993) (holding that company's listing of 52 prominent customers in its prospectus was not misleading despite nondisclosure that company had no existing contracts with those customers:  "[W]e read the listing . . . as simply a compilation of past and current customers that connotes nothing material about the status of existing or prospective orders.  In summary, because the shareholders fail to allege non-disclosed material facts which could have rendered the defendants' assessment of VeriFone's prospects for the future any more accurate or reliable than a forecast based on information then available to the market, shareholders' Amended Complaint does not state a claim under the federal securities laws."); In re DSP Grp., Inc. Sec. Litig., No. C 95-4025-CAL, 1997 WL 678151, at *6 (N.D. Cal. Mar. 5, 1997) ("[R]easonable minds could not find that DSP's accurate statements to the public about its licensing agreements, and the absence of any revenue projections or other predictions based on those licenses, misled investors.  This claim is dismissed . . . .").

Furthermore, any disclosure in the IPO prospectus of allegedly altered images would not have made more accurate, or changed in any other manner, Statement 3's statements about Athira's acquisition of the patents and the licensing agreement, or its broad description of the rights granted to Athira under the licensing agreement.  Therefore, the omission to disclose alterations in the images cannot be a basis for liability under the securities laws.  See Mallen v. Alphatec Holdings, Inc., 861 F. Supp. 2d 1111, 1130 (S.D. Cal. 2012) ("Plaintiffs fail to show how the omission of the fact that there were integration delays made Alphatec's statement that it had 'already begun to

DEFENDANT DR. LEEN KAWAS'S MOTION
FOR PARTIAL RECONSIDERATION
(No. C21-861 TSZ) – 5

144202.0002\157903778.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

realize synergies' from the Scient'x acquisition misleading. . . . [W]ith regard to the [omission to disclose] integration delays and the international distributors' unwillingness to purchase certain Scient'x products in the second quarter, . . . Plaintiffs have failed to show how they were inconsistent with the company's statement that it anticipated that its revenue will continue to grow."), aff'd sub nom. Fresno Cnty. Emps.' Ret. Ass'n v. Alphatec Holdings, Inc., 607 F. App'x 694 (9th Cir. 2015); In re Peregrine Sys., Inc. Sec. Litig., No. 02CV870-BEN (RBB), 2005 WL 8158825, at *23 (S.D. Cal. Mar. 30, 2005) ("[E]ven if a Defendant was aware of Peregrine's accounting improprieties, that Defendant was not required to disclose it unless his or her failure to do so altered a statement that Defendant made.").

### III.    CONCLUSION

For the reasons stated above, the Court should grant Dr. Kawas's motion for partial reconsideration and dismiss the Section 11 and Section 15 claims against Dr. Kawas.

RESPECTFULLY SUBMITTED this 12th day of August, 2022.

By: s/ *Sean C. Knowles*

Sean C. Knowles, Bar No. 39893
Joseph E. Bringman, Bar No. 15236
Zachary E. Davison, Bar No. 47873
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
SKnowles@perkinscoie.com
JBringman@perkinscoie.com
ZDavison@perkinscoie.com

DEFENDANT DR. LEEN KAWAS'S MOTION
FOR PARTIAL RECONSIDERATION
(No. C21-861 TSZ) – 6

144202.0002\157903778.1