THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTONIO BACHAALANI NACIF and WIES
RAFI, individually and on behalf of all others
similarly situated,

   Plaintiffs,

  v.

ATHIRA PHARMA, INC., et al.,

   Defendants.

CASE NO.: 2:21-cv-00861-TSZ

**RESPONSE TO DEFENDANT
KAWAS'S MOTION FOR PARTIAL
RECONSIDERATION OF ORDER OF
JULY 29, 2022**

RESPONSE TO DEFENDANT KAWAS'S
MOTION FOR PARTIAL RECONSIDERATION OF
ORDER OF JULY 29, 2022
CASE NO. 2:21-CV-00861-TSZ

ROSSI VUCINOVICH, P.C.
1000 SECOND AVENUE, SUITE 1420
SEATTLE, WA 98104
PHONE: 425-646-8003
FAX: 425-646-8004

## I.   INTRODUCTION

Defendant Kawas's Motion for Partial Reconsideration of the Court's Order of July 29, 2022, ECF No. 90, ("Motion") should be rejected, as it falls far short of clearing the high bar for such motions.  In this District, motions for reconsideration are governed by Local Civil Rule 7(h), which provides:

> Motions for reconsideration are disfavored.  The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

*Elkharwily v. Kaiser Permanente*, 2020 WL 6044506, at *1 (W.D. Wash. Oct. 13, 2020) (citing Local Rule W.D. Wash. LCR 7(h)).  The Ninth Circuit has held that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Defendant Kawas cites no new facts or legal authority which could not have been brought to the Court's attention earlier.  Kawas argues that the Court committed "manifest error" (Mot. at 1), but that argument fails because she merely recycles arguments the Court already considered and rejected.  *See, e.g.*, *Courter v. Cytodyn, Inc.*, 2021 WL 4989446, at *2 (W.D. Wash. Oct. 27, 2021) (denying motion for reconsideration, reasoning that the movant's attempt to reassert many of the same arguments considered in the underlying order was insufficient to establish manifest error); *Zhizheng Wang v. Hull*, 2020 WL 8839776, at *1 (W.D. Wash. July 6, 2020) (same).

Fatally, Defendant Kawas admits that the Court undertook "extensive factual analysis . . . to support its conclusion that Plaintiffs have pled a Section 11 claim against Dr. Kawas based on Statement 3 . . . ." Mot. at 4 n.3.  The Motion establishes only that Kawas disagrees with the holding the Court reached based on its extensive analysis.  But courts within this Circuit have repeatedly held that "[m]ere disagreement with a previous order is an insufficient basis for reconsideration." *See*, *e.g.*, *Courter*, 2021 WL 4989446, at *2 ("Neither the Local Civil Rules nor the Federal Rules of Civil Procedure, which allow for motions for reconsideration, are intended to provide litigants with a

RESPONSE TO DEFENDANT KAWAS'S
MOTION FOR PARTIAL RECONSIDERATION OF
ORDER OF JULY 29, 2022
CASE NO. 2:21-CV-00861-TSZ

ROSSI VUCINOVICH, P.C.
1000 SECOND AVENUE, SUITE 1420
SEATTLE, WA 98104
PHONE: 425-646-8003
FAX: 425-646-8004

1

second bite at the apple."); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

Thus, the Motion should be denied.

## II.    ARGUMENT

The Court's July 29 Order, ECF No. 89, ("Order") granted in part and denied in part Defendants' motion to dismiss Plaintiffs' Consolidated Amended Complaint For Violations of the Federal Securities Laws (the "Complaint").[1]  The Order denied Defendants' motion to dismiss with respect to Plaintiffs' claims under Sections 11 and 15 of the Securities Act of 1933 ("Securities Act") against Defendant Kawas and Athira solely as to "Statement 3," which was contained in Athira's IPO and SPO Prospectuses.  Order at 49.[2]  It states:

> In December 2011, we entered into an exclusive license agreement with Washington State University Research Fund, or WSURF, which, after the dissolution of WSURF in 2013, was superseded by an amended and restated exclusive license agreement with Washington State University, or WSU, in September of 2015.  Under this agreement, WSU granted us an exclusive license to make, use, sell, and offer for sale licensed products and licensed processes that embody the licensed patents (including WSU's rights to a patent jointly owned with Pacific Northwest Biotechnology, Inc.) and that form the underlying technology of the drug therapies we are developing.

