THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTONIO BACHAALANI NACIF and WIES
RAFI, individually and on behalf of all others
similarly situated,

　　　　　　　　　Plaintiffs,

　　　v.

ATHIRA PHARMA, INC., et al.,

　　　　　　　　　Defendants.

No. C21-861 TSZ

DEFENDANT DR. LEEN KAWAS'S
REPLY BRIEF IN SUPPORT OF
MOTION FOR PARTIAL
RECONSIDERATION OF ORDER OF
JULY 29, 2022

DEFENDANT DR. LEEN KAWAS'S REPLY BRIEF IN
SUPPORT OF MOTION FOR PARTIAL
RECONSIDERATION
(No. C21-861 TSZ)

144202.0002\158258359.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# I.    REPLY ARGUMENT

## A.    Dr. Kawas Has Demonstrated Manifest Error in the Original Ruling

Largely ignoring the substance of Dr. Kawas's motion for reconsideration, Plaintiffs argue that the motion should be denied because "[Dr. Kawas] cites no new facts or legal authority which could not have been brought to the Court's attention earlier."  Resp. at 1, 4.  This argument misconstrues LCR 7(h), which provides two independent bases for reconsideration.  Here, Dr. Kawas respectfully submits that her motion for reconsideration establishes "manifest error in the prior ruling," a standard that does not require citation to new facts or new legal authority.

Contrary to Plaintiffs' argument, the pending motion does not simply repeat arguments from the motion to dismiss.  It expands on them in the context of the Court's ruling, explaining that to state a claim under Section 11 of the Securities Act based on Statement 3, Plaintiffs must plead why and how the allegedly omitted information was necessary to make the actual substance of Statement 3 not misleading.  See, e.g., Macomb Cnty. Emps.' Ret. Sys. v. Align Tech., Inc., 39 F.4th 1092, 1099 (9th Cir. 2022) (complaint found "not actionable under our securities laws" because it "contain[ed] no allegations contrary to the assertions regarding Align's average sales price in China, the relative complexity of the cases, the 'cycle time,' China's 'massive population,' China's growing middle class, iTero's effects on driving higher Invisalign volume, etc."); Veal v. LendingClub Corp., 423 F. Supp. 3d 785, 807-08 (N.D. Cal. 2019) (dismissing claims due to "[l]ack of connection between statements and alleged reasons for their falsity," including that plaintiff failed to allege "the statement affirmatively led the plaintiff in a wrong direction (rather than merely omitted to discuss certain matters)"); Pirani v. Slack Techs., Inc., 445 F. Supp. 3d 367, 389 (N.D. Cal. 2020) (rejecting contention that by "touting its [app's] 'key benefits'" the company implied that the app "was a market leader with unique advantages over its competitors," where discussion contained no "explicit or implicit statements about Slack's market position, competition, the reliability of its technology, or its infrastructure"), aff'd, 13 F.4th 940 (9th Cir. 2021).  As these and other cases cited in the motion for reconsideration demonstrate, Plaintiffs must establish that disclosure of the alleged omission was necessary to make Statement 3 not misleading.  They have

DEFENDANT DR. LEEN KAWAS'S REPLY BRIEF IN
SUPPORT OF MOTION FOR PARTIAL
RECONSIDERATION (No. C21-861 TSZ) – 1
144202.0002\158258359.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

not done so.

The Court accepted Plaintiffs' allegation that the Prospectus did not disclose "Kawas's mistakes as a graduate student" while "touting the exclusivity of a license for patents founded on Kawas's doctoral work." ECF No. 89 at 43. But nothing about the Prospectus could remotely be construed as "touting" the license or the patents, and Statement 3 merely describes Athira's license agreement with WSU. And neither the Complaint nor Plaintiffs' opposition to the motion to dismiss explained <u>why</u> or <u>how</u> nondisclosure of the allegedly enhanced images made Statement 3 false or misleading under the governing legal standards. Indeed, Statement 3 does not identify the patents in question, does not describe the research on which those patents are based, and does not associate that underlying research with Dr. Kawas (or any other individual). Although Plaintiffs also alleged that Athira "touted" the WSU licensing agreement to create "a false impression of . . . the value of [Athira's] intellectual property," CAC ¶ 3, Statement 3 did not assert or imply anything about the value of that agreement or the underlying patents to Athira. To paraphrase <u>Pirani</u>, "plaintiff's contention that [Statement 3] is false or misleading simply because it described, in very general terms, the company's [license agreement and its history]" is not persuasive. 445 F. Supp. 3d at 389. The allegedly omitted information bears <u>no connection</u> to the limited substance of Statement 3, which does not discuss details of the patents or the value of the patents to Athira, much less contradict the actual language of Statement 3. Plaintiffs have not met their burden to plead that an alleged omission rendered Statement 3 misleading.

