UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTONIO BACHAALANI NACIF and
WIES RAFI, individually and on behalf
of all others similarly situated,

                    Plaintiffs,

        v.

ATHIRA PHARMA, INC.; and LEEN
KAWAS, Ph.D.,

                    Defendants.

C21-0861 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable
Thomas S. Zilly, United States District Judge:

(1)     Defendants' motion for reconsideration, docket no. 90, is DENIED.
Having reviewed defendants' motion, plaintiffs' response, and defendants' reply, the
Court is persuaded that no "manifest error" in the prior decision has been shown. *See*
Local Civil Rule 7(h)(1).[1]  In denying defendants' motion to dismiss the Securities Act
§ 11 claim relating to Statement 3,[2] the Court concluded that "plaintiffs have pleaded a

---

[1] Defendants appear to concede that their motion for reconsideration is not premised on "new
facts or legal authority" that could not have been brought to the Court's attention "earlier with
reasonable diligence."  *See* Local Civil Rule 7(h)(1); *see also* Reply at 1 (docket no. 94).

[2] Statement 3, which appeared in the Initial Public Offering ("IPO") Prospectus, was as follows:
"In December 2011, we entered into an exclusive license agreement with Washington State
University Research Fund, or WSURF, which, after the dissolution of WSURF in 2013, was

MINUTE ORDER - 1

plausible claim that the failure to disclose Kawas's mistakes as a graduate student, while touting the exclusivity of a license for patents founded on Kawas's doctoral work, might have 'misled a reasonable investor about the nature of his or her investment.'"  Order at 43 (docket no. 89).  Defendants argue that "nothing about the Prospectus could remotely be construed as 'touting' the license or the patents" at issue,[3] and they contend that Statement 3 did not identify either the patents or the research on which they are based, drew no connection to Kawas, and made no assertion about the value of the license or related patents.  Reply at 2 (docket no. 94).  Statement 3, however, cannot be viewed in isolation.  Rather, Statement 3 must be evaluated within the "total mix" of information made available to investors.  *See Hemmer Grp. v. SouthWest Water Co.*, 527 F. App'x 623, 626 (9th Cir. 2013) (citing *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 38 (2011)).  Statement 3 indicates that WSU granted an exclusive license for patented products and processes "that form the underlying technology of the drug therapies" being developed by Athira Pharma, Inc. ("Athira").  *See supra* note 2.  The perceived value of the license and the related patents is implicit from the fact that Athira relies on them for its core business, is contractually obligated to pay WSU to use the patented inventions, and has negotiated for others to be precluded from practicing the claims set forth in the patents (*i.e.*, is the beneficiary of an exclusive license).  The Prospectus separately discloses that "Dr. Leen Kawas, our founder and chief executive officer, has been essential in creating our innovative translational development strategy," and that Kawas "earned a Ph.D. in molecular pharmacology from Washington State University in 2011." Ex. 2 to Roberts Decl. (docket no. 77-2 at 12 & 155).  No great leap of logic is required to understand that the patents licensed to Athira stem from Kawas's research while at WSU, and that the patents disclose her as one of the inventors, rendering them easily discoverable.  To rule as defendants suggest, the Court would have to determine, based solely on the operative pleading, that the omitted fact (namely, Kawas's alteration of certain images in her dissertation and research papers) is "so obviously unimportant that no reasonable shareholder could have viewed it as significantly altering the 'total mix' of information made available to stockholders."  *See Hemmer*, 527 F. App'x at 626 (citing *Zell v. InterCapital Income Sec., Inc.,* 675 F.2d 1041, 1045 (9th Cir. 1982) (quoting *TSC*

superseded by an amended and restated exclusive license agreement with Washington State University, or WSU, in September of 2015.  Under this agreement, WSU granted us an exclusive license to make, use, sell, and offer for sale licensed products and licensed processes that embody the licensed patents (including WSU's rights to a patent jointly owned with Pacific Northwest Biotechnology, Inc.) and that form the underlying technology of the drug therapies we are developing."  IPO Prospectus at 91 & 140, Ex. 2 to Roberts Decl. (docket no. 77-2 at 95 & 144)).

[3] Defendants' argument misconstrues the Court's prior Order, which does not characterize Statement 3 as "touting" the license itself or the related patents, but rather the *exclusivity* of the license.  *See* Order at 43 (docket no. 89).

MINUTE ORDER - 2

*Indus., Inc. v. Northway, Inc.,* 426 U.S. 438, 449 (1976))). On the current record, the Court cannot draw such conclusion as a matter of law, and plaintiffs are entitled to proceed forward on their Securities Act § 11 claim against Kawas and Athira, as well as their Securities Act § 15 claim against Kawas, with respect to Statement 3. Whether plaintiffs can succeed on the merits of these claims is a question for another day.

(2)     The deadline for filing the Joint Status Report required in Paragraph 3 of the Order dated July 29, 2022, docket no. 89, is RESET to October 24, 2022.

(3)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 4th day of October, 2022.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 3