THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTONIO BACHAALANI NACIF and WIES RAFI, Individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>   v.<br><br>ATHIRA PHARMA, INC., et al.<br><br>        Defendants. | CASE NO.:  2:21-cv-00861-TSZ<br>(Consolidated with 21-cv-00862-TSZ and 21-cv-00864-TSZ)<br><br>**DEFENDANT ATHIRA PHARMA, INC.'S ANSWER TO CONSOLIDATED AMENDED COMPLAINT** |

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

Defendant Athira Pharma, Inc. ("Athira" or the "Company") hereby answers the Consolidated Amended Complaint for Violations of the Federal Securities Laws ("Complaint"), ECF No. 74, filed in the above-captioned action on January 7, 2022 by Lead Plaintiffs Antonio Bachaalani Nacif and Wies Rafi ("Lead Plaintiffs").

To the extent the paragraphs of the Complaint are grouped under headings and subheadings, Athira responds generally that the partial and/or pejorative phrases used in the headings do not constitute factual averments, and thus the headings are not included herein. To the extent a response is deemed necessary, Athira denies each and every heading and sub-heading in the Complaint and incorporates by reference this response in each paragraph below as if fully set forth therein.

Except as explicitly admitted herein, Athira denies any and all allegations set forth in the Complaint. Athira further answers the numbered paragraphs in the Complaint as follows.

1.     Athira admits that it describes itself as a late clinical-stage biopharmaceutical company focused on developing drugs to restore neuronal health and slow neurodegeneration. Athira avers that Athira's main drug candidate is ATH-1017, a prodrug to Dihexa. Athira avers that HGF activity is believed to be important for healthy brain function and that patients with some neurodegenerative diseases, like Alzheimer's disease, appear to suffer from reduced HGF activity, and avers that Athira believes ATH-1017 is an HGF/MET positive modulator. Except as explicitly admitted herein, Athira denies the allegations in paragraph 1.

2.     Athira admits that Dr. Leen Kawas is Athira's former CEO and that she performed research and co-authored academic articles related to HGF/MET and Dihexa and related compounds. Athira admits that Dr. Kawas has co-authored articles with her former professors at Washington State University ("WSU"). Except as explicitly admitted herein, Athira denies the allegations in paragraph 2 and footnote 1.

3.     Athira admits that it referenced its licensing agreement with WSU before, during, and after Athira's initial public offering in September 2020. Athira admits that the licensing agreement with WSU provides Athira with the exclusive license to market and sell Dihexa, subject

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 1 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

to the terms and conditions of the licensing agreement.  Athira admits that Athira referenced Dr. Kawas's academic, scientific, and research credentials before, during, and after Athira's initial public offering.  Athira admits that certain individuals claim to have analyzed certain of Dr. Kawas's scientific articles on a website named *PubPeer*.  Athira admits that its Special Committee concluded that Dr. Kawas altered images in her 2011 doctoral dissertation and in at least four research papers that she co-authored while a graduate student at WSU, published from 2011 to 2014.  Except as explicitly admitted herein, Athira denies the allegations in paragraph 3 and footnote 2, except to the extent the allegations in paragraph 3 and footnote 2 contain legal conclusions, to which no response is required.

4.      Athira admits that its Special Committee concluded that Dr. Kawas altered images in her 2011 doctoral dissertation and in at least four research papers that she co-authored while a graduate student at WSU, published from 2011 to 2014.  Athira denies Lead Plaintiffs' characterization of the quoted language.  Except as explicitly admitted herein, Athira denies the allegations in paragraph 4.

5.      Athira admits that Dr. Kawas resigned from Athira on October 18, 2021 and that Athira sent a letter to Athira employees containing the quoted language on October 21, 2021. Athira denies Lead Plaintiffs' selective quotation is accurate, complete, or provides full context. Except as explicitly admitted herein, Athira denies the allegations in paragraph 5.

6.      Athira admits that on June 18, 2021 the Company's stock price closed at $11.15 per share, lower than the closing price on June 17, 2021 of $18.24 per share.  Except as explicitly admitted herein, Athira denies the allegations in paragraph 6 and footnote 3, except to the extent the allegations in paragraph 6 and footnote 3 contain legal conclusions, to which no response in required.

7.      Athira admits that the operative complaint identifies a putative class of persons who purchased Athira stock between September 17, 2020 to June 17, 2021 and alleges violations of the Securities Exchange Act of 1934, SEC Rule 10b-5, and the Securities Act of 1933.  Athira avers that the court dismissed all claims against all defendants, except for (a) Count III, a purported

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 2 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

violation of Section 11 claim of the Securities Act, against Dr. Kawas and Athira and (b) Count V, a purported violation of Section 15 of the Securities Act, against Dr. Kawas, regarding Statement 3.  Athira admits it conducted its initial public offering in September 2020, and that the offering was made by means of a registration statement and prospectus.  Athira admits that it conducted a secondary public offering in January 2021 and that the secondary offering was made by means of a registration statement and prospectus.  Athira admits that Lead Plaintiffs purport to define the initial and secondary public offerings collectively as the Offerings.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 7 and footnote 4.

8.      Athira admits that the operative complaint alleges violations under Sections 11, 12, and 15 of the Securities Act of 1933, and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5.  Athira avers that the court dismissed all claims against all defendants, except for (a) Count III, a purported violation of Section 11 claim of the Securities Act, against Dr. Kawas and Athira and (b) Count V, a purported violation of Section 15 of the Securities Act, against Dr. Kawas, regarding Statement 3.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 8.

9.      Paragraph 9 states legal conclusions to which no response is required.

10.     Athira admits that its stock trades on the Nasdaq Global Market.  Athira admits that its headquarters are located in Bothell, Washington.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 10, except to the extent that the allegations in paragraph 10 contain legal conclusions, to which no response is required.

11.     Athira denies the allegations contained in paragraph 11, except to the extent that the allegations in paragraph 11 contain legal conclusions, to which no response is required.

12.     Athira lacks knowledge or information sufficient to form a belief as to the allegation regarding Antonio Bachaalani Nacif's domicile or his trades in Athira stock, and on that basis, denies that allegation.  Athira admits that ECF No. 41-1 purports to show that Mr. Nacif purchased and sold Athira's stock between February 2021 and June 2021.  Except as explicitly admitted

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 3 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

herein, Athira denies the allegations contained in paragraph 12, except to the extent that the allegations in paragraph 12 contain legal conclusions, to which no response is required.

13.     Athira lacks knowledge or information sufficient to form a belief as to the allegation regarding Wies Rafi's domicile or trades in Athira stock, and on that basis, denies that allegation. Athira admits that ECF No. 43-2 purports to show Mr. Rafi purchased Athira's stock between October 2020 and June 2021.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 13, except to the extent that the allegations in paragraph 13 contain legal conclusions, to which no response is required.

14.     Athira admits the allegations contained in paragraph 14.

15.     Athira admits that Dr. Leen Kawas previously served as Athira's President, Chief Executive Officer, and director.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 15.

16.     Athira admits that Glenna Mileson serves as Athira's Chief Financial Officer. Athira avers that Ms. Mileson has been dismissed from the case.

17.     Athira admits that Joseph Edelman, John M. Fluke, Jr., and James A. Johnson serve as directors of Athira.  Athira avers that Mr. Edelman, Mr. Fluke and Mr. Johnson have been dismissed from the case.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 17 and footnote 5.

18.     Athira admits that the operative complaint defines Dr. Kawas and Messrs. Edelman, Fluke, and Johnson, collectively, as the "Director Defendants."  Athira avers that Mr. Edelman, Mr. Fluke and Mr. Johnson have been dismissed from the case.

19.     Athira admits the allegations in paragraph 19.

20.     Athira admits that, on September 17, 2020, Dr. Kawas and Ms. Mileson signed the registration statement filed in connection with Athira's initial public offering, and that Dr. Kawas signed as attorney-in-fact for Messrs. Edelman, Fluke, and Johnson.  Athira admits that, on January 19, 2021, Dr. Kawas, Ms. Mileson, and Messrs. Edelman, Fluke, and Johnson signed the registration statement filed in connection with Athira's secondary public offering.  Athira admits that the

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ                                    - 4 -                    WILSON SONSINI GOODRICH & ROSATI, P.C.
                                                                                     701 Fifth Avenue, Suite 5100
                                                                                     Seattle, WA  98104-7036
                                                                                     Tel: (206) 883-2500

operative complaint defines Dr. Kawas, Ms. Mileson, and Messrs. Edelman, Fluke, and Johnson as the Securities Act Individual Defendants.  Athira avers that Ms. Mileson, Mr. Edelman, Mr. Fluke, and Mr. Johnson have been dismissed from the case.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 20 and footnote 6.

