THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTONIO BACHAALANI NACIF and WIES
RAFI, individually and on behalf of all others
similarly situated,

Plaintiffs,

v.

ATHIRA PHARMA, INC., et al.

Defendants.

No. C21-861 TSZ

**DEFENDANT DR. LEEN KAWAS'S
ANSWER AND AFFIRMATIVE
DEFENSES TO CONSOLIDATED
AMENDED COMPLAINT FOR
VIOLATIONS OF THE FEDERAL
SECURITIES LAWS**

## ANSWER

Defendant Dr. Leen Kawas, (hereinafter "Dr. Kawas") answers Plaintiffs' Consolidated Amended Complaint ("Complaint") as follows, in paragraphs numbered to correspond to the paragraph numbers in said Complaint.

Dr. Kawas denies all allegations in the Complaint, including without limitation all allegations in headings and footnotes and/or in materials referred to therein, except those that are expressly admitted herein. Dr. Kawas's use of any defined terms taken from the Complaint should not be interpreted as, and is not an admission that, Dr. Kawas agrees with Plaintiffs' characterization or use of the defined terms in the Complaint, or that the defined terms are accurate. Dr. Kawas's use of any terms defined in the Complaint is solely for purposes of responding to the allegations in the Complaint and for ease of reference. Dr. Kawas expressly reserves the right to

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 1

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

amend and/or supplement this Answer, including any defenses, as may be necessary or appropriate.

**I.      NATURE OF THE CLAIM**

1.      In answer to paragraph 1 of the Complaint, Dr. Kawas admits that, in the prospectus for its IPO, Athira described itself as "a late clinical-stage biopharmaceutical company focused on developing small molecules to restore neuronal health and stop neurodegeneration"; that ATH-1017 is Athira's lead product; and that Dihexa is the active ingredient in ATH-1017.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 1.

2.      In answer to paragraph 2 of the Complaint, Dr. Kawas admits that she is the former CEO of Athira; that she performed research and co-authored academic articles related to Dihexa; and that for some of these published articles her co-authors included one or more of her former professors at Washington State University ("WSU").  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 2.

3.      In answer to paragraph 3 of the Complaint, Dr. Kawas admits that in the prospectus for its IPO, Athira described its licensing agreement with WSU; stated that this agreement "granted [Athira] an exclusive license to make, use, sell, and offer for sale licensed products and licensed processes that embody the licensed patents (including WSU's rights to a patent jointly owned with Pacific Northwest Biotechnology, Inc.) and that form the underlying technology of the drug therapies we are developing"; and identified Dr. Kawas's academic credentials.  Dr. Kawas respectfully refers the Court to Athira's IPO prospectus for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 3.

4.      In answer to paragraph 4 of the Complaint, Dr. Kawas admits that in a press release dated October 21, 2021, Athira stated, among other things, "The special committee's primary finding was that Dr. Kawas altered images in her 2011 doctoral dissertation and in at least four research papers that she co-authored while a graduate student at WSU, published from 2011 to

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 2

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

2014."  Dr. Kawas respectfully refers the Court to the October 21, 2021, press release for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 4.

5.      In answer to paragraph 5 of the Complaint, Dr. Kawas admits that on October 18, 2021, she resigned as president, CEO and a director of Athira, and subsequently wrote a letter to Athira employees, which Plaintiffs purport to quote in part.  Dr. Kawas respectfully refers the Court to the letter to Athira employees for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 5.

6.      In answer to paragraph 6 of the Complaint, Dr. Kawas states that the allegation that "the submission of falsified data to the U.S. Patent and Trademark Office renders the entirety of such a patent, and any related patents, unenforceable" is an allegation of law to which no response is required; but that if a response is required, then Dr. Kawas denies this allegation.  Dr. Kawas denies all other allegations in paragraph 6.

7.      The allegations of paragraph 7 are definitional only, for which no response is required.  To the extent a response may be required, Dr. Kawas denies each and every allegation in paragraph 7.

## II.      JURISDICTION AND VENUE

8.      In answer to paragraph 8 of the Complaint, Dr. Kawas admits that in their Complaint, Plaintiffs purport to assert claims under Sections 11, 12 and 15 of the Securities Act of 1933 ("Securities Act"), under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and under SEC Rule 10b-5.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 8.

9.      In answer to paragraph 9 of the Complaint, Dr. Kawas admits that the Court has subject-matter jurisdiction over Plaintiffs' claims.  Dr. Kawas further states that the statutory

provisions under which jurisdiction is premised constitute allegations of law, to which no response is required.

10.    In answer to paragraph 10 of the Complaint, Dr. Kawas admits that venue in this Court is proper and that Athira's corporate headquarters are located in Bothell, Washington. Dr. Kawas further states that the statutory provisions under which venue is premised constitute allegations of law, to which no response is required.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 10.

11.    The allegations in paragraph 11 are vague and ambiguous, and on that basis Dr. Kawas denies all such allegations.

## III.    PARTIES

### A.    Plaintiffs

12.    In answer to paragraph 12 of the Complaint, Dr. Kawas denies the allegations of securities law violations and that Plaintiff Nacif suffered damages as the result of such alleged securities law violations.  Dr. Kawas lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 12, and on that basis denies each such allegation. Dr. Kawas respectfully refers the Court to Plaintiff Nacif's PSLRA certification for a complete and accurate recitation of its contents.

13.    In answer to paragraph 13 of the Complaint, Dr. Kawas denies the allegations of securities law violations and that Plaintiff Rafi suffered damages as the result of such alleged securities law violations.  Dr. Kawas lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 13, and on that basis denies each such allegation. Dr. Kawas respectfully refers the Court to Plaintiff Rafi's PSLRA certification for a complete and accurate recitation of its contents.

### B.    Defendants

#### 1.    Exchange Act Defendants

14.    Dr. Kawas admits the allegations in paragraph 14.

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 4

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

15.     In answer to paragraph 15 of the Complaint, Dr. Kawas admits that she formerly was the president, chief executive officer and a director of Athira.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 15.

16.     In answer to paragraph 16 of the Complaint, Dr. Kawas admits that Glenna Mileson has served as chief financial officer of Athira.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 16.

17.     In answer to paragraph 17 of the Complaint, Dr. Kawas admits that Joseph Edelman, John M. Fluke, Jr., and James A. Johnson have served as directors of Athira.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 17.

18.     The allegations of paragraph 18 are definitional only, for which no response is required.

## 2.     Securities Act Defendants

19.     In answer to paragraph 19 of the Complaint, Dr. Kawas admits that Athira Pharma, Inc. is the registrant named on the S-1 Registration Statement filed with the Securities and Exchange Commission ("SEC") on August 26, 2020, and on the S-1 Registration Statement filed with the SEC on January 19, 2021.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 19.

20.     In answer to paragraph 20 of the Complaint, Dr. Kawas states that the S-1 Registration Statements identified in answer to paragraph 19 identify the persons who signed them, and respectfully refers the Court to those S-1 Registration Statements for a complete and accurate recitation of their contents.  Dr. Kawas denies the remaining allegations in paragraph 20.

21.     Dr. Kawas admits the allegations in paragraph 21.

22.     Dr. Kawas admits the allegations in paragraph 22.

## 3.     Control Person Allegations

23.     In answer to paragraph 23 of the Complaint, Dr. Kawas admits that at certain times she held senior positions at Athira, participated in management of the Company, was involved in

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 5
144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

day-to-day operations of the Company, and was generally privy to confidential, proprietary information concerning the Company and its business, operations, product development, intellectual property, licensing agreements, financial statements, and public relations.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 23.

24.    In answer to paragraph 24 of the Complaint, Dr. Kawas states that Athira's Registration Statements and the SOX Certifications identify the persons who signed them, and respectfully refers the Court to the Registration Statements and the SOX Certifications for a complete and accurate recitation of their contents.  Dr. Kawas denies the remaining allegations in paragraph 24.

25.    In answer to paragraph 25 of the Complaint, Dr. Kawas admits that she was a senior executive of Athira, and that she signed certain of Athira's SOX Certifications.  Dr. Kawas further states that the remaining allegations are allegations of law to which no answer is required, but that if an answer is required, then Dr. Kawas denies each and every remaining allegation in paragraph 25.

26.    Dr. Kawas states that the allegations in paragraph 26 are vague and ambiguous, and denies each and every allegation therein.

## IV.    SUBSTANTIVE ALLEGATIONS—EXCHANGE ACT CLAIMS

### A.    Athira's Background and Lead Product

27.    In answer to paragraph 27 of the Complaint, Dr. Kawas admits that Joseph Harding is an Emeritus Professor in the Department of Integrative Physiology and Neuroscience at Washington State University ("WSU"); that Jay Wright is an Emeritus Regents Professor in the WSU Departments of Psychology and Veterinary and Comparative Anatomy, Pharmacology and Physiology, as well as programs in Neuroscience and Biotechnology; that Professors Harding and Wright were co-founders of M3 Biotechnology, Inc. ("M3"); that M3 subsequently changed its name to Athira; that WSU's Department of Commercialization supported M3 in its research related to the development of new drugs; and that Professor Harding has conducted and overseen research

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 6

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   related to the potential impact of small molecules on various body systems.  Except as specifically

2   admitted herein, Dr. Kawas states that she lacks knowledge or information sufficient to admit or

3   deny the remaining allegations in paragraph 27 of the Complaint, and on that basis denies each

4   and every such allegation.

5       28.     In answer to paragraph 28 of the Complaint, Dr. Kawas admits that from 2011 until

6   she left Athira in 2021, M3/Athira conducted research, and performed studies on the impact of

7   small molecules, including Dihexa, to restore neuronal health and stop neurodegeneration; that

8   Dr. Kawas received funding for her research in part from various institutions and nonprofit

9   organization; and that she was promoted to CEO and President of Athira in 2013.  Except as

10  specifically admitted herein, Dr. Kawas denies the allegations in paragraph 28.

11      29.     In answer to paragraph 29 of the Complaint, Dr. Kawas admits that as of the time

12  she left Athira in 2021, Athira's lead product was ATH-1017; that ATH-1017 is a prodrug of

13  Dihexa; that upon injection into the body ATH-1017 converts into Dihexa; and that at one time

14  ATH-1017 was known as NDX-1017.  Except as specifically admitted herein, Dr. Kawas denies

15  the allegations in paragraph 29.

16      30.     In answer to paragraph 30 of the Complaint, Dr. Kawas admits that there is

17  evidence that Dihexa may improve cognitive function in those with neurodegenerative diseases

18  such as Alzheimer's Disease or Parkinson's Disease.  Dr. Kawas lacks knowledge or information

19  sufficient to admit or deny what is "generally" believed, or by whom, and on that basis denies the

20  remaining allegations in paragraph 30 of the Complaint.

21      31.     In answer to paragraph 31 of the Complaint, Dr. Kawas admits that WSU currently

22  holds the patent for Dihexa and analogous compounds; that WSU licenses the patent for Dihexa

23  to Athira; that in December 2011 M3 (since renamed as Athira) entered into an exclusive licensing

24  agreement with Washington State University Research Fund ("WSURF"); and that Athira is

25  obligated to pay royalties to WSU under the terms of the exclusive licensing agreement.  Dr. Kawas

26  respectfully refers the Court to the licensing agreement for a complete and accurate recitation of

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 7

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 31.

