THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTONIO BACHAALANI NACIF and WIES RAFI, individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>         v.<br><br>ATHIRA PHARMA, INC.; and LEEN KAWAS, Ph.D.,<br><br>                     Defendants. | C21-861 TSZ<br><br>**STIPULATED PROTECTIVE ORDER** |

STIPULATED PROTECTIVE ORDER
CASE NO. 2:21-CV-00861-TSZ

ROSSI VUCINOVICH, P.C.
1000 SECOND AVENUE, SUITE 1420
SEATTLE, WA 98104
PHONE: 425-646-8003
FAX: 425-646-8004

1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential material under seal.

2. **"CONFIDENTIAL" MATERIAL**

"Confidential" material shall include the following documents and tangible things: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets, including without limitation non-public information concerning the research and development of Athira Pharma, Inc.'s ("Athira's") drug candidates, including but not limited to Dihexa (fosgo AM) and ATH-1017 (fosgonimeton); (c) research, technical, commercial or financial information that the party has maintained as confidential, including but not limited to non-public information concerning any of Athira's licensing or commercial agreements, or patents granted to or licensed to Athira, non-public information concerning Athira's plan to commercialize any of its drug candidates, including but not limited to Dihexa (fosgo AM) and ATH-1017 (fosgonimeton), and including but not limited to predicted sales volumes, revenue or income figures, marketing campaigns, or other considerations relevant to commercialization; and personal financial information such as trading records; (d) non-public information related to Athira's audits and internal investigations; (e) medical information concerning any individual; (f) personal identity information, including but not limited to dates of birth, social security numbers, tax identification numbers, names of minor children, passports or drivers license numbers, and financial account numbers; (g) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (h) personnel or employment records or portions thereof that reveal private information. Information or documents that are available to the public may not be designated as Confidential.

STIPULATED PROTECTIVE ORDER
CASE NO. 2:21-CV-00861-TSZ

ROSSI VUCINOVICH, P.C.
1000 SECOND AVENUE, SUITE 1420
SEATTLE, WA 98104
PHONE: 425-646-8003
FAX: 425-646-8004

1

3. **SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. **ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

4.1    <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    <u>Disclosure of Confidential Material</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court, court personnel, and court reporters and their staff;

(e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service

STIPULATED PROTECTIVE ORDER
CASE NO. 2:21-CV-00861-TSZ

ROSSI VUCINOVICH, P.C.
1000 SECOND AVENUE, SUITE 1420
SEATTLE, WA 98104
PHONE: 425-646-8003
FAX: 425-646-8004

2

not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The

STIPULATED PROTECTIVE ORDER
CASE NO. 2:21-CV-00861-TSZ

ROSSI VUCINOVICH, P.C.
1000 SECOND AVENUE, SUITE 1420
SEATTLE, WA 98104
PHONE: 425-646-8003
FAX: 425-646-8004

3

designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (*see, e.g.*, second sentence of section 5.2(b) below), or as otherwise stipulated or ordered, confidential material must be clearly so designated before or when the material is disclosed or produced.

(a)   <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party should clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)   <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential material at trial, the issue should be addressed during the pre-trial conference.

(c)   <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

STIPULATED PROTECTIVE ORDER
CASE NO. 2:21-CV-00861-TSZ

ROSSI VUCINOVICH, P.C.
1000 SECOND AVENUE, SUITE 1420
SEATTLE, WA 98104
PHONE: 425-646-8003
FAX: 425-646-8004

4

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge a designation of material as confidential at any time. The challenging party must identify the challenged material(s) by Bates number. Unless a prompt challenge to a designating party's designation of material as confidential is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a designation of material as confidential by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action, and that they have identified the material(s) at issue by Bates number. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

STIPULATED PROTECTIVE ORDER
CASE NO. 2:21-CV-00861-TSZ

ROSSI VUCINOVICH, P.C.
1000 SECOND AVENUE, SUITE 1420
SEATTLE, WA 98104
PHONE: 425-646-8003
FAX: 425-646-8004

5

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

(d) If the designating party timely seeks a protective order, the party served with the subpoena or order shall not produce any information designated in this matter as "CONFIDENTIAL" before a determination by the court or other tribunal where the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection of its confidential material in that court.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

STIPULATED PROTECTIVE ORDER
CASE NO. 2:21-CV-00861-TSZ

ROSSI VUCINOVICH, P.C.
1000 SECOND AVENUE, SUITE 1420
SEATTLE, WA 98104
PHONE: 425-646-8003
FAX: 425-646-8004

6

9. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. **NON TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  December 1, 2022            Respectfully submitted,

s/ *Casey E. Sadler*
Kara M. Wolke
Casey E. Sadler
Natalie S. Pang
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: kwolke@glancylaw.com
Email: csadler@glancylaw.com
Email: npang@glancylaw.com

STIPULATED PROTECTIVE ORDER                                ROSSI VUCINOVICH, P.C.
CASE NO. 2:21-CV-00861-TSZ                                1000 SECOND AVENUE, SUITE 1420
                                                          SEATTLE, WA 98104
                                                          PHONE: 425-646-8003
                                                          FAX: 425-646-8004

7

Michael P. Canty
Thomas G. Hoffman, Jr.
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: mcanty@labaton.com
Email: thoffman@labaton.com

*Co-Lead Attorneys for Plaintiffs Antonio Bachaalani Nacif and Wies Rafi*

s/ *Benjamin T.G. Nivison*
Benjamin T.G. Nivison, WSBA #39797
**ROSSI VUCINOVICH PC**
1000 Second Avenue, Suite 1780
Seattle, WA 98104
Telephone: (425) 646-8003
Facsimile: (425) 646-8004
Email: bnivison@rvflegal.com

*Liaison Attorney for Lead Plaintiffs Antonio Bachaalani Nacif and Wies Rafi*

s/ *Gregory L. Watts*
Gregory L. Watts, WSBA #43995
John C. Roberts Jr., WSBA #44945
Tyre L. Tindall, WSBA #56357
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Facsimile: (206) 883-2699
Email: gwatts@wsgr.com
Email: jroberts@wsgr.com
Email: ttindall@wsgr.com

*Attorneys for Defendant Athira Pharma, Inc.*

STIPULATED PROTECTIVE ORDER
CASE NO. 2:21-CV-00861-TSZ

ROSSI VUCINOVICH, P.C.
1000 SECOND AVENUE, SUITE 1420
SEATTLE, WA 98104
PHONE: 425-646-8003
FAX: 425-646-8004

8

s/ *Sean C. Knowles*
Sean C. Knowles, WSBA #39893
Joseph E. Bringman, WSBA #15236
Zachary E. Davison, WSBA #47873
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
Email:  sknowles@perkinscoie.com
Email:  jbringman@perkinscoie.com
Email:  zdavison@perkinscoie.com

*Attorneys for Defendant Dr. Leen Kawas*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 6th day of December, 2022.

_____
Thomas S. Zilly
United States District Judge

STIPULATED PROTECTIVE ORDER
CASE NO. 2:21-CV-00861-TSZ

ROSSI VUCINOVICH, P.C.
1000 SECOND AVENUE, SUITE 1420
SEATTLE, WA 98104
PHONE: 425-646-8003
FAX: 425-646-8004

9

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____[date] in the case of *Nacif, et al. v. Athira Pharma., Inc., et al.*, No. 2:21-cv-00861-TSZ. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:  _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
CASE NO. 2:21-CV-00861-TSZ

ROSSI VUCINOVICH, P.C.
1000 SECOND AVENUE, SUITE 1420
SEATTLE, WA 98104
PHONE: 425-646-8003
FAX: 425-646-8004

1