THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTONIO BACHAALANI NACIF and WIES RAFI, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ATHIRA PHARMA, INC.; and LEEN KAWAS, Ph.D.,<br><br>Defendants. | No. 2:21-cv-00861-TSZ<br>(Consolidated with 21-cv-00862-TSZ and 21-cv-00864-TSZ)<br><br>**UNDERWRITER DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(b)**<br><br>NOTE ON MOTION CALENDAR: Friday, January 6, 2023 |

## I.   INTRODUCTION

In its decision on defendants' motion to dismiss entered on July 29, 2022, the Court dismissed all of plaintiffs' claims against the underwriters for two registered public offerings of common stock by Athira Pharma, Inc. ("Athira") – defendants Goldman Sachs & Co. LLC, Jefferies LLC, Stifel, Nicolaus & Company, Inc., and JMP Securities LLC (the "Underwriter Defendants"). Thereafter, plaintiffs chose not to seek leave to amend the complaint as against the Underwriter Defendants. Last Friday, the deadline under the Court's scheduling order to add claims and parties elapsed. As a result of these developments, the Underwriter Defendants are not parties even though litigation of certain claims continues against Athira and its former chief executive officer. Under the

UNDERWRITER DEFENDANTS' MOTION FOR
ENTRY OF JUDGMENT UNDER RULE 54(b) - 1
Case No. 2:21-cv-00861-TSZ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

circumstances presented, there is no just reason for the Court to delay entering judgment in favor of the Underwriter Defendants. Those defendants therefore respectfully request that the Court enter final judgment in their favor pursuant to Fed. R. Civ. P. 54(b).

## II. BACKGROUND

In its opinion and order entered on July 29, 2022, the Court dismissed every claim that had been asserted against the Underwriter Defendants in plaintiffs' consolidated amended complaint. ECF No. 89. The Court granted plaintiffs an opportunity to replead those claims, but it set a deadline for doing so of August 19, 2022. *Id.* at 50. Plaintiffs elected not to amend the claims, which the Court acknowledged in an order entered on August 24, 2022. ECF No. 91 at 1. Plaintiffs since have stated that they do not intend to amend their claims against the Underwriter Defendants, electing to give up that opportunity "to avoid delay and proceed expeditiously to discovery for their [surviving] claims based on Statement 3" against Athira and its former chief executive officer Leen Kawas, Ph.D. ECF No. 92 at 2 n.2.

On November 2, 2022, the Court entered a scheduling order to govern proceedings on the remaining claims against Athira and Dr. Kawas. ECF No. 100 at 1. The scheduling order set December 16, 2022 as the deadline for joining additional parties. *Id.* That deadline now has passed.

Although the claims against the Underwriter Defendants have been finally addressed, the Court allowed plaintiffs to proceed with their remaining "Securities Act § 11 claim against [Dr. Leen] Kawas and Athira, as well as their Securities Act § 15 claim against Kawas, with respect to Statement 3." ECF No. 95 at 3. The remaining claims against other defendants are subject to a schedule under which fact and expert discovery will occur throughout 2023 and into 2024, with a trial date no earlier than September 2024. ECF No. 100 at 2.

## III. ARGUMENT

Rule 54(b) of the Federal Rules of Civil Procedure provides that "[w]hen an action presents more than one claim for relief … or when multiple parties are involved, the court may direct entry of

UNDERWRITER DEFENDANTS' MOTION FOR
ENTRY OF JUDGMENT UNDER RULE 54(b) - 2
Case No. 2:21-cv-00861-TSZ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Rule 54(b) certification is proper if it will aid expeditious decision of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (quotation omitted).

There are two requirements for certification and entry of a final judgment under Rule 54(b): *First*, a preliminary ruling must be "a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956)). *Second*, the Court must consider whether there is any just reason for delay, which requires "tak[ing] into account judicial administrative interests as well as the equities involved" for the parties themselves. *Id*. These standards require a "pragmatic approach focusing on severability and efficient judicial administration." *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987) (affirming certification of partial summary judgment rulings because they "effectively narrowed the issues, shortened any subsequent trial by months, and efficiently separated the legal from the factual questions").

Applying these factors, entry of judgment in favor of the Underwriter Defendants now plainly is warranted. The Court's July 29, 2022 dismissal ruling finally and completely disposed of all claims asserted against the Underwriter Defendants in this action. The deadline for plaintiffs to amend those claims has passed, ECF No. 91 at 1, and, according to plaintiffs, they consciously elected not to seek to replead their claims against the Underwriter Defendants in order "to avoid delay and proceed expeditiously with respect to the claims that were not dismissed against Athira and Dr. Kawas." ECF No. 92 at 2 n.2. Plaintiffs accordingly did not attempt to assert any claims against the Underwriter Defendants before the deadline to join additional parties passed on December 16, 2022.

