THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTONIO BACHAALANI NACIF and WIES RAFI, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ATHIRA PHARMA, INC., et al.,

Defendants.

Case No. 2:21-cv-00861-TSZ

**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER**

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER - 1

GLANCY PRONGAY & MURRAY LLP
1925 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
PHONE: 310-201-9150
FAX: 310-201-9160

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

A.  **General Principles**

1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2. As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

B.  **ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1. <u>Custodians.</u> The ten custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control.

2. <u>Custodial and Non-Custodial Data Sources.</u> A list of custodial and non-custodial data sources (*e.g.*, email, mobile devices, structured databases, shared drives, servers), if any, likely to contain discoverable ESI. The parties will disclose any functionality that impacts the existence or location of relevant information from the relevant time period (*e.g.*, auto-delete functions, changes in systems, email systems that routinely use links instead of attachments).

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 2

GLANCY PRONGAY & MURRAY LLP
1925 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
PHONE: 310-201-9150
FAX: 310-201-9160

3. <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.   ESI Discovery Procedures**

1. <u>On-site inspection of electronic media.</u> Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology.</u> The parties shall timely confer to attempt to reach agreement on appropriate search methodology, including search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall exercise reasonable efforts in revising the appropriateness of the search methodology. The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. To facilitate good faith negotiations over the search terms or other search methodology, the producing party shall provide a search term hit list or hit report after global de-duplication (including the number of documents that hit on each term), the number of unique documents that hit on each term (documents that hit on a particular term and no other term on the list), and the total

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 3

GLANCY PRONGAY & MURRAY LLP
1925 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
PHONE: 310-201-9150
FAX: 310-201-9160

number of documents that would be returned by using the proposed search term list, with and without families).  If applicable, to help ensure the accuracy of the search terms in identifying responsive documents, the exchange of related metrics, such as hit reports/counts, shall be considered by the parties.

The parties acknowledge that there may be instances where potential modification to a previously agreed-upon search protocol may be warranted. Should such an instance arise, the parties agree to exercise reasonable efforts to meet and confer.

3. <u>Lost Data</u>. If a producing party becomes aware that any discoverable ESI or relevant data sources have been lost or destroyed, that party shall promptly advise the receiving party of that fact, along with a description of the data sources or ESI and the circumstances of such loss or destruction.

4. <u>Format.</u>

a. ESI will be produced to the requesting party with searchable text, in a format decided between the parties as detailed below.

b. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, presentation, audio, video, photograph, and drawing files, will be produced in native format. Presentation files (e.g., MS PowerPoint, Google Slides) shall either be produced in their native format or, if produced in image format, shall be produced both with speaker notes and any hidden content showing; if documents have tracked changes, they will be produced such that the tracked changes are visible.

c. Each document image file shall be named with a unique number (Bates Number). File names should not be more than thirty characters long or contain spaces. When a text-

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 4

GLANCY PRONGAY & MURRAY LLP
1925 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
PHONE: 310-201-9150
FAX: 310-201-9160

searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history, to the extent possible.

    d. Parent-child relationships (association between an attachment and its parent document) shall be preserved. The attachment(s) shall be produced adjacent to the parent document, in terms of Bates numbers, with the first attachment being named with the next sequential number after the parent, and any additional attachment(s) sequentially numbered after that first attachment.

    e. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

    f. The parties shall produce their information in the following format: single-page black and white, 300 DPI Grayscale Tagged Image File Format (.TIFF or .TIF) files (or where necessary single-page color .JPEG) and associated multi-page text files containing extracted text or with appropriate software load files containing all information required by the litigation support system used by the receiving party.

    g. The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

  5. <u>De-duplication.</u> The parties shall de-duplicate their ESI production across custodial and non-custodial data sources to remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level. Attachments should not be eliminated as duplicates for purposes of

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 5

GLANCY PRONGAY & MURRAY LLP
1925 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
PHONE: 310-201-9150
FAX: 310-201-9160

production, unless the parent e-mail and all attachments are also duplicates. The parties agree that an e-mail that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an e-mail that does not include content in those fields, even if all remaining content in the e-mail is identical. The duplicate custodian information and file path information removed during the de-duplication process tracked in a custodian all and duplicate file path fields, respectively, in the database load file.

