**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| ANTONIO BACHAALANI NACIF and WIES RAFI, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ATHIRA PHARMA INC.; and LEEN KAWAS, Ph.D,<br><br>Defendant. | Civil Action No. 2:21-cv-00861-TSZ<br><br>**LEAD PLAINTIFFS' OPPOSITION TO UNDERWRITER DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(b)** |

## I. Introduction

Goldman Sachs & Co. LLC, Stifel, Nicolaus & Company, Inc., and JMP Securities LLC (collectively, the "Underwriter Defendants") served as the underwriters for Athira's September 2020 Initial Public Offering (the "IPO") and January 2021 Secondary Public Offering (the "SPO")[1]. In these offerings, Athira was able to raise nearly $300 million from unwitting investors while the Underwriter Defendants pocketed millions in underwriting discounts and commissions.

Athira's CEO and founder, Leen Kawas ("Kawas"), had used improperly enhanced images in her doctoral research, which was the foundation for Athira's efforts to treat Alzheimer's and are cited in a patent licensed by Athira. These facts were not disclosed in the registration statements and prospectuses for the Offerings. The Underwriter Defendants were responsible for conducting

---

[1] The IPO and SPO are collectively referred to as the "Offerings". Unless otherwise indicated, all emphasis is added and all internal citations are omitted.

LEAD PLAINTIFFS' OPPOSITION TO UNDERWRITER DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(b) (2:21-cv-00861-TSZ) - 1

GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
(310) 201-9150

the due diligence of the Offerings and drafting the registration statements and prospectuses for the Offerings. As such, they will be pertinent fact witnesses in this case since either Athira and its executives failed to provide the Underwriter Defendants the documents needed to conduct adequate due diligence, or the Underwriter Defendants were aware of these facts and chose not to disclose them. Regardless, there is no real dispute that the Underwriter Defendants will have to produce documents and testify as the case proceeds through discovery.

The Underwriter Defendants' motion seeking entry of a final judgement under Federal Rule of Civil Procedure 54(b) ignores that they will have discovery obligations even if they are no longer parties. Instead, the Underwriter Defendants argue that they should be dismissed since they "will be required to incur the burden and expense associated with remaining a party, including review of filings by the parties in active litigation to monitor their possible impact on the Underwriter Defendants." Dkt. No. 105 at 4. This burden and expense are quite minimal, especially when compared to the more than ten million dollars that the Underwriter Defendants received in compensation in the Offerings. *See, e.g.,* Dkt. No. 74 at ¶89 ("underwriting discounts and commissions of $14.3 million" in the IPO). Moreover, the Underwriter Defendants' argument that judgment should be entered since if it is not, there is a chance that "plaintiffs might reverse course at some indeterminate date in the future and seek to bring the Underwriter Defendants back into the case" is exactly the type of generic rationale that courts find to be insufficient and undermines their argument that a "final judgment" has been entered against them.

Motions for entry of judgment under Rule 54(b) are rarely granted and the Underwriter Defendants fail to articulate a sufficiently compelling justification for it to be done here. As such, their motion should be denied.

## II. Discovery Has Commenced Following The Partial Denial Of The Motion To Dismiss

As outlined in the operative complaint (*see* Dkt. No. 74), Athira claimed it had developed a novel approach to treating neurodegenerative diseases, such as Alzheimer's. Athira's lead product, ATH-1017, worked by delivering an active agent, Dihexa, to the brain to stimulate the brain's hepatocyte growth factor, which is responsible for healthy brain function. The research

LEAD PLAINTIFFS' OPPOSITION TO
UNDERWRITER DEFENDANTS' MOTION FOR
ENTRY OF JUDGMENT UNDER RULE 54(b)
(2:21-cv-00861-TSZ) - 2

GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
(310) 201-9150

that led to the development of ATH-1017 was developed by Athira's founder – Kawas. Kawas, who attended Washington State University ("WSU"), was able to use her research to have WSU and Athira enter a lucrative agreement whereby Athira had the exclusive license to make and sell the products and processes that used Kawas's doctoral research. Moreover, Kawas's research had been published in six scientific articles, it had been cited and relied upon in Athira's patents for its core products and processes, and Athira relied on it in its application for a $15 million grant from the National Institutes of Health.

