THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTONIO BACHAALANI NACIF and
WIES RAFI, individually and on behalf of all
other similarly situated,

Plaintiffs,

v.

ATHIRA PHARMA, INC.; and LEEN
KAWAS, Ph.D.,

Defendants.

No. 2:21-cv-00861-TSZ
(Consolidated with 21-cv-00862-TSZ and
21-cv-00864-TSZ)

**UNDERWRITER DEFENDANTS'
REPLY IN SUPPORT OF THEIR
MOTION FOR ENTRY OF JUDGMENT
UNDER RULE 54(b)**

**NOTE ON MOTION CALENDAR:
Friday, February 3, 2023**

## I.    INTRODUCTION

Rule 54(b) provides for entry of final judgment for dismissed defendants, such as the Underwriter Defendants here, when there is "no just reason for delay." Fed. R. Civ. P. 54(b). In their opposition [ECF No. 111], plaintiffs do not rebut the Underwriter Defendants' showing that the standard has been met in this case. *See* Motion [ECF No. 105]. The opposition makes clear that plaintiffs oppose the entry of judgment now only to preserve their right to drag the Underwriter Defendants back into the case at some time in the indeterminate future. *See* Opp. at 5. But that is precisely why entry of judgment in favor of the Underwriter Defendants is called for. Moreover,

UNDERWRITER DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION FOR ENTRY OF
JUDGMENT UNDER RULE 54(b) - 1
Case No. 2:21-cv-00861-TSZ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

and contrary to plaintiffs' suggestion, the Underwriter Defendants will remain subject to non-party discovery under Rule 45 even after judgment is entered in their favor.

## II.   <u>ARGUMENT</u>

Plaintiffs do not genuinely dispute that the Underwriter Defendants have established the requirements for entry of judgment in their favor under Rule 54(b).  Plaintiffs do not contest that the claims against the Underwriter Defendants were finally resolved when the Court granted their motion to dismiss and plaintiffs elected not to replead them.  That satisfies the element of finality under Rule 54(b), which requires only "an ultimate disposition of an individual claim entered in the course of a multiple claims action."  *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7–8 (1980).  Plaintiffs' speculation that there is some "legitimate risk" they will find new claims against the Underwriter Defendants does not alter this conclusion.  *See* Opp. at 5.

Similarly, plaintiffs have not identified any "just reason" to delay entry of final judgment for the Underwriter Defendants.  "[T]he equities favor" entry of final judgment under Rule 54(b) for defendants against whom asserted claims have been entirely dismissed.  *Rygg v. Hulbert*, 2012 WL 12847007, at *2 (W.D. Wash. Sept. 4, 2012) (finding that an "order dispos[ing] of all claims against most defendants" satisfied Rule 54(b) because it would "prevent further delays for these [d]efendants, many of whom have been in litigation over these issues for years"); *see also Varela v. Perez*, 2009 WL 4438738, at *1 (D. Ariz. Nov. 30, 2009) ("There is no just reason for delaying the entry of final judgment in favor of those defendants against whom all claims have been dismissed.").  Indeed, that was the conclusion reached by the Western District of Oklahoma in another Securities Act case, *Duane & Virginia Lanier Trust v. Sandridge Mississippian Trust I*, where the Court entered judgment under Rule 54(b) in favor of underwriters and other Securities Act defendants after the claims against them had been dismissed, and even though securities fraud claims against other defendants still would need to be addressed.  2017 WL 11716097, at *1 (W.D. Okla. Dec. 5, 2017).  As the court recognized in *Sandridge*: "Given the continuation of proceedings in this action . . . , delaying entry of judgment on the Securities Act

UNDERWRITER DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION FOR ENTRY OF
JUDGMENT UNDER RULE 54(b) - 2
Case No. 2:21-cv-00861-TSZ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

claims could result in undue hardship for . . . the majority of defendants against whom there are no claims remaining to be adjudicated." *Id.* That concern proved to be accurate: litigation continued against the remaining Sandridge defendants for an additional *five and one-half years* after the Rule 54(b) judgment was entered for the underwriters and other Securities Act defendants.[1]

In their opposition, plaintiffs argue that legal fees and employee time are "a generic inconvenience faced by all litigants." Opp. at 5. Even if that is so, Rule 54(b) provides a mechanism to spare ***former*** litigants from such an inconvenience when circumstances warrant – as they do in this instance. Plaintiffs offer no justification for imposing such a generic inconvenience on the Underwriter Defendants here.

Plaintiffs further contend that "the Underwriter Defendants will have to produce documents and testify as the case proceeds through discovery," Opp. at 2, but the issue of future discovery from the Underwriter Defendants is beside the point. The Federal Rules of Civil Procedure provide for non-party discovery even when a defendant has obtained a judgment pursuant to Rule 54(b). *See Hung v. Tribal Techs.*, 2014 WL 6065620, at *3 (N.D. Cal. Nov. 12, 2014) (entering Rule 54(b) judgment while recognizing the former defendant "will still be subject to third-party discovery at the behest of the remaining parties"), *aff'd*, 682 F. App'x 602 (9th Cir. 2017).

