UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTONIO BACHAALANI NACIF and WIES RAFI, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ATHIRA PHARMA, INC.; and LEEN KAWAS, Ph.D.,

Defendants.

C21-0861 TSZ

ORDER

THIS MATTER comes before the Court on a motion, docket no. 105, brought by Goldman Sachs & Co. LLC, Jeffries LLC, JMP Securities LLC, and Stifel Nicolaus & Company, Inc. (collectively, "Underwriter Defendants"), seeking entry of a partial judgment pursuant to Federal Rule of Civil Procedure 54(b).  Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following Order.

**Background**

By Order entered July 29, 2022, docket no. 89, the Court granted in part and denied in part a motion to dismiss brought by defendants Athira Pharma, Inc. ("Athira"), Leen Kawas, Ph.D., Athira's Chief Financial Officer ("CFO") Glenna Mileson, Athira's Board of Directors members Joseph Edelman, John M. Fluke, Jr., and James A. Johnson, and the Underwriter Defendants.  *See* Order (docket no. 89).  Of plaintiffs' five claims, only three were asserted against the Underwriter Defendants, namely (a) plaintiffs' first

ORDER - 1

claim under § 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and U.S. Securities and Exchange Commission Rule 10b-5, (b) plaintiffs' third claim under § 11 of the Securities Act of 1933 ("Securities Act"), and (c) plaintiffs' fourth claim under § 12 of the Securities Act.  See Order at 28–29 (docket no. 89).

Plaintiffs' first claim was dismissed without prejudice and with leave to amend as to Athira and the individual defendants for failure to adequately plead scienter, but with prejudice as to the Underwriter Defendants based on plaintiffs' clarification that they do not assert a § 10(b) / Rule 10b-5 claim against those four defendants.  See id. at 29–32, 38–39, & 42–47.  Plaintiffs' third claim was dismissed without prejudice and with leave to amend, except as to Athira and Dr. Kawas with respect to Statement 3.  Id. at 36–42.  Plaintiffs' fourth claim was dismissed with prejudice as to all defendants in light of concessions made by named plaintiffs Antonio Bachaalani Nacif and Wies Rafi.  Id. at 29.  The following table summarizes the Court's previous rulings, none of which bind putative class members.

| ↓ Defendant | Claim → | § 10(b)/Rule 10b-5 | § 11 | § 12(a)(2) |
|---|---|---|
| Athira Pharma, Inc. | dismissed without prejudice and with leave to amend (failure to adequately plead scienter) | dismissed without prejudice and with leave to amend as to all statements except Statement 3 | dismissed with prejudice as to Nacif and Rafi (claim withdrawn by named plaintiffs) |
| Leen Kawas, Ph.D. | dismissed without prejudice and with leave to amend (failure to adequately plead scienter) | dismissed without prejudice and with leave to amend as to all statements except Statement 3 | dismissed with prejudice as to Nacif and Rafi (claim withdrawn by named plaintiffs) |
| CFO Glenna Mileson | dismissed without prejudice and with leave to amend (failure to adequately plead scienter) | dismissed without prejudice and with leave to amend as to all statements | dismissed with prejudice as to Nacif and Rafi (claim withdrawn by named plaintiffs) |
| Board of Directors (Edelman, Fluke, & Johnson) | dismissed without prejudice and with leave to amend (failure to adequately plead scienter) | dismissed without prejudice and with leave to amend as to all statements | dismissed with prejudice as to Nacif and Rafi (claim withdrawn by named plaintiffs) |
| Underwriter Defs. | dismissed with prejudice | dismissed without prejudice and with leave to amend as to all statements | dismissed with prejudice as to Nacif and Rafi (claim withdrawn by named plaintiffs) |

ORDER - 2

In its earlier Order, the Court set a deadline of August 19, 2022, for plaintiffs to file a second amended complaint.  <u>See</u> <u>id.</u> at 50.  Plaintiffs have not done so.  The Court later set a deadline of December 16, 2022, for joining additional parties.  Minute Order at 1 (docket no. 100).  No parties have been joined or re-joined.  The Underwriter Defendants now ask the Court to enter final judgment in their favor.  Defs.' Mot. (docket no. 105).  Plaintiffs oppose the motion, arguing that the dismissal of their § 11 claim is not "final" for purposes of Rule 54(b), and that the current situation does not warrant entry of a partial judgment in favor of the Underwriter Defendants.  Pls.' Resp. (docket no. 111).

