UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTONIO BACHAALANI NACIF and WIES RAFI, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ATHIRA PHARMA, INC.; and LEEN KAWAS, Ph.D.,

Defendants.

C21-0861 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Counsel are DIRECTED to meet and confer and to file, on or before June 30, 2023, a Joint Status Report ("JSR") addressing the following issues:

(a) **Definition of Settlement Class**: Plaintiffs' claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") were dismissed with prejudice as to certain defendants and otherwise without prejudice and with leave to amend, but plaintiffs did not timely file an amended pleading. See Order at 29–33, 35–47, & 48–49 (docket no. 89); Minute Order at ¶ 1 (docket no. 91). Thus, the only claims remaining in this action are under §§ 11 and 15 of the Securities Act of 1933 ("Securities Act"). See Order at 49 (docket no. 89). These claims, which survive only against Athira Pharma, Inc. ("Athira") and Leen Kawas, Ph.D. with respect to "Statement 3," require proof that the purchase or acquisition of Athira stock was traceable to the initial public offering ("IPO") or secondary public offering ("SPO"). The proposed settlement class is defined as follows:

> all persons and entities who or which purchased or otherwise acquired Athira Pharma, Inc. publicly traded common stock: (a) during the period from September 17, 2020[,] through June 17,

MINUTE ORDER - 1

2021, inclusive; (b) pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's September 2020 initial public offering; and/or (c) pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's January 2021 secondary public offering, and were damaged thereby.

Stipulation and Agreement of Settlement ("Stip.") at ¶ 1(ss) (docket no. 118-2 at 14); *see* Prop. Notice at ¶ 22 (docket no. 118-2 at 64). With respect to the proposed definition of the settlement class, the JSR shall discuss:

(i) **Traceability and the Class Period**: The parties shall explain the meaning of the term "traceable," which appears in the proposed settlement class definition. The proposed notice to putative class members and the proposed claim form, which the parties seek to require putative class members to submit, indicate that shares will be deemed traceable to the IPO if they were purchased or acquired between September 17, 2020, and January 20, 2021, and that shares will be deemed traceable to the SPO if they were purchased or acquired at the SPO price of $22.50 per share between January 21, 2021, and February 10, 2021. Prop. Notice at 13 nn.3 & 4 (docket no. 118-2 at 70); Prop. Claim Form at ¶ 10 (docket no. 118-2 at 83). In their JSR, the parties shall propose language that could be included in the proposed notice to indicate the relevance of the aforementioned dates and how those dates demonstrate traceability. In addition, the parties shall address whether the proposed Class Period (September 17, 2020 – June 17, 2021) is inaccurate and should instead end on February 10, 2021.

(ii) **Exchange Act**: The proposed notice refers to the Exchange Act. *See* Prop. Notice at ¶ 49 (docket no. 118-2 at 70) ("For shares of Athira common stock eligible for a recovery under both the Exchange Act and the Securities Act, a Recognized Loss Amount will be calculated in the manner set forth in this Plan using an Exchange Act measure of loss, and any Recognized Loss Amount greater than zero will be increased by 25%."). In the required JSR, counsel shall clarify whether the proposed settlement class includes individuals and/or entities that have only an Exchange Act claim. If so, counsel shall address whether the interests of such individuals and/or entities are antagonistic to the interests of putative class members who have viable Securities Act claims and whether, as a result, the Court should decline to approve the proposed settlement.

(b) **Numerosity**: Based on the current record, the Court is unable to find the requisite numerosity to certify a settlement class. The parties have indicated that Athira had more than 30 million common shares outstanding during the "Class Period," which might itself be overbroad. The Court cannot determine

MINUTE ORDER - 2

from this information how many persons or entities would be in the proposed settlement class.  In their JSR, the attorneys shall provide the following additional information and/or reasonable estimates:  (i) the number of shareholders who purchased or acquired shares that are traceable to Athira's IPO and/or SPO; (ii) of these shareholders, the number or percentage that are institutional investors, brokerage firms, or nominees for beneficial purchasers of securities; and (iii) the number of shares held by individuals[1] or entities[2] that are excluded from the settlement class or ineligible to participate in the settlement.

