# Exhibit 1

EXECUTION VERSION

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTONIO BACHAALANI NACIF and WIES RAFI, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>ATHIRA PHARMA, INC., et al.,<br><br>Defendants. | CASE NO.:  2:21-cv-00861-TSZ<br>(Consolidated with 21-cv-00862-TSZ and  21-cv-00864-TSZ) |

## AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT

This Amended Stipulation and Agreement of Settlement, dated as of December 15, 2023, (the "Amended Stipulation") is entered into by and among (a) Court-appointed lead plaintiffs Antonio Bachaalani Nacif and Wies Rafi (collectively, "Lead Plaintiffs") and additional plaintiff Hang Gao (together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); (b) Athira Pharma, Inc. ("Athira" or the "Company"); (c) Dr. Leen Kawas, Glenna Mileson, Dr. Tadataka Yamada, Joseph Edelman, James A. Johnson, and John M. Fluke, Jr. (the "Individual Defendants"); and (d) Goldman Sachs & Co. LLC, Jefferies LLC, Stifel, Nicolaus & Company, Inc., and JMP Securities LLC (the "Underwriter Defendants," together with Athira and Individual Defendants, "Defendants" and, Defendants together with Plaintiffs, the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned action (the

"Action"). This Amended Stipulation amends the parties' Stipulation and Agreement of Settlement, dated as of April 27, 2023 (the "Stipulation").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Amended Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted or that could have been asserted therein against Defendants.

WHEREAS:

A.      Plaintiff Gao filed a class action complaint on June 25, 2021 in the United States District Court for the Western District of Washington (the "Court"), styled *Fan Wang and Hang Gao v. Athira Pharma, Inc. et. al.*, Case No. 2:21-cv-00861, alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). ECF No. 1. Thereafter, complaints in the following actions were also filed: *Jawandha v. Athira Pharma, Inc., et al.*, Case No. 2:21-cv-00862-JCC (W.D. Wash.) and *Slyne et al. v. Athira Pharma, Inc., et al.*, 2:21-cv-00864-JLR (W.D. Wash.). The cases were consolidated by Order dated August 9, 2021, and assigned to the Honorable Thomas S. Zilly. ECF No. 15.

B.      By Order dated October 5, 2021, Nacif and Rafi were appointed Lead Plaintiffs, Labaton Sucharow LLP and Glancy Prongay & Murray LLP were approved as Co-Lead Counsel, and Breskin Johnson & Townsend, PLLC and Rossi Vucinovich, P.C. were approved as Liaison Counsel. ECF No. 60.

C.      On January 7, 2022, Lead Plaintiffs filed and served the operative consolidated amended complaint in this Action asserting claims against Athira and the Individual Defendants under Section 10(b) and Section 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, claims against all Defendants under Sections 11 and 12(a)(2) of the Securities Act of 1933 (the

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

"Securities Act") with respect to the Company's Initial Public Offering ("IPO") and Secondary Public Offering ("SPO"), and claims against the Individual Defendants under Section 15 of the Securities Act with respect to the Company's IPO and SPO (the "Complaint").    ECF No. 74. Among other things, the Complaint alleged that Defendants made materially false and misleading statements and/or failed to disclose that the Company's president and chief executive officer, Dr. Kawas, had improperly enhanced images in certain research papers she co-authored that were published from 2011 to 2014, which were referenced in certain applications by Washington State University ("WSU") for patents that were then exclusively licensed to Athira.  The Complaint further alleged that when the information regarding the allegedly enhanced images was disclosed, the Company's stock price was negatively impacted.

D.    Following briefing on the Defendants' motions to dismiss, the Court granted in part and denied in part Defendants' motions to dismiss on July 29, 2022 ("MTD Order").  ECF No. 89. The MTD Order denied Defendants' motion with respect to Lead Plaintiffs' claims under Sections 11 and 15 of the Securities Act against Dr. Kawas and Athira solely as to "Statement 3," which was contained in Athira's IPO and SPO Registration Statements and discussed Athira's exclusive patent licensing agreement with WSU.  MTD Order at 49.  The MTD Order granted Defendants' motions to dismiss with respect to Lead Plaintiffs' claims under Sections 11 and 15 of the Securities Act against Athira and Dr. Kawas with regard to all statements in the IPO and SPO Registration Statements other than "Statement 3."  In addition, the MTD Order dismissed all claims under Section 12(a)(2) of the Securities Act, all claims under the Exchange Act, all claims against the other Individual Defendants, and all claims against the Underwriter Defendants.

E.    On August 12, 2022, Dr. Kawas moved for partial reconsideration of the MTD Order (ECF No. 90), which Lead Plaintiffs opposed (ECF Nos. 92-93).

F.    Following the MTD Order and the denial of Dr. Kawas's motion for partial reconsideration of the MTD Order on October 4, 2022 (ECF No. 95), Athira and Dr. Kawas separately filed answers to the Complaint.  ECF Nos. 101-02.[2]

G.    Thereafter, the Private Securities Litigation Reform Act of 1995 ("PSLRA") discovery stay was lifted, and the remaining parties began discovery.  Discovery included the filing of a joint discovery plan, a protective order and ESI Protocol governing the production of electronic discovery.  Lead Plaintiffs and the remaining Defendants propounded requests for production of documents and interrogatories.  The remaining Defendants and Lead Plaintiffs responded to this discovery, including providing verified interrogatory responses and producing documents.  At the time the Settlement was reached, Lead Plaintiffs were preparing for class certification and fact depositions.

H.    On February 16, 2023, Co-Lead Counsel and counsel for the remaining Defendants participated in a full-day mediation session with Jed Melnick, Esq. of JAMS.  In advance of the session, the Lead Plaintiffs and the remaining Defendants exchanged, and provided to Mr. Melnick, detailed mediation statements and exhibits, which addressed issues of both liability and damages. The session culminated in an agreement in principle to settle the Action.

I.    Over the course of the next several weeks, the parties negotiated a term sheet (the "Term Sheet") containing the essential terms of the settlement, which was executed on February 28, 2023.

---

[2] The Underwriter Defendants filed a Motion for Entry of Final Judgment under Rule 54(b) on December 19, 2022.  ECF No. 105.  Following briefing on the motion, the Court entered an order deferring and renoticing the motion for March 17, 2023.  ECF No. 114.  Based on the proposed settlement, the Underwriter Defendants entered a stipulation to withdraw that motion without prejudice to refiling it if the settlement is not completed for any reason.

J.    In connection with the agreement in principle to settle the Action set forth in the Term Sheet, Athira also provided Co-Lead Counsel with additional document discovery, which consisted of documents the Special Committee of Athira's Board of Directors considered and relied on in its investigation into the conduct at issue.   Review of the additional documents produced by Athira, together with the previous discovery and Co-Lead Counsel's investigation to date, confirmed to Lead Plaintiffs and Co-Lead Counsel that the proposed settlement would be fair, reasonable and adequate to Lead Plaintiffs and the other members of the Settlement Class.

K.    On April 28, 2023, Lead Plaintiffs filed a motion for preliminary approval of the proposed settlement.   ECF No. 118.  On May 31, 2023, the Court issued a minute order ("Minute Order") raising certain questions and concerns about the proposed settlement. ECF No. 119.  The parties filed a Joint Status Report in response on June 30, 2023. ECF No. 122.

L.    By order dated September 27, 2023, ECF No. 123, the Court denied Lead Plaintiffs' motion for preliminary approval without prejudice to renew, if appropriate, after further settlement negotiations.  The Court questioned, *inter alia*, the treatment of claims under the Exchange Act relative to claims under the Securities Act given that, among other things, the Court had previously sustained the Section 11 claims based on the Company's IPO and SPO, but dismissed the Section 10(b) claims based on the same misstatements for lack of scienter.

M.    In light of the Court's denial of preliminary approval, the parties discussed the parameters of the proposed settlement and the scope of the proposed settlement class.  To advance a settlement and achieve a comprehensive resolution of the claims in the Action, in an abundance of caution, Lead Plaintiff Nacif invited Plaintiff Gao—who also holds Section 10(b) claims and would have been entitled to request exclusion from the proposed Settlement Class to pursue his own individual claims—to join him in representing the interests of class members with Exchange Act claims to negotiate their settlement.

N.      Following the Court's denial of preliminary approval, which rejected the proposed plan of allocation, the parties decided that the best way to avoid any potential conflicts of interest and reach the most appropriate allocation between claims under the Securities Act and claims under the Exchange Act was to engage in an arm's-length mediation process before Mr. Melnick, who had mediated the original settlement. In this process, the Securities Act claims were represented by Lead Plaintiff Wies Rafi (and his counsel, Glancy Prongay & Murray LLP), the Exchange Act claims were represented by Lead Plaintiff Antonio Nacif and Hang Gao (and their counsel, Labaton Sucharow LLP and Block & Leviton LLP, respectively), and defendants were represented by Defendant Athira (and their counsel Wilson Sonsini Goodrich & Rosati, P.C.)

O.      In advance of the mediation session, counsel for each of the parties submitted letter briefs supporting their views and Plaintiffs provided Mr. Melnick a summary of their damages expert report. On November 16, 2023, Mr. Melnick conducted a half-day mediation session, via Zoom videoconference. During the session, Counsel shared competing perspectives on the strengths and weaknesses of the class's claims under Exchange Act and Securities Act theories, the relative value of the claims, the amount of damages available under each, the number of potential Exchange Act and/or Securities Act claimants, the likelihood of a successful appeal of the Court's dismissal of the Exchange Act claims, and Defendants' reasons and motivations for settling and agreeing to the Settlement Amount. Following this process, Mr. Melnick determined that a fair and reasonable distribution of the Settlement Fund is to assign no less than ninety-one and a half percent (91.5%) of the net settlement proceeds to Securities Act claims and up to eight and a half percent (8.5%) of the net settlement proceeds to the Exchange Act claims.

P.      This Amended Stipulation (together with the exhibits hereto) reflects the final and binding agreement to settle among all Parties (the "Settlement").

6

Q.      Based upon their investigation, prosecution and mediation of the case, Plaintiffs and Co-Lead Counsel have concluded that the terms and conditions of this Amended Stipulation and the Settlement are fair, reasonable, and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Plaintiffs' direct oversight of the prosecution of this Action and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Amended Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

R.      This Amended Stipulation constitutes a compromise of matters that are in dispute between the Parties.  Defendants are entering into this stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing or liability, and this Amended Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants or any other of the Released Defendants' Parties with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  The Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.  Similarly, this Amended Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.  Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Plaintiffs in good faith and defended by

Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Released Defendants' Parties and all Released Defendants' Claims as against the Released Plaintiffs' Parties shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.    As used in this Amended Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)    "Action" means the consolidated securities class action in the matter styled *Nacif et al., v. Athira Pharma, Inc. et al.*, Case No.: 2:21-cv-00861-TSZ (W.D. Wash.), and includes all actions consolidated therein.

(b)    "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Amended Stipulation.

(c)    "Athira" or the "Company" means Athira Pharma, Inc.

(d)    "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved for payment from the Net Settlement Fund.

(e)    "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

8

     (f)     "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

     (g)     "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

     (h)     "Claims Administrator" means the firm retained by Lead Plaintiffs and Co-Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

     (i)     "Class Period" means the period from September 17, 2020 through June 17, 2021, inclusive.

     (j)     "Co-Lead Counsel" means the law firms of Glancy Prongay & Murray, LLP and Labaton Sucharow LLP.

     (k)     "Complaint" means the Consolidated Amended Complaint for Violations of the Federal Securities Laws filed by Lead Plaintiffs in the Action on January 7, 2022.

     (l)     "Court" means the United States District Court for the Western District of Washington.

     (m)     "Defendants" means Athira, the Individual Defendants, and the Underwriter Defendants.

     (n)     "Defendants' Counsel" means the law firms of Wilson Sonsini Goodrich & Rosati, P.C., Perkins Coie LLP, and DLA Piper LLP (US).

     (o)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 31 of this Amended Stipulation have been met and have occurred or have been waived.

(p)    "Escrow Account" means an account maintained at Citibank N.A. (Private Bank) wherein the Settlement Amount shall be deposited and held in escrow under the control of Co-Lead Counsel.

(q)    "Escrow Agent" means Citibank N.A. (Private Bank).

(r)    "Exchange Act Class" means all persons and entities who or which purchased or otherwise acquired Athira Pharma, Inc. publicly traded common stock during the period from March 17, 2021 through June 17, 2021, inclusive, and were damaged thereby.

(s)    "Exchange Act Period" means the period from March 17, 2021 through June 17, 2021, inclusive.