Order at 24-25.

The Court explicitly considered and rejected Defendants' argument that Statement 3 was merely an accurate description of Athira's licensing agreement with WSU, stating:

> Plaintiffs do not contend that the factual contents of Statements 3, 4, 7, and 11 were false.  They do not dispute that (i) Athira entered into an agreement with Washington State University Research Fund, which was superseded by an agreement with WSU; (ii) WSU granted Athira an exclusive license relating to patents owned by WSU and/or Pacific

---

[1] All defined terms herein have the same meaning set forth in the Complaint.

[2] The Court's Order granted Plaintiffs the right to amend the Complaint by August 19, 2022. *See* Order at 50. Plaintiffs chose not to amend to avoid delay and proceed expeditiously to discovery for their claims based on Statement 3.

| | |
|---|---|
| RESPONSE TO DEFENDANT KAWAS'S | ROSSI VUCINOVICH, P.C. |
| MOTION FOR PARTIAL RECONSIDERATION OF | 1000 SECOND AVENUE, SUITE 1420 |
| ORDER OF JULY 29, 2022 | SEATTLE, WA 98104 |
| CASE NO. 2:21-CV-00861-TSZ | PHONE: 425-646-8003 |
| | FAX: 425-646-8004 |

> Northwest Biotechnology, Inc. that disclose a "chemical compound" and/or "the underlying technology of the drug therapies" Athira is developing; (iii) the duration or term of the license was accurately summarized in the statements; or (iv) the contractual requirements (certain development milestones and annual fees) were met as of December 31, 2020, and March 31, 2021.

Order at 40.

The Court correctly understood Plaintiffs' allegations, which do not arise from the statement's "literal truth" but rather the failure to disclose information necessary to make the facts set forth in the statement "not misleading." Order at 40. Specifically, the Court quoted Plaintiffs' allegation that Statement 3 was misleading because "Kawas's research publications regarding the compound underlying the Company's lead product contained altered images." *Id*.

Then, after extensively analyzing the patents licensed by WSU to Athira, the Court reasoned that at least two related to Athira's areas of concern (*e.g.*, neuronal heath, neurodegeneration, dementia, or Alzheimer's Disease) and that those patents cited and/or referenced Defendant Kawas's research containing altered images. *See* Order at 40-42. The Court therefore reasoned there was a sufficient link between the alleged omission and Statement 3 and, therefore, "plaintiffs have pleaded a plausible claim that the failure to disclose Kawas's mistakes as a graduate student, while touting the exclusivity of a license for patents founded on Kawas's doctoral work, might have misled a reasonable investor about the nature of his or her investment." *Id.* at 40-43 (citation omitted); *see also In re Network Com. Inc. Sec. Litig.*, 2004 WL 7338551, at *2 (W.D. Wash. Nov. 1, 2004) ("Drawing all inferences in favor of plaintiffs . . . a jury reasonably could determine that defendants' statements and omissions would have misled a reasonable investor about the nature of his or her investment. Plaintiffs have, therefore, stated a claim upon which relief can be granted under § 11.").[3]

---

[3] Defendant Kawas argues that the Court should apply the same reasoning to Statement 3 as it did to other statements. *See* Mot. at 4. But that is not "manifest error," as those other statements (Statements 1, 2, 6, 8, and 9) are fundamentally different because they all concerned Kawas's qualifications to be an officer of the Company and not the license that gave Athira the right to use the intellectual property underlying its lead product, which represented almost its entire value proposition to investors.