**B.**     **Dr. Hua's Statement Is Irrelevant to the Pending Motion and Not a Basis to Grant Plaintiffs Leave to Amend**

In support of their opposition, Plaintiffs submit a public statement by Athira's former VP of Clinical Development, Xue Hua, Ph.D. Declaration of Thomas G. Hoffman (ECF No. 93) ¶ 2 & Ex. 1 ("Hoffman Decl."); <u>see</u> Resp. at 5. Dr. Hua's statement does not respond to issues raised by Dr. Kawas's motion for reconsideration and therefore is irrelevant to the motion.

Moreover, Plaintiff's request to amend based on Dr. Hua's statement should be rejected as futile. Instead of supporting Plaintiffs' allegations that WSU's Dihexa patents and Athira's license

DEFENDANT DR. LEEN KAWAS'S REPLY BRIEF IN
SUPPORT OF MOTION FOR PARTIAL
RECONSIDERATION (NO. C21-861 TSZ) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

144202.0002\158258359.3

of them are worthless, and that the alleged alteration of images impacted the validity of Dr. Kawas's research, Dr. Hua states that (1) the "scientific validity of Dihexa has been confirmed in multiple experiments performed at Athira since Kawas' PhD research ten years ago," Hoffman Decl., Ex. 1 at 2;[1] and (2) "Kawas' PhD research on Dihexa has been replicated by company-performed experiments with raw data, therefore the image alteration did not impact the scientific validity of Dihexa or Fosgonimeton," id. at 12.[2]  Dr. Hua also quotes from the public testimonial published in April 2022 by Professor Joseph Harding—Dr. Kawas's PhD advisor, co-inventor of Dihexa, and Athira's co-founder—who confirmed that the prior research had been replicated in 2016, with the "new Western blot data, as well as the corroborating ELISA data" being submitted to the Journal of Pharmacology and Therapeutics on April 7, 2016, years before the Prospectus was issued and Statement 3 made. Id. at 10-11.  By incorporating such material, Plaintiffs would plead themselves out of court.[3]

The Court should also deny Plaintiffs' request to amend because it is too late.  The Court gave Plaintiffs 21 days, until August 19, to amend.  ECF No. 89 at 50.  Plaintiffs chose not to amend, even though Dr. Hua's statement was published on May 10, 2022, and available to Plaintiffs well before the Court-imposed deadline.  See Hoffman Decl. ¶ 2 & Ex. 1.

## II.    CONCLUSION

The Court should grant Dr. Kawas's motion for partial reconsideration and dismiss the Section 11 and Section 15 claims with prejudice.

---

[1] See also Hoffman Decl., Ex. 1, at 7 ("company-conducted experiments established the potential therapeutic efficacy of Dihexa and directly replicated the findings in Kawas' PhD research").

[2] See also Hoffman Decl., Ex. 1, at 9 ("[Dr. Kawas's alleged] image embellishment impacted some example illustrations, [but] not the quantitative data used to draw scientific conclusions"); id. at 8 (Athira had "firm, unimpeachable scientific data that established that, regardless of any alteration of images in prior publications regarding Kawas' PhD research, Dihexa . . . did in fact produce the desired effect").

[3] Dr. Hua's entire statement, not just the language Plaintiffs cherry-pick, would be incorporated by reference into the amended pleading.  See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Consequently, her statement would hurt, not help, Plaintiffs' pleading efforts.

DEFENDANT DR. LEEN KAWAS'S REPLY BRIEF IN
SUPPORT OF MOTION FOR PARTIAL
RECONSIDERATION (NO. C21-861 TSZ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

144202.0002\158258359.3

RESPECTFULLY SUBMITTED this 16th day of September, 2022.

By: s/ *Sean C. Knowles*

Sean C. Knowles, Bar No. 39893
Joseph E. Bringman, Bar No. 15236
Zachary E. Davison, Bar No. 47873
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
SKnowles@perkinscoie.com
JBringman@perkinscoie.com
ZDavison@perkinscoie.com

DEFENDANT DR. LEEN KAWAS'S REPLY BRIEF IN
SUPPORT OF MOTION FOR PARTIAL
RECONSIDERATION (NO. C21-861 TSZ) – 4

144202.0002\158258359.3