21.     Athira admits that Goldman Sachs & Co. LLC, Stifel, Nicolaus & Company, Incorporated, and JMP Securities LLC served as underwriters for Athira's initial public offering in September 2020 and secondary public offering in January 2021.  Athira avers that these underwriters have been dismissed from this case.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 21.

22.     Athira admits that Jefferies LLC served as an underwriter for Athira's initial public offering in September 2020.  Athira admits that the operative complaint defines Goldman Sachs & Co. LLC, Stifel, Nicolaus & Company, Incorporated, JMP Securities LLC, and Jefferies LLC as the Underwriter Defendants.  Athira admits that Lead Plaintiffs purport to define Athira, the Securities Act Individual Defendants, and the Underwriter Defendants, collectively, as the Securities Act Defendants. Athira avers that the Underwriter Defendants, Ms. Mileson, Mr. Edelman, Mr. Fluke, and Mr. Johnson have been dismissed from the case.

23.     Athira admits that Dr. Kawas, as Athira's former Chief Executive Officer, President, and director, participated in the management of Athira and was generally involved in the day-to-day operations of Athira and was generally privy to Athira's confidential information, business operations, product development, intellectual property, licensing agreements, financial statements, and public relations.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 23, except to the extent that the allegations in paragraph 23 contain legal conclusions, to which no response is required.

24.     Athira admits that Dr. Kawas and Ms. Mileson signed Athira's registration statement filed in connection with its initial public offering in September 2020, and that Dr. Kawas signed as attorney-in-fact for Messrs. Edelman, Fluke, and Johnson.  Athira admits that Dr. Kawas, Ms. Mileson, and Messrs. Edelman, Fluke, and Johnson signed Athira's registration statement

- 5 -

filed in connection with its secondary public offering in January 2021.  Athira admits that Dr. Kawas and Ms. Mileson signed the Sarbanes-Oxley Act certifications attached to certain public filings Athira made during the putative Class Period.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 24.

25.     Athira admits that, as Athira's former Chief Executive Officer, President, and director, Dr. Kawas had involvement and influence over Athira's products, licensing,  research, and intellectual property.  Athira admits that Dr. Kawas signed Sarbanes-Oxley certifications attached to certain SEC filings during the putative Class Period.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 25, except to the extent that the allegations in paragraph 25 contain legal conclusions, to which no response is required.

26.     Athira admits that, as Athira's former Chief Executive Officer, President, and director, Dr. Kawas had influence over Athira's day-to-day operations.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 26.

27.     Athira admits that M3 Biotechnology, Inc. was founded in 2011, and that M3 Biotechnology, Inc. changed its name to Athira Pharma, Inc. in 2019.  Athira admits that, according to publicly available information, Dr. Wright is a retired Emeritus Regents Professor at WSU in the Department of Psychology.  Athira admits that, according to publicly available information, Dr. Harding is an Emeritus Faculty at WSU in the Department of Integrative Physiology and Neuroscience.  Athira lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding the current existence of "The Harding Lab," and on that basis, denies that allegation.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 27 and footnote 8.

28.     Athira admits that Dr. Kawas, Dr. Harding and Dr. Wright co-authored certain studies regarding HGF/MET and Dihexa and related compounds published from 2011 to 2015. Athira admits that some of these studies were published while Dr. Kawas held positions as Athira's Vice President, President, Chief Executive Officer, and director.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 28.

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 6 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

29.     Athira admits that Athira describes ATH-1017, fosgonimeton, as its lead development candidate.  Athira admits that Dihexa is the chemical compound into which ATH-1017 metabolizes following administration.  Athira admits that a prodrug is a compound used to improve how a metabolite compound is absorbed into the body.  Athira admits that ATH-1017 is a prodrug of Dihexa.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 29 and footnote 9.

30.     Athira admits that Athira's scientific hypothesis is that ATH-1017, a prodrug of Dihexa, might positively modulate HGF/MET signaling and have the potential to treat Alzheimer's disease and Parkinson's disease dementia.  Athira admits that HGF activity is believed to be important for healthy brain function and that patients with some neurodegenerative diseases, like Alzheimer's disease, appear to suffer from reduced HGF activity.  Athira admits that it believes ATH-1017 is an HGF/MET positive modulator.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 30.

31.     Athira admits that Dr. Harding, Dr. Wright, and WSU are some of the holders of a patent for Dihexa.  Athira denies that it entered into an exclusive licensing agreement with WSU in December 2011 and avers that it entered into an exclusive licensing agreement with Washington State University Research Fund in December 2011.  Athira admits the exclusive licensing agreement permitted Athira to commercialize, develop, and sell Dihexa.  Athira admits that it pays royalties to WSU under the licensing agreement.  Athira admits that the licensing agreement was amended in September 2015.  Athira admits that Lead Plaintiffs purport to define Dihexa and analogous compounds collectively as Dihexa.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 31 and footnotes 10 and 11.

32.     Athira admits that it has had an exclusive license to make, use, sell, and offer for sale Dihexa since December 2011.  Athira admits that it has been principally focused on developing ATH-1017, a prodrug of Dihexa.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 32.

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 7 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

33.     Athira admits that there were no peer-reviewed studies on the effects of ATH-1017 published during the putative Class Period.  Athira admits that neither ATH-1017 nor Dihexa are currently FDA approved.  Athira denies the second sentence of paragraph 33.  Athira admits that it disclosed the results from the Phase 1a and 1b clinical trials for ATH-1017 before its September 2020 initial public offering.  Athira admits that the Phase 1a and 1b clinical trials did not test the efficacy of ATH-1017, but avers that the primary focus of the trials was to establish safety and drug exposure levels, and admits that the trials indicated the drug was "well tolerated" at all tested doses.  Athira further avers that the Phase 1a and 1b clinical trials also showed significantly improved brain activity as measured by P300 latency, a functional measure that is highly correlated with cognition.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 33, except to the extent the allegations in paragraph 33 contain legal conclusions, to which no response is required.

34.     Athira lacks knowledge or sufficient information to admit or deny the allegations contained in paragraph 34.

35.     Athira admits that Dr. Kawas obtained a Ph.D. in molecular pharmacology from WSU in 2011.  Athira admits that Dr. Kawas wrote a dissertation in connection with her Ph.D. program showing that Dihexa impacts the HGF/MET system.  Athira avers that Dr. Kawas performed research and co-authored academic articles related to HGF/MET and Dihexa and related compounds.  Athira denies that it admitted that Dr. Kawas "doctored" images in her dissertation and avers that Athira's Special Committee investigation's primary finding was that Dr. Kawas altered images in her 2011 doctoral dissertation and in at least four research papers that she co-authored while a graduate student at WSU, published from 2011 to 2014.  Athira further avers that the Special Committee found that neither Athira's ATH-1017 patent nor the underlying patent application relied on any of the research papers the Special Committee found contained images altered by Dr. Kawas.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 35.

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 8 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

36.     Athira admits that, from 2011 to 2014, Dr. Kawas authored or co-authored certain research studies related to HGF/MET and Dihexa and related compounds, and that Athira's Special Committee found contained altered images.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 36.

37.     Athira denies the allegations contained in paragraph 37.

38.     Athira denies the allegations contained in paragraph 38.

39.     Athira admits that Dr. Kawas's doctoral dissertation was published in December 2011 and is titled "Development of Therapeutics Targeting the Hepatocyte Growth Factor (HGF)/Met System."  Athira admits that Dr. Kawas's dissertation contains the quoted language, but denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context. Athira admits that some of the research for Dr. Kawas's dissertation was performed at the Harding Laboratory at WSU.  Athira admits that Dr. Harding and Dr. Wright are contributors to the study, in addition to Kathryn E. Meier, Michael D. Varnum, and Michael F. Sardinia.  Athira denies that it "admitted" that Dr. Kawas altered images in her dissertation, and avers that Athira's Special Committee investigation's primary finding was Dr. Kawas altered images in her 2011 doctoral dissertation, among others.  Athira further avers that the Special Committee found that neither Athira's ATH-1017 patent nor the underlying patent application relied on any of the papers the Special Committee found contained images altered by Dr. Kawas.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 39.

40.     Athira admits that Dr. Kawas and others conducted additional research regarding the HGF/MET system and Dihexa.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 40.