32.     In answer to paragraph 32 of the Complaint, Dr. Kawas admits that M3 (now known as Athira) entered into an exclusive licensing agreement with WSURF and its successor, WSU, related to the patent for Dihexa; and that M3/Athira and Dr. Kawas performed and oversaw years of research and development related to Dihexa and later ATH-1017, a prodrug that M3/Athira developed for the administration of Dihexa.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 32.

33.     In answer to paragraph 33 of the Complaint, Dr. Kawas admits that as of the time of Athira's IPO, there had been no peer-reviewed studies on the effects of administering ATH-1017; that neither Dihexa nor ATH-1017 had obtained FDA approval; that ATH-1017 was the only Athira product to undergo clinical testing as of that date; that Athira reported the results of its Phase 1a and 1b clinical studies of ATH-1017 prior to the IPO; that the Phase 1a and 1b studies showed that ATH-1017 was "well tolerated" by study participants with no serious adverse effects; and that the Phase 1a and 1b studies involved fewer than a dozen patients with Alzheimer's Disease.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 33.

**B.     Kawas's Falsified Research**

34.     In answer to paragraph 34 of the Complaint, Dr. Kawas admits that she obtained a degree in Pharmacy from the University of Jordan in 2008; that she then enrolled at WSU where she studied Molecular Pharmacology and Toxicology from 2008 to 2011; that her faculty advisors included Professors Jay Wright and Joseph Harding; and that Professors Wright and Harding co-founded M3 (which later became Athira) in 2011.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 34.

35.     In answer to paragraph 35 of the Complaint, Dr. Kawas admits that she earned a Ph.D from WSU's Division of Pharmacology and Toxicology in 2011; and that as part of her Ph.D program she conducted research and wrote a dissertation regarding her research.  Dr. Kawas

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 8

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   respectfully refers the Court to her dissertation for a complete and accurate recitation of its

2   contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph

3   35.

4       36.     In answer to paragraph 36 of the Complaint, Dr. Kawas admits that Athira grew

5   and attracted funds from outside investors during the time that she was VP, CEO and President of

6   Athira.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 36.

7       37.     Dr. Kawas denies the allegations in paragraph 37.

8       38.     Dr. Kawas denies the allegations in paragraph 38.

9           **1.      December 2011: Altered Images in Dissertation**

10      39.     In answer to paragraph 39 of the Complaint, Dr. Kawas admits that her dissertation

11  is dated December 2011 and is titled "Development of Therapeutics Targeting the Hepatocyte

12  Growth Factor (HGF)/Met System"; that part of her research was conducted in Professor Harding's

13  laboratory; and that Professors Harding and Wright were co-founders of M3, which later became

14  Athira.  Dr. Kawas respectfully refers the Court to her dissertation for a complete and accurate

15  recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations

16  in paragraph 39.

17      40.     Dr. Kawas denies the allegations in paragraph 40.

18      41.     Dr. Kawas denies the allegations in paragraph 41.

19          **2.      November 2011: Kawas Publishes Altered Research Results in *The***
20          ***Journal of Pharmacology and Experimental Therapeutics***

21      42.     In answer to paragraph 42 of the Complaint, Dr. Kawas admits that the article titled

22  "Mimics of the Dimerization Domain of Hepatocyte Growth Factor Exhibit Anti-Met and

23  Anticancer Activity" was published in the November 2011 issue of *The Journal of Pharmacology*

24  *and Experimental Therapeutics*; that she was a co-author of the article together with Brent J.

25  Yamamoto, John W. Wright and Joseph W. Harding; and that Drs. Wright and Harding were

26  professors at WSU and co-founders of M3 (later Athira).  Dr. Kawas respectfully refers the Court

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 9

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

to this article for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 42.

43.     Dr. Kawas admits that paragraph 43 contains excerpts from the article identified in paragraph 42.  Dr. Kawas respectfully refers the Court to this article for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 43.

44.     In answer to paragraph 44 of the Complaint, Dr. Kawas admits that in May 2021 a user of the *PubPeer* website identified as "Actinopolyspora biskrensis" made a comment regarding the article titled "Mimics of the Dimerization Domain of Hepatocyte Growth Factor Exhibit Anti-Met and Anticancer Activity."  Dr. Kawas respectfully refers the Court to the comment by "Actinopolyspora biskrensis" for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 44.

45.     In answer to paragraph 45 of the Complaint, Dr. Kawas admits that in June 2021 a user of the *PubPeer* website identified as "Elisabeth M Bik" made a comment regarding the article titled "Mimics of the Dimerization Domain of Hepatocyte Growth Factor Exhibit Anti-Met and Anticancer Activity."  Dr. Kawas respectfully refers the Court to the comment by "Elisabeth M Bik" for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 45.

46.     In answer to paragraph 46 of the Complaint, Dr. Kawas admits that in June 2021 a user of the *PubPeer* website identified as "Indigofera tanganyikensis" made a comment regarding the article titled "Mimics of the Dimerization Domain of Hepatocyte Growth Factor Exhibit Anti-Met and Anticancer Activity."  Dr. Kawas respectfully refers the Court to the comment by "Indigofera tanganyikensis for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 46.

47.     Dr. Kawas denies the allegations in paragraph 47.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

48.     In answer to paragraph 48 of the Complaint, Dr. Kawas states that the allegation regarding "relied on" is vague and ambiguous, and on this basis denies such allegation.  Dr. Kawas respectfully refers the Court to the patents granted to WSU for a complete and accurate recitation of their contents.

49.     In answer to paragraph 49 of the Complaint, Dr. Kawas admits that the September 2021 issue of *The Journal of Pharmacology and Experimental Therapeutics* contained a "notice of concern" related to the article titled "Mimics of the Dimerization Domain of Hepatocyte Growth Factor Exhibit Anti-Met and Anticancer Activity."  Dr. Kawas respectfully refers the Court to this "notice of concern" for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 49.

### 3.     March 2012: Kawas Publishes Second Article with Altered Images

50.     In answer to paragraph 50 of the Complaint, Dr. Kawas admits that the article titled "Development of Angiotensin IV Analogs as Hepatocyte Growth Factor/Met Modifiers" was published in the March 2012 issue of *The Journal of Pharmacology and Experimental Therapeutics*; that she was a co-author of the article together with Alene T. McCoy, Brent J. Yamamoto, John W. Wright and Joseph W. Harding; and that Drs. Wright and Harding were and co-founders of M3 (later Athira).  Dr. Kawas respectfully refers the Court to this article for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 50.

51.     In answer to paragraph 51 of the Complaint, Dr. Kawas admits that in May 2021 a user of the *PubPeer* website identified as "Actinopolyspora biskrensis" made a comment regarding the article titled "Development of Angiotensin IV Analogs as Hepatocyte Growth Factor/Met Modifiers."  Dr. Kawas respectfully refers the Court to this comment by "Actinopolyspora biskrensis" for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 51.

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 11

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

52.     In answer to paragraph 52 of the Complaint, Dr. Kawas states that the allegation regarding "relied on" is vague and ambiguous, and on this basis denies such allegation.  Dr. Kawas respectfully refers the Court to the patents granted to WSU for a complete and accurate recitation of their contents.

53.     In answer to paragraph 53 of the Complaint, Dr. Kawas admits that the September 2021 issue of *The Journal of Pharmacology and Experimental Therapeutics* contained a "notice of concern" related to the article titled "Development of Angiotensin IV Analogs as Hepatocyte Growth Factor/Met Modifiers."  Dr. Kawas respectfully refers the Court to this "notice of concern" for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 53.

## 4.     October 2012: Kawas Publishes Third Article with Altered Images

54.     In answer to paragraph 54 of the Complaint, Dr. Kawas admits that the article titled "Evaluation of Metabolically Stabilized Angiotensin IV Analogs as Pro-Cognitive/Anti-Dementia Agents" was published in the January 2013 issue of *The Journal of Pharmacology and Experimental Therapeutics*; and that she was a co-author of the article together with Alene T. McCoy, Caroline C. Benoist, John W. Wright, Jyote M. Bule-Ghogare, Mingyan Zhu, Suzanne M. Appleyard, Gary A. Wayman, and Joseph W Harding.  Dr. Kawas respectfully refers the Court to this article for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 54.

55.     In answer to paragraph 55 of the Complaint, Dr. Kawas respectfully refers the Court to the article titled "Evaluation of Metabolically Stabilized Angiotensin IV Analogs as Pro-Cognitive/Anti-Dementia Agents" for a complete and accurate recitation of its contents.  Dr. Kawas states that the allegation regarding "relying on" is vague and ambiguous, and on this basis denies such allegation.  Dr. Kawas denies the remaining allegations in paragraph 55.

56.     In answer to paragraph 56 of the Complaint, Dr. Kawas admits that since its founding as M3, Athira's goal was to develop small molecules to potentiate HGF/MET activity

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 12

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

and to restore neuronal health and stop neurodegeneration.  Dr. Kawas respectfully refers the Court to the article titled "Evaluation of Metabolically Stabilized Angiotensin IV Analogs as Pro-Cognitive/Anti-Dementia Agents," which is partly quoted in paragraph 55 and referred to in paragraph 56, for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 56.

57. Dr. Kawas denies the allegations in paragraph 57.

58. In answer to paragraph 58 of the Complaint, Dr. Kawas admits that a user of the *PubPeer* website identified as "Indigofera tanganyikensis" made a comment in June 2021 regarding the article titled "Evaluation of Metabolically Stabilized Angiotensin IV Analogs as Pro-Cognitive/Anti-Dementia Agents."  Dr. Kawas respectfully refers the Court to the comment by "Indigofera tanganyikensis" for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 58.

59. In answer to paragraph 59 of the Complaint, Dr. Kawas admits that the September 2021 issue of *The Journal of Pharmacology and Experimental Therapeutics* contained a "notice of concern" related to the article titled "Evaluation of Metabolically Stabilized Angiotensin IV Analogs as Pro-Cognitive/Anti-Dementia Agents."  Dr. Kawas respectfully refers the Court to this "notice of concern" for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 59.

**5.     April 2013: Kawas Publishes Fourth Article with Altered Images**

60. In answer to paragraph 60 of the Complaint, Dr. Kawas admits that the article titled "Nanoscale Mapping of the Met Receptor on Hippocampal Neurons by AFM and Confocal Microscopy" was published in the April 2013 issue of *Nanomedicine*; and that she was a co-author of the article together with Caroline C. Benoist, Joseph W. Harding, Gary A. Wayman, and Nehal I. Abu-Lail.  Dr. Kawas respectfully refers the Court to this article for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 60.

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 13

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

61.     Dr. Kawas admits that paragraph 61 contains excerpts from the article titled "Nanoscale Mapping of the Met Receptor on Hippocampal Neurons by AFM and Confocal Microscopy." Dr. Kawas respectfully refers the Court to this article for a complete and accurate recitation of its contents. Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 61.