UNDERWRITER DEFENDANTS' MOTION FOR
ENTRY OF JUDGMENT UNDER RULE 54(b) - 3
Case No. 2:21-cv-00861-TSZ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

The dismissed claims against the Underwriter Defendants are separable from the remaining claims, and entry of judgment now in favor of the Underwriter Defendants will not interfere with litigation of those claims.  As the Ninth Circuit has explained: "where a suit involves multiple claims," the district court acts "as 'dispatcher,' to evaluate the 'interrelationship of the claims' and determine in the first instance 'whether the claims under review [are] separable from the others remaining to be adjudicated.'"  *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 576 (9th Cir. 2018) (quoting *Curtiss-Wright*, 446 U.S. at 8).  Here, the Court's July 29, 2022 Order has already acknowledged that the "analysis under Securities Act § 11 is different" for the Underwriter Defendants than for Kawas and Athira.  ECF No. 89 at 42.  The Court subsequently denied a motion for reconsideration of that aspect of its ruling.  The Underwriter Defendants also have no connection to plaintiffs' surviving "controlling person" claim against Dr. Kawas under Securities Act § 15.  Plaintiffs never have alleged that the Underwriter Defendants were "controlling persons" of Athira.  *See* Compl., ECF No. 74 at 60.

Conversely, deferring entry of judgment in favor of the Underwriter Defendants until the remaining claims have been adjudicated would impose avoidable burden and expense.  Litigation of those remaining claims could take years to complete given the complexity of the litigation. Under the scheduling order entered by the Court early last month, fact discovery will not be completed until late 2023 and expert discovery will not be completed until January 2024, with a trial no earlier than September 2024.  ECF No. 100 at 1-2.  Unless judgment is entered in their favor now, the Underwriter Defendants will be required to incur the burden and expense associated with remaining a party, including review of filings by the parties in active litigation to monitor their possible impact on the Underwriter Defendants.  Further, the risk would remain that plaintiffs might reverse course at some indeterminate date in the future and seek to bring the Underwriter Defendants back into the case.

That risk also could impact the Court.  If plaintiffs somehow were successful in belatedly reviving their claims, despite their conscious decision not to replead them before the Court's stated

UNDERWRITER DEFENDANTS' MOTION FOR
ENTRY OF JUDGMENT UNDER RULE 54(b) - 4
Case No. 2:21-cv-00861-TSZ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

deadline, then this Court would be required to revisit other interlocutory rulings, such as class certification or summary judgment, not to mention the possible impacts on trial. Entering final judgment now in favor of the Underwriter Defendants will "aid in the expeditious decision" of the case, and that supports a finding that there is no just reason for delay for doing so. *Sheehan v. Atlanta Int'l Ins. Co*., 812 F.2d 465, 468 (9th Cir. 1987).

## IV.    CONCLUSION

The Underwriter Defendants respectfully request, pursuant to Rule 54(b), that the Court (1) find that there is no just reason for delay in entering judgment in favor of the Underwriter Defendants as to all claims asserted against them in this matter; and (2) direct the Clerk of the Court to enter judgment in favor of the Underwriter Defendants.

Respectfully submitted this 19th day of December, 2022.

DLA PIPER LLP (US)

*s/ Anthony Todaro*
Anthony Todaro, WSBA No. 30391
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Tel:    206.839.4800
E-mail: anthony.todaro@us.dlapiper.com

and

DLA PIPER LLP (US)
John J. Clarke, Jr. (admitted *pro hac vice*)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020
E-mail: john.clarke@us.dlapiper.com

*Attorneys for Defendants*
*Goldman Sachs & Co. LLC, Jeffries LLC,*
*Stifel, Nicolaus & Company, Inc., and*
*JMP Securities LLC*

UNDERWRITER DEFENDANTS' MOTION FOR
ENTRY OF JUDGMENT UNDER RULE 54(b) - 5
Case No. 2:21-cv-00861-TSZ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the parties.

Dated this 19th day of December, 2022.

*s/ Paige Plassmeyer*
*Paige Plassmeyer*, Legal Practice Specialist

UNDERWRITER DEFENDANTS' MOTION FOR
ENTRY OF JUDGMENT UNDER RULE 54(b) - 6
Case No. 2:21-cv-00861-TSZ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800