6. <u>Email Threading.</u> The parties may use analytics technology to identify email threads and need only review the unique most inclusive copy and related family members and may exclude lesser inclusive copies from review. Upon reasonable request, the producing party will produce a less inclusive copy.

7. <u>Metadata fields.</u> The parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged:

- document type;
- custodian (or storage location if no custodian);
- custodian all;
- author;
- from;
- to;
- cc;
- bcc;
- title/subject;
- email subject;

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 6

GLANCY PRONGAY & MURRAY LLP
1925 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
PHONE: 310-201-9150
FAX: 310-201-9160

- file name;
- file size;
- file extension;
- date and time created; date and time sent;
- date and time modified;
- last saved by; and
- MD5 hash value.

The list of metadata type is intended to be flexible and may be changed by agreement of the parties, after a meet and confer regarding sources of discovery, particularly in light of advances and changes in technology, vendor, and business practices. Other fields that should be included in the load file are: beginning bates; ending bates; beginning attach; ending attach; tracked changes; redacted; is embedded; path to native; and path to extracted text (or OCR).

8. <u>Embedded Objects.</u> Embedded files shall be produced as attachments to the document that contained the embedded file, with the parent/child relationship preserved. The embedded files will be marked with a "YES" in the load file under the "Is Embedded" metadata field. The parties agree logos need not be extracted as separate documents as long as they are displayed in the parent document.

9. Attachments shall be produced sequentially after the parent e-mail. Upon request from a receiving party, a party will use reasonable efforts to collect and produce identified documents that are links in e-mails, including, but not limited to, Google G Suite, Microsoft O365, etc. The parties acknowledge that collecting documents in link form is burdensome and will use their best efforts to make requests for collection of linked documents reasonable in scope. The producing party shall make

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 7

GLANCY PRONGAY & MURRAY LLP
1925 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
PHONE: 310-201-9150
FAX: 310-201-9160

good faith efforts to ascertain prior to collection whether its proposed custodians routinely use links to documents in emails to ensure the efficient collection of linked documents into the corpus of the collected data.

10. <u>Compressed File Types.</u> Compressed file types (e.g., .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

11. <u>Hard-Copy Documents.</u> If the parties elect to produce hard-copy documents in an electronic format, hard copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (i.e., dat) that indicates document breaks and sets forth the custodian or custodian/location associated with each produced document, and the beginning bates number, ending bates number, pages, and volume. If an original document contains color, and the color is necessary to understand the meaning or content of the document, the document shall be produced as single-page, 300 DPI JPG images with JPG compression and a high-quality setting as to not degrade the original image. Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file will be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 8

GLANCY PRONGAY & MURRAY LLP
1925 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
PHONE: 310-201-9150
FAX: 310-201-9160

D. **Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. The parties will supplement their disclosures in accordance with and to the extent necessary under Fed. R. Civ. P. 26(e).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

   a. Deleted, slack, fragmented, or other data only accessible by forensics.

   b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

   c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

   d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (C)(6)).

   e. Back-up data that are duplicative of data that are more accessible elsewhere.

   f. Server, system or network logs.

   g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

   h. Electronic data (e.g., email, calendars, contact data, and notes) sent to or from

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 9

GLANCY PRONGAY & MURRAY LLP
1925 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
PHONE: 310-201-9150
FAX: 310-201-9160

mobile devices (e.g., iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E.     Privilege**

1.     A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order, and produced in excel format. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available non-privileged metadata that the parties have agreed to produce, including document type; custodian and custodian all (or storage location if no custodian); author; from; to; cc; bcc; title/subject; email subject; file name; file size; file extension; date and time created; date and time sent; date and time modified; last edited by; and hash value). Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 60 days before the deadline for filing motions related to discovery unless an earlier deadline is agreed to by the parties.