Throughout the registration statement and prospectus for the Offerings (as well as elsewhere), Athira touted the educational, scientific, and professional credentials of Kawas. As such, it was a shock to the market when it was revealed that Kawas was under investigation regarding her doctoral research and later, when Athira admitted that Kawas had improperly enhanced images in her research. The substantial investor losses from these misstatements resulted in the instant action.

On January 7, 2022, Plaintiffs filed the operative consolidated amended complaint in this action outlining Defendants' actionable conduct and bringing claims under Sections 11 and 15 of the Securities Act of 1933 and Sections 10b-5 and 20(a) of the Securities Exchange Act of 1934. *See generally* Dkt. No. 74. On March 8, 2022, Defendants filed a motion to dismiss (Dkt. No. 76), thus staying discovery under the Private Securities Litigation Reform Act of 1995.

Following briefing on the motion to dismiss, the Court granted in part and denied in part Defendants' motion on July 29, 2022. Dkt. No. 89 ("Order"). The Order denied Defendants' motion with respect to Plaintiffs' claims under Sections 11 and 15 of the Securities Act of 1933 against Kawas and Athira solely as to "Statement 3," which was contained in Athira's IPO and SPO Prospectuses and discussed Athira's exclusive licensing agreement with WSU. Order at 49. Following the Order and the denial of Kawas's subsequent motion for partial reconsideration of the Order (Dkt. No. 95),[2] the discovery stay was lifted and the parties have begun discovery,

---

[2] The Court's Order granted Plaintiffs the right to amend the Complaint by August 19, 2022. *See* Order at 50. Plaintiffs chose not to amend to avoid delay and proceed expeditiously to discovery for their claims based on Statement 3.

LEAD PLAINTIFFS' OPPOSITION TO
UNDERWRITER DEFENDANTS' MOTION FOR
ENTRY OF JUDGMENT UNDER RULE 54(b)
(2:21-cv-00861-TSZ) - 3

GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
(310) 201-9150

including the filing of a joint discovery plan, a protective order and ESI Protocol, and serving of discovery requests.

### III.   Entry Of Judgment Is Unwarranted

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only* if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that *adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties* and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Abdo v. Fitzsimmons*, No. 17-cv-00851-TSH, 2021 WL 3493169, at *2 (N.D. Cal. May 17, 2021) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

In evaluating the appropriateness of a Rule 54(b) motion, the "district court must first determine that it is dealing with a 'final judgment,'" which is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright*, 446 U.S. at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). If finality can be established, the district court must evaluate "whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8. In making this determination, the court "must take into account judicial administrative interests as well as the equities involved" since "[c]onsideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Id.*

The burden is on the party seeking judgment under Rule 54(b) to demonstrate that it is appropriate. *See U.S. Fire Ins. Co. v. Williamsburg Nat. Ins. Co.*, No. 1:07-cv-00718 GSA, 2009 WL 650578, at *2 (E.D. Cal. Mar. 12, 2009). The Underwriter Defendants fail to meet this burden. First, the Underwriter Defendants state that the dismissal of claims against them and Plaintiffs' decision not to amend so that discovery could commence "finally and completely disposed of all

LEAD PLAINTIFFS' OPPOSITION TO
UNDERWRITER DEFENDANTS' MOTION FOR
ENTRY OF JUDGMENT UNDER RULE 54(b)
(2:21-cv-00861-TSZ) - 4

GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
(310) 201-9150

claims asserted against the Underwriter Defendants in this action," and they also claim that there is a risk that Plaintiffs may seek to bring them back into the case. Dkt. No. 105 at 4. If there is a legitimate risk to the Underwriter Defendants that they will be brought back into the case, then certainly there has not been an "ultimate disposition" of the claims against them.

Second, even if there were finality (which there is not), there is a just reason for delay of judgment. "[J]udgments under Rule 54(b) are 'reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.'" *Abdo*, 2021 WL 3493169, at *3 (quoting *Morrison–Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)); *see also Gausvik v. Perez*, 392 F.3d 1006, 1009, n.2 (9th Cir. 2004) ("in the interest of judicial economy Rule 54(b) should be used sparingly"). "Yet the circumstances of this case—in which some securities claims, but not all, have survived a motion to dismiss—are quite routine." *Hunt v. Bloom Energy Corp.*, No. 19-cv-02935-HSG, 2021 WL 6617453, at *3 (N.D. Cal. Dec. 1, 2021); *see Abdo,* 2021 WL 3493169, at *4 ("granting a request for Rule 54(b) certification in ordinary situations is not – and according to the Ninth Circuit should not become – routine").