Moreover, the due diligence defense that the Underwriter Defendants would have asserted if the claims against them had proceeded beyond their motion to dismiss is no longer part of this case. 15 U.S.C. § 77k(b)(3). Any non-issuer defendant can invoke a due diligence defense to section 11 claims, but the defense is "unique to each [defendant]," *In re IndyMac Mortg.-Backed Sec. Litig.*, 286 F.R.D. 226, 242 (S.D.N.Y. 2012), and the due diligence record therefore would be different for others than it would have been for the Underwriter Defendants.

---

[1] *See* Judgment, Case No. 5:15-cv-00634-G (W.D. Okla. Dec. 30, 2022).

UNDERWRITER DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION FOR ENTRY OF
JUDGMENT UNDER RULE 54(b) - 3
Case No. 2:21-cv-00861-TSZ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

The cases plaintiffs have cited in their opposition are inapposite.  In *Hunt v. Bloom Energy Corp.*, 2021 WL 6617453, at \*2 (N.D. Cal. Dec. 1, 2021), a Securities Act case, the *plaintiffs* requested entry of judgment in favor of an accounting firm defendant that had prevailed on a motion to dismiss, even while not seeking the same relief for *other* defendants that also had obtained dismissal of accounting-related claims.  The court concluded that the situation did not warrant entry of a Rule 54(b) judgment because plaintiffs' plan to seek an appellate reversal against the accounting firm, which they could then use "to amend the claims against the other remaining Defendants," would "all but guarantee piecemeal appeals[.]"  *Id.* at \*2.  Moreover, the accounting firm *opposed* the motion, which led the court to conclude that the defendant – unlike the Underwriter Defendants here – was not concerned by potential prejudice arising from a delay in the entry of judgment.  *Id.* at \*3.

Similarly, in *U.S. Fire Ins. Co. v. Williamsburg Nat. Ins. Co.*, 2009 WL 650578, at \*1 (E.D. Cal. Mar. 12, 2009), a plaintiff sought an interim stay of its own action, and entry of judgment under Rule 54(b) as to one of two remedies sought in the complaint, after the court granted summary judgment for its adversary on that remedy.  The court concluded that the issue resolved in its summary judgment decision was only half of a single claim and that entering a stay to permit the losing party to pursue an interlocutory appeal would create – not prevent – unwarranted delay.  *Id*.

Equally inapposite is *Abdo v. Fitzsimmons*, 2021 WL 3493169 (N.D. Cal. May 17, 2021), where the court had entered summary judgment for one of nine defendants shortly before trial on "similar if not identical" claims.  *Id*. at \*3.  The Court concluded that entry of a Rule 54(b) judgment was not warranted given the short, anticipated delay that would result from the upcoming trial and the countervailing likelihood that entering judgment would result in piecemeal appeals.  *Id*.  In contrast, discovery in this case has just begun, and as in *Sandridge*, it could be years before the Underwriter Defendants would be able to enjoy the repose of a final judgment unless granted the requested relief under Rule 54(b).

UNDERWRITER DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION FOR ENTRY OF
JUDGMENT UNDER RULE 54(b) - 4
Case No. 2:21-cv-00861-TSZ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

Finally, plaintiffs also have not identified any "judicial administrative interests" that would support the denial of entry of final judgment for the Underwriter Defendants in this case. *Curtiss-Wright Corp.*, 446 U.S. at 8. Plaintiffs have not disputed that delaying entry of judgment could result in a need for this Court to revisit subsequent interlocutory decisions – such as class certification or summary judgment – leading to avoidable inefficiencies for the Court as well as the Underwriter Defendants. The balance of potential hardships strongly favors a finding that there is no just reason for delay in entering judgment for the Underwriter Defendants in this case under Rule 54(b).

### III.    CONCLUSION

The Underwriter Defendants respectfully request, pursuant to Rule 54(b), that the Court (1) find that there is no just reason for delay in entering judgment for the Underwriter Defendants; and (2) direct the Clerk of the Court to enter judgment in favor of the Underwriter Defendants.

UNDERWRITER DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION FOR ENTRY OF
JUDGMENT UNDER RULE 54(b) - 5
Case No. 2:21-cv-00861-TSZ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

Respectfully submitted this 3rd day of February, 2023.

DLA PIPER LLP (US)

*s/ Anthony Todaro*

Anthony Todaro, WSBA No. 30391
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Tel:     206.839.4800
E-mail: anthony.todaro@us.dlapiper.com

AND

DLA PIPER LLP (US)
John J. Clarke, Jr. (admitted *pro hac vice)*
1251 Avenue of the Americas, 27th Floor
New York, New York 10020
E-mail: john.clarke@us.dlapiper.com

*Attorneys for Defendants Goldman Sachs &*
*Co. LLC, Jeffries LLC, Stifel, Nicolaus &*
*Company, Inc., and JMP Securities LLC*

UNDERWRITER DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION FOR ENTRY OF
JUDGMENT UNDER RULE 54(b) - 6
Case No. 2:21-cv-00861-TSZ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the parties.

Dated this 3rd day of February, 2023.

*s/ Jacey Bittle*
Jacey Bittle, Legal Practice Specialist

UNDERWRITER DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION FOR ENTRY OF
JUDGMENT UNDER RULE 54(b) - 7
Case No. 2:21-cv-00861-TSZ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800