**Discussion**

**A.    Applicable Standards**

The Court may enter final judgment "as to one or more, but fewer than all, claims or parties" if it "expressly determines" that "no just reason for delay" exists.  Fed. R. Civ. P. 54(b).  A decision is "final" if it constitutes "an ultimate disposition of an individual claim."  <u>Curtiss-Wright Corp. v. Gen. Elec. Co.</u>, 446 U.S. 1, 7 (1980).  Not all final judgments on individual claims in a multiple-claim action should be immediately appealable, and the Court's role under Rule 54(b) is to serve as a "dispatcher."  <u>Id.</u> at 8.  In doing so, the Court must consider both "judicial administrative interests" and "the equities involved."  <u>See</u> <u>id.</u>

The former (juridical) factors include whether the decided claims are "separable from the others remaining to be adjudicated" and "whether the nature of the claims already determined was such that no appellate court would have to decide the same issues

ORDER - 3

more than once even if there were subsequent appeals." *Id.* They aim to preserve "the historic federal policy against piecemeal appeals." *Id.*; *see also* *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879–82 (9th Cir. 2005) (reversing a Rule 54(b) certification as to the dismissal of constructive discharge claims, which left remaining for trial claims based on an allegedly discriminatory demotion, observing that "[t]he greater the overlap [in facts] the greater the chance that [the Ninth Circuit] will have to revisit the same facts—spun only slightly differently—in a successive appeal").

In evaluating the equities relating to the timing of an appeal, the Court must engage in a "reasonable" assessment. *Curtiss-Wright*, 446 U.S. at 10–11. In *Curtiss-Wright*, the Supreme Court concluded that the district court did not abuse its discretion in considering the difference between the statutory and market rates of interest, as well as the facts that the debts at issue were "liquidated and large" and that, "absent Rule 54(b) certification, the debts would not be paid for 'many months, if not years' because the rest of the litigation would be expected to continue for that period of time." *Id.* at 11. The *Curtiss-Wright* Court eschewed any requirement that economic duress or insolvency be shown to qualify for a partial judgment under Rule 54(b), observing that both parties in the matter were financially sound. *Id.* at 12. Thus, the district court had properly viewed economic health as a neutral factor in weighing the equities, especially given that it could and did stay execution on the Rule 54(b) judgment pending appeal. *Id.* at 12–13 & n.3.

B.   **Proper Scope of Rule 54(b) Certification**

In asking for entry of a partial judgment in only their favor, the Underwriter Defendants offered no basis for distinguishing between them and the other defendants. If

ORDER - 4

the Court were to certify solely the claims asserted against the Underwriter Defendants, it would be serving up at least two appeals involving the same facts, one now involving the Underwriter Defendants and another later concerning the other defendants.  The Court declines to enter partial judgment in a manner that might require the Ninth Circuit to "decide the same issues on sequential appeals rather than once as a single unit."  See Abdo v. Fitzsimmons, Nos. 17-cv-851 & 17-cv-1232, 2021 WL 3493169, at *3 (N.D. Cal. May 17, 2021).

The procedural posture of this case, however, might support a broader Rule 54(b) certification.  With regard to the § 10(b) / Rule 10b-5 claim against the Underwriter Defendants and the § 12 claim against all defendants, the dismissal was premised on plaintiffs' withdrawal of the claims, and no appeal is anticipated.  With regard to plaintiffs' Exchange Act claims against all defendants other than the Underwriter Defendants, the basis for dismissal, namely the failure to adequately plead scienter, does not overlap with the Securities Act claims remaining for adjudication, which do not require a showing of scienter.  See Order at 42–43 (docket no. 89).  Similarly, plaintiffs' dismissed Securities Act claims concern prospectus statements that are different in nature and substance from the statement that is the subject of the still pending §§ 11 and 15 claims against Athira and/or Dr. Kawas.  The Court is satisfied that plaintiffs' decision not to timely amend their operative pleading renders "final" the earlier dismissal without prejudice.  See Hunt v. Bloom Energy Corp., No. 19-cv-2935, 2021 WL 6617453, at *2 (N.D. Cal. Dec. 1, 2021).  The Court is also persuaded that a Rule 54(b) certification as indicated in the proposed form of partial judgment below would not result in piecemeal