(c)     **"Opt In" Approach**:  Counsel shall address whether a feasible method exists for distributing net settlement funds without requiring putative class members to submit claim forms or, in other words, to "opt in" to the settlement.  If the parties cannot agree on an alternative to the "opt in" approach, counsel should show cause why the Court should not decline to approve the proposed settlement.  The "opt in" requirement appears to benefit institutional investors at the expense of individuals with relatively smaller numbers of shares who might lack the

---

[1] The following information is derived from the operative pleadings in *Bushansky v. Kawas*, C22-497 TSZ, and *Houlihan v. Kawas*, C22-620 TSZ:

| Name | Position | Number of Shares (as of April 16, 2021, except as indicated) |
|---|---|---|
| Kevin Church | Vice President of Discovery (stock ownership as of Sep. 2020) | 40,981 |
| Joseph Edelman | Director since May 2020 | 3,432,080 |
| John M. Fluke | Director since Dec. 2014 | 156,779 |
| James A. Johnson | Director since Aug. 2020 | 6,935 |
| Leen Kawas, Ph.D. | Director, CEO, & President from Jan. 2014 until Oct. 2021 | 1,693,102 |
| Barbara Kosacz | Director since March 2021 | 1,541 |
| Mark Litton | Director since Oct. 2021 CEO & President (previously COO) | 13,126 |
| Kelly A. Romano | Director since Dec. 2020 Chair of Board since Jan. 2021 | 4,168 |
| Tadataka Yamada, M.D. | Director since June 2019 (deceased) Chair from Jan. 2020 until Jan. 2021 | 62,382 |
| **Ineligible Shares** | | **5,411,094** |

[2] Excluded entities appear to include Athira's employee retirement and/or benefit plans.  *See* Stip. at ¶ 1(ss) (docket no. 118-2); Prop. Notice at ¶¶ 22 & 40 (docket no. 118-2 at 65 & 69).

MINUTE ORDER - 3

necessary records and/or incentive to return completed claim forms. In addition, the "opt in" approach would bind individuals and entities that do not opt out of the settlement, while offering them no portion of the settlement funds if they do not return the requisite claim form.

   (d)  **Plan of Allocation**: The terms of the settlement do not specify how net proceeds will be distributed among class members, and the parties propose to allow the Court to modify the Plan of Allocation without notice to putative class members. *See* Stip. at ¶ 21 (docket no. 118-2) ("The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court."); *see also* Prop. Notice at ¶ 43 (docket no. 118-2 at 69) ("The Plan of Allocation . . . is the plan for the distribution of the Settlement proceeds that is being proposed by Lead Plaintiffs and Co-Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class."). Counsel shall address in the JSR (i) whether the parties have actually reached a settlement; (ii) whether the requirements of due process are satisfied when, pursuant to the proposed settlement, putative class members will not know how net settlement funds will be distributed prior to the deadlines for opting out of or objecting to the settlement; and (iii) given that defendants are precluded by the parties' settlement agreement from objecting to plaintiffs' proposed Plan of Allocation, *see* Stip. at ¶ 21 (docket no. 118-2), by what method the Court will be provided with any alternatives or suggested amendments.

   (e)  **Net Settlement Proceeds**: The parties have indicated the gross settlement amount ($10 million) and the attorney's fees and litigation costs that plaintiffs' counsel will seek ($3,333,333.33 plus $125,000 for a total of $3,458,333.33), but they have not provided enough information to calculate the anticipated net settlement proceeds or to understand how they have estimated an average recovery of $0.47 per eligible share of stock. *See* Prop. Notice at ¶ 3 (docket no. 118-2 at 60). In their JSR, the attorneys shall disclose how the proposed claims administrator, Strategic Claims Services, will be compensated and provide an anticipated total for settlement administration costs, as well as the amount of any taxes or other payments that will reduce the net recovery. They shall further set forth language that could be included in a notice to putative class members concerning how the average recovery per share is computed and the expected range (minimum and maximum) of payments among class members.