(t)    "Excluded Claim(s)" means (i) any claims relating to enforcement of the Settlement; (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; and (iii) any derivative claims asserted by shareholders on behalf of Athira in the related consolidated shareholder derivative lawsuits, captioned *Bushansky v. Kawas et al*., No. 2:22-cv-497-TSZ (W.D. Wash.) and *Houlihan v. Kawas et al.*, No. 2:22-cv-620-TSZ (W.D. Wash.).

(u)    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or

proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(v)    "Immediate Family" means any immediate family member as that term is defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii).

(w)    "Individual Defendants" means Dr. Leen Kawas, Glenna Mileson, Dr. Tadataka Yamada, Joseph Edelman, James A. Johnson, and John M. Fluke, Jr.

(x)    "Investment Vehicle" means any investment company or pooled investment fund, including, but not limited to, mutual funds, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which any of the Underwriter Defendants have, has or may have a direct or indirect interest, or as to which it or its affiliates may act as an investment advisor, but in which any of the Underwriter Defendants alone or together with their respective affiliates is not a majority owner or does not hold a majority beneficial interest.

(y)    "IPO" means Athira's September 2020 initial public offering.

(z)    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(aa)    "Lead Plaintiffs" means Antonio Bachaalani Nacif and Wies Rafi.

(bb)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Co-Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

(cc)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs and fees awarded by the Court.

(dd)    "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Settlement Class Members.

(ee)    "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Co-Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(ff)    "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(gg)    "Person" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(hh)    "Plaintiffs" means Wies Rafi, Antonio Bachaalani Nacif, and Hang Gao.

(ii)    "Plaintiffs' Counsel" means Labaton Sucharow LLP, Glancy Prongay & Murray LLP, Rossi Vucinovich, P.C., the Schall Law Firm, and Block & Leviton LLP.

(jj)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(kk)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(ll)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, Public Law No. 104-67, 109 Stat. 737 (codified as amended in scattered sections of 15 U.S.C.).

(mm)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(nn)    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(oo)    "Released Defendants' Parties" means (a) each Defendant; (b) the Immediate Family members (as defined above) of the Individual Defendants; (c) direct or indirect parent entities, subsidiaries, related entities, and affiliates of Athira and the Underwriter Defendants; (d) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her Immediate Family members; (e) for any of the entities listed in parts (a) through (d), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors,

supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, legal representatives, heirs, executors, administrators, and any controlling person thereof; and (f) any entity in which a Defendant has a controlling interest; all in their capacities as such.

(pp)    "Released Plaintiffs' Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, whether direct, representative, class, or individual in nature, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action; or (b) could have asserted in any court or forum, that arise out of or are based upon (i) the allegations, transactions, facts, matters or occurrences, representations or omissions set forth or referred to in the complaints filed in the Action, and (ii) the purchase, acquisition, sale, or holding of Athira publicly traded common stock during the Class Period or pursuant and/or traceable to the registration statements and prospectuses issued in connection with Athira's IPO or SPO.  Released Plaintiffs' Claims do not include: (a) any claims relating to enforcement of the Settlement; (b) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; and (c) any derivative claims asserted by shareholders on behalf of Athira in the related consolidated shareholder derivative lawsuits, captioned *Bushansky v. Kawas, et al.*, No. 2:22-cv-497-TSZ (W.D Wash.) and *Houlihan v. Kawas et al.*, No. 2:22-cv-620-TSZ (W.D. Wash.).

(qq)    "Released Plaintiffs' Parties" means (a) Plaintiffs, all Settlement Class members, Plaintiffs' Counsel, and (b) each of their respective family members, and their respective

general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, legal representatives, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

(rr)    "Releasee(s)" means each and any of the Released Defendants' Parties and each and any of the Released Plaintiffs' Parties.

(ss)    "Releases" means the releases set forth in ¶¶ 5-6 of this Amended Stipulation.

(tt)    "Securities Act Class" means all persons and entities who or which purchased or otherwise acquired Athira Pharma, Inc. publicly traded common stock during the period from September 17, 2020 through March 16, 2021, inclusive, and were damaged thereby.

(uu)    "Securities Act Period" means the time period from September 17, 2020 through March 16, 2021, inclusive.

(vv)    "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Amended Stipulation.

(ww)    "Settlement Amount" means $10,000,000 (ten million dollars) in cash.

(xx)    "Settlement Class" means all members of the Securities Act Class and all members of the Exchange Act Class.  Excluded from the Settlement Class are: (a) Defendants; (b) any Person who served as a partner, control person, executive officer and/or director of Athira or the Underwriter Defendants during the Class Period, and members of their Immediate Family; (c) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Athira and the Underwriter Defendants; (d) any entity in which the Defendants have or had a controlling interest; (e) any trust of which an Individual Defendant is the settlor or which is for the benefit of

15

an Individual Defendant and/or member(s) of their Immediate Family; (f) liability insurance carriers for Athira or the Individual Defendants; and (g) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (a) through (f) hereof.  Notwithstanding any provision to the contrary, (a) any Investment Vehicle shall not be excluded from the Settlement Class; and (b) "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants, including Athira's employee retirement and/or benefit plan(s).  Also excluded from the Settlement Class are any persons and entities who or which submit a valid request for exclusion from the Settlement Class that is accepted by the Court.

(yy)    "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(zz)    "Settlement Fund" means the Settlement Amount plus any and all interest or earnings thereon.

(aaa)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement and related matters.

(bbb)    "SPO" means Athira's January 2021 secondary public offering.

(ccc)    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(ddd)    "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Co-Lead Counsel in connection with determining the amount of, and paying,

any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(eee)    "Underwriter Defendants" mean Goldman Sachs & Co. LLC, Jefferies LLC, Stifel, Nicolaus & Company, Inc., and JMP Securities LLC.

(fff)    "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Released Defendant Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Released Defendants' Parties shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Released Defendants' Parties shall be deemed by operation of law to have

acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.        Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Co-Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.        Promptly upon execution of this Amended Stipulation, Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.        The obligations incurred pursuant to this Amended Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.        Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns, in their capacities as such only, shall be deemed to have, and by operation of law and of the Judgment or Alternate Judgment shall have,

fully, finally and unconditionally released as against the Defendants and the other Released Defendants' Parties each and every Released Plaintiffs' Claim, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants and other Released Defendants' Parties. This release shall not apply to any Excluded Claim.

6.    Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns, in their capacities as such only, shall be deemed to have, and by operation of law and of the Judgment or Alternate Judgment shall have, fully, finally and unconditionally released as against Plaintiffs and the other Released Plaintiffs' Parties each and every Released Defendants' Claim, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiffs' Parties. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.    Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Amended Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.    In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Released Defendants' Parties, Athira shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than thirty (30) calendar days after the later of: (a) the Court having entered an order preliminarily approving the Settlement, or (b) Wilson Sonsini Goodrich & Rosati having received the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA

routing number, account name and number, mailing instructions, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited. The portion of the Settlement Amount to be funded by Athira's and the Individual Defendants' insurance carriers (the "D&O Insurers") will be paid directly into the Escrow Account by the D&O Insurers.

## USE OF SETTLEMENT FUND

9.      The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-29 below.

10.      Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Amended Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury bills, a U.S. Treasury Fund, or a bank account that is either: (a) fully insured by the Federal Deposit Insurance Corporation; or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates. Defendants shall not bear any responsibility for, or liability related to, the investment of the Settlement Fund by the Escrow Agent.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Co-Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Co-Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Released Defendants' Parties shall not have any liability or responsibility for any such Taxes.  Upon written request, the relevant Defendants will provide to Co-Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Co-Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid as directed by Co-Lead Counsel, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Released Defendants' Parties shall have no responsibility or liability for the acts or omissions of Co-Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

13.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Released Defendants' Party, or any other person or entity who or

which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Co-Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Amended Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Released Defendants' Parties, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15.    Co-Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Co-Lead Counsel also will apply to the Court for payment of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, pursuant to the PSLRA, to be paid from (and out of) the Settlement Fund.  Co-Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the

subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Amended Stipulation.

16.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Co-Lead Counsel from the Settlement Fund immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Co-Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Amended Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Co-Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from counsel to Athira and Dr. Kawas notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Amended Stipulation and is not a condition of the Settlement embodied herein.  Neither Plaintiffs nor Co-Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

17.    Co-Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.  Released Defendants' Parties shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Settlement Fund.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.    As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Co-Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Athira's obligation to provide its securities holders records as provided in ¶ 19 below, none of the Defendants, nor any other Released Defendants' Parties, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members or Co-Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Co-Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Settlement Class as may be identified through reasonable effort.  Co-Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days of the date of entry of the Preliminary Approval Order, Athira shall provide or cause to be provided to the Claims Administrator in electronic format such as Excel (at no cost to the Settlement Fund, Co-Lead Counsel, Plaintiffs, the Settlement Class or the Claims Administrator) lists of shareholders of record of Athira publicly traded common stock during the Class Period, including purchasers in the IPO and SPO, to the extent such lists are reasonably available from Athira's stock transfer agent.

20.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim, in accordance with the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or such other plan of allocation as the Court approves.

21.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Amended Stipulation and it is not a condition of the Settlement or of this Amended Stipulation that any particular plan of allocation be approved by the Court.  Plaintiffs and Co-Lead Counsel may not cancel or terminate the Settlement (or this Amended Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Plaintiffs and Co-Lead Counsel will implement the plan of allocation that is approved by a Final order.  Defendants and the other Released Defendants' Parties shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Released Defendants' Parties, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

22.     Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Amended Stipulation and Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Defendants' Parties with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

23.    Co-Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to the jurisdiction of the Court. No Defendant, or any other Released Defendants' Party, shall be permitted to contest or object to any Claim Form, or any decision of the Claims Administrator or Co-Lead Counsel with respect to accepting or rejecting any Claim for payment by a Claimant.  Co-Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

24.    For purposes of determining the extent, if any, to which a Claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Co-Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Amended Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Amended Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Defendants' Parties with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by

first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)      Each Claim Form shall be submitted to and reviewed by the Claims Administrator, which shall determine, in accordance with this Amended Stipulation and the plan of allocation approved by Final order, the extent, if any, to which each Claim shall be allowed, subject to review by Co-Lead Counsel pursuant to subparagraph (e) below as necessary;

(d)      Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claims the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by Co-Lead Counsel if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)      If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by Co-Lead Counsel, which shall make a final determination of the claim dispute, in consultation with the Claims Administrator.

25.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and

discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

26.    Upon the Effective Date and thereafter, and in accordance with the terms of this Amended Stipulation, the plan of allocation approved by Final order, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

27.    Payment pursuant to the Amended Stipulation shall be final and conclusive against all Claimants. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Amended Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Released Defendants' Parties with respect to any and all of the Released Plaintiffs' Claims.

28.    No person or entity shall have any claim against Plaintiffs, Co-Lead Counsel, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Co-Lead Counsel, or the Released Defendants' Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Amended Stipulation, the plan of allocation approved by the Court, or any order of the Court. Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the

Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

29.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Claimants and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## **TERMS OF THE JUDGMENT**

30.     If the Settlement contemplated by this Amended Stipulation is approved by the Court, Co-Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## **CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

31.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     Athira and Dr. Kawas have not exercised their option to terminate the Settlement pursuant to the provisions of this Amended Stipulation (including the Amended Supplemental Agreement described in ¶ 35 below);

(d)     Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Amended Stipulation; and

(e)    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

32.    Upon the occurrence of all of the events referenced in ¶ 31 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

33.    If (i) Athira and Dr. Kawas exercise their right to terminate the Settlement as provided in this Amended Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Amended Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    The Settlement and the relevant portions of this Amended Stipulation shall be canceled and terminated.

(b)    Plaintiffs and Defendants shall revert to their respective positions in the Action as of February 28, 2023.

(c)    The terms and provisions of this Amended Stipulation, with the exception of this ¶ 33 and ¶¶ 14, 16, 37 and 57, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Amended Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)    Within thirty (30) calendar days after joint written notification of termination is sent by Defendants' Counsel and Co-Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Co-Lead Counsel consistent with ¶ 16

above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to such persons or entities as counsel for Athira may direct.  In the event that the funds received by Co-Lead Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the thirty (30) calendar days specified in this paragraph, those funds shall be refunded by the Escrow Agent to such persons or entities as counsel for Athira may direct immediately upon their deposit into the Settlement Fund consistent with ¶ 16 above.