Response to Defendant Kawas's
Motion for Partial Reconsideration of
Order of July 29, 2022
Case No. 2:21-cv-00861-TSZ

Rossi Vucinovich, P.C.
1000 Second Avenue, Suite 1420
Seattle, WA 98104
Phone: 425-646-8003
Fax: 425-646-8004

3

Accordingly, the Court held that Statement 3 was actionable against Defendant Kawas (and Athira) under Section 11.  Order at 42-43.

Defendant Kawas disagrees with the Court's holding and merely rehashes her argument that Statement 3 does not directly cite Kawas's research.  *See* Mot. at 2 (arguing, again, that "the scope of Statement 3 is extremely limited" because it "does not identify the underlying patents" and "it does not identify any research done by anyone associated with Athira") (emphasis omitted).  Specifically, Kawas recycles Defendants' arguments that (1) Statement 3 is an accurate description of the licensing agreement with WSU that bears no connection to the allegedly omitted information; and (2) there was no duty to disclose Kawas's "mistakes" as a graduate student, while the exclusivity of a license for patents founded on Kawas's doctoral work was touted.  *Compare* ECF No. 76, Mot. to Dismiss at 12, *and* ECF No. 87, Reply at 6-7, *with* Mot. at 3-6.  That is insufficient to establish "manifest error." *See, e.g.*, *Courter*, 2021 WL 4989446, at *2; *Wang*, 2020 WL 8839776, at *1.[4]

Further, Defendant Kawas reuses many of the same cases cited in Defendants' motion to dismiss briefing, which are still distinguishable for the reasons explained in Plaintiffs' opposition to that motion.  Kawas's additional authorities (*see* Mot. at 3) are not "new … legal authority which could not have been brought to [the Court's] attention earlier" (Local Civ. R. 7(h)), are distinguishable, and certainly do not reveal any "manifest error" in the Court's reasoning.  For example, *Veal v. LendingClub Corp.*, 423 F. Supp. 3d 785, 807 (N.D. Cal. 2019), and *Rok v. Identiv, Inc.*, 2017 WL 35496, at *6-7 (N.D. Cal. Jan. 4, 2017), both stand for the inapt proposition that mention of one internal control weakness does not trigger a duty to disclose a different internal control weakness.  *Id.*  But here, Statement 3 touts the exclusivity of Athira's license for patents that explicitly cite and/or reference Defendant Kawas's research publications.  Thus, the link between the omission

---

[4] Section 15 imposes joint and several liability on those who "control" anyone liable under Section 11.  *In re Harmonic, Inc., Sec. Litig.*, 2006 WL 3591148, at *5 (N.D. Cal. Dec. 11, 2006).  Defendant Kawas's Motion does not contest the Court's finding that Defendant Kawas was a controlling person of Athira under Section 15.  *See* Order at 48 ("The § 15 claim remains pending against Kawas.").

RESPONSE TO DEFENDANT KAWAS'S
MOTION FOR PARTIAL RECONSIDERATION OF
ORDER OF JULY 29, 2022
CASE NO. 2:21-CV-00861-TSZ

ROSSI VUCINOVICH, P.C.
1000 SECOND AVENUE, SUITE 1420
SEATTLE, WA 98104
PHONE: 425-646-8003
FAX: 425-646-8004

4

and the allegedly concealed information here is direct, or at least far less attenuated than in those in Defendant Kawas's authorities.

*In re DSP Group, Inc. Securities Litigation*, 1997 WL 678151, at *6 (N.D. Cal. Mar. 5, 1997), is also distinguishable because, unlike here, the omission in that case involved the alleged failure to inform investors that the licenses at issue would not produce revenue unless the defendant company's customers successfully developed products using its technology. *See id.* at *4. There, the court reasoned that "the market already knows" that licenses will not produce revenue until licensed products are manufactured and sold, and noted that the defendant had disclosed detailed information about its licensing agreements, including an explicit disclosure that "royalties from such products are totally dependent upon the success of the [] licensee in introducing these products." *Id.* Here, Defendants made no disclosure that research publications cited and/or referenced in the patents that Athira licensed contained altered images.