41.     Athira lacks sufficient knowledge or information to admit or deny if or when WSU removed Dr. Kawas's dissertation from the WSU archive.  Athira otherwise denies the allegations contained in paragraph 41.

42.     Athira admits that in November 2011 an article co-authored by Dr. Kawas titled "Mimics of the Dimerization Domain of Hepatocyte Growth Factor Exhibit Anti-Met and

Anticancer Activity" was published in *The Journal of Pharmacology and Experimental Therapeutics.*  Athira admits that Dr. Wright and Dr. Harding are listed as co-authors, as well as Brent J. Yamamoto.  Athira admits that a footnote to the article contains the quoted language, but denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 42 and footnote 12.

43.     Athira admits that the article contains the quoted language, but denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 43.

44.     Athira admits that in May 2021 an anonymous user under the name "Actinopolyspora biskrensis" posted on a website named *PubPeer*, and that such website contains the quoted language.  Athira denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context.  Athira admits that *PubPeer* is a website that purports to allow users to discuss and review scientific research after publication.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 44 and footnote 13.

45.     Athira admits that in June 2021 a user identified as "Elisabeth M Bik" posted on a website named *PubPeer* containing the quoted language.  Athira denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context. Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 45.

46.     Athira admits that an anonymous user under the name of "Indigofera tanganyikensis" posted on a website named *PubPeer* containing the quoted language.  Athira denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context. Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 46.

47.     Athira denies the allegations contained in paragraph 47.

48.     Athira admits that U.S. Patent No. 8,598,118 references the article titled "Mimics of the Dimerization Domain of Hepatocyte Growth Factor Exhibit Anti-Met and Anticancer

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 10 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

Activity."   Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 48 and footnote 14.

49.      Athira admits that in September 2021, the editors of *The Journal of Pharmacology and Experimental Therapeutics* posted a Notice of Concern regarding the article "Mimics of the Dimerization Domain of Hepatocyte Growth Factor Exhibit Anti-Met and Anticancer Activity." Athira admits the Notice of Concern contains the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.   Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 49 and footnote 15.

50.      Athira admits that Dr. Kawas co-authored an article titled "Development of Angiotensin IV Analogs as Hepatocyte Growth Factor/Met Modifiers" that was published in *The Journal of Pharmacology and Experimental Therapeutics* in March 2012.   Athira admits that Dr. Wright and Dr. Harding were co-authors, as well as Alene T. McCoy and Brent J. Yamamoto. Athira admits that the article contains the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.   Except as explicitly admitted herein, Athira denies the allegations in paragraph 50.

51.      Athira admits that an anonymous user under the name of "Actinopolyspora biskrensis" posted on a website named *PubPeer* in May 2021 regarding Dr. Kawas's article titled "Development of Angiotensin IV Analogs as Hepatocyte Growth Factor/Met Modifiers."   Athira denies Lead Plaintiffs' characterization of Actinopolyspora biskrensis's comment, and avers that Actinopolyspora biskrensis wrote that Figure 3.4 of the article "appears to be from the PhD dissertation of the first author (page 102)."   Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 51.

52.      Athira admits that U.S. Patent No. 8,598,118 references the article titled "Development of Angiotensin IV Analogs as Hepatocyte Growth Factor/Met Modifiers."   Athira admits that U.S. Patent No. 8,598,118 was issued to Dr. Kawas and Dr. Harding, among others, and was assigned to WSU.   Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 52 and footnote 16.

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ                                   - 11 -                   WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

53.     Athira admits that in September 2021, the editors from *The Journal of Pharmacology and Experimental Therapeutics* posted a Notice of Concern regarding the article "Development of Angiotensin IV Analogs as Hepatocyte Growth Factor/Met Modifiers" containing the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 53 and footnote 17.

54.     Athira admits that in October 2012, an article co-authored by Dr. Kawas, Alene T. McCoy, Caroline C. Benoist, John W. Wright, Jyote M. Bule-Ghogare, Mingyan Zhu, Suzanne M. Appleyard, Gary A. Wayman and Joseph W. Harding titled "Evaluation of Metabolically Stabilized Angiotensin IV Analogs as Pro-Cognitive/Anti-Dementia Agents" was published in *The Journal of Pharmacology and Experimental Therapeutics.*  Athira admits the article contains the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 54 and footnote 18.

55.     Athira admits the article contains the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 55 and footnote 19.

56.     Athira denies the allegations contained in paragraph 56.

57.     Athira denies that the paper is referenced in U.S. Patent No. 8,598,118, U.S. Patent No. 9,051,351, or the patent application published on January 9, 2020 for what became U.S. Patent No. 11,021,514, and denies the allegations contained in paragraph 57 and footnote 20.

58.     Athira admits that in June 2021 an anonymous user under the name "Indigofera tanganyikensis" posted on a website named *PubPeer*, and that such website contains the quoted language.  Athira denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 58.

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 12 -

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

59.     Athira admits that in September 2021, the editors of *The Journal of Pharmacology and Experimental Therapeutics* posted a Notice of Concern regarding the article "Evaluation of Metabolically Stabilized Angiotensin IV Analogs as Procognitive/Antidementia Agents."  Athira admits the Notice of Concern contains the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 59 and footnote 21.

60.     Athira admits that Dr. Kawas, Dr. Harding, Caroline C. Benoist, Gary A. Wayman, and Nehal I. Abu-Lail co-authored an article titled "Nanoscale mapping of the Met receptor on hippocampal neurons by AFM and confocal microscopy" that was published in April 2013 in Volume 9, Issue 3 of *Nanomedicine: Nanotechnology, Biology and Medicine*.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 60 and footnote 22.

61.     Athira admits that the article contains the first quotation of language regarding the underlying hypothesis, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Athira admits that the article contains the second quotation of language regarding the results of the study, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context, and denies that this second quotation of language is attributable to the article's co-authors.  Athira avers that the second quotation of language is attributable to the article's "Clinical Editor," not the co-authors of the study.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 61.

62.     Athira admits that in June 2016, an anonymous user by the name of "Peer 1" commented on a website named *PubPeer*, and that such website contains the quoted language.  Athira denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 62.

63.     Athira admits that in May 2021, an anonymous user by the name of "Actinopolyspora biskrensis" commented on a website named *PubPeer* containing the quoted language.  Athira denies that Lead Plaintiffs' selective quotations are accurate, complete, or

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 13 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

provide full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 63.

64.     Athira admits that in June 2021, an anonymous user by the name of "Indigofera tanganyikensis" commented on a website named *PubPeer*, and that such website contains the quoted language.  Athira denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 64.

65.     Athira denies the allegations contained in paragraph 65.

66.     Athira admits that in November 2014, an article co-authored by Dr. Kawas, Dr. Harding and Dr. Wright, as well as Caroline C. Benoist, Mingyan Zhu, Katherine A. Tyson, Lori Stillmaker, Suzanne M. Appleyard, and Gary A. Wayman, titled "The Procognitive and Synaptogenic Effects of Angiotensin IV–Derived Peptides Are Dependent on Activation of the Hepatocyte Growth Factor/c-Met System" was published in *The Journal of Pharmacology and Experimental Therapeutics*.  Athira admits that the article references other articles co-authored by Dr. Kawas.  Athira denies Lead Plaintiffs' characterization of the study, and avers that the "goal of [the] study was to elucidate the mechanism that underlies dihexa's procognitive activity."  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 66 and footnote 23.

67.     Athira admits that the article titled "The Procognitive and Synaptogenic Effects of Angiotensin IV–Derived Peptides Are Dependent on Activation of the Hepatocyte Growth Factor/c-Met System" contains the quoted language, but denies that Lead Plaintiffs' selective quotation are accurate, complete, or provides full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 67.

68.     Athira admits that in October 2014 an anonymous user posted on a website named *PubPeer*, and that such website contains the quoted language.  Athira denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context.  Athira lacks information sufficient to form a belief regarding whether the co-authors did or did not provide the original

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 14 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

images to this anonymous user, and on that basis, denies this allegation.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 68.

69.    Athira admits that in June 2016, an anonymous user under the name of "Peer 3" commented on a website named *PubPeer* containing the quoted language.  Athira denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 69.

70.    Athira admits that an anonymous user under the name of "Peer 3" posted on s website named *PubPeer* containing the quoted language.  Athira denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 70.

71.    Athira admits that in May 2021, an anonymous user under the name of "Actinopolyspora biskrensis" posted on a website named *PubPeer* containing the quoted language. Athira denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Athira lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Dr. Kawas or other co-authors received email notifications or were aware of this *PubPeer* post in May 2021, and on that basis, denies that allegation.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 71.