62.     In answer to paragraph 62 of the Complaint, Dr. Kawas admits that a user of the *PubPeer* website identified as "Peer 1" made a comment in June 2016 regarding the article titled "Nanoscale Mapping of the Met Receptor on Hippocampal Neurons by AFM and Confocal Microscopy." Dr. Kawas respectfully refers the Court to this comment by "Peer 1" for a complete and accurate recitation of its contents. Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 62.

63.     In answer to paragraph 63 of the Complaint, Dr. Kawas admits that a user of the *PubPeer* website identified as "Actinopolyspora biskrensis" made a comment in May 2021 regarding the article titled "Nanoscale Mapping of the Met Receptor on Hippocampal Neurons by AFM and Confocal Microscopy." Dr. Kawas respectfully refers the Court to this comment by "Actinopolyspora biskrensis" for a complete and accurate recitation of its contents. Dr. Kawas further states that she lacks knowledge or information sufficient to admit or deny the allegation that the comment by "Peer 1" described in paragraph 62 "went unnoticed for several years," and on that basis denies such allegation. Except as specifically admitted herein, Dr. Kawas denies the remaining allegations in paragraph 63.

64.     In answer to paragraph 64 of the Complaint, Dr. Kawas admits that a user of the *PubPeer* website identified as "Indigofera Tanganyikensis" made a comment in June 2021 regarding the article titled "Nanoscale Mapping of the Met Receptor on Hippocampal Neurons by AFM and Confocal Microscopy." Dr. Kawas respectfully refers the Court to this comment by "Indigofera Tanganyikensis" for a complete and accurate recitation of its contents. Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 64.

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 14

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

65.     In answer to paragraph 65 of the Complaint, Dr. Kawas respectfully refers the Court to the *PubPeer* users' comments identified in paragraphs 62, 63 and 64 for a complete and accurate recitation of their contents.  Dr. Kawas denies the remaining allegations in paragraph 65.

**6.     November 2014: Kawas Publishes Fifth Article with Altered Images**

66.     In answer to paragraph 66 of the Complaint, Dr. Kawas admits that the article titled "The Procognitive and Synaptogenic Effects of Angiotensin IV–Derived Peptides Are Dependent on Activation of the Hepatocyte Growth Factor/c-Met System" was published in the November 2014 issue of *The Journal of Pharmacology and Experimental Therapeutics*; and that she was a co-author of the article together with Caroline C. Benoist, Mingyan Zhu, Katherine A. Tyson, Lori Stillmaker, Suzanne M. Appleyard, John W. Wright, Gary A. Wayman and Joseph W. Harding. Dr. Kawas respectfully refers the Court to this article for a complete and accurate recitation of its contents.  Dr. Kawas further states that the allegation regarding "built on and relied on" in paragraph 66 is vague and ambiguous, and on this basis denies such allegation.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 66.

67.     Dr. Kawas admits that paragraph 67 contains excerpts from the article titled "The Procognitive and Synaptogenic Effects of Angiotensin IV–Derived Peptides Are Dependent on Activation of the Hepatocyte Growth Factor/c-Met System."  Dr. Kawas respectfully refers the Court to this article for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 67.

68.     In answer to paragraph 68 of the Complaint, Dr. Kawas admits that an unidentified user of the *PubPeer* website made a comment in October 2014 regarding the article titled "The Procognitive and Synaptogenic Effects of Angiotensin IV–Derived Peptides Are Dependent on Activation of the Hepatocyte Growth Factor/c-Met System".  Dr. Kawas respectfully refers the Court to the unidentified *PubPeer* user's comment for a complete and accurate recitation of its contents. Dr. Kawas denies that she received a request from the contributor to provide the original images or that she failed to respond to any such request. Dr. Kawas further states that she lacks

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 15

144202.0002/158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

knowledge or information sufficient to admit or deny whether the other authors of "The Procognitive and Synaptogenic Effects of Angiotensin IV–Derived Peptides Are Dependent on Activation of the Hepatocyte Growth Factor/c-Met System" received requests for or provided original images to the unidentified *PubPeer* user, and on that basis denies such allegations.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 68.

69.     In answer to paragraph 69 of the Complaint, Dr. Kawas admits that in June 2016 a user of the *PubPeer* website made a comment regarding the article titled "The Procognitive and Synaptogenic Effects of Angiotensin IV–Derived Peptides Are Dependent on Activation of the Hepatocyte Growth Factor/c-Met System."  Dr. Kawas respectfully refers the Court to this comment for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 69.

70.     In answer to paragraph 70 of the Complaint, Dr. Kawas admits that in June 2016 a user of the *PubPeer* website made a comment regarding the article titled "The Procognitive and Synaptogenic Effects of Angiotensin IV–Derived Peptides Are Dependent on Activation of the Hepatocyte Growth Factor/c-Met System."  Dr. Kawas respectfully refers the Court to this comment for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 70.

71.     In answer to paragraph 71 of the Complaint, Dr. Kawas admits that in May 2021 a user of the *PubPeer* website identified as "Actinopolyspora biskrensis" made a comment regarding the article titled "The Procognitive and Synaptogenic Effects of Angiotensin IV–Derived Peptides Are Dependent on Activation of the Hepatocyte Growth Factor/c-Met System."  Dr. Kawas respectfully refers the Court to this comment by "Actinopolyspora biskrensis" for a complete and accurate recitation of its contents.  Dr. Kawas denies that she received an email notification from "Actinopolyspora biskrensis" by at least May 2021.  Dr. Kawas lacks knowledge or information sufficient to admit or deny the allegations that other co-authors of "The Procognitive and Synaptogenic Effects of Angiotensin IV–Derived Peptides Are Dependent on Activation of the

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 16

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  Hepatocyte Growth Factor/c-Met System" received such email notification and, on that basis,

2  denies those allegations. Except as specifically admitted herein, Dr. Kawas denies the allegations

3  in paragraph 71.

4      72.    In answer to paragraph 72 of the Complaint, Dr. Kawas admits that in June 2021 a

5  user of the *PubPeer* website identified as "Elisabeth M. Bik" made a comment regarding the article

6  titled "The Procognitive and Synaptogenic Effects of Angiotensin IV–Derived Peptides Are

7  Dependent on Activation of the Hepatocyte Growth Factor/c-Met System."   Dr. Kawas

8  respectfully refers the Court to this comment by "Elisabeth M. Bik" for a complete and accurate

9  recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations

10  in paragraph 72.

11      73.    In answer to paragraph 73 of the Complaint, Dr. Kawas admits that the September

12  2021 issue of *The Journal of Pharmacology and Experimental Therapeutics* contained a "notice

13  of concern" related to the article titled "The Procognitive and Synaptogenic Effects of Angiotensin

14  IV–Derived Peptides Are Dependent on Activation of the Hepatocyte Growth Factor/c-Met

15  System." Dr. Kawas respectfully refers the Court to this "notice of concern" for a complete and

16  accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the

17  allegations in paragraph 73.

18      **7.**    **January 2015: Kawas Publishes Sixth Article with Altered Images**

19      74.    In answer to paragraph 74 of the Complaint, Dr. Kawas admits that the article titled

20  "Hepatocyte Growth Factor Mimetic Protects Lateral Line Hair Cells from Aminoglycoside

21  Exposure" was published in the January 2015 issue of *Frontiers in Cellular Neuroscience*; and

22  that she was a co-author of the article together with Phil Uribe, Joseph W. Harding and Allison B.

23  Coffin.  Dr. Kawas respectfully refers the Court to this article for a complete and accurate recitation

24  of its contents.  Dr. Kawas further states that the allegation regarding "built on and relied on" in

25  paragraph 74 is vague and ambiguous, and on this basis denies such allegation.  Except as

26  specifically admitted herein, Dr. Kawas denies the allegations in paragraph 74.

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 17

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

75.     In answer to paragraph 75 of the Complaint, Dr. Kawas admits that the referenced "research study" is the article titled "Hepatocyte Growth Factor Mimetic Protects Lateral Line Hair Cells from Aminoglycoside Exposure." Dr. Kawas respectfully refers the Court to this article for a complete and accurate recitation of its contents. Dr. Kawas states that the allegation regarding "relying on" in paragraph 75 is vague and ambiguous, and on this basis denies such allegation. Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 75.

76.     Dr. Kawas admits that paragraph 76 contains excerpts from the article titled "Hepatocyte Growth Factor Mimetic Protects Lateral Line Hair Cells from Aminoglycoside Exposure." Dr. Kawas respectfully refers the Court to this article for a complete and accurate recitation of its contents. Except as expressly admitted herein, Dr. Kawas denies the allegations in paragraph 76.

77.     In answer to paragraph 77 of the Complaint, Dr. Kawas admits that a user of the *PubPeer* website identified as "Indigofera Tanganyikensis" made a comment in June 2021 regarding the article titled "Hepatocyte Growth Factor Mimetic Protects Lateral Line Hair Cells from Aminoglycoside Exposure." Dr. Kawas respectfully refers the Court to this comment by "Indigofera Tanganyikensis" for a complete and accurate recitation of its contents. Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 77.

## C.     Athira Leveraged Kawas's Altered Research to Obtain Patents and Licensing Agreements

78.     In answer to paragraph 78 of the Complaint, Dr. Kawas admits that in December 2011 M3 (subsequently renamed "Athira") entered into an exclusive licensing agreement with Washington State University Research Fund. Dr. Kawas respectfully refers the Court to the licensing agreement for a complete and accurate recitation of its contents. Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 78.

79.     In answer to paragraph 79 of the Complaint, Dr. Kawas admits that in December 2013, WSU was granted Patent No. 8,598,118 for "Hepatocyte Growth Factor Mimics as

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 18

144202.0002\158958368.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Therapeutic Agents"; and that paragraph 79 contains excerpts from that patent. Dr. Kawas respectfully refers the Court to Patent No. 8,598,118 for a complete and accurate recitation of its contents. Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 79.

80.     In answer to paragraph 80 of the Complaint, Dr. Kawas admits that in June 2015, WSU was granted Patent No. 9,051,351; and that paragraph 80 contains excerpts from Patent No. 9,051,351. Dr. Kawas respectfully refers the Court to Patent No. 9,051,351 for a complete and accurate recitation of its contents. Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 80.

81.     In answer to paragraph 81 of the Complaint, Dr. Kawas admits that Athira filed an application for a provisional patent for ATH-1017 in June 2016. Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 81.

82.     In answer to paragraph 82 of the Complaint, Dr. Kawas admits that Athira was granted Patent No. 11,021,514 in June 2021; and that paragraph 82 contains excerpts from Patent No. 11,021,514. Dr. Kawas respectfully refers the Court to Patent No. 11,021,514 for a complete and accurate recitation of its contents. Dr. Kawas further states that paragraph 82 purports to quote from an unidentified document, which document speaks for itself; moreover, because that document has not been identified, Dr. Kawas lacks knowledge or information sufficient to admit or deny either the accuracy of the quotation or the substance of the quoted material. Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 82.

83.     In answer to paragraph 83 of the Complaint, Dr. Kawas admits that she submitted a declaration, under penalty of perjury, in connection with Athira's nonprovisional patent applications submitted to the U.S. Patent and Trademark Office and identified in paragraphs 79-82 above. Dr. Kawas states that the allegation that Dr. Kawas submitted a declaration for "all of these patents" in paragraph 83 is vague and ambiguous, and on this basis denies such allegation. Dr. Kawas respectfully refers the Court to the declarations for a complete and accurate recitation

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 19

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

of their contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 83.