2.     Redactions need not be logged so long as the basis for the redaction is clear on the redacted document and a redaction field is included in the load file.

3.     The parties are not required to include on any privilege log communications between a party and its legal counsel regarding this action, or attorney work-product created in connection with the litigation of this action.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 10

GLANCY PRONGAY & MURRAY LLP
1925 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
PHONE: 310-201-9150
FAX: 310-201-9160

4.	Absent a showing of good cause, activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5.	Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection.

Dated:  January 9, 2023	Respectfully submitted,

*s/ Casey E. Sadler*
Kara M. Wolke
Casey E. Sadler
Natalie S. Pang
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: kwolke@glancylaw.com
Email: csadler@glancylaw.com
Email: npang@glancylaw.com

Michael P. Canty
Thomas G. Hoffman, Jr.
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: mcanty@labaton.com

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 11

GLANCY PRONGAY & MURRAY LLP
1925 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
PHONE: 310-201-9150
FAX: 310-201-9160

Email: thoffman@labaton.com

*Co-Lead Attorneys for Plaintiffs
Antonio Bachaalani Nacif and Wies Rafi*

s/ *Benjamin T.G. Nivison*
Benjamin T.G. Nivison, WSBA #39797
**ROSSI VUCINOVICH PC**
1000 Second Avenue, Suite 1780
Seattle, WA 98104
Telephone: (425) 646-8003
Facsimile: (425) 646-8004
Email: bnivison@rvflegal.com

*Liaison Attorney for Lead Plaintiffs
Antonio Bachaalani Nacif and Wies Rafi*

s/ *Gregory L. Watts*
Gregory L. Watts, WSBA #43995
John C. Roberts Jr., WSBA #44945
Tyre L. Tindall, WSBA #56357
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Telephone: (206) 883-2500
Facsimile: (206) 883-2699
Email:  gwatts@wsgr.com
Email:  jroberts@wsgr.com
Email:  ttindall@wsgr.com

*Attorneys for Defendant Athira Pharma, Inc.*

s/ *Sean C. Knowles*
Sean C. Knowles, WSBA #39893
Joseph E. Bringman, WSBA #15236
Zachary E. Davison, WSBA #47873
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 12

GLANCY PRONGAY & MURRAY LLP
1925 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
PHONE: 310-201-9150
FAX: 310-201-9160

Email: sknowles@perkinscoie.com
Email: jbringman@perkinscoie.com
Email: zdavison@perkinscoie.com

*Attorneys for Defendant Dr. Leen Kawas*

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 13

GLANCY PRONGAY & MURRAY LLP
1925 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
PHONE: 310-201-9150
FAX: 310-201-9160

# ORDER

**IT IS SO ORDERED.**

Dated this 18th day of January, 2023

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

Presented by:

s/ *Casey E. Sadler*
Kara M. Wolke
Casey E. Sadler
Natalie S. Pang
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email:  kwolke@glancylaw.com
Email:  csadler@glancylaw.com
Email:  npang@glancylaw.com

*Co-Lead Attorneys for Plaintiffs
Antonio Bachaalani Nacif and Wies Rafi*

s/ *Benjamin T.G. Nivison*
Benjamin T.G. Nivison, WSBA #39797
**ROSSI VUCINOVICH PC**
1000 Second Avenue, Suite 1780
Seattle, WA 98104
Telephone: (425) 646-8003
Facsimile: (425) 646-8004
Email: bnivison@rvflegal.com

*Liaison Attorney for Lead Plaintiffs Antonio
Bachaalani Nacif and Wies Rafi*

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 14

GLANCY PRONGAY & MURRAY LLP
1925 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
PHONE: 310-201-9150
FAX: 310-201-9160