Rule 54(b) motions are disfavored "[a]bsent a seriously important reason." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 883 (9th Cir. 2005). The Underwriter Defendants do not have one. The Underwriter Defendants argue that if they are not removed as parties, then they will be required to "incur the burden and expense associated with remaining a party, including review of filings by the parties in active litigation to monitor their possible impact on the Underwriter Defendants." Dkt. No. 105 at 4.[3] This is a generic inconvenience faced by all litigants, not some "important reason" that would require deviation from usual case. *See U.S. Fire*, 2009 WL 650578, at *2 ("There exists a long-settled and prudential policy against the scattershot disposition of litigation and entry of judgment under ***Rule 54(b) should not be indulged as a matter of routine or as a***

---

[3] This cost is likely minimal, particularly considering the millions they reaped from their involvement in the Offerings.

LEAD PLAINTIFFS' OPPOSITION TO
UNDERWRITER DEFENDANTS' MOTION FOR
ENTRY OF JUDGMENT UNDER RULE 54(b)
(2:21-cv-00861-TSZ) - 5

GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
(310) 201-9150

*magnanimous accommodation to lawyers or litigants*."); *Abdo*, 2021 WL 3493169, at *3 ("Unfortunately, constraints of time, money, and other inconveniences … are common to most litigants). And even if the motion were to be granted, the Underwriter Defendants would still be "burdened" with these same expenses since, as discussed above, they are fact witnesses to the conduct at issue stemming from their underwriting the Offerings that contained the statement the Court has deemed to be potentially false and misleading.

Likewise, they argue that if their motion was denied, "the risk would remain that plaintiffs might reverse course at some indeterminate date in the future and seek to bring the Underwriter Defendants back into the case." Dkt. No. 105 at 4. Wishing to move past litigation, which is a desire shared by litigants generally, is an insufficient reason for the extraordinary result they seek. *Abdo*, 2021 WL 3493169, at *4 (citing *U.S. Fire,* 2009 WL 650578, at *2) (holding that the defendant's "wish to put this litigation behind him is shared by the vast majority of litigants [and] does not constitute a 'seriously important reason' justifying the risk of duplicative, piecemeal appeals").[4]

## IV. Conclusion

The Underwriter Defendants have failed to provide a sufficient justification for the entry of a final judgment as to them. This is because this is not a case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket – as entry of judgment would allow for immediate appellate rights – are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. As such, the motion for entry of judgment under Rule 54(b) should be denied.

---

[4] The Underwriter Defendants further claim that if this hypothetical risk occurred then it could impact the Court by requiring it to potentially reconsider future decisions. Dkt. No. 105 at 5. Such reliance on hypothetical risks further demonstrates that the Underwriter Defendants lack "a seriously important reason" for their motion to be granted.

LEAD PLAINTIFFS' OPPOSITION TO
UNDERWRITER DEFENDANTS' MOTION FOR
ENTRY OF JUDGMENT UNDER RULE 54(b)
(2:21-cv-00861-TSZ) - 6

GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
(310) 201-9150

Dated: January 23, 2023

**GLANCY PRONGAY & MURRAY LLP**

By: *s/ Casey E. Sadler*
Kara M. Wolke
Casey E. Sadler
Natalie S. Pang
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Phone: (310) 201-9150
Fax: (310) 201-9160
Email: kwolke@glancylaw.com
Email: csadler@glancylaw.com
Email: npang@glancylaw.com

**LABATON SUCHAROW LLP**
Michael P. Canty
Thomas G. Hoffman, Jr.
140 Broadway
New York, New York 10005
Phone: (212) 907-0700
Fax: (212) 818-0477
Email: mcanty@labaton.com
Email: thoffman@labaton.com

*Co-Lead Counsel for the Class*

By: *s/ Benjamin T. G. Nivinson*
**ROSSI VUCINOVICH, P.C.**
Benjamin T. G. Nivinson, WSBA No. 39797
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
Phone: (425) 646-8003
Fax: (425) 646-8004
Email: bnivison@rvflegal.com

*Liaison Counsel for the Class*

LEAD PLAINTIFFS' OPPOSITION TO
UNDERWRITER DEFENDANTS' MOTION FOR
ENTRY OF JUDGMENT UNDER RULE 54(b)
(2:21-cv-00861-TSZ) - 7

GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
(310) 201-9150