ORDER - 5

appeals, would be consistent with the equities involved,[1] and might materially advance the ultimate termination of this litigation, particularly if review is completed before this putative class-action matter proceeds to trial in September 2024.

### C.     Proposed Form of Partial Judgment

The Court DIRECTS the parties to provide briefing on whether the Court should enter partial judgment containing the following language:

> The Court having dismissed some claims with prejudice and other claims without prejudice, plaintiffs having opted not to file an amended pleading, certain defendants having requested entry of partial judgment, and the Court finding no just reason for delay, now, therefore, judgment is hereby ENTERED pursuant to Federal Rule of Civil Procedure 54(b) as follows:
>
> (i) in favor of defendants Glenna Mileson, Joseph Edelman, John M. Fluke, Jr., and James A. Johnson, and against plaintiffs Antonio Bachaalani Nacif and Wies Rafi, on all of plaintiffs' claims;
>
> (ii) in favor of defendants Goldman Sachs & Co. LLC, Jeffries LLC, JMP Securities LLC, and Stifel Nicolaus & Company, Inc., and against plaintiffs Antonio Bachaalani Nacif and Wies Rafi, on plaintiffs' first (§ 10(b) / Rule 10b-5), third (§ 11), and fourth (§ 12) claims; and

---

[1] The Underwriter Defendants allude to the burden and expense of "remaining a party" until judgment is entered upon resolution of all claims in this matter, and they express fear that plaintiffs will "reverse course" in the future and seek to "bring [them] back into the case." *See* Defs.' Mot. at 4 (docket no. 105). Plaintiffs respond that, even if the Underwriter Defendants are no longer parties to this action, they will be required as fact witnesses to produce discovery, and that any concern about being re-joined as defendants means their dismissal is not "final" within the meaning of Rule 54(b). Plaintiffs are correct that entry of a partial judgment will not alleviate the costs of responding to a subpoena duces tecum or notice for deposition; however, a relevant equitable factor is the economic or other impact of uncertainty concerning the status of plaintiffs' claims, which will carry forward another 18-to-24 months or more unless a Rule 54(b) certification is issued. The Court has also considered the possibility that plaintiffs might later ask for relief from the now-expired deadlines and propose to replead one or more of the dismissed claims. Any such motion is unlikely to succeed in light of the general principle that plaintiffs should plead viable claims before the parties commence discovery. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

ORDER - 6

(iii) in favor of defendants Athira Pharma, Inc. and Leen Kawas, Ph.D., and against plaintiffs Antonio Bachaalani Nacif and Wies Rafi, on plaintiffs' first (§ 10(b) / Rule 10b-5), second (§ 20(a)), and fourth (§ 12) claims, and as to Statements 1 and 2 on plaintiffs' third (§ 11) and fifth (§ 15) claims.

Costs may be taxed in the manner set forth in Local Civil Rule 54(d).

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The Underwriter Defendants' motion, docket no. 105, is DEFERRED[2] and RENOTED to March 17, 2023.

(2) Any objection to the Court's proposed form of partial judgment, which shall not exceed ten (10) pages in length, shall be filed by March 13, 2023. Any reply to any objection, which shall not exceed five (5) pages in length, shall be filed by March 17, 2023.

(3) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 17th day of February, 2023.

Thomas S. Zilly
United States District Judge

---

[2] The Court is unlikely to grant the Underwriter Defendants' motion as presented. The motion might, however, be treated as brought on behalf of all defendants, seeking a partial judgment along the lines set forth in this Order.

ORDER - 7