   (f)  **Nominal Amounts**: In the required JSR, the parties shall show cause why the Court should not decline to approve the proposed settlement, which would deny payment, during the initial round and any subsequent round of distribution of settlement funds, to class members whose Distribution Amount is

MINUTE ORDER - 4

below $10.00.  <u>See</u> Prop. Notice at ¶¶ 53 & 62 (docket no. 118-2 at 72 & 74).  The record contains no basis for distinguishing between $10.00 and $9.99.

      (g)    **Dispute Resolution**:  The attorneys shall show cause why the Court should not decline to approve a settlement pursuant to which disputes about the amounts of class member distributions must be resolved by the Court as opposed to the settlement or claims administrator.  <u>See</u> Pls.' Mot. at 14 (docket no. 118 at 21) (citing Stip. at ¶¶ 24(d)–(e) (docket no. 118-2)).

      (h)    **Cy Pres Recipient**:  Counsel shall explain why Public Justice Foundation is an appropriate *cy pres* recipient.  <u>See</u> <u>Nachshin v. AOL, LLC</u>, 663 F.3d 1034, 1036 (9th Cir. 2011) ("*Cy pres* distributions must account for the nature of the . . . lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity."); <u>see also</u> <u>Dennis v. Kellogg Co.</u>, 697 F.3d 858 (9th Cir. 2012).

      (i)    **Notices to Attorneys General**:  The parties shall show cause why the motion for preliminary approval of class settlement should not be denied without prejudice if the requisite notices of the proposed settlement have not been served on the appropriate federal and state officials pursuant to 28 U.S.C. § 1715.

      (j)    **Derivative Actions**:  Given the Court's rulings in this matter, counsel shall discuss in the required JSR what claims, if any, remain viable in the related shareholder derivative actions, <u>Bushansky v. Kawas</u>, C22-497 TSZ, and <u>Houlihan v. Kawas</u>, C22-620 TSZ, and to what extent the parties have explored the possibility of a global settlement.  The attorneys shall further provide language suitable for inclusion in a class notice that explains how the derivative litigation affects or might affect putative class members.

(2)    Plaintiffs' motion for preliminary approval of a proposed class settlement, docket no. 118, is RENOTED to June 30, 2023.  Any revised stipulation and agreement of settlement, any revised proposed notice to putative class members,[3] any revised claim

---

[3] The Court will not approve a form of notice that includes the following language or provisions: (i) verbiage suggesting that the notice or its content has the imprimatur of the Court, for example, "a Federal Court authorized this Notice," "The Court directed that this Notice be mailed to you," "The Court has directed us to send you this Notice"; (ii) directions to file materials with the Clerk of the Court, <u>see</u> Prop. Notice at ¶ 72 (docket no. 118-2), or indicating that materials may be inspected in the Clerk's Office, <u>id.</u> at ¶ 81; all correspondence and inquiry concerning this matter shall be directed to either counsel or the settlement/claims administrator; (iii) explanations suggesting that class members are "not personally liable" for attorney's fees or expenses, <u>see id.</u> at ¶ 64; such statement is not accurate because attorney's fees and expenses will be paid from the settlement fund, and those amounts would otherwise be distributed to class members; or (iv) any

MINUTE ORDER - 5

form, any previously-issued § 1715 notice, and redlined versions of such materials shall be attached to the JSR referenced in Paragraph 1, above.  In addition, contemporaneously with the JSR, the parties shall file **under seal** the following materials:  (i) the additional discovery provided to plaintiffs' counsel pursuant to the parties' Term Sheet, *i.e.*, documents that the Special Committee of Athira's Board of Directors considered in its investigation into the alleged misconduct, *see* Stip. at ¶ J (docket no. 118-2 at 6); and (ii) the Supplemental Agreement dated April 27, 2023, concerning the circumstances under which Athira may terminate the settlement.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 31st day of May, 2023.

Ravi Subramanian  
Clerk

s/Laurie Cuaresma  
Deputy Clerk

---

requirements that putative class members provide information about their shares as a condition of opting out of the settlement, *see id.* at ¶ 66, or file or submit written materials as a prerequisite to participating in or addressing the Court at any hearing concerning the proposed settlement, *see id.* at ¶¶ 74 & 75.

MINUTE ORDER - 6