34.    It is further stipulated and agreed that Plaintiffs, provided they unanimously agree, and Athira and Dr. Kawas, provided they unanimously agree, shall each have the right to terminate the Settlement and this Amended Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Amended Stipulation within thirty (30) calendar days of: (a) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's Final refusal to approve the Settlement or any material part thereof; (c) the Court's Final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by a Final order of the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by a Final order of the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, and the provisions of ¶ 33 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or payment of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

35.     In addition to the grounds set forth in ¶ 34 above, Athira shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Athira's confidential supplemental agreement with Plaintiffs (the "Amended Supplemental Agreement"), in accordance with the terms of that agreement.  The Amended Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Amended Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiffs and Athira concerning its interpretation or application, in which event the Parties shall submit the Amended Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

36.     In addition to the grounds set forth in ¶ 34 above, Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 8 above, but only if (a) Co-Lead Counsel has first notified Defendants' Counsel in writing of Plaintiffs' intent to terminate pursuant to this paragraph, and (b) the entire Settlement Amount is not deposited in the Escrow Account within five (5) business days after Co-Lead Counsel has provided such written notice.

## NO ADMISSION OF WRONGDOING OR LIABILITY

37.     Neither the Term Sheet, this Amended Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Amended Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Amended Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants or other Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of or otherwise constitute any presumption, concession, or admission by any of the Defendants or other Released Defendants' Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or other Released Defendants' Parties or in any way referred to for any other reason as against any of the Defendants or other Released Defendants' Parties, in any civil, criminal or administrative action or other proceeding;

(b)     shall be offered against Plaintiffs or any of the other Released Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of or otherwise constitute any presumption, concession or admission by Plaintiffs or any of the Released Plaintiffs' Parties that any of their claims are without merit, that any of the Defendants or other Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or any of the other Released Plaintiffs' Parties, in any civil, criminal or administrative action or other proceeding; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Amended Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

**MISCELLANEOUS PROVISIONS**

38.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Amended Stipulation and the terms of any exhibit attached hereto, the terms of the Amended Stipulation shall prevail.

39.    Athira and the Individual Defendants warrant that, as to the payments made or to be made by or on behalf of them, at the time of entering into this Amended Stipulation and at the time of such payment they, or to their knowledge any entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of Athira and the Individual Defendants and not by their counsel.

40.    In the event of the entry of a Final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Athira and the Individual Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Amended Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 33 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less

any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 33.

41.     The Parties intend this Amended Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Defendants and other Released Defendants' Parties with respect to the Released Plaintiffs' Claims.  Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Jed Melnick, Esq., and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

42.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

43.      The terms of the Settlement, as reflected in this Amended Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

44.      The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

45.      The administration and consummation of the Settlement as embodied in this Amended Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Amended Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund.

46.      The waiver by one Party of any breach of this Amended Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Amended Stipulation.

47.      This Amended Stipulation and its exhibits and the Amended Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Amended Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Amended Stipulation, its exhibits or the Amended Supplemental Agreement other than those contained and memorialized in such documents.

48.      This Amended Stipulation may be executed in one or more counterparts, including by a .pdf/.tif image of the signature transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

49.    This Amended Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

50.    The construction, interpretation, operation, effect and validity of this Amended Stipulation, the Amended Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of Washington without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

51.    Any action arising under or to enforce this Amended Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

52.    This Amended Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Amended Stipulation.

53.    All counsel and any other person executing this Amended Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Amended Stipulation to effectuate its terms.

54.    Co-Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Amended Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

55.     If any Party is required to give notice to another Party under this Amended Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

If to Plaintiffs or Co-Lead Counsel:    Glancy Prongay & Murray LLP
Attn:   Casey E. Sadler
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Email:  csadler@glancylaw.com

-and-

Labaton Sucharow LLP
Attn:  Michael P. Canty
140 Broadway
New York, New York 10005
Telephone:  (212) 907-0700
Email: mcanty@labaton.com

If to Athira and the Individual    Wilson Sonsini Goodrich & Rosati, P.C.
Attn:  Gregory L. Watts
Defendants Other than Dr. Kawas:    701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Telephone:  (206) 883-2500
Email:  gwatts@wsgr.com

-and-

Perkins Coie LLP
Attn:  Sean C. Knowles
If to Dr. Kawas:    1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  (206) 359-8000
Email:  sknowles@perkinscoie.com

-and-

If to the Underwriter Defendants:    DLA Piper LLP (US)
Anthony Todaro, Esq.
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Telephone:  (206) 839-4800
Email: Anthony.todaro@us.dlapiper.com

56.     Except as otherwise provided herein, each Party shall bear its own costs.

57.    Whether or not the Amended Stipulation is approved by the Court and whether or not the Amended Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Amended Stipulation confidential.

58.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

59.    Defendants shall be responsible for timely service of any notices that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"). Defendants shall notify Co-Lead Counsel and the Court as to the completion of any CAFA notice. Athira shall bear all cost and expenses associated with providing CAFA notice.

60.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Claimants is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Amended Stipulation. Each Claimants' tax obligations, and the determination thereof, are the sole responsibility of the Claimant, and it is understood that the tax consequences may vary depending on the particular circumstances of each Claimant.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Amended Stipulation to be executed, by their duly authorized attorneys, as of December 15, 2023.

Kara M. Wolke
Casey E. Sadler
Natalie S. Pang
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150

Email:  kwolke@glancylaw.com
Email:  csadler@glancylaw.com
Email:  npang@glancylaw.com

*Co-Lead Counsel and Counsel for Lead Plaintiff Wies Rafi*

_____
Michael P. Canty
Thomas G. Hoffman, Jr.
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Email:  mcanty@labaton.com
Email:  thoffman@labaton.com

*Co-Lead Counsel and Counsel for Lead Plaintiff Antonio Bachaalani Nacif*

_____
Jacob Walker
Michael Gaines
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600
Email: jake@blockleviton.com
Email: michael@blockleviton.com

*Counsel for Plaintiff Hang Gao*

_____
Gregory L. Watts, WSBA #43995
John C. Roberts, Jr., WSBA #44945
Tyre L. Tindall, WSBA #56357
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Telephone: (206) 883-2500
Email:  gwatts@wsgr.com
Email:  jroberts@wsgr.com
Email:  ttindall@wsgr.com

Email:  kwolke@glancylaw.com
Email:  csadler@glancylaw.com
Email:  npang@glancylaw.com

*Co-Lead Counsel and Counsel for Lead Plaintiff Wies Rafi*

_____

Michael P. Canty
Thomas G. Hoffman, Jr.
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Email:  mcanty@labaton.com
Email:  thoffman@labaton.com

*Co-Lead Counsel and Counsel for Lead Plaintiff Antonio Bachaalani Nacif*

_____

Jacob Walker
Michael Gaines
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600
Email: jake@blockleviton.com
Email: michael@blockleviton.com

*Counsel for Plaintiff Hang Gao*

_____

Gregory L. Watts, WSBA #43995
John C. Roberts, Jr., WSBA #44945
Tyre L. Tindall, WSBA #56357
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Telephone: (206) 883-2500
Email:  gwatts@wsgr.com
Email:  jroberts@wsgr.com
Email:  ttindall@wsgr.com

Email: kwolke@glancylaw.com
Email: csadler@glancylaw.com
Email: npang@glancylaw.com

*Co-Lead Counsel and Counsel for Lead Plaintiff Wies Rafi*

Michael P. Canty
Thomas G. Hoffman, Jr.
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Email: mcanty@labaton.com
Email: thoffman@labaton.com

*Co-Lead Counsel and Counsel for Lead Plaintiff Antonio Bachaalani Nacif*

Jacob Walker
Michael Gaines
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600
Email: jake@blockleviton.com
Email: michael@blockleviton.com

*Counsel for Plaintiff Hang Gao*

Gregory L. Watts, WSBA #43995
John C. Roberts, Jr., WSBA #44945
Tyre L. Tindall, WSBA #56357
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Telephone: (206) 883-2500
Email: gwatts@wsgr.com
Email: jroberts@wsgr.com
Email: ttindall@wsgr.com

*Attorneys for Defendant Athira Pharma, Inc., Glenna Mileson, Dr. Tadataka Yamada, Joseph Edelman, James A. Johnson, and John M. Fluke, Jr.*

Sean C. Knowles, WSBA #39893
Zachary E. Davison, WSBA #47873
Joseph E. Bringman, WSBA #15236
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: (206) 359-8000
Email:  sknowles@perkinscoie.com
Email:  zdavison@perkinscoie.com
Email:  jbringman@perkinscoie.com

*Attorneys for Defendant Dr. Leen Kawas*

Anthony Todaro, Esq.
**DLA Piper LLP (US)**
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Telephone: (206) 839-4800
Email: Anthony.todaro@us.dlapiper.com.com

*Attorneys for Defendants Goldman Sachs & Co. LLC, Jefferies LLC, Stifel, Nicolaus & Company, Inc., and JMP Securities LLC*

*Attorneys for Defendant Athira Pharma, Inc., Glenna Mileson, Dr. Tadataka Yamada, Joseph Edelman, James A. Johnson, and John M. Fluke, Jr.*

Sean C. Knowles, WSBA #39893
Zachary E. Davison, WSBA #47873
Joseph E. Bringman, WSBA #15236
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Email: sknowles@perkinscoie.com
Email: zdavison@perkinscoie.com
Email: jbringman@perkinscoie.com

*Attorneys for Defendant Dr. Leen Kawas*

Anthony Todaro /with permission
Anthony Todaro, Esq.
**DLA Piper LLP (US)**
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Telephone: (206) 839-4800
Email: Anthony.todaro@us.dlapiper.com.com

*Attorneys for Defendants Goldman Sachs & Co. LLC, Jefferies LLC, Stifel, Nicolaus & Company, Inc., and JMP Securities LLC*

# Exhibit A

**Exhibit A**

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTONIO BACHAALANI NACIF and WIES RAFI, Individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>ATHIRA PHARMA, INC., et al.,<br><br>                    Defendants. | CASE NO.:  2:21-cv-00861-TSZ<br>(Consolidated with 21-cv-00862-TSZ and 21-cv-00864-TSZ) |

**[PROPOSED SECOND REVISED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated class action is pending in this Court entitled *Nacif, et al., v. Athira Pharma, Inc., et al.*, Case No.: 2:21-cv-00861-TSZ (the "Action");

WHEREAS, (a) Court-appointed lead plaintiffs Antonio Bachaalani Nacif and Wies Rafi (collectively, "Lead Plaintiffs") and additional plaintiff Hang Gao (together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); (b) Athira Pharma, Inc. ("Athira" or the "Company"); (c) Dr. Leen Kawas Glenna Mileson, Dr. Tadataka Yamada, Joseph Edelman, James A. Johnson, and John M. Fluke, Jr. (the "Individual Defendants"); and (d) Goldman Sachs & Co. LLC, Jefferies LLC, Stifel, Nicolaus & Company, Inc., and JMP Securities LLC (the "Underwriter Defendants," together with Athira and the Individual Defendants, "Defendants" and, together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action and related claims with prejudice on the terms and

conditions set forth in the Amended Stipulation and Agreement of Settlement dated December 15, 2023 (the "Amended Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Amended Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Amended Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Amended Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **<u>Class Certification for Settlement Purposes</u>** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of: (a) all persons and entities who or which purchased or otherwise acquired Athira Pharma, Inc. publicly traded common stock during the period from September 17, 2020 through March 16, 2021, inclusive, and were damaged thereby (the "Securities Act Class") and (b) all persons and entities who or which purchased or otherwise acquired Athira Pharma, Inc. publicly traded common stock during the period from March 17, 2021 through June 17, 2021, inclusive, and were damaged thereby (the "Exchange Act Class").  Excluded from the Settlement Class are: (a) Defendants; (b) any person who served as a partner, control person, executive officer and/or director of Athira or the Underwriter Defendants during the Class Period, and members of their Immediate Family; (c) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Athira and the Underwriter Defendants; (d) any entity in which the Defendants have or had a controlling interest; (e) any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Family; (f) liability insurance carriers for Athira or the Individual Defendants; and (g) the legal representatives, heirs, successors, and assigns of any person or entity excluded under

provisions (a) through (f) hereof.  Notwithstanding any provision to the contrary, (a) any Investment Vehicle shall not be excluded from the Settlement Class; and (b) "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants, including Athira's employee retirement and/or benefit plan(s).  Also excluded from the Settlement Class are any persons and entities who or which submit a valid request for exclusion from the Settlement Class that is accepted by the Court.

2. **<u>Class Findings</u>** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiff Wies Rafi in the Action are typical of the claims of the Securities Act Class and the claims of Plaintiffs Antonio Bachaalani Nacif and Hang Gao in the Action are typical of the claims of the Exchange Act Class; (d) Plaintiffs and Co-Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiff Wies Rafi is an adequate class representative of the Securities Act Class and Plaintiffs Antonio Bachaalani Nacif and Hang Gao are adequate class representatives of the Exchange Act Class, and certifies them as Class Representatives.  The Court also appoints Co-Lead Counsel Glancy Prongay & Murray, LLP and Labaton Sucharow LLP as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Amended Stipulation, and finds that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing to be conducted, as described below.