Even if the Court is inclined to grant Defendant Kawas's Motion (which it should not), Plaintiffs respectfully request that they be granted the right to amend the Complaint. If given the opportunity to amend, Plaintiffs intend to add additional facts and allegations, including a recent public statement by Xue Hua, Ph.D., Athira's former VP of Clinical Development, that "[i]t is a common misconception that this allegation [regarding the altered images in Kawas's Ph.D. research on Dihexa] is unrelated to Athira's ongoing programs." *See* Decl. of Thomas G. Hoffman, Jr., Ex. 1 at PDF p. 2. Hua was directly responsible for leading and supervising the science and operations for all of Athira's clinical trials over the past six years. *Id.* at PDF p. 3. In her public statement, Hua confirms that (1) Dihexa (a.k.a. Fosgo-AM) is the active drug of Fosgonimeton (short name: Fosgo; a.k.a. ATH-1017); (2) Athira's lead drug candidate is Fosgonimeton; and (3) Athira's Board knew about the image alteration issue since 2015 but failed to disclose this information to investors until June 2021. *Id.* at PDF p. 2 (confirming that Dihexa is the active drug in Fosgo); *id.* at PDF p. 4 (confirming that Athira's lead drug is Fosgo); *id.* at PDF p. 18 ("The Athira Board had been sitting

RESPONSE TO DEFENDANT KAWAS'S
MOTION FOR PARTIAL RECONSIDERATION OF
ORDER OF JULY 29, 2022
CASE NO. 2:21-CV-00861-TSZ

ROSSI VUCINOVICH, P.C.
1000 SECOND AVENUE, SUITE 1420
SEATTLE, WA 98104
PHONE: 425-646-8003
FAX: 425-646-8004

5

on the information of image alteration for over five years and did not act on it until June 2021. It was unclear why the Board did not take action in 2015 but did so in 2021.").

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Motion.  In the alternative, should the Court grant Defendant Kawas's Motion, Plaintiffs respectfully request leave to amend the Complaint.

Dated: September 12, 2022

Respectfully submitted,

**ROSSI VUCINOVICH, P.C.**

By: s/Benjamin T. G. Nivison
Benjamin T. G. Nivison, WSBA No. 39797
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
Phone: (425) 646-8003
Fax: (425) 646-8004
Email: bnivison@rvflegal.com

*Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Michael P. Canty
Thomas G. Hoffman, Jr.
140 Broadway
New York, New York 10005
Phone: (212) 907-0700
Fax: (212) 818-0477
Email: mcanty@labaton.com
       thoffman@labaton.com

RESPONSE TO DEFENDANT KAWAS'S
MOTION FOR PARTIAL RECONSIDERATION OF
ORDER OF JULY 29, 2022
CASE NO. 2:21-CV-00861-TSZ

ROSSI VUCINOVICH, P.C.
1000 SECOND AVENUE, SUITE 1420
SEATTLE, WA 98104
PHONE: 425-646-8003
FAX: 425-646-8004

6

**GLANCY PRONGAY & MURRAY LLP**
Kara M. Wolke
Casey E. Sadler
Natalie S. Pang
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Phone: (310) 201-9150
Fax: (310) 201-9160
Email: kwolke@glancylaw.com
        csadler@glancylaw.com
        npang@glancylaw.com

*Co-Lead Counsel for the Class*

RESPONSE TO DEFENDANT KAWAS'S
MOTION FOR PARTIAL RECONSIDERATION OF
ORDER OF JULY 29, 2022
CASE NO. 2:21-CV-00861-TSZ

ROSSI VUCINOVICH, P.C.
1000 SECOND AVENUE, SUITE 1420
SEATTLE, WA 98104
PHONE: 425-646-8003
FAX: 425-646-8004

7