72.    Athira admits that in June 2021, a user under the name of "Elisabeth M Bik" posted on a website named *PubPeer* containing the quoted language.  Athira denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 72.

73.    Athira admits that in September 2021, the editors of *The Journal of Pharmacology and Experimental Therapeutics* posted a Notice of Concern regarding the article "The Procognitive and Synaptogenic Effects of Angiotensin IV-Derived Peptides Are Dependent on Activation of the Hepatocyte Growth Factor/c-Met System."  Athira admits the Notice of Concern contains the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 15 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

provides full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 73 and footnote 24.

74.     Athira admits that Dr. Kawas and Dr. Harding, as well as Phillip M. Uribe and Allison B. Coffin co-authored an article titled "Hepatocyte growth factor mimetic protects lateral line hair cells from aminoglycoside exposure" that was published in January 2015 in *Frontiers in Cellular Neuroscience*.  Athira admits that this article referenced certain articles that were co-authored by Dr. Kawas, and admits that the article discusses certain effects of Dihexa on the HGF/MET system.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 74 and footnote 25.

75.     Athira admits that the article titled "Hepatocyte growth factor mimetic protects lateral line hair cells from aminoglycoside exposure" references certain articles that were co-authored by Dr. Kawas, Dr. Harding and Dr. Wright.   Athira denies Lead Plaintiffs' characterization of the article, and avers that the article titled "Hepatocyte growth factor mimetic protects lateral line hair cells from aminoglycoside exposure" found in part that "HGF mimetic Dihexa protects lateral line hair cells from acute aminoglycoside ototoxicity."  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 75.

76.     Athira admits that the article contains the quoted language, but denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 76.

77.     Athira admits that in June 2021, an anonymous user under the name "Indigofera tanganyikensis" commented on a website named *PubPeer* containing the quoted language.  Athira denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 77.

78.     Athira denies that it entered into an exclusive licensing agreement with WSU in December 2011, and avers that it entered into an exclusive licensing agreement with Washington State University Research Fund in December 2011.  Athira admits the exclusive licensing agreement permitted Athira to commercialize, develop, and sell Dihexa and the related patents.

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 16 -

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

79.     Athira admits that in December 2013, WSU, Dr. Kawas, and others were granted U.S. Patent No. 8,598,118.  Athira admits that the patent contains the quoted language, but denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 79 and footnote 26.

80.     Athira admits that U.S. Patent No. 9,051,351 references U.S. Patent No. 8,598,118. Athira admits that the patent contains the quoted language, but denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 80 and footnote 27.

81.     Athira admits that in June 2016, Athira, Dr. Kawas, and others filed for a U.S. provisional patent application for ATH-1017.  Athira admits that Athira filed a U.S. nonprovisional patent application for ATH-1017 on November 30, 2018, and that the U.S. Patent No. 11,021,514 issued from the nonprovisional patent on June 1, 2021.  Athira denies that Athira (f/k/a M3 Biotechnology, Inc.) and Dr. Kawas filed a patent application for ATH-1017 in 2020.  Athira denies that a provisional patent was granted in 2017.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 81.

82.     Athira admits that in June 2021, Athira was granted U.S Patent No. 11,021,514. Athira admits that Athira issued a press release containing the quoted language, but denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context.  Athira admits that U.S. Patent No. 11,021,514 references "Evaluation of Metabolically Stabilized Angiotensin IV Analogs as Procognitive/Antidementia Agents."  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 82 and footnote 28, except to the extent such allegations include legal conclusions, to which no response is required.

83.     Athira admits that Dr. Kawas signed declarations regarding the disclosure of information "material to patentability" for patent application number 13/768,497 regarding U.S. Patent No. 8,598,118, patent application number 14/038,973 regarding U.S. Patent No. 9,051,351,

and patent application number 16/306,277 regarding U.S. Patent No. 11,021,514.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 83.

84.     Athira admits that a 2012 *WSU Insider* article contains the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context. Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 84.

85.     Athira admits that a 2012 *Science Daily* article contains the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context. Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 85, except to the extent paragraph 85 contains legal conclusions, to which no response is required.

86.     Athira admits that a 2017 *GeekWire* article contains the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 86.

87.     Athira admits that it closed an $85 million financing round in June 2020.  Athira admits that it issued a press release containing the quoted language, but denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 87.

88.     Athira admits that *WSU Innovators* published an article titled "Designing Medicine's Holy Grail" and that this article contains the quoted language.  Athira denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context.  Athira lacks knowledge or information sufficient to form a belief as to when this article was published, and on that basis, denies this allegation.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 88.

89.     Athira admits the allegations contained in paragraph 89.

90.     Athira admits that on January 6, 2021, it filed a draft registration statement on Form S-1 with the SEC in connection with its secondary public offering, which was subsequently filed with the SEC on January 19, 2021.  Athira denies that this registration statement was declared effective by the SEC on January 21, 2021, and avers that the SEC declared the registration

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 18 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

statement effective on January 20, 2021.  Athira admits that on January 21, 2021, it filed a prospectus pursuant to Rule 424(b)(4) with the SEC, also in connection with its secondary public offering.  Athira admits that it sold 4,000,000 shares of common stock at $22.50 per share, netting $90 million in gross proceeds, in its secondary public offering.  Athira admits that Lead Plaintiffs purport to refer to the secondary public offering registration statement and prospectus jointly as the SPO Materials.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 90.

91.     Athira admits that on June 17, 2021, it published a press release titled "Athira Pharma Chief Operating Officer, Mark Litton, Assumes Day-to-Day Leadership Responsibilities of Company[:] *Leen Kawas Placed on Temporary Leave Pending Board Review of Actions Stemming from Doctoral Research While at Washington State University*."  Athira admits that the press release contains the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 91.

92.     Athira admits that on June 17, 2021, an individual named Olivia Goldhill published an article titled "Athira Pharma CEO placed on leave amid allegations of altered images in her research papers" on *STAT News*.  Athira admits that the article contains the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context. Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 92.

93.     Athira admits that the article contains the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 93.

94.     Athira admits that the article contains the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 94.

95.     On information and belief, Athira admits a Stifel article written by Paul Matteis contains the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate,

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 19 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

complete, or provides full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 95.

96.     Athira admits that, on June 18, 2021, the Company's stock price closed at $11.15 per share, lower than the closing price on June 17, 2021 of $18.24 per share.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 96.

97.     Athira admits that Athira's Board of Directors appointed a Special Committee to undertake a review of actions stemming from the doctoral research Dr. Kawas conducted while at WSU.  Athira admits that on October 21, 2021, it issued a press release containing the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 97.

98.     Athira admits that Dr. Kawas resigned on October 18, 2021, that on October 21, 2021, Athira sent a letter to Athira employees announcing Dr. Kawas's resignation as Athira's CEO, and that this letter contained the quoted language.  Athira denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 98.

99.     Athira admits that it issued a press release containing the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 99.

100.     Paragraph 100 states legal conclusions, to which no response is required.  Athira avers that Lead Plaintiffs mischaracterize Athira's Special Committee findings, which found that "Athira's issued U.S. patent claiming ATH-1017, Athira's lead development candidate, does not cite any paper which the committee found to contain an image altered by Dr. Kawas. Though the committee found that Athira has cited challenged research papers relating to Dihexa to support the activity of ATH-1017, a prodrug of Dihexa, in certain other communications and applications, it also found that Athira has conducted alternative preclinical studies to support ATH-1017's activity

and recently submitted those studies for peer review publication." Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 100.

101.    Athira admits that U.S. Patent No. 8,598,118 covers Hepatocyte Growth Factor Mimics as Therapeutic Agents and that the patent references Kawas et al., 2011 and Kawas et al., 2012. Athira admits that these articles are referenced, in addition to Yamamoto et al., 2010, for the general proposition that there is potential use of HGF antagonists as effective anti-cancer/anti-angiogenic agents. Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 101, except to the extent the allegations in paragraph 101 contain legal conclusions, to which no response is required.

102.    Athira denies Lead Plaintiffs' characterization of U.S. Patent No. 9,066,901 and avers that the patent abstract states in part: "Angiotensin-like factor compositions and methods for using them to diagnose, prevent and/or treat conditions associated with c-Met dysregulation, are provided." Athira admits that the patent references Kawas et al., 2011, and Kawas et al., 2012. Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 102, except to the extent the allegations in paragraph 102 contain legal conclusions, to which no response is required.