**D.    For Years Leading up to the IPO, Athira Touted Kawas as a Qualified Executive**

84.    Dr. Kawas admits that paragraph 84 contains excerpts from a *WSU Insider* article. Dr. Kawas respectfully refers the Court to the *WSU Insider* article for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 84.

85.    Dr. Kawas admits that paragraph 85 contains excerpts from a *Science Daily* article. Dr. Kawas respectfully refers the Court to the *Science Daily* article for a complete and accurate recitation of its contents.  Dr. Kawas denies the remaining allegations in paragraph 85.

86.    Dr. Kawas admits that paragraph 86 contains excerpts from a *GeekWire* article. Dr. Kawas respectfully refers the Court to the *GeekWire* article for a complete and accurate recitation of its contents.  Dr. Kawas denies the remaining allegations in paragraph 86.

87.    In answer to paragraph 87 of the Complaint, Dr. Kawas admits that Athira closed an $85 million financing round in June 2020; that in connection with the closing of this financing round, Athira issued a press release; and that paragraph 87 contains excerpts from the referenced press release.  Dr. Kawas respectfully refers the Court to this press release for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 87.

88.    Dr. Kawas admits that paragraph 88 contains excerpts from a *WSU Innovators* article.  Dr. Kawas respectfully refers the Court to the *WSU Innovators* article for a complete and accurate recitation of its contents.  Dr. Kawas denies the remaining allegations in paragraph 88.

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 20
144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

E.     **Athira's Public Offerings**

      1.     **The IPO**

     89.     In answer to paragraph 89 of the Complaint, Dr. Kawas admits that in September 2020 Athira closed an initial public offering in which it sold 12 million shares of its common stock at the offering price of $17 per share; that the IPO resulted in proceeds to Athira of $189,720,000 after deducting underwriting discounts and commissions of $14,280,000, and before deducting offering expenses; and that in October 2020, Athira sold an additional 1,397,712 shares of common stock to the underwriters of the IPO upon partial exercise of the underwriters' option to purchase additional shares at the initial public offering price, resulting in gross proceeds of approximately $23.8 million before deducting underwriting discounts and commissions and estimated offering expenses.. Dr. Kawas lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 89, and on that basis denies such allegations. Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 89.

      2.     **The SPO**

     90.     In answer to paragraph 90 of the Complaint, Dr. Kawas admits that in relation to a secondary public offering of securities, Athira filed a draft Registration Statement on Form S-1 with the SEC on January 6, 2021; that the draft Registration Statement was subsequently amended; that the SEC declared the Registration Statement effective; that Athira filed a Prospectus with the SEC pursuant to Rule 424(b)(4) on January 21, 2021; and that Athira sold 4 million shares of the Company's common stock in the offering, priced at $22.50 per share, for gross proceeds of $90 million, not including additional proceeds to be obtained from the underwriters' option to purchase an additional 600,000 shares of common stock at the public offering price of $22.50 per share, less underwriting discounts and commissions. Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 90.

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 21

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**F.**     **Defendants Reveal the Truth About Kawas**

91.     In answer to paragraph 91 of the Complaint, Dr. Kawas admits that on June 17, 2021, Athira issued a press release that Plaintiffs purport to quote in part in paragraph 91. Dr. Kawas respectfully refers the Court to this press release for a complete and accurate recitation of its contents.   Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 91.

92.     In answer to paragraph 92 of the Complaint, Dr. Kawas admits that on June 17, 2021, *STAT News* published an article titled "Athira Pharma CEO placed on leave amid allegations of altered images in her research papers," which Plaintiffs purport to quote in part in paragraph 92. Dr. Kawas respectfully refers the Court to the *STAT News* article for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 92.

93.     Dr. Kawas admits that in paragraph 93 Plaintiffs purport to quote in part from an article published in *STAT News* on June 17, 2021.  Dr. Kawas respectfully refers the Court to the *STAT News* article for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 93.

94.     Dr. Kawas admits that in paragraph 94 Plaintiffs purport to quote in part from an article published in *STAT News* on June 17, 2021.  Dr. Kawas respectfully refers the Court to the *STAT News* article for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 94.

95.     Dr. Kawas lacks knowledge or information sufficient to admit or deny the allegations in paragraph 95, and on that basis denies each such allegation.  If and to the extent Paul Matteis did write the note referenced in paragraph 95, Dr. Kawas respectfully refers the Court to that note for a complete and accurate recitation of its contents.  Dr. Kawas denies the remaining allegations in paragraph 95.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

96.     In answer to paragraph 96 of the Complaint, Dr. Kawas admits that the price of Athira's common stock closed at $11.15 per share on June 18, 2021.  Dr. Kawas lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 96, and on that basis denies each such allegation.

### G.     Post-Class Period Developments: The Special Committee's Findings Are Demonstrably False

97.     In answer to paragraph 97 of the Complaint, Dr. Kawas admits that in June 2021 she was placed on temporary leave from her positions as Athira's President and CEO; that Athira's board of directors appointed a special committee to investigate allegations regarding Dr. Kawas's doctoral research while a graduate student at WSU; and that on October 21, 2021, Athira issued a press release, which Plaintiffs purport to quote in part, that described the results of the special committee's investigation.  Dr. Kawas respectfully refers the Court to Athira's press release for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 97.

98.     In answer to paragraph 98 of the Complaint, Dr. Kawas admits that on or about October 18, 2021, she resigned as President, CEO and a director of Athira and subsequently wrote a letter to Athira employees, which Plaintiffs purport to quote in part in paragraph 98.  Dr. Kawas respectfully refers the Court to her letter to Athira employees for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 98.

99.     Dr. Kawas admits that paragraph 99 purports to quote from an unidentified document; because that document has not been identified, Dr. Kawas lacks knowledge or information sufficient to admit or deny either the accuracy of the quotation or the substance of the quoted material.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 99.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

100.    In answer to paragraph 100 of the Complaint, Dr. Kawas respectfully refers the Court to Athira's patent applications for a complete and accurate recitation of their contents. Dr. Kawas denies the remaining allegations in paragraph 100.

101.    In answer to paragraph 101 of the Complaint, Dr. Kawas respectfully refers the Court to Patent No. 8,598,118 for a complete and accurate recitation of its contents.  Dr. Kawas denies the remaining allegations in paragraph 101.

102.    In answer to paragraph 102 of the Complaint, Dr. Kawas respectfully refers the Court to Patent No. 9,066,901 for a complete and accurate recitation of its contents.  Dr. Kawas denies the remaining allegations in paragraph 102.

103.    In answer to paragraph 103 of the Complaint, Dr. Kawas respectfully refers the Court to Patent No. 9,150,613 for a complete and accurate recitation of its contents.  Dr. Kawas denies the remaining allegations in paragraph 103.

104.    In answer to paragraph 104 of the Complaint, Dr. Kawas respectfully refers the Court to Patent No. 9,475,854 for a complete and accurate recitation of its contents.  Dr. Kawas denies the remaining allegations in paragraph 104.

105.    In answer to paragraph 105 of the Complaint, Dr. Kawas respectfully refers the Court to Patent No. 11,021,514 for a complete and accurate recitation of its contents.  Dr. Kawas denies the remaining allegations in paragraph 105.

106.    The allegations in paragraph 106 regarding enforceability of patents are allegations of law to which no response is required; however, to the extent a response may be required, Dr. Kawas denies these allegations. Dr. Kawas denies the remaining allegations in paragraph 106.

107.    The allegations in paragraph 107 regarding enforceability and value of patents are allegations of law to which no response is required; however, to the extent a response may be required, Dr. Kawas denies these allegations.  Dr. Kawas denies the remaining allegations in paragraph 107.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**H.     Additional Scienter Allegations**

108.     The only claims remaining in this action do not require proof of scienter; therefore, the scienter allegations in paragraph 108 are not relevant to Plaintiffs' claims, and no answer to those allegations is required.  Nevertheless, to the extent an answer may be required, Dr. Kawas denies the allegations in paragraph 108.

**I.     Defendants' Materially False and Misleading Statements and Omissions During the Class Period**

109.     The allegations of paragraph 109 pertain exclusively to claims that have been dismissed; therefore, no answer to those allegations is required.  Nevertheless, to the extent an answer may be required, Dr. Kawas denies the allegations in paragraph 109.

**1.     The IPO Materials**

110.     In paragraph 110, Plaintiffs purport to quote in part from the IPO Materials. Dr. Kawas respectfully refers the Court to the IPO Materials for a complete and accurate recitation of their contents.  Dr. Kawas denies the remaining allegations in paragraph 110, and further states that the Court dismissed Plaintiffs' challenge to the statement quoted in paragraph 110 as to all Defendants, including Dr. Kawas, holding that it was not false or misleading.

111.     In paragraph 111, Plaintiffs purport to quote in part from the IPO Materials. Dr. Kawas respectfully refers the Court to the IPO Materials for a complete and accurate recitation of their contents.  Dr. Kawas denies the remaining allegations in paragraph 111, and further states that the Court dismissed Plaintiffs' challenge to the statement quoted in paragraph 111 as to all Defendants, including Dr. Kawas, holding that it was not false or misleading.

112.     Dr. Kawas denies the allegations in paragraph 112.

113.     In paragraph 113, Plaintiffs purport to quote in part from the IPO Materials. Dr. Kawas respectfully refers the Court to the IPO Materials for a complete and accurate recitation of their contents.  Dr. Kawas denies the remaining allegations in paragraph 113.

114.     Dr. Kawas denies the allegations in paragraph 114.

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 25

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

115.     The allegations in paragraph 115 are primarily allegations of law to which no response is required; however, to the extent a response to those allegations may be required, Dr. Kawas denies the allegations.  Dr. Kawas denies the remaining allegations in paragraph 115.

### 2.     November 2020 10-Q

116.     In answer to paragraph 116 of the Complaint, Dr. Kawas admits that Athira filed its Form 10-Q for the quarterly period ended September 30, 2020, on November 12, 2020. Dr. Kawas respectfully refers the Court to Athira's Form 10-Q for a complete and accurate recitation of its contents.

117.     In paragraph 117, Plaintiffs purport to quote in part from Athira's Form 10-Q for the quarterly period ended September 30, 2020.  Dr. Kawas respectfully refers the Court to Athira's Form 10-Q for a complete and accurate recitation of its contents.

118.     Dr. Kawas denies the allegations in paragraph 118.

### 3.     The SPO Materials

119.     In answer to paragraph 119 of the Complaint, Dr. Kawas admits that Athira filed a draft Registration Statement on Form S-1 with the SEC on January 6, 2021; that the draft Registration Statement was subsequently amended; that the SEC declared the Registration Statement effective; that Athira filed a Prospectus with the SEC pursuant to Rule 424(b)(4); and that Athira offered 4 million shares of common stock in the secondary offering, priced at $22.50 per share for gross proceeds of $90 million, not including additional proceeds to be obtained from the underwriters' option to purchase an additional 600,000 shares of common stock at the public offering price of $22.50 per share, less underwriting discounts and commissions.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 119.