3

5.    **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2024 at __:__ _.m. in Courtroom 15206 of the United States Courthouse, 700 Stewart Street, Seattle, WA 98101, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Amended Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Amended Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Co-Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.    The Court may adjourn the Settlement Hearing without further individual notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further individual notice to the Settlement Class.  Any changes to the scheduling of the Settlement Hearing or modifications to the Settlement shall be posted on the website for the Settlement.

7.    **Retention of Claims Administrator and Manner of Giving Notice** – Co-Lead Counsel are hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Co-Lead Counsel as follows:

(a)    within five (5) business days of the date of entry of this Order, Athira shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Co-Lead Counsel, Plaintiffs, the Settlement Class or the Claims Administrator) lists of purchasers of record of Athira publicly traded common stock during the Class Period,

4

including in the IPO and SPO, to the extent such lists are reasonably available from Athira's stock transfer agent;

(b)    not later than ten (10) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Athira or in the records which Athira caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)    contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)    not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Co-Lead Counsel's motion for attorneys' fees and payment of Litigation Expenses, of their right to exclude themselves from

the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, Public Law No. 104-67, 109 Stat. 737 (codified as amended in scattered sections of 15 U.S.C.), and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Athira publicly traded common stock during the Class Period, including in the IPO and the SPO, for the benefit of another person or entity shall, within seven (7) calendar days of receipt of the Notice either: (a) request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) send a list of the names and addresses of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees that choose to follow procedure (a) shall also send a statement to the Claims Administrator confirming that the mailing was made as directed. Upon full and timely compliance with this Order, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet mailed; $0.05 per name, address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court. Nominees are not authorized to print the Notice Packet themselves for mailing. Notice Packets may only be printed by the Claims Administrator.

10.      **<u>Participation in the Settlement</u>** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than seven (7) calendar days before the Settlement Hearing.  Notwithstanding the foregoing, Co-Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11.      Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Co-Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Claimant must be included in the Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.      Co-Lead Counsel, in consultation with the Claims Administrator, shall review any disputed claims upon request by claimants.

13.      Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Amended Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto,

7

including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants and other Released Defendants' Parties, as more fully described in the Amended Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

14. **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Athira Pharma Securities Litigation*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in the *Athira Pharma Securities Litigation*, Case No. 2:21-cv-00861-TSZ"; (iii) state the number of shares of Athira common stock that the person or entity requesting exclusion purchased/acquired and sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

15. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

16. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have

waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Amended Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants or other Released Defendants' Parties, as more fully described in the Amended Stipulation and Notice.

17.    **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Co-Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below.  Any Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

18.    Any Settlement Class Member who does not request exclusion from the Settlement Class may submit a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Co-Lead Counsel's motion for attorneys' fees and payment of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and payment of Litigation Expenses unless that person or entity has served copies of such objection on Co-Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Co-Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Glancy Prongay & Murray LLP | Wilson Sonsini Goodrich & Rosati, P.C. |
| Casey E. Sadler, Esq. | Gregory L. Watts, Esq. |
| 1925 Century Park East, Suite 2100 | 701 Fifth Avenue, Suite 5100 |

9

| | |
|---|---|
| Los Angeles, CA 90067 | Seattle, WA  98104-7036 |
| -and- | -and- |
| Labaton Sucharow LLP | Perkins Coie LLP |
| Michael P. Canty, Esq. | Sean C. Knowles, Esq. |
| 140 Broadway | 1201 Third Avenue, Suite 4900 |
| New York, New York 10005 | Seattle, WA  98101-3099 |
| | -and- |
| | DLA Piper LLP (US) |
| | Anthony Todaro, Esq. |
| | 701 Fifth Avenue, Suite 6900 |
| | Seattle, WA 98104-7029 |

19.    Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Athira common stock that the objecting Settlement Class Member purchased/acquired and sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  Objectors who desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20.    Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Amended Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants and other Released Defendants' Parties.

22.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement, as well as in administering the Settlement, shall be paid as set forth in the Amended Stipulation without further order of the Court.

23.    **Settlement Fund** – The contents of the Settlement Fund held by Citibank N.A. (Private Bank), as Escrow Agent, shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Amended Stipulation and/or further order(s) of the Court.

24.    **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting forms for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court and in a manner consistent with the provisions of the Amended Stipulation.

25.    **Termination of Settlement** – If the Settlement is terminated as provided in the Amended Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Amended Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of February 28, 2023, as provided in the Amended Stipulation.

26.    **Use of this Order** – Neither this Order, the Term Sheet, the Amended Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained

therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Amended Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Amended Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):   (a) shall be offered against Defendants or any of the other Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or other Released Defendants' Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or other Released Defendants' Parties or in any way referred to for any other reason as against any of the Defendants or other Released Defendants' Parties, in any civil, criminal or administrative action or other proceeding; (b) shall be offered against Plaintiffs or any of the other Released Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs or other Released Plaintiffs' Parties that any of their claims are without merit, that any of the Defendants or the other Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs and any of the Released Plaintiffs' Parties, in any civil, criminal or administrative action or other proceeding; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Amended Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27.    **Supporting Papers** – Co-Lead Counsel shall file and serve the opening papers in support of approval of the proposed Settlement, the Plan of Allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses no later than thirty-five

(35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 20____.

_____
The Honorable Thomas S. Zilly
United States District Judge

13

# Exhibit A-1

**Exhibit 1**

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTONIO BACHAALANI NACIF and WIES RAFI, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ATHIRA PHARMA, INC., et al., <br><br> Defendants. | CASE NO.:  2:21-cv-00861-TSZ (Consolidated with 21-cv-00862-TSZ and 21-cv-00864-TSZ) |

**[SECOND REVISED] NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF LITIGATION EXPENSES**

*This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Western District of Washington (the "Court"), if you purchased or otherwise acquired Athira Pharma, Inc. ("Athira" or the "Company") publicly traded common stock  during the period from September 17, 2020 through June 17, 2021, inclusive (the "Class Period"), and were damaged thereby.[1]

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Amended Stipulation and Agreement of Settlement dated

NOTICE OF SETTLEMENT:  Please also be advised that the Court-appointed lead plaintiffs, Antonio Bachaalani Nacif and Wies Rafi (collectively, "Lead Plaintiffs"), and additional plaintiff Hang Gao (together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 24 below), have reached a proposed settlement of the Action for $10,000,000 in cash that, if approved, will resolve all claims in the Action and related claims (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, Athira, any other Defendants in the Action, or their counsel.  All questions should be directed to Co-Lead Counsel or the Claims Administrator (*see* ¶¶ 8 and 88 below).**

1.  **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that Defendants[2] violated the federal securities laws by making false and misleading statements related to allegedly altered images in certain research papers co-authored by Dr. Kawas. A more detailed description of the Action is set forth in paragraphs 13-23 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 24 below.

2.  **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $10,000,000 in cash (the "Settlement Amount") which Athira shall pay or cause to be paid into an escrow account.  The Net Settlement Fund, *i.e.*, the Settlement Amount plus any and all interest earned thereon (estimated at approximately $500,000 assuming U.S. T-Bill yields of 5% over the span of one year) (the "Settlement Fund") less (a) any Taxes (estimated at approximately $200,000), (b) any Notice and Administration Costs (estimated at approximately $200,000), (c) any Litigation Expenses, including awards to Plaintiffs pursuant to the PSLRA, awarded by the Court (estimated at no more than $235,000), and (d) any attorneys' fees awarded by the Court (estimated at no more than 33⅓% of the Settlement Fund), which would total approximately $6,526,467, will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __-__ below.

---

December 15, 2023 (the "Amended Stipulation"), which is available at www.AthiraSecuritiesSettlement.com.

[2]  Dr. Kawas, Glenna Mileson, Dr. Tadataka Yamada, Joseph Edelman, James A. Johnson, and John M. Fluke, Jr. are collectively referred to herein as the "Individual Defendants." Claims were also brought against Goldman Sachs & Co. LLC, Jefferies LLC, Stifel, Nicolaus & Company, Inc., and JMP Securities LLC (collectively, the "Underwriter Defendants," and together with Athira and the Individual Defendants, the "Defendants").  With the exception of Dr. Kawas and Athira, the Court dismissed all claims against the Individual Defendants and Underwriter Defendants in a July 29, 2022 order that granted in part and denied in part the Defendants' motions to dismiss.

3. As discussed below, pursuant to the proposed Plan of Allocation, the settlement proceeds available for payment of claims pursuant to the Securities Exchange Act of 1934 (the "Exchange Act Claims") shall be limited to a total amount of up to 8.5% of the Net Settlement Fund (the "Exchange Act Allocation") and no less than 91.5% of the Net Settlement Fund (the "Securities Act Allocation") will be available for payment of claims pursuant to the Securities Act of 1933 (the "Securities Act Claims").

4. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' consulting damages expert's estimates of the number of shares of Athira publicly traded common stock purchased during the Class Period that may have been affected by the conduct at issue in the Action (21,360,000 shares), the allocations of the Net Settlement Fund proposed in the Plan of Allocation, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average gross recovery (before accrued interest or the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.72 for Securities Act Claims and $0.10 for Exchange Act Claims.[3] The estimated average net recovery per eligible share may be $0.47 for Securities Act Claims and $0.06 for Exchange Act Claims, after factoring in estimated interest and the deduction of any Court-approved fees, expenses and costs as described herein. Accordingly, a Class Member with a Securities Act Claim who purchased 1,000 eligible shares may receive a payment of $470.00 and a Class Member with an Exchange Act Claim who purchased 1000 eligible shares may receive a payment of $60.00. According to the Plan of Allocation, the smallest payment will be $10.00 and Lead Plaintiffs' consulting damages expert has estimated that Athira's largest publicly known investor could recover approximately $408,000.

5. Settlement Class Members should note, however, that the foregoing average recoveries per share are only estimates. Some Settlement Class Members may recover more or less than these estimated amounts depending on, among other factors, the number of shares of Athira common stock they purchased, when and at what prices they purchased/acquired or sold their Athira common stock, and the total number and value of valid Claims submitted. Distributions from the Net Settlement Fund to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be approved by the Court.

6. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants disagree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

7. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, who have been prosecuting the Action on a wholly contingent basis since its inception in 2021, have not received any payment of attorneys' fees for their work on behalf of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed lead counsel, Glancy Prongay & Murray, LLP and Labaton Sucharow LLP (collectively, "Co-Lead Counsel"), will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Co-Lead Counsel will apply for payment of

---

[3] It is estimated that approximately 12,790,000 million shares were allegedly damaged under the Securities Act Claims and 8,570,000 shares were allegedly damaged under the Exchange Act Claims.

Litigation Expenses in an amount not to exceed $235,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs related to their representation of the Settlement Class of no more than $30,000 in the aggregate. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Estimates of the average cost per affected share of Athira common stock, if the Court approves Co-Lead Counsel's fee and expense application, is $0.16 per eligible share.

8. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by Casey E. Sadler, Esq. of Glancy Prongay & Murray, LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888) 773-9224, settlements@glancylaw.com; and Michael P. Canty, Esq., of Labaton Sucharow LLP, 140 Broadway, New York, New York 10005, (888) 219-6877, settlementquestions@labaton.com.

9. **Reasons for the Settlement:** The Court did not finally decide in favor of Plaintiffs or Defendants. Instead, the Parties have agreed to settle. Plaintiffs' principal reason for entering into the Settlement is the substantial certain cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. The substantial cash benefit must be considered against the significant risk that a smaller recovery—or no recovery at all—might be achieved after contested motions, a trial and the likely appeals that would follow a trial. This process could last several years. The Defendants deny the allegations that they made any material misstatements or omissions; that any member of the Settlement Class has suffered any damages; or that the price of Athira stock was artificially inflated by reason of any alleged misstatements or omissions. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2024.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member, you will be bound by the Settlement and you will give up any Released Plaintiffs' Claims (defined in ¶ 29 below) that you have against Defendants and the other Released Defendants' Parties (defined in ¶ 30 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST THAT IS *RECEIVED* NO LATER THAN _____, 2024.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or the other Released Defendants' Parties concerning the Released Plaintiffs' Claims. |

| | |
|---|---|
| **SUBMIT A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2024 AT __:__ __.M.** | The Court will hold a final Settlement Hearing on _____, 2024 at __: __ __.m. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do nothing, you will not receive a payment.  You will, however, remain in the Settlement Class and give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?  Page __
What Is This Case About?  Page __
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class?  Page __
What Might Happen If There Were No Settlement?  Page __
How Are Settlement Class Members Affected By The Action
   And The Settlement?  Page __
How Do I Participate In The Settlement?  What Do I Need To Do?  Page __
How Much Will My Payment Be?  Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
  How Will The Lawyers Be Paid?  Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself?  Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
   How Do I Object?  May I Speak At
   The Hearing If I Don't Like The Settlement?  Page __
What If I Bought Shares On Someone Else's Behalf?  Page __
Whom Should I Contact If I Have Questions?  Page __

## WHY DID I GET THIS NOTICE?

10.   This Notice has been mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Athira common stock during the Class Period.  As a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.