103.    Athira denies Lead Plaintiffs' characterization of U.S. Patent No. 9,150,613 and avers that the patent abstract states: "Small molecule, peptidic hepatocyte growth factors mimics, which act as both mimetics and antagonists, have been generated. These molecules have been shown or predicted to have therapeutic potential for numerous pathologies including dementia, neurodegenerative disease, diabetes and metabolic syndrome, cancer, and defective wound healing." Athira admits that the patent references Kawas et al., 2011. Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 103, except to the extent the allegations in paragraph 103 contain legal conclusions, to which no response is required.

104.    Athira denies Lead Plaintiffs' characterization of U.S. Patent No. 9,475,854, and avers that the patent abstract states in part: "A novel method of preventing or reducing ototoxicity in vertebrates undergoing treatment with therapeutically effective amounts of platinum-based

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 21 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

chemotherapeutic agents such as cisplatin or aminoglycoside antibiotics is disclosed herein." Athira admits that the patent references McCoy et al., 2013.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 104, except to the extent the allegations in paragraph 104 contain legal conclusions, to which no response is required.

105.    Athira admits that U.S. Patent No. 11,021,514 references McCoy et al., 2013. Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 105, except to the extent the allegations in paragraph 105 contain legal conclusions, to which no response is required.

106.    Paragraph 106 and footnote 30 contain legal conclusions, to which no response is required.

107.    Paragraph 107 contains legal conclusions, to which no response is required.  Athira otherwise denies the allegations in paragraph 107.

108.    Athira admits that Athira received funding from the sources identified in paragraph 108.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 108, except to the extent the allegations in paragraph 108 contain legal conclusions, to which no response is required.

109.    Athira admits that the operative complaint alleges a putative Class Period between the dates of September 17, 2020 through June 17, 2021, inclusive.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 109.

110.    Athira admits that its registration statement and prospectus, filed in connection with its initial public offering in September 2020, contain the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Athira avers that the court dismissed Lead Plaintiffs' challenge to this statement as to all defendants, finding that it is not false or misleading.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 110.

111.    Athira admits that its registration statement and prospectus, filed in connection with its initial public offering in September 2020, contain the quoted language, but denies that Lead

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 22 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

Plaintiffs' selective quotation is accurate, complete, or provides full context. Athira avers that the court dismissed Lead Plaintiffs' challenge to this statement as to all defendants, finding that it is not false or misleading. Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 111.

112. Paragraph 112 contains legal conclusions, to which no response is required. Athira otherwise denies the allegations in paragraph 112.

113. Athira admits that its registration statement and prospectus, filed in connection with its initial public offering in September 2020, contain the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.

114. Paragraph 114 contains legal conclusions, to which no response is required. Athira otherwise denies the allegations in paragraph 114.

115. Paragraph 115 contains legal conclusions, to which no response is required. Athira otherwise denies the allegations in paragraph 115.

116. Athira admits the allegations contained in paragraph 116.

117. Athira admits that the Company's Form 10-Q for the third quarter of fiscal year 2020, filed with the SEC on November 12, 2020, contains the quoted language, but denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context. Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 117.

118. Paragraph 118 contains legal conclusions, to which no response is required. Athira otherwise denies the allegations in paragraph 118.

119. Athira admits that on January 6, 2021, it filed a draft registration statement on Form S-1 with the SEC. Athira denies that the SEC declared the registration statement effective on January 21, 2021, and avers that the SEC declared the registration statement effective on January 20, 2021. Athira denies that it filed a prospectus pursuant to Rule 424(b)(4) on January 19, 2021, and avers that it filed the prospectus with the SEC on January 21, 2021. Athira admits that in its secondary public offering, it sold 4,000,000 shares of common stock at $22.50 per share for gross proceeds of $90 million. Athira admits that Lead Plaintiffs purport to refer to the registration

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 23 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

statement and prospectus filed in connection with Athira's secondary public offering in January 2021 collectively as the SPO Materials.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 119 and footnote 31.

120.    Athira denies that its registration statement and prospectus filed in connection with its secondary public offering in January 2021 repeated verbatim the statements in Athira's registration statement and prospectus filed in connection with its initial public offering in September 2020.  Athira admits that the statements in paragraphs 111 and 113, taken from Athira's registration statement and prospectus filed in connection with its initial public offering, are repeated verbatim in Athira's registration statement and prospectus filed in connection with its secondary public offering.  Athira denies that Lead Plaintiffs' selective quotation of these statements are accurate, complete, or provide full context.  Whether the statements in paragraphs 111 and 113, as repeated in Athira's registration statement and prospectus filed in connection with its secondary public offering, were materially false and/or misleading by omission is a legal conclusion, to which no response is required.  Athira avers that the court dismissed Lead Plaintiffs' challenge to the statements in paragraph 111 as to all defendants, finding that it is no false or misleading.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 120.

121.    Paragraph 121 contains legal conclusions, to which no response is required.  Athira otherwise denies the allegations in paragraph 121.

122.    Athira admits the allegations contained in paragraph 122.

123.    Athira admits that its Form 10-K filed with the SEC on March 25, 2021 contains the quoted language.  Athira denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context.  Athira avers that the court dismissed Lead Plaintiffs' challenge to this statement against all defendants, finding that it is not false or misleading.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 123.

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 24 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

124.    Paragraph 124 contains legal conclusions, to which no response is required.  Athira avers that the court dismissed Lead Plaintiffs' challenge to this statement against all defendants, finding that it is not false or misleading.  Athira otherwise denies the allegations in paragraph 124.

125.    Athira admits that its Form 10-K filed with the SEC on March 25, 2021 contains the quoted language.  Athira denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context.  Athira avers that the court dismissed Lead Plaintiffs' challenge to these statements against all defendants, finding that it is not false or misleading.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 125.

126.    Paragraph 126 contains legal conclusions, to which no response is required.  Athira avers that the court dismissed Lead Plaintiffs' challenge to these statements against all defendants, finding that they are not false or misleading.  Athira otherwise denies the allegations in paragraph 126.

127.    Athira denies that it had a shareholder vote in April 2021 and avers that the shareholder vote occurred in May 2021.  Athira admits that, in April 2021, the Board of Directors recommended shareholders reelect Dr. Kawas to the Board of Directors.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 127.

128.    Athira admits that it filed a Schedule 14A with the SEC on April 16, 2021 containing the quoted language.  Athira denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context.  Athira avers that the court dismissed Lead Plaintiffs' challenge to this statement against all defendants, finding that it is not false or misleading.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 128.

129.    Athira admits that its Schedule 14A filed with the SEC on April 16, 2021 contains the quoted language.  Athira denies that Lead Plaintiffs' selective quotations are accurate, complete, or provide full context.  Athira avers that the court dismissed Lead Plaintiffs' challenge to this statement against all defendants, finding that it is not false or misleading.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 129.

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 25 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

130.     Paragraph 130 contains legal conclusions, to which no response is required.  Athira avers that the court dismissed Lead Plaintiffs' challenge to this statement against all defendants, finding that it is not false or misleading.  Athira otherwise denies the allegations in paragraph 130.

131.     Athira admits the allegations contained in paragraph 131.

132.     Athira admits that its Form 10-Q for the first quarter of fiscal year 2021, filed on May 13, 2021, contains the quoted language.  Athira denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Athira avers that the court dismissed Lead Plaintiffs' challenge to this statement against all defendants, finding that it is not false or misleading.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 132.

133.     Paragraph 133 states legal conclusions, to which no response is required.  Athira avers that the court dismissed Lead Plaintiffs' challenge to this statement against all defendants, finding that these statements are not false or misleading.  Athira otherwise denies the allegation in paragraph 133.

134.     Athira admits that its Form 10-Q for the first quarter of fiscal year 2021, filed on May 13, 2021, contains the quoted language.  Athira denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Athira avers that the court dismissed Lead Plaintiffs' challenge to this statement against all defendants, finding that it is not false or misleading.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 134.

135.     Paragraph 135 states legal conclusions, to which no response is required.  Athira avers that the court dismissed Lead Plaintiffs' challenge to this statement against all defendants, finding that these statements are not false or misleading.  Athira otherwise denies the allegations in paragraph 135.

136.     Paragraph 136 contains legal conclusions, to which no response is required.  Athira otherwise denies the allegations in paragraph 136.

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 26 -

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

137.    Paragraph 137 contains legal conclusions, to which no response is required.  Athira otherwise denies the allegations in paragraph 137.

138.    Athira admits that its stock price declined from $18.24 on the close of June 17, 2021, to $11.15 on the close of June 18, 2021.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 138, except to the extent paragraph 138 contains legal conclusions, to which no response is required.