120.     In answer to paragraph 120 of the Complaint, Dr. Kawas admits that the SPO Materials repeated some statements that had been made in the IPO Materials, but denies that the SPO Materials repeated verbatim all statements in the IPO Materials.  Dr. Kawas respectfully refers the Court to the IPO Materials and the SPO Materials for a complete and accurate recitation

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 26

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

of their contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 120, including but not limited to the allegation that statements in the SPO Materials and IPO Materials were materially false and/or misleading by omission.

121.    Dr. Kawas denies the allegations in paragraph 121.

### 4.    The 2020 10-K

122.    In answer to paragraph 122 of the Complaint, Dr. Kawas admits that Athira filed its Form 10-K for the fiscal year ended December 31, 2020, on March 25, 2021.  Dr. Kawas respectfully refers the Court to Athira's Form 10-K for a complete and accurate recitation of its contents.

123.    In paragraph 123, Plaintiffs purport to quote in part from Athira's Form 10-K for the fiscal year ended December 31, 2020.  Dr. Kawas respectfully refers the Court to the Form 10-K for a complete and accurate recitation of its contents.  Dr. Kawas further states that the Court dismissed Plaintiffs' challenge to the statement quoted in paragraph 123 as to all Defendants, including Dr. Kawas, holding that it was not false or misleading

124.    In paragraph 124, Plaintiffs purport to characterize the statement from Athira's Form 10-K that is partly quoted in paragraph 123.  Dr. Kawas respectfully refers the Court to the Form 10-K for a complete and accurate recitation of its contents.  Dr. Kawas denies the remaining allegations in paragraph 124, and further states that the Court dismissed Plaintiffs' challenge to the statement quoted in paragraph 123 (and referenced in paragraph 124) as to all Defendants, including Dr. Kawas, holding that it was not false or misleading.

125.    In paragraph 125, Plaintiffs purport to quote in part from Athira's Form 10-K for the fiscal year ended December 31, 2020.  Dr. Kawas respectfully refers the Court to the Form 10-K for a complete and accurate recitation of its contents.  Dr. Kawas further states that the Court dismissed Plaintiffs' challenge to the statement quoted in paragraph 125 as to all Defendants, including Dr. Kawas, holding that it was not false or misleading

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 27

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

126.    Dr. Kawas denies the allegations in paragraph 126, and further states that the Court dismissed Plaintiffs' challenge to the statement quoted in paragraph 125 (and referenced in paragraph 126) as to all Defendants, including Dr. Kawas, holding that it was not false or misleading.

**5.    April 2021 Schedule 14-A**

127.    In answer to paragraph 127 of the Complaint, Dr. Kawas admits that Athira held a proxy vote in May 2021 in connection with which the Athira board of directors recommended that shareholders elect Dr. Kawas to the board.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 127.

128.    In answer to paragraph 128 of the Complaint, Dr. Kawas admits that Athira filed a Schedule 14-A with the SEC on April 16, 2021, in connection with the proxy vote referenced in paragraph 127; and that Plaintiffs purport to quote from this Schedule 14-A in paragraph 128. Dr. Kawas respectfully refers the Court to the Schedule 14-A for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 128, and further states that the Court dismissed Plaintiffs' challenge to the statement quoted in paragraph 128 as to all Defendants, including Dr. Kawas, holding that it was not false or misleading.

129.    In answer to paragraph 129 of the Complaint, Dr. Kawas admits that Athira filed a Schedule 14-A with the SEC on April 16, 2021, in connection with the proxy vote referenced in paragraph 127; and that Plaintiffs purport to quote from this Schedule 14-A in paragraph 129. Dr. Kawas respectfully refers the Court to the Schedule 14-A for a complete and accurate recitation of its contents.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 129, and further states that the Court dismissed Plaintiffs' challenge to the statement quoted in paragraph 129 as to all Defendants, including Dr. Kawas, holding that it was not false or misleading.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

130.    Dr. Kawas denies the allegations in paragraph 130, and further states that the Court dismissed Plaintiffs' challenge to the statements quoted in paragraphs 128 and 129 (and referenced in paragraph 130) as to all Defendants, including Dr. Kawas, holding that it was not false or misleading.

### 6.    May 2021 10-Q

131.    In answer to paragraph 130 of the Complaint, Dr. Kawas admits that Athira filed its Form 10-Q for the quarterly period ended March 31, 2021, on May 13, 2021.  Dr. Kawas respectfully refers the Court to the Form 10-Q for a complete and accurate recitation of its contents.

132.    In paragraph 132, Plaintiffs purport to quote in part from Athira's Form 10-Q for the quarterly period ended March 31, 2021.  Dr. Kawas respectfully refers the Court to the Form 10-Q for a complete and accurate recitation of its contents.  Dr. Kawas denies the remaining allegations in paragraph 132, and in particular that any portion of the quoted statement contains false or misleading statements or omissions regarding the potential benefits of the ATH platform. Dr. Kawas further states that the Court dismissed Plaintiffs' challenge to the statement quoted in paragraph 132 as to all Defendants, including Dr. Kawas, holding that it was not false or misleading

133.    Dr. Kawas denies the allegations in paragraph 133, and further states that the Court dismissed Plaintiffs' challenge to the statement quoted in paragraph 132 (and referenced in paragraph 133) as to all Defendants, including Dr. Kawas, holding that it was not false or misleading.

134.    In paragraph 134, Plaintiffs purport to quote in part from Athira's Form 10-Q for the quarterly period ended March 31, 2021.  Dr. Kawas respectfully refers the Court to Athira's Form 10-Q for a complete and accurate recitation of its contents.  Dr. Kawas further states that the Court dismissed Plaintiffs' challenge to the statement quoted in paragraph 134 as to all Defendants, including Dr. Kawas, holding that it was not false or misleading

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

135.    Dr. Kawas denies the allegations in paragraph 135, and further states that the Court dismissed Plaintiffs' challenge to the statement quoted in paragraph 134 (and referenced in paragraph 135) as to all Defendants, including Dr. Kawas, holding that it was not false or misleading.

## V.    LOSS CAUSATION

136.    Loss causation is not an element of the claims remaining in this action. Accordingly, the allegations in paragraph 136 are not relevant to this action and there is no requirement to answer them.  To the extent there may nevertheless be an obligation to answer the allegations in paragraph 136, Dr. Kawas denies each such allegation.

137.    Loss causation is not an element of the claims remaining in this action. Accordingly, the allegations in paragraph 137 are not relevant to this action and there is no requirement to answer them.  To the extent there may nevertheless be an obligation to answer the allegations in paragraph 137, Dr. Kawas denies each such allegation.

138.    Loss causation is not an element of the claims remaining in this action. Accordingly, the allegations in paragraph 138 are not relevant to this action and there is no requirement to answer them.  To the extent there may nevertheless be an obligation to answer the allegations in paragraph 138, Dr. Kawas denies each such allegation.

139.    Loss causation is not an element of the claims remaining in this action. Accordingly, the allegations in paragraph 139 are not relevant to this action and there is no requirement to answer them.  To the extent there may nevertheless be an obligation to answer the allegations in paragraph 139, Dr. Kawas denies each such allegation.

140.    Loss causation is not an element of the claims remaining in this action. Accordingly, the allegations in paragraph 140 are not relevant to this action and there is no requirement to answer them.  To the extent there may nevertheless be an obligation to answer the allegations in paragraph 140, Dr. Kawas denies each such allegation.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

## VI.   APPLICATION OF PRESUMPTION OF RELIANCE

2

141.   Reliance is not an element of the claims remaining in this action.  Accordingly, the

3

allegations in paragraph 141 are not relevant to this action and there is no requirement to answer

4

them.  Dr. Kawas further states that the allegations in paragraph 141 regarding a presumption of

5

reliance are allegations of law to which no response is required.   To the extent there may

6

nevertheless be an obligation to answer the allegations in paragraph 141, Dr. Kawas denies each

7

such allegation.

8

142.   Reliance is not an element of the claims remaining in this action.  Accordingly, the

9

allegations in paragraph 142 are not relevant to this action and there is no requirement to answer

10

them.  Dr. Kawas further states that the allegations in paragraph 142 regarding a presumption of

11

reliance and the fraud-on-the-market theory are allegations of law to which no response is required.

12

To the extent there may nevertheless be an obligation to answer the allegations in paragraph 142,

13

Dr. Kawas denies each such allegation.

14

## VII.   NO SAFE HARBOR

15

143.   The allegations in paragraph 143 regarding the PSLRA's statutory safe harbor are

16

allegations of law to which no response is required.   To the extent there may nevertheless be an

17

obligation to answer the allegations in paragraph 143, Dr. Kawas denies each such allegation.

18

144.   The allegations in paragraph 144 concern the PSLRA's statutory safe harbor and

19

constitute allegations of law to which no response is required.   To the extent there may nevertheless

20

be an obligation to answer the allegations in paragraph 144, Dr. Kawas denies each such allegation.

21

145.   The allegations in paragraph 145 concern the PSLRA's statutory safe harbor and

22

constitute allegations of law to which no response is required.   To the extent there may nevertheless

23

be an obligation to answer the allegations in paragraph 145, Dr. Kawas denies each such allegation.

24

146.   The allegations in paragraph 146 concern the PSLRA's statutory safe harbor and

25

constitute allegations of law to which no response is required.   To the extent there may nevertheless

26

be an obligation to answer the allegations in paragraph 146, Dr. Kawas denies each such allegation.

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 31

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**COUNT I**

**Against All Defendants for Violations of Section 10(b) of the
Exchange Act and Rule 10b-5 Promulgated Thereunder**

147.    In answer to paragraph 147, Dr. Kawas incorporates by reference, as if fully set forth herein, her answers to paragraphs 1 through 146 above.

148.    The allegations of paragraph 148 are definitional only, to which no response is required.  To the extent a response may be required, Dr. Kawas denies each and every allegation in paragraph 148.  Furthermore, the Court has dismissed Count I of the Complaint as to all Defendants, including Dr. Kawas.  For this additional reason, Dr. Kawas has no obligation to respond to the allegations in paragraph 148.

149.    The Court has dismissed Count I of the Complaint as to all Defendants, including Dr. Kawas.  Therefore, Dr. Kawas has no obligation to respond to the allegations in paragraph 149.  To the extent there may nevertheless be an obligation to answer the allegations in paragraph 149, Dr. Kawas denies each such allegation.

150.    The Court has dismissed Count I of the Complaint as to all Defendants, including Dr. Kawas.  Therefore, Dr. Kawas has no obligation to respond to the allegations in paragraph 150.  To the extent there may nevertheless be an obligation to answer the allegations in paragraph 150, Dr. Kawas denies each such allegation.

151.    The Court has dismissed Count I of the Complaint as to all Defendants, including Dr. Kawas.  Therefore, Dr. Kawas has no obligation to respond to the allegations in paragraph 151.  To the extent there may nevertheless be an obligation to answer the allegations in paragraph 151, Dr. Kawas denies each such allegation.