11.    The purpose of this Notice is to inform you of the existence of this class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It also informs you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Co-Lead Counsel for an award of attorneys' fees and Litigation Expenses (the "Settlement Hearing").  *See* paragraph 77 below for details about the Settlement Hearing, including the date and location of the hearing.

12.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim or defense in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

13.    The Action was commenced by the filing of a class action complaint on June 25, 2021 in the United States District Court for the Western District of Washington (the "Court"), styled *Fan Wang and Hang Gao v. Athira Pharma, Inc. et. al*., Case No. 2:21-cv-00861.  Two other class action complaints—styled *Jawandha v. Athira Pharma, Inc. et al*., Case No. 2:21-cv-00862, and *Slyne v. Athira Pharma, Inc., et al*., Case No. 2:21-cv-00864—were also filed in the Court.  The Court subsequently consolidated these three cases.

14.    By Order dated October 5, 2021, Antonio Bachaalani Nacif and Wies Rafi were appointed Lead Plaintiffs, Labaton Sucharow LLP and Glancy Prongay & Murray, LLP were approved as Co-Lead Counsel, and Rossi Vucinovich, P.C. was approved as Liaison Counsel.

15.    On January 7, 2022, Lead Plaintiffs filed and served the operative consolidated amended complaint in the Action.  It asserted claims against Athira and the Individual Defendants under Section 10(b) and Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, claims against all Defendants under Sections 11 and 12(a)(2) of the Securities Act of 1933 (the "Securities Act") with respect to the Company's Initial Public Offering ("IPO") and Secondary Public Offering ("SPO"), and claims against the Individual Defendants under Section 15 of the Securities Act with respect to the Company's IPO and SPO (the "Complaint").  Among other things, the Complaint alleged that Defendants made materially false and misleading statements and/or failed to disclose that the Company's president and chief executive officer, Dr. Kawas, had improperly enhanced images in certain research papers she co-authored that were published from 2011 to 2014, which were referenced in certain applications by Washington State University ("WSU") for patents that were then exclusively licensed to Athira. The Complaint further alleged that, when information regarding the allegedly enhanced images was publicly disclosed, the Company's stock price was negatively impacted.

16.    Following briefing on Defendants' motions to dismiss the Complaint, the Court granted in part and denied in part those motions on July 29, 2022 (the "MTD Order").  The MTD Order denied Defendants' motions with respect to Lead Plaintiffs' claims under Sections 11 and 15 of the Securities Act against Dr. Kawas and Athira solely as to "Statement 3," which was contained

in Athira's IPO and SPO Registration Statements and discussed Athira's exclusive patent licensing agreement with WSU. The MTD Order granted Defendants' motions to dismiss with respect to Lead Plaintiffs' claims under Sections 11 and 15 of the Securities Act against Dr. Kawas and Athira with regard to all statements in the IPO and SPO Registration Statements other than "Statement 3." In addition, the MTD Order dismissed all claims under Section 12(a)(2) of the Securities Act, all claims under the Exchange Act, all claims against the other Individual Defendants, and all claims against the Underwriter Defendants.

17.   Following the MTD Order and the denial of Dr. Kawas's subsequent motion for partial reconsideration of the order, Athira and Dr. Kawas separately filed answers to the Complaint.

18.   Thereafter, the Private Securities Litigation Reform Act of 1995 ("PSLRA") discovery stay was lifted and the remaining parties began discovery. Lead Plaintiffs and the remaining Defendants propounded requests for production of documents and interrogatories. The remaining Defendants and Lead Plaintiffs responded to this discovery, including providing verified interrogatory responses and producing documents. At the time the settlement was reached, Lead Plaintiffs were preparing for class certification and fact depositions.

19.   On February 16, 2023, Lead Plaintiffs and the remaining Defendants participated in a full-day mediation session with Jed Melnick, Esq. of JAMS. In advance of the session, Lead Plaintiffs and the remaining Defendants exchanged and provided to the mediator detailed mediation statements and exhibits, which addressed issues of both liability and damages. The session culminated in an agreement in principle to settle the Action.

20.   Over the course of the next several weeks, the parties negotiated a term sheet (the "Term Sheet") containing the essential terms of the settlement, which was fully executed on February 28, 2023.

21.   In connection with the agreement in principle to settle the Action set forth in the Term Sheet, Athira also provided Co-Lead Counsel with additional document discovery, which consisted of documents that the Special Committee of Athira's Board of Directors considered and relied on in its investigation into the conduct at issue. Review of the additional documents produced by Athira, together with the previous discovery and Co-Lead Counsel's investigation to date, has confirmed for Lead Plaintiffs and Co-Lead Counsel that the Settlement is fair, reasonable and adequate to Plaintiffs and the other members of the Settlement Class.

22.   Defendants are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing or liability, and the Amended Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Released Defendants' Parties (defined in ¶ 30 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Amended Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

23.  On _____, 202___, the Court preliminarily approved the Settlement and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

24.  If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

(a) all persons and entities who or which purchased or otherwise acquired Athira Pharma, Inc. publicly traded common stock during the period from September 17, 2020 through March 16, 2021, inclusive, and were damaged thereby (the "Securities Act Class") and (b) all persons and entities who or which purchased or otherwise acquired Athira Pharma, Inc. publicly traded common stock during the period from March 17, 2021 through June 17, 2021, inclusive, and were damaged thereby (the "Exchange Act Class").

Excluded from the Settlement Class are: (a) Defendants; (b) any person who served as a partner, control person, executive officer and/or director of Athira or the Underwriter Defendants during the Class Period, and members of their Immediate Family; (c) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Athira and the Underwriter Defendants; (d) any entity in which the Defendants have or had a controlling interest; (e) any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Family; (f) liability insurance carriers for Athira or the Individual Defendants; and (g) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (a) through (f) hereof.  Notwithstanding any provision to the contrary, (a) any Investment Vehicle shall not be excluded from the Settlement Class; and (b) "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants, including Athira's employee retirement and/or benefit plan(s).  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE A PAYMENT.**

---

**WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?**

---

25.  If there were no Settlement, the expense and length of continued proceedings necessary to pursue Plaintiffs' claims against the remaining Defendants through trial and appeals would be substantial.  Additionally, the Court's MTD Order left only one actionable allegedly false and misleading statement from Athira's IPO materials and SPO materials, which was related to Athira's exclusive patent licensing agreement with WSU.  Defendants had numerous avenues of attack that could preclude a recovery as to this statement.  For example, they would likely assert that the statement was not materially false and misleading.  Even if the hurdles to establishing

liability were overcome, the amount of damages that could be attributed to the allegedly false statement would be hotly contested. Plaintiffs would also have to prevail at several stages before any money could be recovered—motions for class certification and summary judgment, trial, and if they prevailed on those, in the appeals that were likely to follow. If Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all. Thus, there were very significant risks to the continued prosecution of the Action.

---

### HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
### BY THE ACTION AND THE SETTLEMENT?

---

26. As a Settlement Class Member, you are represented by Lead Plaintiffs and Co-Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

27. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and related claims and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns, in their capacities as such only, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and unconditionally released as against the Released Defendants' Parties (as defined in ¶ 30 below) each and every Released Plaintiffs' Claim (as defined in ¶ 29 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.

28. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," below.

29. "Released Plaintiffs' Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, whether direct, representative, class, or individual in nature, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action; or (b) could have asserted in any court or forum, that arise out of or are based upon (i) the allegations, transactions, facts, matters or occurrences, representations or omissions set forth or referred to in the complaints filed in the Action, and (ii) the purchase, acquisition, sale, or holding of Athira publicly traded common stock during the Class Period or pursuant and/or traceable to the registration statements and prospectuses issued in connection with Athira's IPO or SPO. Released Plaintiffs' Claims do not include: (a) any claims relating to enforcement of the Settlement; (b) any claims of any person

9

or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; and (c) any derivative claims asserted by shareholders on behalf of Athira in the related consolidated shareholder derivative lawsuits, captioned *Bushansky v. Kawas et al.*, Case No. 2:22-cv-497-TSZ (W.D. Wash.) and *Houlihan v. Kawas et al.*, Case No. 2:22-cv-620-TSZ (W.D. Wash.).

30.    "Released Defendants' Parties" means (a) each Defendant; (b) the Immediate Family members of the Individual Defendants; (c) direct or indirect parent entities, subsidiaries, related entities, and affiliates of Athira and the Underwriter Defendants;  (d) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her Immediate Family members; (e) for any of the entities listed in parts (a) through (d), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, legal representatives, heirs, executors, administrators, and any controlling person thereof; and (f) any entity in which a Defendant has a controlling interest; all in their capacities as such.

31.    "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Released Defendant Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Released Defendants' Parties shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Released Defendants' Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

32.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants and the other Released Defendants' Parties, on behalf of themselves and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns, in their capacities as such only, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and unconditionally released as against Plaintiffs and the other Released Plaintiffs' Parties (as defined in ¶ 34 below) each and every Released Defendants' Claim (as defined in ¶ 33 below),

10

and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiffs' Parties.

33.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

34.    "Released Plaintiffs' Parties" means (a) Plaintiffs, all Settlement Class members, Plaintiffs' Counsel, and (b) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, legal representatives, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

35.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation to the Claims Administrator **postmarked or submitted online using the Settlement website no later than _____, 2024**.  A Claim Form is included with this Notice, or you may obtain one from the website for the Settlement, www.AthiraSecuritiesSettlement.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at (866) 274-4004.  Please retain all records of your ownership of and transactions in Athira common stock, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

36.    At this time, it is not possible to make a precise determination as to how much any individual Settlement Class Member may receive from the Settlement.  An estimate of the average per share recoveries is set forth in paragraph 4 above.

37.    Pursuant to the Settlement, Athira has agreed to pay or cause the payment of ten million dollars ($10,000,000) in cash.  The Settlement Amount plus any interest or earnings thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in

connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation set forth below or such other plan of allocation as the Court may approve.

38. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

39. Neither Athira, the Individual Defendants, nor any other entity that paid any portion of the Settlement Amount on their behalf is entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

40. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

41. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2024 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Amended Stipulation, including the terms of any judgment entered and the releases given. *See* ¶¶ 27–34 above.

42. Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Athira common stock held through the ERISA Plan in any Claim Form that they submit. They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan. Athira's employee retirement and/or benefit plan(s) are excluded from the Settlement Class.

43. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds any Claim. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim.

44. Only Settlement Class Members will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition, or that exclude themselves from the Settlement Class pursuant to request, will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. Athira common stock is the only security included in the Settlement.

## PROPOSED PLAN OF ALLOCATION

45. The Plan of Allocation (the "Plan of Allocation" or "Plan") set forth below is the plan for the distribution of the Net Settlement Fund that is being proposed by Plaintiffs and Co-Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it. Any order modifying the Plan of Allocation will be posted on the Settlement website at: www.AthiraSecuritiesSettlement.com.

46.    The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making pro rata allocations of the Net Settlement Fund.

47.    Based on the provisions set forth in this Plan, a "Recognized Loss Amount" shall be calculated by the Claims Administrator for each purchase or acquisition of Athira common stock during the relevant time periods that is listed in the Claim Form and for which adequate documentation is provided.

48.    **Securities Act Claims**: Shares of Athira common stock purchased or otherwise acquired (i) directly from an underwriter in the IPO or the SPO,[4] or (ii) in the open market during the period from September 17, 2020 through March 16, 2021, inclusive, shall be considered an acquisition of Athira common stock that is traceable to the IPO and/or SPO offering materials and is eligible for a recovery under the Securities Act (the "Securities Act Claims").[5]   Acquisitions of Athira common stock on or after March 17, 2021 are not eligible for a recovery under the Securities Act. The time period from September 17, 2020 through March 16, 2021, inclusive, is the "Securities Act Period."  The Recognized Loss Amounts for the Securities Act Claims shall be calculated as described below in "Calculation of Recognized Loss Amount Per Share Under the Securities Act." The sum of a Claimant's Recognized Loss Amounts Per Share Under the Securities Act will be the Claimant's Securities Act Claim.