139.    Paragraph 139 contains legal conclusions, to which no response is required.  Athira otherwise denies the allegation sin paragraph 139.

140.    Paragraph 140 contains legal conclusions, to which no response is required.  Athira otherwise denies the allegations in paragraph 140.

141.    Paragraph 141 contains legal conclusions, to which no response is required.

142.    The applicability of the fraud-on-the-market theory to Lead Plaintiffs' allegations is a legal conclusion to which no response is required.  Athira admits that its stock traded on the Nasdaq during the putative Class Period.  Athira lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding whether the Nasdaq is "efficient," and on that basis, denies this allegation, but reserves its rights to amend its response to this allegation after further investigation.  Athira lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding whether Athira's stock traded at "high volumes" during the putative Class Period, and on that basis, denies this allegation, but reserves its rights to amend its response to this allegation after further investigation.  Athira admits that it filed an annual report and quarterly financial reports with the SEC.  Athira admits it used communication methods such as press releases, communications with the financial press, securities analysts, and other similar reporting services.  Athira admits that, on June 18, 2021, the Company's stock price closed at $11.15 per share, lower than the closing price on June 17, 2021 of $18.24 per share.  Athira admits that it received coverage from securities analysts.  The remaining allegations contained in paragraph 142 state legal conclusions, to which no response is required.

143.    Paragraph 143 contains legal conclusions, to which no response is required.

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 27 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

144.    Paragraph 144 contains legal conclusions, to which no response is required.

145.    Paragraph 145 contains legal conclusions, to which no response is required.

146.    Paragraph 146 contains legal conclusions, to which no response is required.

147.    Athira incorporates by reference and reasserts its responses to each and every allegation contained above, as though fully set forth herein.

148.    Athira admits that the operative complaint alleges Count I under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.  Athira avers that the court dismissed Count I in its entirety against all defendants.

149.    Paragraph 149 contains legal conclusions, to which no response is required.  Athira avers that Lead Plaintiffs' Count I claim brought under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder was dismissed in its entirety against all defendants.  Athira otherwise denies the allegations in paragraph 149.

150.    Paragraph 150 contains legal conclusions, to which no response is required.  Athira avers that Lead Plaintiffs' Count I claim brought under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder was dismissed in its entirety against all defendants.

151.    Paragraph 151 contains legal conclusions, to which no response is required.  Athira avers that Lead Plaintiffs' Count I claim brought under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder was dismissed in its entirety against all defendants.  Athira otherwise denies the allegations in paragraph 151.

152.    The allegation in paragraph 152 regarding information demonstrating Defendants acted knowingly or with deliberate recklessness is a legal conclusion, to which no response is required.  Athira avers that Lead Plaintiffs' Count I claim brought under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder was dismissed in its entirety against all defendants.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 152.

153.    The allegation in paragraph 153 regarding the legal duties the Individual Defendants owed Athira and investors, and their compliance therewith, are legal conclusions, to

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 28 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

which no response is required.  Athira avers that Lead Plaintiffs' Count I claim brought under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder was dismissed in its entirety against all defendants.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 153.

154.    Athira admits that its shares trade on the Nasdaq.  Athira lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding the activity or "efficien[cy]" of the Nasdaq, and on that basis, denies this allegation, but reserves its rights to amend its response to this allegation after further investigation.  Athira admits that its stock price has generally declined during the putative Class Period.  The remaining allegations in paragraph 154 contain legal conclusions, to which no response is required.

155.    Paragraph 155 contains legal conclusions, to which no response is required.  Athira avers that Lead Plaintiffs' Count I claim brought under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder was dismissed in its entirety against all defendants. Athira otherwise denies the allegations in paragraph 155.

156.    Paragraph 156 contains legal conclusions, to which no response is required.  Athira avers that Lead Plaintiffs' Count I claim brought under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder was dismissed in its entirety against all defendants.  Athira otherwise denies the allegations in paragraph 156.

157.    Athira incorporates by reference and reasserts its responses in the foregoing paragraphs as though fully set forth herein.

158.    Athira admits that the Individual Defendants participated in the operation and management of Athira, including its business affairs.  The remaining allegation in paragraph 158 states a legal conclusion, to which no response is required.  Except as explicitly admitted here, Athira denies the allegations contained in paragraph 158.

159.    Paragraph 159 contains legal conclusions, to which no response is required.

160.    Athira admits that the Individual Defendants exercised power and authority within Athira.  The remaining allegations in paragraph 160 contain legal conclusions, to which no

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 29 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

response is required.  Athira avers that Lead Plaintiffs' Count II claim brought under Section 20(a) of the Exchange Act was dismissed in its entirety against all defendants.  Except as explicitly admitted herein, Athira denies the allegations stated in paragraph 160.

161.    Athira admits that the Individual Defendants hold or held senior management positions and/or are or were directors of Athira.  Athira admits that the Individual Defendants exercised power and authority within Athira.  The remaining allegations contained in paragraph 162 are legal conclusions, to which no response is required.  Athira avers that Lead Plaintiffs' Count II claim brought under Section 20(a) of the Exchange Act was dismissed in its entirety against all defendants.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 161.

162.    Paragraph 162 contains legal conclusions, to which no response is required.  Athira avers that Lead Plaintiffs' Count II claim brought under Section 20(a) of the Exchange Act was dismissed in its entirety against all defendants.

163.    Athira admits that Lead Plaintiffs purport to bring claims under Sections 11, 12(a)(2), and 15 of the Securities Act on behalf of a putative class.  Athira avers that the court dismissed all claims against all defendants, except Count III against Dr. Kawas and Athira and Count V against Dr. Kawas regarding Statement 3, finding that these statements are not false or misleading.  Athira admits that these claims do not allege fraud.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 163, except to the extent to which paragraph 163 contains legal conclusions, to which no response is required.

164.    Athira admits that Lead Plaintiffs purport to bring Securities Act claims against Athira, Dr. Kawas, the Individual Defendants, and the Underwriter Defendants, but avers that the court dismissed all claims against all defendants except Count III against Dr. Kawas and Athira and Count V against Dr. Kawas regarding Statement 3, finding that all other statements are not false or misleading.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 164, except to the extent the allegations in paragraph 164 contain legal conclusions, to which no response is required.

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ                          - 30 -                  **WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

165.   Paragraph 165 contains legal conclusions, to which no response is required.  Athira otherwise denies the allegations in paragraph 165.

166.   Paragraph 166 contains legal conclusions, to which no response is required.

167.   Paragraph 167 contains legal conclusions, to which no response is required.  Athira admits that Lead Plaintiffs do not allege fraud.

168.   Athira admits that the Underwriter Defendants underwrote Athira's initial public offering in September 2020.   The remaining allegations in paragraph 168, including the Underwriter Defendants' duties and obligations and compliance therewith, are legal conclusions, to which no response is required.

169.   Athira admits the Underwriter Defendants participated in drafting the registration statements filed in connection with Athira's initial and secondary public offerings.  Athira avers that the court dismissed all claims against all Underwriter Defendants.  The allegations contained in paragraph 169 regarding the duties and obligations of the Underwriter Defendants, and their compliance therewith, are legal conclusions, to which no response is required.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 169.

170.   Paragraph 170 contains legal conclusions, to which no response is required.  Athira avers that the court dismissed all claims against all Underwriter Defendants.

171.   Paragraph 171 contains legal conclusions, to which no response is required.  Athira avers that the court dismissed all claims against all Underwriter Defendants.

172.   Athira admits that certain individuals posted on a website named *PubPeer* regarding certain images associated with certain articles affiliated with Dr. Kawas.  Athira avers that the court dismissed all claims against all Underwriter Defendants.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 172, except to the extent paragraph 172 contains legal conclusions, to which no response is required.

173.   Paragraph 173 contains legal conclusions, to which no response is required.  Athira avers that the court dismissed all claims against all Underwriter Defendants.  Athira otherwise denies the allegations in paragraph 173.

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 31 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

174.    Athira admits that in September 2020, it filed a registration statement on Form S-1 with the SEC, which was subsequently amended and declared effective by the SEC on September 17, 2020.  Athira denies that it filed a prospectus pursuant to Rule 424(b)(4) on September 17, 2020, and avers that Athira filed the prospectus with the SEC on September 18, 2021.  Athira admits that in its September 2020 initial public offering, Athira sold 12,000,000 shares of common stock at $17.00 per share for gross proceeds of $204 million.  Athira admits that Lead Plaintiffs purport to define the registration statement and prospectus filed in connection with Athira's initial public offering collectively as the IPO Materials.  Whether the registration statement and prospectus filed in connection with Athira's initial public offering contained false and misleading statements are legal conclusions, to which no response is required.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 174.