152.    The Court has dismissed Count I of the Complaint as to all Defendants, including Dr. Kawas.  Therefore, Dr. Kawas has no obligation to respond to the allegations in paragraph 152.  To the extent there may nevertheless be an obligation to answer the allegations in paragraph 152, Dr. Kawas denies each such allegation.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

153.     The Court has dismissed Count I of the Complaint as to all Defendants, including Dr. Kawas.  Therefore, Dr. Kawas has no obligation to respond to the allegations in paragraph 153. In addition, the allegations regarding duty are allegations of law to which no response is required. To the extent there may nevertheless be an obligation to answer the allegations in paragraph 153, Dr. Kawas denies each such allegation.

154.     The Court has dismissed Count I of the Complaint as to all Defendants, including Dr. Kawas.  Therefore, Dr. Kawas has no obligation to respond to the allegations in paragraph 154. In addition, the allegations regarding whether Athira securities were traded on an active and efficient market are allegations of law to which no response is required. To the extent there may nevertheless be an obligation to answer the allegations in paragraph 154, Dr. Kawas denies each such allegation.

155.     The Court has dismissed Count I of the Complaint as to all Defendants, including Dr. Kawas.  Therefore, Dr. Kawas has no obligation to respond to the allegations in paragraph 155. To the extent there may nevertheless be an obligation to answer the allegations in paragraph 155, Dr. Kawas denies each such allegation.

156.     The Court has dismissed Count I of the Complaint as to all Defendants, including Dr. Kawas.  Therefore, Dr. Kawas has no obligation to respond to the allegations in paragraph 156. To the extent there may nevertheless be an obligation to answer the allegations in paragraph 156, Dr. Kawas denies each such allegation.

## COUNT II
### Against the Individual Defendants for Violations of
### Section 20(a) of the Exchange Act

157.     In answer to paragraph 157, Dr. Kawas incorporates by reference, as if fully set forth herein, her answers to paragraphs 1 through 156 above.

158.     The Court has dismissed Count II of the Complaint as to all Defendants, including Dr. Kawas.  Therefore, Dr. Kawas has no obligation to respond to the allegations in paragraph 158.

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 33

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

To the extent there may nevertheless be an obligation to answer the allegations in paragraph 158, Dr. Kawas denies each such allegation.

159.    The Court has dismissed Count II of the Complaint as to all Defendants, including Dr. Kawas.  Therefore, Dr. Kawas has no obligation to respond to the allegations in paragraph 159. In addition, the allegations regarding duty are allegations of law to which no response is required. To the extent there may nevertheless be an obligation to answer the allegations in paragraph 159, Dr. Kawas denies each such allegation.

160.    The Court has dismissed Count II of the Complaint as to all Defendants, including Dr. Kawas.  Therefore, Dr. Kawas has no obligation to respond to the allegations in paragraph 160. In addition, the allegations regarding "controlling persons" are allegations of law to which no response is required. To the extent there may nevertheless be an obligation to answer the allegations in paragraph 160, Dr. Kawas denies each such allegation.

161.    The Court has dismissed Count II of the Complaint as to all Defendants, including Dr. Kawas.  Therefore, Dr. Kawas has no obligation to respond to the allegations in paragraph 161. In addition, the allegations regarding "controlling persons" are allegations of law to which no response is required. To the extent there may nevertheless be an obligation to answer the allegations in paragraph 161, Dr. Kawas denies each such allegation.

162.    The Court has dismissed Count II of the Complaint as to all Defendants, including Dr. Kawas.  Therefore, Dr. Kawas has no obligation to respond to the allegations in paragraph 162. To the extent there may nevertheless be an obligation to answer the allegations in paragraph 162, Dr. Kawas denies each such allegation.

## VIII.   SECURITIES ACT CLAIMS

163.    The allegations in the first sentence of paragraph 163 concern the definition of the purported class, to which no answer is required.  The allegations in the second sentence of paragraph 163 constitute Plaintiffs' characterization of their Securities Act claims, to which no response is required.  In addition, the allegation as to whether Plaintiffs' claims sound in fraud are

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 34

144202.0002\158958368.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

allegations of law to which no response is required.  Dr. Kawas denies that she is liable with respect to any of the Securities Act claims and, to the extent any additional answer to the allegations in paragraph 163 is required, Dr. Kawas denies each such allegation.

164.    The allegations in the first sentence of paragraph 164 constitute Plaintiffs' characterization of their Securities Act claims, to which no response is required.  In addition, the Court has dismissed Plaintiffs' Section 12(a)(2) claim against all Defendants, including Dr. Kawas; therefore, Dr. Kawas has no obligation to respond to Plaintiffs' allegations regarding the Section 12(a)(2) claim.  To the extent the allegations in paragraph 164 are asserted against Dr. Kawas and Athira under Section 11 or Section 15 of the Securities Act, Dr. Kawas denies each such allegation.

165.    The allegations in paragraph 165 constitute Plaintiffs' characterization of their Securities Act claims, to which no response is required.  In addition, the Court has dismissed Plaintiffs' Section 12(a)(2) claim against all Defendants, including Dr. Kawas; therefore, Dr. Kawas has no obligation to respond to Plaintiffs' allegations regarding the Section 12(a)(2) claim.  To the extent the allegations in paragraph 165 are asserted against Dr. Kawas and Athira under Section 11 or Section 15 of the Securities Act, Dr. Kawas denies each such allegation.

166.    The allegations in paragraph 166 constitute Plaintiffs' characterization of their Securities Act claims, to which no response is required.  In addition, the Court has dismissed Plaintiffs' Section 12(a)(2) claim against all Defendants, including Dr. Kawas; therefore, Dr. Kawas has no obligation to respond to Plaintiffs' allegations regarding the Section 12(a)(2) claim.  To the extent the allegations in paragraph 166 are asserted against Dr. Kawas and Athira under Section 11 or Section 15 of the Securities Act, Dr. Kawas denies each such allegation.

167.    The allegations in paragraph 167 constitute Plaintiffs' characterization of their Securities Act claims, to which no response is required.  In addition, the allegation as to whether Plaintiffs' claims sound in fraud are allegations of law to which no response is required.  Dr. Kawas denies that she is liable with respect to any of the Securities Act claims and, to the extent any

DEFENDANT KAWAS'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT (No. C21-861 TSZ) – 35

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    additional answer to the allegations in paragraph 167 is required, Dr. Kawas denies each such
2    allegation.

3        168.    The Court has dismissed Plaintiffs' Section 12(a)(2) claim against all Defendants,
4    including Dr. Kawas; therefore, Dr. Kawas has no obligation to respond to Plaintiffs' allegations
5    in paragraph 168, which concern the Section 12(a)(2) claim.  Furthermore, Dr. Kawas has no
6    obligation to respond to the allegations in paragraph 168 for the additional reason that paragraph
7    168 purports to allege claims against only the Underwriter Defendants.  To the extent the
8    allegations in paragraph 168 are asserted against Dr. Kawas and Athira under Section 11 or Section
9    15 of the Securities Act, Dr. Kawas denies each such allegation.

10       169.    The Court has dismissed Plaintiffs' Section 12(a)(2) claim against all Defendants,
11   including Dr. Kawas; therefore, Dr. Kawas has no obligation to respond to Plaintiffs' allegations
12   in paragraph 169, which concern the Section 12(a)(2) claim.  Furthermore, Dr. Kawas has no
13   obligation to respond to the allegations in paragraph 169 for the additional reason that paragraph
14   169 purports to allege claims against only the Underwriter Defendants.  To the extent the
15   allegations in paragraph 169 are asserted against Dr. Kawas and Athira under Section 11 or Section
16   15 of the Securities Act, Dr. Kawas denies each such allegation.

17       170.    The Court has dismissed Plaintiffs' Section 12(a)(2) claim against all Defendants,
18   including Dr. Kawas; therefore, Dr. Kawas has no obligation to respond to Plaintiffs' allegations
19   in paragraph 170, which concern the Section 12(a)(2) claim.  Furthermore, Dr. Kawas has no
20   obligation to respond to the allegations in paragraph 170 for the additional reason that paragraph
21   170 purports to allege claims against only the Underwriter Defendants.  To the extent the
22   allegations in paragraph 170 are asserted against Dr. Kawas and Athira under Section 11 or Section
23   15 of the Securities Act, Dr. Kawas denies each such allegation.

24       171.    The Court has dismissed Plaintiffs' Section 12(a)(2) claim against all Defendants,
25   including Dr. Kawas; therefore, Dr. Kawas has no obligation to respond to Plaintiffs' allegations
26   in paragraph 171, which concern the Section 12(a)(2) claim.  Furthermore, Dr. Kawas has no

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 36

144202.0002\158958368.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   obligation to respond to the allegations in paragraph 171 for the additional reason that paragraph

2   171 purports to allege claims against only the Underwriter Defendants. To the extent the

3   allegations in paragraph 171 are asserted against Dr. Kawas and Athira under Section 11 or Section

4   15 of the Securities Act, Dr. Kawas denies each such allegation.

5         172.   The Court has dismissed Plaintiffs' Section 12(a)(2) claim against all Defendants,

6   including Dr. Kawas; therefore, Dr. Kawas has no obligation to respond to Plaintiffs' allegations

7   in paragraph 172, which concern the Section 12(a)(2) claim. Furthermore, Dr. Kawas has no

8   obligation to respond to the allegations in paragraph 172 for the additional reason that paragraph

9   172 purports to allege claims against only the Underwriter Defendants. To the extent the

10  allegations in paragraph 172 are asserted against Dr. Kawas and Athira under Section 11 or Section

11  15 of the Securities Act, Dr. Kawas admits that the information in her dissertation and the articles

12  that she co-authored was publicly available and denies every other allegation in paragraph 172.

13        173.   The Court has dismissed Plaintiffs' Section 12(a)(2) claim against all Defendants,

14  including Dr. Kawas; therefore, Dr. Kawas has no obligation to respond to Plaintiffs' allegations

15  in paragraph 173, which concern the Section 12(a)(2) claim. Furthermore, Dr. Kawas has no

16  obligation to respond to the allegations in paragraph 173 for the additional reason that paragraph

17  173 purports to allege claims against only the Underwriter Defendants. To the extent the

18  allegations in paragraph 173 are asserted against Dr. Kawas and Athira under Section 11 or Section

19  15 of the Securities Act, Dr. Kawas denies each such allegation.

20   **A.   False and Misleading Statements in the IPO Materials**

21        174.   In answer to paragraph 174 of the Complaint, Dr. Kawas admits that Athira filed a

22  Registration Statement on Form S-1 that was amended multiple times before being declared

23  effective by the SEC on September 17, 2020; that after the Registration Statement was declared

24  effective, Athira filed with the SEC a prospectus for an initial public offering ("IPO") pursuant to

25  Rule 424(b)(4); and that Athira offered and sold 12 million shares of common stock at a price of

26  $17 per share in the IPO, for gross proceeds of $204 million. Dr. Kawas states that the allegations

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 37

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

regarding the definition of "IPO Materials" are definitional, to which no response is required. Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 174.

### 1.   Statements About Kawas's Qualifications

175.   In paragraph 175, Plaintiffs purport to quote in part from the IPO Materials. Dr. Kawas respectfully refers the Court to the IPO Materials for a complete and accurate recitation of their contents.  Dr. Kawas denies the remaining allegations in paragraph 175, and further states that the Court dismissed Plaintiffs' challenge to the statement quoted in paragraph 175 as to all Defendants, including Dr. Kawas, holding that it was not false or misleading.