49.    In the Calculation of Recognized Loss Amount Per Share Under the Securities Act, the "Offering Price" shall be $17.00 (*i.e.*, the IPO offering price) for shares of Athira common stock acquired prior to January 21, 2021.  The Offering Price shall be $22.50 (*i.e.*, the SPO offering price) for shares of Athira common stock acquired directly from an underwriter pursuant to the SPO.[6]   For all other shares of Athira common stock acquired during the period from January 21,

---

[4] Sufficient documentation must be provided to the Claims Administrator.

[5] In September 2020, Athira commenced the initial public offering of its common stock, in which it sold and issued a total of 13,397,712 shares at a price to the public of $17.00 per share (the "IPO").  The Company's common stock began publicly trading on the Nasdaq Global Select Market under the symbol "ATHA" on September 18, 2020.  On January 21, 2021, Athira commenced a follow-on public offering of its common stock, in which it sold and issued a total of 4,600,000 shares at a price to the public of $22.50 per share (the "SPO").  On March 17, 2021, prior to market open, certain lock-up agreements entered into in connection with Athira's IPO expired, and as a result, a significant portion of shares of the Company's common stock not registered with the SEC in connection with its IPO or SPO became available for resale.  (*See* Athira Pharma, Inc., SEC Form 10-K, filed March 25, 2021, p. 100.)

[6] Sufficient documentation must be provided to the Claims Administrator.

2021 through March 16, 2021, inclusive, the Offering Price shall be $18.41, which is the weighted average of the IPO and SPO offering price.

50. **Exchange Act Claims**: The Recognized Loss Amount for shares of Athira common stock purchased or otherwise acquired during the period from March 17, 2021 through June 17, 2021, inclusive, (called the Exchange Act Period) shall be calculated as described below in "Calculation of Recognized Loss Amount Per Share Under the Exchange Act." The sum of a Claimant's Recognized Loss Amounts Per Share Under the Exchange Act will be the Claimant's Exchange Act Claim.

51. As also discussed in paragraph 67 below, the settlement proceeds available for payment of the Exchange Act Claims shall be limited to a total amount of up to 8.5% of the Net Settlement Fund (the "Exchange Act Allocation") and no less than 91.5% of the Net Settlement Fund will be available for payment of the Securities Act Claims (the "Securities Act Allocation"). Although the claims under the Exchange Act and the claims under the Securities Act in the Action generally relate to similar alleged misconduct, this approach to valuing Exchange Act Claims is the result of a supplemental arm's-length mediation between representatives of the Exchange Act Class and representatives of the Securities Act Class before Mr. Melnick and is intended to reflect the Court's rulings on Defendants' motions to dismiss the Complaint, which dismissed claims under the Exchange Act.

52. In the Action, Lead Plaintiffs allege that Defendants made false statements and omitted material facts in the IPO and SPO materials, and thereafter, which had the effect of allegedly artificially inflating the price of Athira common stock. Lead Plaintiffs also allege that corrective disclosures removed the artificial inflation from the price of Athira common stock on June 18, 2021 (the "Corrective Disclosure Date"). Recognized Loss Amounts are based in part on the price decline in Athira common stock, as quantified by Lead Plaintiffs' consulting damages expert, on the Corrective Disclosure Date. The estimated alleged artificial inflation in the price of Athira common stock during the Class Period is reflected in Table 1, below.

53. Section 11 of the Securities Act provides for an affirmative defense of negative causation, which prevents recovery for losses that defendants prove are not attributable to misrepresentations and/or omissions alleged by plaintiffs in a registration statement. Under Section 10(b) of the Exchange Act, in order to have recoverable damages, disclosures correcting an alleged misrepresentation must be the cause of the decline in the price of the stock. Accordingly, given the likely defenses in the Action, the Calculation of Recognized Loss Amount Per Share Under the Securities Act and the Exchange Act assume that the decline in the price of Athira common stock, net of market and industry effects, on the Corrective Disclosure Date is the only compensable loss. Accordingly, in order to have a Recognized Loss Amount, Athira common stock must have been purchased or otherwise acquired during the Class Period and held until the close of the U.S. financial markets on June 17, 2021. To the extent a Claimant does not satisfy the conditions set forth in the preceding sentence, his, her or its Recognized Loss Amount for those transactions will be zero.

| Table 1 |||
| Alleged Artificial Inflation in Athira Common Stock |||
| From | To | Per-Share Price Inflation |
| --- | --- | --- |
| September 17, 2020 | June 17, 2021 | $7.14 |
| June 18, 2021 | Thereafter | $0.00 |

54.   The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") is incorporated into the Calculation of Recognized Loss Amount Per Share Under the Exchange Act.  This limitation provides that the Recognized Loss Amount on Athira common stock purchased during the Exchange Act Period and held as of the close of the 90-day period subsequent to the Exchange Act Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period.  The Recognized Loss Amount on Athira common stock purchased during the Exchange Act Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

55.   In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero.  Any transactions in Athira common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS PER SHARE UNDER THE SECURITIES ACT

56.   Based on the formulas set forth below, a Recognized Loss Amount shall be calculated under the Securities Act for each share of Athira common stock that was purchased or otherwise acquired (i) directly from an underwriter in the IPO or the SPO,[7]  or (ii) in the open market during the period from September 17, 2020 through March 16, 2021, inclusive, that is listed in the Claim Form and for which adequate documentation is provided.

   i.   For shares sold prior to the close of the U.S. financial markets on June 17, 2021, the Recognized Loss Amount is $0.00 per share.

   ii.   For shares sold during the period from June 18, 2021 through June 25, 2021,[8] inclusive, the Recognized Loss Amount per share is *the lesser of*:

      a.   $7.14; or

      b.   the purchase price (not to exceed the Offering Price) *minus* the sale price.

---

[7] Sufficient documentation must be provided to the Claims Administrator.

[8] June 25, 2021 is the filing date of the first complaint stating a claim under the Securities Act in this matter.  The closing price of Athira common stock on June 25, 2021 was $10.84.

15

    iii. For shares still held as of the close of trading on June 25, 2021, the Recognized Loss Amount per share is *the lesser of*:

      a. $7.14; or

      b. the purchase price (not to exceed the Offering Price) *minus* $10.84.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS PER SHARE UNDER THE EXCHANGE ACT

57.    Based on the formulas set forth below, a Recognized Loss Amount shall be calculated under the Exchange Act for each purchase or acquisition of Athira common stock during the period from March 17, 2021 through June 17, 2021, inclusive, that is listed in the Claim Form and for which adequate documentation is provided.

    i. For shares sold prior to the close of the U.S. financial markets on June 17, 2021, the Recognized Loss Amount is $0.00 per share.

    ii. For shares sold during the period from June 18, 2021 through September 15, 2021, inclusive (*i.e.,* sold during the 90-Day Lookback Period), the Recognized Loss Amount per share is *the least of*:

      a. $7.14; or

      b. the purchase price *minus* the sale price; or

      c. the purchase price *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2, below.

    iii. For shares still held as of the close of trading on September 15, 2021, the Recognized Loss Amount per share is *the lesser of*:

      a. $7.14; or

      b. the purchase price *minus* the average closing price for Athira common stock during the 90-Day Lookback Period, which is $10.33.

| Table 2 | | | | | |
| 90-Day Lookback Values | | | | | |
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
|---|---|---|---|---|---|
| 6/18/2021 | $11.15 | 7/20/2021 | $10.51 | 8/18/2021 | $10.25 |
| 6/21/2021 | $10.95 | 7/21/2021 | $10.52 | 8/19/2021 | $10.23 |
| 6/22/2021 | $10.75 | 7/22/2021 | $10.52 | 8/20/2021 | $10.22 |
| 6/23/2021 | $10.71 | 7/23/2021 | $10.51 | 8/23/2021 | $10.22 |

| | | | | | |
|---|---|---|---|---|---|
| 6/24/2021 | $10.77 | 7/26/2021 | $10.49 | 8/24/2021 | $10.22 |
| 6/25/2021 | $10.78 | 7/27/2021 | $10.47 | 8/25/2021 | $10.22 |
| 6/28/2021 | $10.76 | 7/28/2021 | $10.46 | 8/26/2021 | $10.22 |
| 6/29/2021 | $10.72 | 7/29/2021 | $10.44 | 8/27/2021 | $10.23 |
| 6/30/2021 | $10.66 | 7/30/2021 | $10.41 | 8/30/2021 | $10.24 |
| 7/1/2021 | $10.66 | 8/2/2021 | $10.39 | 8/31/2021 | $10.25 |
| 7/2/2021 | $10.65 | 8/3/2021 | $10.38 | 9/1/2021 | $10.26 |
| 7/6/2021 | $10.68 | 8/4/2021 | $10.37 | 9/2/2021 | $10.27 |
| 7/7/2021 | $10.67 | 8/5/2021 | $10.38 | 9/3/2021 | $10.28 |
| 7/8/2021 | $10.66 | 8/6/2021 | $10.36 | 9/7/2021 | $10.29 |
| 7/9/2021 | $10.68 | 8/9/2021 | $10.36 | 9/8/2021 | $10.30 |
| 7/12/2021 | $10.67 | 8/10/2021 | $10.35 | 9/9/2021 | $10.31 |
| 7/13/2021 | $10.67 | 8/11/2021 | $10.34 | 9/10/2021 | $10.33 |
| 7/14/2021 | $10.63 | 8/12/2021 | $10.33 | 9/13/2021 | $10.33 |
| 7/15/2021 | $10.60 | 8/13/2021 | $10.32 | 9/14/2021 | $10.33 |
| 7/16/2021 | $10.54 | 8/16/2021 | $10.29 | 9/15/2021 | $10.33 |
| 7/19/2021 | $10.51 | 8/17/2021 | $10.27 | N/A | N/A |

## **ADDITIONAL PROVISIONS**

58.  The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 66 below) is $10.00 or greater.

59.  **FIFO Matching:** If a Settlement Class Member has more than one purchase/acquisition or sale of Athira common stock, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  Sales of Athira common stock will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

60.  **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Securities Act Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss Amounts Per Share Under the Securities Act.  A Claimant's "Exchange Act Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss Amounts Per Share Under the Exchange Act.  A Claimant's Securities Act Claim plus his, her, or its Exchange Act Claim will be their Recognized Claim.

61.  **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of Athira common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Athira common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of Athira common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Athira common stock unless (i) the donor or decedent purchased or otherwise acquired such Athira common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Athira common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

17

62. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Athira common stock. The date of a "short sale" is deemed to be the date of sale of Athira common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has a short position in Athira common stock during the Class Period, the earliest subsequent purchases or acquisitions shall be matched against such short position, and not be entitled to a recovery, until that short position is fully covered.

63. **Option Contracts:** Option contracts are not securities eligible to participate in the Settlement. With respect to Athira common stock purchased through the exercise of an option, the purchase date of the Athira common stock shall be the exercise date of the option and the purchase price of the Athira common stock shall be the closing price of Athira common stock on the date of exercise. Any Recognized Loss Amount arising from purchases of Athira common stock acquired during the Class Period through the exercise of an option on Athira common stock shall be computed as provided for other purchases of Athira common stock in the Plan of Allocation.

64. **Market Gains and Losses:** To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Athira common stock during the Class Period, the value of the Claimant's Recognized Claim shall be zero. Such Claimants shall in any event be bound by the Settlement.

65. The Claims Administrator shall determine a Claimant's market loss or gain with respect to their Securities Act Claims and their Exchange Act Claims, separately. For instance, with respect to Securities Act Claims, the Claims Administrator shall calculate the difference between (i) the Securities Act Purchase Amount[9] and (ii) the sum of the Securities Act Sales Proceeds[10] and the Securities Act Holding Value.[11] If the Claimant's Securities Act Purchase Amount *minus* the sum of the Securities Act Sales Proceeds and the Securities Act Holding Value is a positive

_____

[9] The "Securities Act Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Athira common stock purchased or acquired during the Securities Act Period. The "Exchange Act Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Athira common stock purchased or acquired during the Exchange Act Period.

[10] The "Securities Act Sales Proceeds" is the total amount received (excluding commissions and other charges) from the sale of Athira common stock purchased during the Securities Act Period. The "Exchange Act Sales Proceeds" is the total amount received (excluding commissions and other charges) from the sale of Athira common stock purchased during the Exchange Act Period.