175.    Athira admits that its registration statement and prospectus filed in connection with its initial public offering in September 2020 contain the quoted language.  Athira denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Athira avers that the court dismissed Lead Plaintiffs' challenge to this statement as to all defendants, finding that it is not false or misleading.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 175.

176.    Athira admits that its registration statement and prospectus filed in connection with its initial public offering in September 2020 contain the quoted language.  Athira denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Athira avers that the court dismissed Lead Plaintiffs' challenge to this statement as to all defendants, finding that it is not false or misleading.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 176.

177.    Paragraph 177 contains legal conclusions, to which no response is required.  Athira otherwise denies the allegations in paragraph 177.

178.    Athira admits that its registration statement and prospectus filed in connection with its initial public offering in September 2020 contain the quoted language.  Athira denies that Lead

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 32 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

Plaintiffs' selective quotation is accurate, complete, or provides full context.  Athira avers that the court dismissed Lead Plaintiffs' challenge to this statement against all defendants except Count III against Dr. Kawas and the Company and Count V against Dr. Kawas.   Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 178.

179.    Paragraph 179 contains legal conclusions, to which no response is required.  Athira otherwise denies the allegations in paragraph 179.

180.    Athira admits that on January 6, 2021, it filed a draft registration statement on Form S-1 with the SEC. Athira denies that the SEC declared the registration statement effective on January 21, 2021, and avers that the SEC declared the registration statement effective on January 20, 2021.  Athira denies that it filed a prospectus pursuant to Rule 424(b)(4) on January 19, 2021, and avers that it filed the prospectus with the SEC on January 21, 2021.  Athira admits that in its secondary public offering, it sold 4,000,000 shares of common stock at $22.50 per share for gross proceeds of $90 million.  Athira admits that Lead Plaintiffs purport to refer to the registration statement and prospectus filed in connection with Athira's secondary public offering in January 2021 collectively as the SPO Materials.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 180.

181.    Athira denies the allegations in paragraph 181.

182.    Paragraph 182 contains legal conclusions, to which no response is required.  Athira otherwise denies the allegations in paragraph 182.

183.    Athira denies the allegations contained in paragraph 183, except to the extent the allegations in paragraph 183 contain legal conclusions, to which no response is required.

184.    Athira denies the allegations contained in paragraph 184, except to the extent the allegations in paragraph 184 contain legal conclusions, to which no response is required.

185.    Athira admits that on May 18, 1989, the SEC issued SEC Release No. 33-6835, and that this release contains the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Except as explicitly admitted herein, Athira denies the

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 33 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

allegations contained in paragraph 185, except to the extent the allegations in paragraph 185 contain legal conclusions, to which no response is required.

186.    Athira admits that SEC Release No. 33-6835 contains the quoted language and citations, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 186, except to the extent the allegations in paragraph 186 contain legal conclusions, to which no response is required.

187.    Athira admits that SEC Release No. 33-6835 contains the quoted language, but denies that Lead Plaintiffs' selective quotation is accurate, complete, or provides full context. Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 187, except to the extent the allegations in paragraph 187 contain legal conclusions, to which no response is required.

188.    Athira admits that the SEC issued Release Nos. 33-8182; 34-47264 on April 7, 2003 and contains the quoted language, but denies that Lead Plaintiffs' selective quotations is accurate, complete, or provides full context.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 188, except to the extent the allegations in paragraph 188 contain legal conclusions, to which no response is required.

189.    Paragraph 189 contains legal conclusions, to which no response is required.  Athira otherwise denies the allegations in paragraph 189.

190.    Athira denies the allegations contained in paragraph 190, except to the extent the allegations in paragraph 190 contain legal conclusions, to which no response is required.

191.    Paragraph 191 contains legal conclusions, to which no response is required.  Athira avers that Lead Plaintiffs' Count III brought under Section 11 of the Securities Act was dismissed against all defendants except Dr. Kawas and the Company regarding Statement 3.  Athira admits that Lead Plaintiffs do not allege that Count III sounds in fraud.

192.    Athira incorporates by reference and reasserts its responses to ¶¶27-108 and 163-187, as though fully set forth herein.  Except as explicitly admitted herein, Athira denies the

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 34 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

allegations contained in paragraph 192, except to the extent the allegations in paragraph 192 contain legal conclusions, to which no response is required.

193.    Athira admits that the operative complaint alleges a violation of Section 11 of the Securities Act on behalf of a putative class against Athira, the Securities Act Individual Defendants, and the Underwriter Defendants.  Athira avers that Lead Plaintiffs' Count III brought under Section 11 of the Securities Act was dismissed against all defendants except Dr. Kawas and the Company regarding Statement 3.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 193.

194.    Paragraph 194 contains legal conclusions, to which no response is required.

195.    Athira admits that it is the registrant and issuer of common stock sold pursuant to the Offering Materials.  The allegations in paragraph 195 regarding Athira's purported liability and the alleged misrepresentations and omissions contained in the Offering Materials are legal conclusions, to which no response is required.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 195.

196.    Paragraph 196 contains legal conclusions, to which no response is required.

197.    Paragraph 197 contains legal conclusions, to which no response is required.

198.    Athira admits that the Underwriter Defendants underwrote Athira's initial public offering in September 2020 and secondary public offering in January 2021.  The allegations in paragraph 198 regarding 15 U.S.C. § 77b(a)(11), the duties and obligations of the Underwriter Defendants and their compliance therewith, and that the Offering Materials contained allegedly misleading facts and omissions, are legal conclusions, to which no response is required.  Athira avers that the court dismissed all claims against the Underwriter Defendants.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 198.

199.    Paragraph 199 contains legal conclusions, to which no response is required.  Athira otherwise denies the allegations in paragraph 199.

200.    Athira admits that Athira, the Underwriter Defendants, and the Securities Act Individual Defendants participated in the preparation of the registration statements filed in

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 35 -

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

connection with Athira' initial and secondary public offerings.  The allegations in paragraph 200 regarding the allegedly untrue and misleading statements in the registration statements filed in connection with Athira's initial and secondary public offerings are legal conclusions, to which no response is required.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 200.

201.    Paragraph 201 contains legal conclusions, to which no response is required.  Athira otherwise denies the allegations in paragraph 201.

202.    Athira admits that Lead Plaintiffs filed this action within three years of Athira's IPO or SPO.  Athira lacks sufficient knowledge or information to form a belief as to what information Lead Plaintiffs or members of the class possessed during the putative Class Period.  The remaining allegations in paragraph 202 contain legal conclusions, to which no response is required.

203.    Athira admits that the operative complaint alleges a violation of Section 12(a)(2) of the Securities Act.  Athira avers that the court dismissed this claim as to Lead Plaintiffs, and that Lead Plaintiffs lack standing to pursue this claim on behalf of a putative class.  Athira admits that operative complaint does not allege fraud as to this claim.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 203, except to the extent the allegations in paragraph 203 contain legal conclusions, to which no response is required.

204.    Athira incorporates by reference and reasserts its responses to ¶¶27-108 and 163-187, as though fully set forth herein.  Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 204, except to the extent those that the allegations in paragraph 204 contain legal conclusions, to which no response is required.

205.    Athira admits that the operative complaint alleges a violation of Section 12(a)(2) of the Securities Act and that Lead Plaintiffs purport to bring this action as a class action.  Athira avers that Lead Plaintiffs' Count IV brought under Section 12(a)(2) of the Securities Act was dismissed with prejudice against Lead Plaintiffs, and that Lead Plaintiffs lack standing to pursue this claim on behalf of a putative class. Except as explicitly admitted herein, Athira denies the

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 36 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

allegations contained in paragraph 205, except to the extent the allegations in paragraph 205 contain legal conclusions, to which no response is required.

206.    Paragraph 206 contains legal conclusions, to which no response is required.  Athira avers that Lead Plaintiffs' Count IV brought under Section 12(a)(2) of the Securities Act was dismissed with prejudice against Lead Plaintiffs.

207.    Paragraph 207 contains legal conclusions, to which no response is required.  Athira avers that Lead Plaintiffs' Count IV brought under Section 12(a)(2) of the Securities Act was dismissed with prejudice against Lead Plaintiffs.  Athira otherwise denies the allegations in paragraph 207.