176.   In paragraph 176, Plaintiffs purport to quote in part from the IPO Materials. Dr. Kawas respectfully refers the Court to the IPO Materials for a complete and accurate recitation of their contents.  Dr. Kawas denies the remaining allegations in paragraph 176, and further states that the Court dismissed Plaintiffs' challenge to the statement quoted in paragraph 176 as to all Defendants, including Dr. Kawas, holding that it was not false or misleading.

177.   Dr. Kawas denies the allegations in paragraph 177.

### 2.   Statement Regarding Licensing Agreement and Intellectual Property

178.   In paragraph 178, Plaintiffs purport to quote in part from the IPO Materials. Dr. Kawas respectfully refers the Court to the IPO Materials for a complete and accurate recitation of their contents.  Dr. Kawas denies the remaining allegations in paragraph 178.

179.   Dr. Kawas denies the allegations in paragraph 179.

### B.   False and Misleading Statements in the SPO Materials

180.   In answer to paragraph 180 of the Complaint, Dr. Kawas admits that Athira filed a draft Registration Statement on Form S-1 with the SEC on January 6, 2021; that the draft Registration Statement was subsequently amended; that the SEC declared the Registration Statement effective; that Athira filed a prospectus with the SEC pursuant to Rule 424(b)(4); and that Athira offered 4 million shares of common stock in the secondary offering, priced at $22.50

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 38

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

per share. Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 180.

181. In answer to paragraph 181 of the Complaint, Dr. Kawas admits that the SPO Materials repeated some statements that had been made in the IPO Materials, but denies that the SPO Materials repeated verbatim all statements in the IPO Materials. Dr. Kawas respectfully refers the Court to the IPO Materials and the SPO Materials for a complete and accurate recitation of their contents. Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 181.

182. Dr. Kawas denies the allegations in paragraph 182.

**C. The IPO and SPO Materials Violated SEC Regulation S-K**

183. The allegations in paragraph 183 are allegations of law to which no response is required. Dr. Kawas respectfully refers the Court to Regulation S-K (Item 303) for a complete and accurate recitation of its contents. Dr. Kawas denies all remaining allegations in paragraph 183, denies any liability under Regulation S-K (Item 303), and states that the Court has previously dismissed all claims against all Defendants, including Dr. Kawas, arising under Regulation S-K (Item 303) and Section 10(b) of the Exchange Act.

184. The allegations in paragraph 184 are allegations of law to which no response is required. Dr. Kawas respectfully refers the Court to 17 C.F.R. § 229.303(b) for a complete and accurate recitation of its contents. Dr. Kawas denies any liability under Regulation S-K (Item 303) or in relation to MD&A disclosures, and further states that the Court has previously dismissed all claims against all Defendants, including Dr. Kawas, arising under Regulation S-K (Item 303).

185. The allegations in paragraph 185 are allegations of law to which no response is required. Dr. Kawas respectfully refers the Court to SEC Release No. 33-6835 for a complete and accurate recitation of its contents. Dr. Kawas denies any liability under Regulation S-K (Item 303) or in relation to MD&A disclosures, and further states that the Court has previously dismissed all claims against all Defendants, including Dr. Kawas, arising under Regulation S-K (Item 303).

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 39

144202.0002\158958368.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

186.    The allegations in paragraph 186 are allegations of law to which no response is required.  Dr. Kawas respectfully refers the Court to SEC Release No. 33-6835 for a complete and accurate recitation of its contents.  Dr. Kawas denies any liability under Regulation S-K (Item 303) or in relation to MD&A disclosures, and further states that the Court has previously dismissed all claims against all Defendants, including Dr. Kawas, arising under Regulation S-K (Item 303).

187.    The allegations in paragraph 187 are allegations of law to which no response is required.  Dr. Kawas respectfully refers the Court to SEC Release No. 33-6835 for a complete and accurate recitation of its contents.  Dr. Kawas denies any liability under Regulation S-K (Item 303) or in relation to MD&A disclosures, and further states that the Court has previously dismissed all claims against all Defendants, including Dr. Kawas, arising under Regulation S-K (Item 303).

188.    The allegations in paragraph 188 are allegations of law to which no response is required.  Dr. Kawas respectfully refers the Court to the "2003 Rule" for a complete and accurate recitation of its contents.  Dr. Kawas denies any liability under Regulation S-K (Item 303) or the 2003 Rule, or in connection with MD&A disclosures, and further states that the Court has previously dismissed all claims against all Defendants, including Dr. Kawas, arising under Regulation S-K (Item 303).

189.    The allegations in paragraph 189 are allegations of law to which no response is required.  Dr. Kawas respectfully refers the Court to Regulation S-K (Item 303) and SEC Release No. 33-6835 for a complete and accurate recitation of their contents.  Dr. Kawas denies all remaining allegations in paragraph 189, denies any liability under Regulation S-K (Item 303) and SEC Release No. 33-6835, and states that the Court has previously dismissed all claims against all Defendants, including Dr. Kawas, arising under Regulation S-K (Item 303) and Section 10(b) of the Exchange Act.

190.    The allegations in paragraph 190 are allegations of law to which no response is required.  Dr. Kawas respectfully refers the Court to Regulation S-K (Item 503) for a complete and accurate recitation of its contents.  Dr. Kawas denies all remaining allegations in paragraph

DEFENDANT KAWAS'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT (No. C21-861 TSZ) – 40

144202.0002\158958368.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    190, denies any liability under Regulation S-K (Item 503), and states that the Court has previously

2    dismissed all claims against all Defendants, including Dr. Kawas, arising under Regulation S-K

3    (Item 503) and Section 10(b) of the Exchange Act.

4                                    **COUNT III**

5              **Against the Securities Act Defendants for Violations of**
                          **Section 11 of the Securities Act**

6          191.    The allegations in paragraph 191 constitute Plaintiffs' characterization of their

7    Section 11 claim, to which no response is required.  In addition, the allegations as to whether

8    Plaintiffs' claim sounds in fraud are allegations of law to which no response is required.  Dr. Kawas

9    denies that she is liable with respect to Plaintiffs' Section 11 claim and, to the extent any additional

10   answer to the allegations in paragraph 191 is required, Dr. Kawas denies each such allegation.

11         192.    In answer to paragraph 192, Dr. Kawas incorporates by reference, as if fully set

12   forth herein, her answers to paragraphs 1 through 191 above.

13         193.    The allegations in paragraph 193 constitute Plaintiffs' characterization of their

14   Section 11 claim, to which no response is required.  Dr. Kawas denies that she is liable with respect

15   to Plaintiffs' Section 11 claim and, to the extent any additional answer to the allegations in

16   paragraph 193 is required, Dr. Kawas denies each such allegation.

17         194.    Dr. Kawas denies the allegations in paragraph 194.

18         195.    In answer to paragraph 195 of the Complaint, Dr. Kawas admits that Athira was the

19   registrant and issuer of the common stock sold in the IPO and the SPO.  Dr. Kawas further states

20   that the allegations in the second sentence of paragraph 195 are allegations of law to which no

21   response is required, but that if a response is required, Dr. Kawas denies the allegations therein.

22   Dr. Kawas denies all remaining allegations in paragraph 195, including but not limited to the

23   allegations that the Offering Materials contained material misrepresentations and omissions of

24   material fact necessary to make the statements therein not false and misleading.

25         196.    Dr. Kawas denies the allegations against her in paragraph 196.

26

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 41

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

197.    The allegations in the first two sentences of paragraph 197 are allegations of law to which no response is required, but if a response is required, Dr. Kawas denies the allegations therein.  Dr. Kawas denies all remaining allegations against her in paragraph 197, including but not limited to the allegations that the Offering Materials contained material misrepresentations and omissions of material fact necessary to make the statements therein not false and misleading.

198.    Paragraph 198 purports to allege claims against only the Underwriter Defendants, all of which the Court has dismissed.  Therefore, Dr. Kawas has no obligation to respond to the allegations in paragraph 198.  In addition, the allegations in paragraph 198 regarding duty are allegations of law to which no response is required.  To the extent the allegations in paragraph 198 may be interpreted as being asserted against Dr. Kawas under Section 11 or Section 15 of the Securities Act, Dr. Kawas denies each such allegation.

199.    Dr. Kawas denies the allegations in paragraph 199.

200.    Dr. Kawas denies the allegations in paragraph 200.

201.    Dr. Kawas denies the allegations in paragraph 201.

202.    Dr. Kawas admits the allegations in the third sentence of paragraph 202.  With respect to the first two sentences of paragraph 202, Dr. Kawas denies the allegations that Plaintiffs and other members of the purported Class could not have reasonably discovered the facts concerning the conduct alleged in the Complaint and that less than one year elapsed from the time that Plaintiffs reasonably could have discovered the facts upon which the Complaint is based to the time that Plaintiffs filed this Action.  Dr. Kawas lacks knowledge or information sufficient to admit or deny the remaining allegations in the first two sentences of paragraph 202, and on that basis denies each such allegation.

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 42

144202.0002\158958368.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**COUNT IV**
**Against the Securities Act Defendants**
**for Violations of Section 12(a)(2) of the Securities Act**

203.    The allegations in paragraph 203 constitute Plaintiffs' characterization of their Section 12(a)(2) claim, which the Court has dismissed as to all Defendants, including Dr. Kawas, and to which no response is required.  In addition, the allegations as to whether Plaintiffs' claim sounds in fraud are allegations of law to which no response is required.  To the extent an answer to the allegations in paragraph 203 may nevertheless be required, Dr. Kawas denies each such allegation.

204.    In answer to paragraph 204, Dr. Kawas incorporates by reference, as if fully set forth herein, her answers to paragraphs 1 through 203 above.

205.    The allegations in paragraph 205 constitute Plaintiffs' characterization of their Section 12(a)(2) claim, which the Court has dismissed as to all Defendants, including Dr. Kawas, and to which no response is required.  To the extent an answer to the allegations in paragraph 205 may nevertheless be required, Dr. Kawas denies each such allegation.

206.    The Court has dismissed the Section 12(a)(2) claim as to all Defendants, including Dr. Kawas; therefore, Dr. Kawas has no obligation to respond to the allegations in paragraph 206. In addition, the allegations as to whether any of the Securities Act Defendants were sellers, offerors or solicitors of purchases of Athira's common stock are allegations of law to which no answer is required.  To the extent an answer to the allegations in paragraph 206 may nevertheless be required, Dr. Kawas denies each such allegation.

207.    The Court has dismissed the Section 12(a)(2) claim as to all Defendants, including Dr. Kawas; therefore, Dr. Kawas has no obligation to respond to the allegations in paragraph 207. To the extent an answer to the allegations in paragraph 207 may nevertheless be required, Dr. Kawas denies each such allegation.

208.    The Court has dismissed the Section 12(a)(2) claim as to all Defendants, including Dr. Kawas; therefore, Dr. Kawas has no obligation to respond to the allegations in paragraph 208.

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 43

144202.0002\158958368.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

In addition, the allegations in paragraph 208 regarding duty are allegations of law to which no response is required. To the extent an answer to the allegations in paragraph 208 may nevertheless be required, Dr. Kawas denies each such allegation.