[11] The Claims Administrator shall ascribe a "Securities Act Holding Value" to shares of Athira common stock purchased or acquired during the Securities Act Period and still held as of the close of trading on June 17, 2021, which shall be $11.15 per share (*i.e.,* the closing price of Athira common stock on the Corrective Disclosure Date). The total of such holding values shall be the Claimant's "Securities Act Holding Value." The Claims Administrator shall ascribe an "Exchange Act Holding Value" to shares of Athira common stock purchased or acquired during the Exchange Act Period and still held as of the close of trading on June 17, 2021, which shall be $11.15 per share (*i.e.,* the closing price of Athira common stock on the Corrective Disclosure Date). The total of such holding values shall be the Claimant's "Exchange Act Holding Value."

number, that number will be the Claimant's market loss on such securities; if the number is a negative number or zero, that number will be the Claimant's market gain on such securities. To the extent a Claimant had a market gain on such securities, the value of the Claimant's Securities Act Claim shall be zero. To the extent a Claimant suffered a market loss on such securities, but that market loss was less than the Claimant's total Securities Act Claim, then the Claimant's Securities Act Claim shall be limited to the amount of the actual market loss. The same calculations will be made with respect to the Claimant's Exchange Act Claims.

66.    **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Securities Act Claims and Exchange Act Claims. Specifically, a "Securities Act Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Securities Act Claim divided by the total Securities Act Claims of all Authorized Claimants, multiplied by the amount of the Securities Act Allocation. Similarly, an "Exchange Act Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Exchange Act Claim divided by the total Exchange Act Claims of all Authorized Claimants, multiplied by the amount of the Exchange Act Allocation. The sum of an Authorized Claimant's Securities Act Distribution Amount and Exchange Act Distribution Amount will be an Authorized Claimant's Distribution Amount. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will be removed from the final *pro rata* calculations and no distribution will be made to such Authorized Claimant. Any Distribution Amounts of less than $10.00 will be included in the pools distributed to those Authorized Claimants whose Distribution Amounts are $10.00 or greater.

67.    **Maximum Recovery for Exchange Act Claims:** Cumulative payments of all Exchange Act Claims will be limited to no more than 8.5% of the Net Settlement Fund (Exchange Act Allocation). Thus, if the total cumulative payments for Exchange Act Claims of Authorized Claimants exceed 8.5% of the Net Settlement Fund, then the Exchange Act Claims will be reduced proportionately until they collectively equal 8.5% of the Net Settlement Fund. If the total cumulative payments of all Exchange Act Claims of Authorized Claimants is less than 8.5% of the Net Settlement Fund, then the Exchange Act Claims will be limited to their actual lesser proportion of the Net Settlement Fund. Any excess will be transferred to the Securities Act Allocation.

68.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund at least nine (9) months after the initial distribution, if Co-Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, and Taxes to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 in such additional re-distributions may occur thereafter if Co-Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, and Taxes would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the

remaining balance shall be contributed to the Public Justice Foundation, or such other non-sectarian, not-for-profit organization(s) approved by the Court.

69.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Claimants.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' consulting damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Co-Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

70.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims in the Action on behalf of the Settlement Class, nor have Plaintiffs' Counsel been paid for their Litigation Expenses.[12]  In connection with final approval of the Settlement, Co-Lead Counsel will apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund.  At the same time, Co-Lead Counsel also intend to apply for payment of Litigation Expenses in an amount not to exceed $235,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs related to their representation of the Settlement Class in an aggregate amount not to exceed $30,000.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

71.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Settlement Class, addressed to *Athira Pharma Securities Litigation*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063.  The exclusion request must be ***received*** **no later than _____, 2024**. You will not be able to exclude yourself from the Settlement Class after that date.

72.    Each request for exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the

---

[12] Plaintiffs' Counsel are Labaton Sucharow LLP, Glancy Prongay & Murray LLP, Rossi Vucinovich, P.C., the Schall Law Firm, and Block & Leviton LLP.  Co-Lead Counsel may also allocate a portion of awarded attorneys' fees to Longman Law, PC, which appeared at the beginning of the case on behalf of proposed lead plaintiffs Timothy and Tai Slyne.

Settlement Class in *Athira Pharma Securities Litigation*, Case No. 2:21-cv-00861-TSZ"; (c) state the number of shares of Athira common stock that the person or entity requesting exclusion purchased/acquired and sold during the Class Period (*i.e.*, from September 17, 2020 through June 17, 2021, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

73. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have a pending lawsuit, arbitration, or other proceeding, or later file one, relating to any Released Plaintiffs' Claim against any of the Released Defendants' Parties.

74. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund so do not file a Claim Form.

75. Athira has the right to terminate the Settlement if valid requests for exclusion are received from members of the Settlement Class that exceed an amount agreed to by Plaintiffs and Defendants.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? HOW DO I OBJECT? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

76. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any objection made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing**.

77. The Settlement Hearing will be held on _____, 2024 at __:__ _.m., before the Honorable Thomas S. Zilly at the United States District Court for the Western District of Washington, United States Courthouse, Courtroom 15206, 700 Stewart Street, Seattle, WA 98101. The Court reserves the right to approve the Settlement, the Plan of Allocation, Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing.

78. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation and/or Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses. Objections must be in writing. You must mail any written objection, together with copies of all other papers supporting the objection, to Co-Lead Counsel and Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before _____, 2024.

| **Co-Lead Counsel** | **Defendants' Counsel** |
|---|---|
| **Glancy Prongay & Murray LLP**<br>Casey E. Sadler, Esq.<br>1925 Century Park East<br>Suite 2100<br>Los Angeles, CA 90067<br><br>-and-<br><br>**Labaton Sucharow LLP**<br>Michael P. Canty, Esq.<br>140 Broadway<br>New York, New York 10005 | **Wilson Sonsini Goodrich & Rosati, P.C**.<br>Gregory L. Watts, Esq.<br>701 Fifth Avenue<br>Suite 5100<br>Seattle, WA  98104-7036<br><br>-and-<br><br>**Perkins Coie LLP**<br>Sean C. Knowles, Esq.<br>1201 Third Avenue<br>Suite 4900<br>Seattle, WA  98101-3099<br><br>-and-<br><br>**DLA Piper LLP (US)**<br>Anthony Todaro, Esq.<br>701 Fifth Avenue, Suite 6900<br>Seattle, WA 98104-7029 |

79.    Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, the specific reasons for each objection,  including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Athira common stock that the objecting Settlement Class Member purchased/acquired and sold during the Class Period (*i.e.*, from September 17, 2020 through June 17, 2021, inclusive), as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Co-Lead Counsel's motion for attorneys' fees and payment of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

80.    Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

81.    You may submit a written objection without appearing at the Settlement Hearing.

82.    You are not required to hire an attorney to represent you in connection with objecting or appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Co-

Lead Counsel and Defendants' Counsel at the addresses set forth in paragraph 78 above so that the notice is ***received*** **on or _____, 2024**.

83.    The Settlement Hearing may be adjourned by the Court, or held remotely, without further individual notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Co-Lead Counsel.

84.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
|---|

85.    If you purchased or otherwise acquired Athira publicly traded common stock from September 17, 2020 through June 17, 2021, inclusive, including in the IPO and the SPO, for the beneficial interest of persons or entities other than yourself as a nominee, you must within SEVEN (7) CALENDAR DAYS of receipt of this Notice either: (a) request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within SEVEN (7) CALENDAR DAYS of receipt of those Notice Packets forward them to all such beneficial owners; or (b) send a list of the names and addresses of all such beneficial owners to the Claims Administrator at *Athira Pharma Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA  19063, in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available.  If you choose to follow procedure (a), upon such mailing you must send a statement to the Claims Administrator confirming that the mailing was made as directed.

86.    Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet mailed; or $0.05 per name, address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  **YOU ARE NOT AUTHORIZED TO PRINT THE NOTICE PACKET YOURSELF.  NOTICE PACKETS MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR.**

| WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

87.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the Amended Stipulation and Complaint filed  in the Action, and any related orders entered by the Court, which will   be   posted   on   the   website   maintained   by   the   Claims   Administrator, www.AthiraSecuritiesSettlement.com.

88.  Questions about this Notice or the Settlement should be directed to Co-Lead Counsel using the contact information provided in paragraphs 8 and 78, above.  All inquiries concerning the Claim Form should be directed to:

*Athira Pharma Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
(866) 274-4004
www.AthiraSecuritiesSettlement.com

**DO NOT CALL OR WRITE THE COURT, THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2024

By Order of the Court
United States District Court
Western District of Washington

# Exhibit A-2

**Exhibit 2**

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTONIO BACHAALANI NACIF and WIES RAFI, Individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>ATHIRA PHARMA, INC., et al.,<br><br>    Defendants. | CASE NO.:  2:21-cv-00861-TSZ (Consolidated with 21-cv-00862-TSZ and 21-cv-00864-TSZ) |

**PROOF OF CLAIM FORM**

**I. GENERAL INSTRUCTIONS**

 1. To recover as a member of the Settlement Class based on your claims in the action entitled *Nacif et al., v. Athira Pharma, Inc. et al.*, Case No.: 2:21-cv-00861-TSZ (the "Action"), you must complete and, on page ___ below, sign this Proof of Claim Form ("Claim Form").  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Claim Form, your Claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.[1]

---

[1] All capitalized terms used in this Claim Form that are not otherwise defined shall have the meanings ascribed to them in the Amended Stipulation and Agreement of Settlement dated

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.      **YOU MUST MAIL BY FIRST FIRST-CLASS MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED BELOW, NO LATER THAN _____, 2024, ADDRESSED AS FOLLOWS**:

> *Athira Pharma Securities Litigation*
> c/o Strategic Claims Services
> P.O. Box 230
> 600 N. Jackson Street, Suite 205
> Media, PA 19063
> Online Submissions:  www.AthiraSecuritiesSettlement.com

If you are NOT a member of the Settlement Class, as defined in the accompanying Notice and below, DO NOT submit a Claim Form.

4.      If you did not timely request exclusion and are a Class Member, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, **WHETHER OR NOT YOU SUBMIT A CLAIM FORM**.

II.     **CLAIMANT IDENTIFICATION**

5.      You are a member of the Settlement Class if you: (a) purchased or otherwise acquired Athira Pharma, Inc. publicly traded common stock during the period from September 17, 2020 through March 16, 2021, inclusive, and were damaged thereby (the "Securities Act Class") and/or (b) purchased or otherwise acquired Athira Pharma, Inc. publicly traded common stock during the period from March 17, 2021 through June 17, 2021, inclusive, and were damaged thereby (the "Exchange Act Class").  If you purchased or acquired Athira publicly traded common

---

December 15, 2023 (the "Amended Stipulation"), which is available at www.AthiraSecuritiesSettlement.com.

stock and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, you purchased or acquired Athira publicly traded common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm ("nominee"), you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

6.      Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser/acquirer and purchaser/acquirer of record, if different from the beneficial purchaser/acquirer of the Athira shares that form the basis of this Claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE ATHIRA PUBLICLY TRADED COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

7.      All joint purchasers or acquirers must sign this Claim Form.  Executors, administrators, guardians, conservators, and trustees or others acting in a representative capacity on behalf of a Class Member must complete and sign this Claim Form on behalf of persons represented by them, and submit evidence of their current authority to act on behalf of that Class Member, including titles or capacities.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the Claim.  Failure to provide the foregoing information could delay verification of your Claim or result in rejection of the Claim.

III.     **IDENTIFICATION OF TRANSACTIONS**

8.      Use Part II of this form entitled "Schedule of Transactions in Athira Publicly Traded Common Stock" to supply all required details of your transaction(s) in Athira publicly traded common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your

name on each additional sheet. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN ATHIRA COMMON STOCK.**

9.      On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of Athira publicly traded common stock which took place during the time periods requested below, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the shares of Athira publicly traded common stock you held at the close of trading on June 25, 2021 and September 15, 2021. Failure to report all such transactions may result in the rejection of your Claim.

10.      If you did not purchase or acquire shares on the open market, but you purchased/acquired shares pursuant to Athira's Initial Public Offering (the "IPO") on or about September 17, 2020 or its Secondary Public Offering (the "SPO") on or about January 21, 2021, you must produce affirmative documentation showing that you purchased directly from one of the Underwriter Defendants. Such documentation will be deemed to satisfy this requirement only for the purposes of this Settlement.

11.      List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

12.      The date of covering a "short sale" is deemed to be the date of purchase of Athira publicly traded common stock. The date of a "short sale" is deemed to be the date of sale of Athira publicly traded common stock.

13.      For each transaction, copies of broker confirmations or other documentation of your transactions should be attached to your Claim Form. Failure to provide this documentation could delay verification of your Claim or result in rejection of your Claim.