208.    Paragraph 208 contains legal conclusions, to which no response is required.  Athira avers that Lead Plaintiffs' Count IV brought under Section 12(a)(2) of the Securities Act was dismissed with prejudice against Lead Plaintiffs, and that Lead Plaintiffs lack standing to pursue this claim on behalf of a putative class.  Athira otherwise denies the allegations in paragraph 208.

209.    Paragraph 209 contains legal conclusions, to which no response is required.  Athira lacks sufficient knowledge or information to form a belief as to what information Lead Plaintiffs or members of the putative class knew during the putative class period.

210.    Paragraph 210 contains legal conclusions, to which no response is required.  Athira avers that Lead Plaintiffs' Count IV brought under Section 12(a)(2) of the Securities Act was dismissed with prejudice against Lead Plaintiffs, and that Lead Plaintiffs lack standing to pursue this claim on behalf of a putative class.

211.    Athira admits that less than three years has elapsed between Athira's IPO and SPO and Lead Plaintiffs' filing of this action.  Athira avers that Lead Plaintiffs' Count IV brought under Section 12(a)(2) of the Securities Act was dismissed with prejudice against Lead Plaintiffs, and that Lead Plaintiffs lack standing to pursue this claim on behalf of a putative class.  The remaining allegations in paragraph 211 contain legal conclusions, to which no response is required.

212.    Athira admits that Lead Plaintiffs purport to bring this action under Section 15 of the Securities Act.  Athira avers that Lead Plaintiffs' Count V brought under Section 15 of the

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 37 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

Securities Act was dismissed against all defendants, except against Dr. Kawas regarding Statement 3. Athira incorporates by reference and reasserts its responses to each and every allegation contained above, as though fully set forth herein. Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 212, except to the extent the allegations in paragraph 212 contain legal conclusions, to which no response is required.

213. Athira admits that Lead Plaintiffs purport to bring this action under Section 15 of the Securities Act and that Lead Plaintiffs purport to bring this action as a class action. Athira avers that Lead Plaintiffs' Count V brought under Section 15 of the Securities Act was dismissed against all defendants, except against Dr. Kawas regarding Statement 3. Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 213, except to the extent the allegations in paragraph 213 contain legal conclusions, to which no response is required.

214. Paragraph 214 states a legal conclusion, to which no response is required.

215. Athira admits that Lead Plaintiffs purport to bring this action as a class action. Except as explicitly admitted herein, Athira denies the allegations contained in paragraph 215, except to the extent the allegations in paragraph 215 contain legal conclusions, to which no response is required.

216. Athira admits that Lead Plaintiffs purport to bring this action as a class action.

217. Athira admits that it had more than 30 million common shares outstanding on the NASDAQ during the Class Period, but avers that a substantial percentage of these shares were not "actively traded" during the Class Period due to being classified as restricted shares. Except as explicitly admitted herein, Athira denies the allegation in paragraph 217, except to the extent that paragraph 216 contains legal conclusions, to which no response is required.

218. Athira lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding purported Class members and their numerosity and location, as well as to the existence of any records that may identify record owners and Class members, and on that basis, denies this allegation. Except as explicitly admitted herein, Athira denies the allegations

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 38 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

contained in paragraph 218, except to the extent the allegations in paragraph 218 contain legal conclusions, to which no response is required.

219.    Paragraph 219 contains legal conclusions, to which no response is required.  Athira avers that the court dismissed all Exchange Act counts alleged in the Complaint against all defendants. At this time, Athira lacks knowledge or information sufficient to form a belief as to the truth of the statements regarding whether Lead Plaintiffs' claims are typical of the class.

220.    Paragraph 220 contains legal conclusions, to which no response is required.  At this time, Athira lacks knowledge or information sufficient to form a belief as to the truth of the statements regarding Lead Plaintiffs' adequacy to represent a putative class.

221.    Paragraph 221 contains legal conclusions, to which no response is required.

222.    Paragraph 222 contains legal conclusions, to which no response is required.

## ATHIRA'S AFFIRMATIVE DEFENSES

All Exchange Act claims asserted in the Complaint have been dismissed by the court. Accordingly, Athira affirmatively states the following defenses to the Securities Act claims, and only as to the sole surviving alleged misstatement, Statement 3.  Athira does not assume the burden to establish any fact or proposition necessary to an affirmative defense where that burden, as an element of their claim or otherwise, is properly imposed on Lead Plaintiffs.  Athira does not in any way waive or limit any defenses which are or may be raised by its denials, allegations, and averments set forth herein.  These defenses are pled in the alternative, are raised to preserve the rights of Athira to assert such defenses, and are set forth below without prejudice to Athira's ability to raise other and further defenses based upon future discovery or otherwise.

## First Defense

This action is barred, in whole or in part, because Athira is immune from liability for statements of opinion and/or puffery.

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 39 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

1

### Second Defense

2      To the extent Lead Plaintiffs or other putative class members committed to purchase

3 Athira's stock offered in the IPO or SPO prior to the issuance of the allegedly defective Offering

4 Materials, their claims are barred by a lack of reliance.

5

### Third Defense

6      This action is barred, in whole or in part, by negative causation because the damages

7 claimed by Lead Plaintiffs and the putative class did not result from the alleged false or misleading

8 information in the Offering Materials.

9

### Fourth Defense

10      This action is barred, in whole or in part, because the information that Lead Plaintiffs allege

11 to have been omitted or misrepresented was in fact publicly disclosed, available, and/or widely

12 known to the market.

13

### Fifth Defense

14      This action is barred, in whole or in part, because Athira had no duty to disclose any facts

15 allegedly not disclosed.  All statements in or omissions from the Offering Materials were in

16 conformity with SEC rules and regulations.

17

### Sixth Defense

18      This action is barred, in whole or in part, because Lead Plaintiffs and certain members of

19 the putative class lack standing to assert a Section 11 claim because they cannot trace their shares

20 to the IPO or SPO's registration statements.

21

### Seventh Defense

22      This action is barred, in whole or in part, because Lead Plaintiffs lack standing to assert a

23 claim under Section 12(a)(2) of the Securities Act because they did not purchase their Athira stock

24 directly from a statutory seller in the IPO or SPO.

25

### Eighth Defense

26      This action is barred, in whole or in part, because Lead Plaintiffs and putative class

27 members are not entitled to any recovery because, at the time they purchased shares of Athira's

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 40 -

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

stock, they knew of the alleged untrue statements of material fact in the Offering Materials or alleged omissions of a material fact necessary to make the statements therein not misleading.

### Ninth Defense

This action is barred, in whole or in part, because it is "without merit" within the meaning of the last sentence of Section 11(e) of the Securities Act. Athira also reserves the right to assert an affirmative claim against Lead Plaintiffs on this basis.

### Tenth Defense

This action is not maintainable as a class action because the requirements of Rule 23 of the Federal Rules of Civil Procedure are not met.

### Eleventh Defense

Athira is entitled to the right of contribution from any person who, if sued separately, would have been liable to make the same payment.

### Twelfth Defense

This action is barred, in whole or in part, because Lead Plaintiffs and members of the putative class have no damages compensable under Section 11 of the Securities Act.

### Thirteenth Defense

Any recovery of damages allegedly incurred by Lead Plaintiffs or members of the putative class is barred, in whole or in part, by the damages limitations in Sections 11(e) and 11(g) of the Securities Act.

### ATHIRA'S PRAYER FOR RELIEF

**WHEREFORE**, Athira, having fully answered the Consolidated Amended Complaint, and set forth affirmative defenses thereto, respectfully pray the court:

1.  Dismiss the Complaint with prejudice;

2.  Enter judgment in favor of Athira and an order that Lead Plaintiffs shall recover nothing;

3.  Award to Athira the costs incurred to defend this action, including reasonable attorneys' fees; and

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 41 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

1          4.      Order such other and further relief for Athira as the court deems just and proper.

2   Dated:  November 4, 2022                 Respectfully submitted,

3

4                                            <u>s/ Gregory L. Watts</u>
                                       Gregory L. Watts, WSBA #43995

5                                          John C. Roberts Jr., WSBA #44945
                                       Tyre L. Tindall, WSBA #56357

6                                          **WILSON SONSINI GOODRICH & ROSATI, P.C.**
                                       701 Fifth Avenue, Suite 5100

7                                          Seattle, WA  98104-7036
                                       Telephone: (206) 883-2500

8                                          Email:  gwatts@wsgr.com
                                       Email:  jroberts@wsgr.com

9                                          Email:  ttindall@wsgr.com

10                                          *Attorneys for Defendant Athira Pharma, Inc.*

DEFENDANT ATHIRA'S ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
2:21-cv-00861-TSZ

- 42 -

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500