209.    The Court has dismissed the Section 12(a)(2) claim as to all Defendants, including Dr. Kawas; therefore, Dr. Kawas has no obligation to respond to the allegations in paragraph 209. To the extent an answer to the allegations in paragraph 209 may nevertheless be required, Dr. Kawas denies each such allegation.

210.    The Court has dismissed the Section 12(a)(2) claim as to all Defendants, including Dr. Kawas; therefore, Dr. Kawas has no obligation to respond to the allegations in paragraph 210. In addition, the allegations in paragraph 210 regarding potential remedies available under Section 12(a)(2) are allegations of law to which no answer is required. To the extent an answer to the allegations in paragraph 210 may nevertheless be required, Dr. Kawas denies each such allegation.

211.    Dr. Kawas admits the allegations in the second sentence of paragraph 211. With respect to the allegations in the first sentence of paragraph 211, Dr. Kawas denies that Plaintiffs and other members of the purported Class could not have reasonably discovered the facts upon which this Complaint is based more than one year before Plaintiffs filed this Action. Dr. Kawas lacks knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of paragraph 211, and on that basis denies each such allegation. Dr. Kawas further states that the Court has previously dismissed Plaintiffs' Section 12(a)(2) claim against all Defendants, including Dr. Kawas, and that no response to paragraph 211 is required for this additional reason.

## COUNT V

### Against the Securities Act Individual Defendants and
### Director Defendants for Violations of Section 15 of the Securities Act

212.    The allegations in paragraph 212 constitute Plaintiffs' characterization of their Section 15 claim, to which no response is required. In addition, the allegations as to whether Plaintiffs' claim sounds in fraud are allegations of law to which no response is required. To the

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 44

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

extent an answer to the allegations in paragraph 212 may nevertheless be required, Dr. Kawas denies each such allegation.  In further answer to paragraph 212, Dr. Kawas incorporates by reference, as if fully set forth herein, her answers to paragraphs 1 through 211 above.

213.    The allegations in paragraph 213 constitute Plaintiffs' characterization of their Section 15 claim, to which no response is required.  To the extent an answer to the allegations in paragraph 213 may nevertheless be required, Dr. Kawas denies each such allegation.

214.    Dr. Kawas denies the allegations in paragraph 214.

## IX.    CLASS ACTION ALLEGATIONS

215.    In answer to paragraph 215 of the Complaint, Dr. Kawas admits that Plaintiffs purport to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23; denies that this action is appropriate for class action treatment and that any member of the putative class has been damaged by Dr. Kawas; and states that the remaining allegations in paragraph 215 are definitional only, to which no answer is required.

216.    In answer to paragraph 216 of the Complaint, Dr. Kawas admits that Plaintiffs purport to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23; denies that this action is appropriate for class action treatment; denies that Dr. Kawas has caused damage to any member of the putative class; and states that the remaining allegations in paragraph 216 are definitional only, to which no answer is required.

217.    In answer to paragraph 217 of the Complaint, Dr. Kawas admits that at certain times during the Class Period (as defined by Plaintiffs) more than 30 million shares of Athira's common stock was outstanding; and that Athira's shares traded on the NASDAQ Global Select Market. Dr. Kawas further states that Plaintiffs' allegations of numerosity and impracticability of joinder in the first sentence of paragraph 217 are allegations of law, to which no answer is required.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 217.

218.    In answer to paragraph 218 of the Complaint, Dr. Kawas admits that record owners of Athira's common stock can be identified from records maintained by Athira or its transfer agent;

DEFENDANT KAWAS'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT (No. C21-861 TSZ) – 45

144202.0002\158958368.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

that the number of class members can be determined through discovery; and that class members are likely to number in the thousands and be residents of more than one state.  Dr. Kawas further states that the allegations regarding notice to potential class members are allegations of law to which no response is required.  Except as specifically admitted herein, Dr. Kawas denies the allegations in paragraph 218.

219.    Dr. Kawas states that the allegation of typicality in the first sentence of paragraph 219 is an allegation of law, to which no response is required, but to the extent this allegation may be considered an allegation of fact, Dr. Kawas lacks knowledge or information sufficient to admit or deny this allegation, and on that basis denies such allegation.  Dr. Kawas further states that the Court has dismissed Plaintiffs' Exchange Act claims as to all Defendants, including Dr. Kawas, and on this basis Dr. Kawas has no obligation to answer the allegation in the second sentence of paragraph 219.  Dr. Kawas denies the remaining allegations in paragraph 219.

220.    Dr. Kawas lacks knowledge or information sufficient to admit or deny the allegations in paragraph 220, and on that basis denies each such allegation.

221.    In answer to paragraph 221 of the Complaint, Dr. Kawas states that whether questions of law or fact are common to all members of the purported class and whether common questions predominate over questions solely affecting individual members of the purported class are allegations of law to which no response is required, but that if a response is required, Dr. Kawas lacks knowledge or information sufficient to admit or deny these allegations.  Dr. Kawas denies the remaining allegations in paragraph 221.

222.    In answer to paragraph 222 of the Complaint, the allegations of superiority and impracticability of joinder are allegations of law, to which no response is required.  To the extent an answer nevertheless may be required, Dr. Kawas denies all allegations in paragraph 222, including the allegation that members of the purported class have suffered damages.

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 46

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## **AFFIRMATIVE DEFENSES**

Dr. Kawas further responds to the Complaint by alleging the following affirmative defenses.  In setting forth the following affirmative and other defenses to Plaintiffs' claims, Dr. Kawas does not assume any burden of proof not otherwise imposed upon her by law.

1.      Plaintiffs fail to state a claim upon which relief can be granted for the reasons set forth in Defendants' Motion to Dismiss Consolidated Amended Complaint filed on March 8, 2022 (ECF No. 76), Defendants' Reply in Support of Motion to Dismiss Consolidated Amended Complaint filed on June 6, 2022 (ECF No. 87), Defendant Dr. Leen Kawas's Motion for Partial Reconsideration of Order of July 29, 2022, filed on August 12, 2022 (ECF No. 90), and Defendant Dr. Leen Kawas's Reply in Support of Motion for Partial Reconsideration of Order of July 29, 2022, filed on September 16, 2022 (ECF No. 94).

2.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or members of the putative class lack standing because, among other deficiencies, Plaintiffs cannot trace their shares to the IPO or SPO registration statements.

3.      Plaintiffs' claims are barred, in whole or in part, because Dr. Kawas did not make any misrepresentation or omission of material fact and is not responsible in law or in fact for any alleged misrepresentation or omission of material fact made by others.

4.      Plaintiffs' claims are barred, in whole or in part, because Dr. Kawas cannot be liable for statements of opinion and/or puffery.

5.      Plaintiffs' claims are barred, in whole or in part, because the alleged misrepresentations or omissions were not material and neither caused, nor were a material causal factor in, Plaintiffs' investment decisions or any alleged losses.  Plaintiffs' damages, if any, resulted from the acts or omissions of Plaintiffs or others and not from any acts or omissions by Dr. Kawas or other Defendants.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

6.     Plaintiffs' claims are barred, in whole or in part, by negative causation because the claimed damages did not result from the alleged false or misleading information in the Offering Materials.

7.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any cognizable injury attributable, in whole or in part, to any acts, misrepresentations, or omissions by Defendants.

8.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to use reasonable care to prevent, mitigate, or minimize any alleged damages.

9.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

10.     Plaintiffs' claims are barred, in whole or in part, because Dr. Kawas was entitled to, and did reasonably, justifiably and in good faith rely upon the work and conclusions of others, including experts, in executing or authorizing the execution and/or publication of any document or public filing containing the statements complained of in the Complaint.

11.     Dr. Kawas acted at all times and in all respects in good faith and with due care and did not directly or indirectly induce the acts constituting the violation or cause of action alleged by Plaintiffs.

12.     Dr. Kawas is not liable as a control person for any claims under the Securities Act.

13.     This action is barred, in whole or in part, because any facts allegedly omitted or withheld were already known to the market.

14.     This action is barred, in whole or in part, because Dr. Kawas had no duty to disclose any facts allegedly not disclosed.

15.     This action is barred because it is "without merit" as that term is used in the last sentence of Section 11(e) of the Securities Act.

16.     This action is barred, in whole or in part, because any recovery by Plaintiffs or members of the putative class would constitute unjust enrichment.

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 48

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

17.     Plaintiffs and members of the putative class are not entitled to any recovery from the Defendants because Plaintiffs and the putative class purchased Athira's securities with actual or constructive knowledge of the risks involved in an investment in those securities, and thus assumed the risk that the value of the securities would decline if such risks materialized.

18.     This action may not be maintained as a class action because the putative class is not certifiable under Rule 23 of the Federal Rules of Civil Procedure for one or more of the following reasons:

• The numerosity requirement of Rule 23 is not met.

• The commonality requirement of Rule 23 is not met.

• The typicality requirement of Rule 23 is not met.

• The adequacy of representation requirement of Rule 23 is not met.

• Individual issues predominate over common issues.

19.     To the extent Plaintiffs purchased Athira's stock offered in the IPO or SPO before the allegedly defective Offering Materials were issued, their claims are barred by a lack of reliance.

20.     Dr. Kawas is entitled to contribution from any person who, if sued separately, would have been liable to make the same payment.

21.     Any recovery from Dr. Kawas of damages allegedly incurred by Plaintiffs is barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

22.     Any recovery from Dr. Kawas of damages allegedly incurred by Plaintiffs is barred, in whole or in part, to the extent they exceed the amount for which Dr. Kawas is proportionately liable.

23.     Any recovery of damages allegedly incurred by Plaintiffs is barred, in whole or in part, by the limitations on damages in Sections 11(e) and 11(g) of the Securities Act.

24.     Dr. Kawas denies that Plaintiffs are entitled to recovery of attorneys' fees.

25.     Dr. Kawas reserves the right to assert other defenses, crossclaims, or third-party claims if and when they become appropriate.

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 49
144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

## PRAYER FOR RELIEF

2       **WHEREFORE**, Dr. Kawas respectfully prays for relief as follows:

3       A.      Declining to certify this action as a class action;

4       B.      Dismissing Plaintiffs' claims with prejudice;

5       C.      Awarding Dr. Kawas her costs, including reasonable attorneys' fees; and

6       D.      Awarding to Dr. Kawas such other relief as this Court may deem just and proper.

7   Dated:  November 4, 2022                **PERKINS COIE LLP**

8

9                                  By: <u>s/ *Sean C. Knowles*</u>
                                        Sean C. Knowles, Bar No. 39893
10                                       Joseph E. Bringman, Bar No. 15236
                                        Zachary E. Davison, Bar No. 47873
11                                       1201 Third Avenue, Suite 4900
                                        Seattle, Washington 98101-3099
12                                       Telephone: +1.206.359.8000
                                        Facsimile: +1.206.359.9000
13                                       SKnowles@perkinscoie.com
                                        JBringman@perkinscoie.com
14                                       ZDavison@perkinscoie.com

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT KAWAS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
(No. C21-861 TSZ) – 50

144202.0002\158958368.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000