14.    NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format.  If you are a Representative Filer, you must contact the Claims Administrator at efile@strategicclaims.net or visit their website at www.strategicclaims.net/institutional-filers/ to obtain the required file layout. Claims that are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file, along with the electronic spreadsheet format.  No Claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

15.    NOTICE REGARDING ONLINE FILING:  Claimants who are not Representative Filers may submit their Claims online using the electronic version of the Claim Form hosted at www.AthiraSecuritiesSettlement.com.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted.  If you are unsure if you should submit your Claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004.  If you are not a Representative Filer, but your Claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

## PART I:    CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the

address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's First Name            MI    Beneficial Owner's Last Name

Co-Beneficial Owner's First Name       MI    Co-Beneficial Owner's Last Name

Entity Name (if Claimant is not an individual)

Record Owner Name (if different from Beneficial Owner(s) listed above)

Representative Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City                                                                State    ZIP/Postal Code

Foreign Country (only if not USA)                    Foreign County (only if not USA)

Social Security Number (last four digits only)    Taxpayer Identification Number (last four digits only)

Telephone Number (day)              Telephone Number (evening)

Email address: _____

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

| | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Claimant Account Type (check appropriate box):

Individual (includes joint owner accounts)        Pension Plan                    Trust
Corporation                                        Estate
IRA/401K                                           Other _____ (please specify)


**PART II:    SCHEDULE OF TRANSACTIONS IN ATHIRA PUBLICLY TRADED COMMON STOCK**

**A.    Purchases or acquisitions of Athira publicly traded common stock from September 17, 2020 through June 17, 2021, inclusive (must be documented):**

| Purchase Date MM/DD/YY (List Chronologically) | Number of Shares Purchased | Total Purchase Price (excluding taxes, commissions, and fees, if any) | In an Offering Y/N |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |
| 4._____ | 4._____ | 4._____ | 4._____ |
| 5._____ | 5._____ | 5._____ | 5._____ |
| 6._____ | 6._____ | 6._____ | 6._____ |

**IMPORTANT:**    If any purchase listed covered a "short sale," please mark Yes.    ☐ Yes

**B.    Purchases during the 90-Day Lookback Period** – State the total number of shares of Athira publicly traded common stock purchased from June 18, 2021 through September 15, 2021[2]  (must be documented): _____

---

[2] Information requested in this Claim Form with respect to your transactions from June 18, 2021 through September 15, 2021 is needed only in order for the Claims Administrator to confirm that

**C.**    **Sales of Athira publicly traded common stock from September 17, 2020 through September 15, 2021, inclusive (must be documented):**

| Sale Date MM/DD/YY (List Chronologically) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees, if any) |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |
| 4._____ | 4._____ | 4._____ | 4._____ |
| 5._____ | 5._____ | 5._____ | 5._____ |
| 6._____ | 6._____ | 6._____ | 6._____ |

**D.**    **Number of shares of Athira publicly traded common stock held at the close of trading on June 25, 2021 (must be documented):**

_____

**E.**    **Number of shares of Athira publicly traded common stock held at the close of trading on September 15, 2021 (must be documented):**

_____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THIS FORM ON PAGE __ BELOW.  FAILURE TO SIGN THIS FORM MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

By signing and submitting this Claim Form, the Claimant(s) or the person(s) acting on

behalf of the Claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the

---

you have reported all relevant transactions.  Purchases during this period, however, are not eligible for a recovery because these purchases are outside the Class Period.

Plan of Allocation described in the accompanying Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Western District of Washington (the "Court") with respect to my (our) Claim as a member of the Settlement Class and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I (we) will be bound by and subject to the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein.   I (We) agree to furnish additional information to the Claims Administrator to support this Claim, such as additional documentation for transactions in Athira common stock, if required to do so.  I (We) have not submitted any other claim covering the same transactions in Athira common stock during the Class Period and know of no other person having done so on my (our) behalf.

V.      **RELEASES, WARRANTIES, AND CERTIFICATION**

I (We) hereby warrant and represent that I am (we are) a member of the Settlement Class as defined in the Notice, and that I am (we are) not excluded from the Settlement Class as set forth in the Notice.

As a member of the Settlement Class, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Defendants and the other Released Defendants' Parties (as these terms are defined in the accompanying Notice).  This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of Athira publicly traded common stock that occurred during the time periods requested and the number of shares held by me (us), to the extent requested.

I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, 2024 in _____,
                                        (Month/Year)                    (City)

_____.
            (State)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. If this Claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Claim Form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____, 2024, ADDRESSED AS FOLLOWS:**

*Athira Pharma Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N.  Jackson Street, Suite 205
Media, PA 19063
Tel: (866) 274-4004
Fax: (610) 565-7985
www.AthiraSecuritiesSettlement.com

# Exhibit A-3

Exhibit 3

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTONIO BACHAALANI NACIF and WIES RAFI, Individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>  v.<br><br>ATHIRA PHARMA, INC., et al.,<br><br>    Defendants. | CASE NO.:  2:21-cv-00861-TSZ (Consolidated with 21-cv-00862-TSZ and 21-cv-00864-TSZ) |

**[SECOND REVISED] SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES <u>AND PAYMENT OF LITIGATION EXPENSES</u>**

**TO: All persons and entities who or which purchased or otherwise acquired Athira Pharma, Inc. ("Athira") publicly traded common stock during the period from September 17, 2020 through June 17, 2021, inclusive, and were damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

  YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the

Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $10,000,000 in cash (the "Settlement"), which, if approved, will resolve all claims in the Action and related claims.

A hearing will be held on _____, 2024 at __:__ _.m., before the Honorable Thomas S. Zilly at the United States District Court for the Western District of Washington, United States Courthouse, Courtroom 15206, 700 Stewart Street, Seattle, WA 98101, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Amended Stipulation and Agreement of Settlement dated December 15, 2023 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Co-Lead Counsel's application for an award of attorneys' fees and payment of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Proof of Claim Form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at *Athira Pharma Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, (866) 274-4004. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.AthiraSecuritiesSettlement.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form to the Claims Administrator *postmarked* no later than _____, 2024, if sent by mail, or *submitted online* using the Settlement website no later than _____, 2024. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion to the Claims Administrator such that it is ***received* no later than _____, 2024**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and payment of expenses, must be delivered to Co-Lead Counsel and Defendants' Counsel such that they are ***received* no later than _____, 2024**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Athira, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your**

**eligibility to participate in the Settlement should be directed to Co-Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Co-Lead Counsel:

| **GLANCY PRONGAY & MURRAY LLP** | **LABATON SUCHAROW LLP** |
|---|---|
| Casey E. Sadler, Esq. | Michael P. Canty, Esq. |
| 1925 Century Park East, Suite 2100 | 140 Broadway |
| Los Angeles, CA 90067 | New York, New York 10005 |
| Telephone: (888) 773-9224 | Telephone: (888) 219-6877 |
| Email: settlements@glancylaw.com | Email: settlementquestions@labaton.com |

Requests for the Notice and Claim Form should be made to:

*Athira Pharma Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
(866) 274-4004
www.AthiraSecuritiesSettlement.com

By Order of the Court

# Exhibit B

1

**Exhibit B**

2

THE HONORABLE THOMAS S. ZILLY

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

ANTONIO BACHAALANI NACIF and
WIES RAFI, Individually and on behalf of all
others similarly situated,

CASE NO.: 2:21-cv-00861-TSZ
(Consolidated with 21-cv-00862-TSZ and
21-cv-00864-TSZ)

11

12

Plaintiffs,

v.

13

ATHIRA PHARMA, INC., et al.,

14

Defendants.

15

16

17

**[REVISED PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

18

WHEREAS, a consolidated class action is pending in this Court entitled *Nacif, et al., v.*

19

*Athira Pharma, Inc., et al.*, Case No.: 2:21-cv-00861-TSZ (the "Action");

20

WHEREAS, (a) Court-appointed lead plaintiffs Antonio Bachaalani Nacif and Wies Rafi

21

(collectively, "Lead Plaintiffs") and additional plaintiff Hang Gao (together with Lead Plaintiffs,

22

"Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); (b) Athira Pharma,

23

Inc. ("Athira" or the "Company"); (c) Dr. Leen Kawas, Glenna Mileson, Dr. Tadataka Yamada,

24

Joseph Edelman, James A. Johnson, and John M. Fluke, Jr. (the "Individual Defendants"); and (d)

25

Goldman Sachs & Co. LLC, Jefferies LLC, Stifel, Nicolaus & Company, Inc., and JMP Securities

26

LLC (the "Underwriter Defendants," and together with Athira and the Individual Defendants,

27

"Defendants, and together with Plaintiffs, the "Parties") have entered into an Amended Stipulation

28

and Agreement of Settlement dated December 15, 2023 (the "Amended Stipulation"), which

provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action and related claims on the terms and conditions set forth in the Amended Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Amended Stipulation;

WHEREAS, by Order dated _____ __, 202___ (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2024 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Amended Stipulation, all papers filed and proceedings held in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.     **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Amended Stipulation filed with the Court on _____, 2023; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____, 2024.

2

3.    **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of: (a) all persons and entities who or which purchased or otherwise acquired Athira Pharma, Inc. publicly traded common stock during the period from September 17, 2020 through March 16, 2021, inclusive, and were damaged thereby (the "Securities Act Class") and (b) all persons and entities who or which purchased or otherwise acquired Athira Pharma, Inc. publicly traded common stock during the period from March 17, 2021 through June 17, 2021, inclusive, and were damaged thereby (the "Exchange Act Class"). Excluded from the Settlement Class are: (a) Defendants; (b) any person who served as a partner, control person, executive officer and/or director of Athira or the Underwriter Defendants during the Class Period, and members of their Immediate Family; (c) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Athira and the Underwriter Defendants; (d) any entity in which the Defendants have or had a controlling interest; (e) any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Family; (f) liability insurance carriers for Athira or the Individual Defendants; and (g) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (a) through (f) hereof. Notwithstanding any provision to the contrary, (a) any Investment Vehicle shall not be excluded from the Settlement Class; and (b) "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants, including Athira's employee retirement and/or benefit plan(s). [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.]

4.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Co-Lead Counsel Glancy Prongay & Murray, LLP and Labaton Sucharow LLP as Class Counsel for the Settlement Class. Plaintiffs and Co-Lead Counsel have fairly and

adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Co-Lead Counsel's motion for attorneys' fees and payment of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, Public Law No. 104-67, 109 Stat. 737 (codified as amended in scattered sections of 15 U.S.C.), and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Amended Stipulation in all respects (including, without limitation: (a) the amount of the Settlement; (b) the Releases provided for therein; and (c) the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Amended Stipulation.

7. The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties

shall bear their own costs and expenses, except as otherwise expressly provided in the Amended Stipulation.

8. **Binding Effect** – The terms of the Amended Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Amended Stipulation or this Judgment.]

9. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Amended Stipulation, together with the definitions contained in paragraph 1 of the Amended Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns, in their capacities as such only, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and unconditionally released as against Defendants and the other Released Defendants' Parties each and every Released Plaintiffs' Claim, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants and other Released Defendants' Parties. This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(t) of the Amended Stipulation).

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants and the other Released Defendants' Parties, on behalf of themselves and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns, in their capacities as such only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and unconditionally released as against Plaintiffs and the other Released Plaintiffs' Parties each and every Released Defendants' Claim, and shall

5

forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against Plaintiffs and the other Released Plaintiffs' Parties.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10.    Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Amended Stipulation or this Judgment.

11.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.    **No Admissions** – Neither this Judgment, the Term Sheet, the Amended Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained in the Notice (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Amended Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Amended Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants or any of the other Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of or otherwise constitute any presumption, concession, or admission by any of the Defendants or the other Released Defendants' Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or any of the other Released Defendants' Parties or in any way referred to for any other reason as against any of the Defendants or other Released Defendants' Parties, in any civil, criminal or administrative action or other proceeding;

(b)    shall be offered against Plaintiffs or any of the other Released Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of or otherwise constitute any presumption, concession or admission by any of the Plaintiffs or the other Released Plaintiffs'

6

Parties that any of their claims are without merit, that any of the Defendants or other Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or any of the other Released Plaintiffs' Parties, in any civil, criminal or administrative action or other proceeding; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Amended Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Co-Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

14.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Co-Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Amended Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further

1   order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry

2   out any provisions of the Settlement.

3       16.    **Termination of Settlement** – If the Settlement is terminated as provided in the

4   Amended Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment

5   shall be vacated, rendered null and void and be of no further force and effect, except as otherwise

6   provided by the Amended Stipulation, and this Judgment shall be without prejudice to the rights of

7   Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their

8   respective positions in the Action as of February 28, 2023, as provided in the Amended Stipulation.

9   

10      17.    **Entry of Final Judgment** – There is no just reason to delay the entry of this

11  Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly

12  directed to immediately enter this final judgment in this Action.

13  

14      SO ORDERED this _____ day of _____, 2024.

15  

16  

17                          _____

18                          The Honorable Thomas S. Zilly
                            United States District Judge

19  

20  

21  

22  

23  

24  

25  

26  

27  

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**