The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ANTONIO BACHAALANI NACIF, WIES RAFI, and HANG GAO, individually and on behalf of all other similarly situated, <br><br>*Plaintiffs*, <br><br>v. <br><br>ATHIRA PHARMA, INC., and LEEN KAWAS, Ph.D., <br><br>*Defendants.* | No. 2:21-cv-00861-TSZ <br><br>**CONTRIBUTING COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** <br><br>Note on Motion Calendar: October 18, 2024 |

## I.      INTRODUCTION

Longman Law, P.C. ("Longman Law") and its liaison counsel, Keller Rohrback L.L.P. ("Keller Rohrback") (together, "Contributing Counsel"), attorneys for lead plaintiff movants Timothy and Tai Slyne ("Securities Act Lead Plaintiff Movants"), hereby move this Court for an award of attorneys' fees of $61,820 and expenses of $461.15 based on the contribution they made to this case. *See Pappas v. Naked Juice Co. of Glendora, Inc.*, No. LA CV11-08276 JAK (PLAx), 2014 WL 12382279, at *15 (C.D. Cal. Jan. 2, 2014) ("Civil Rule 23(f) contemplates fee awards to non-lead counsel. Thus, in considering an application for such a fee award from the common fund, the relevant inquiry is whether the services of [the non-lead counsel] provided a benefit to the common fund.").

Contributing Counsel's Mot. for Award of Att'ys' Fees & Expenses - 1
(No. 2:12-cv-00861-TSZ)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Contributing Counsel had hoped to submit their time and lodestar with the motion for an award of fee and expenses made by Co-lead Counsel, who had stated on the record that they "may" allocate a portion of any fees awarded by this Court to Longman Law.[1] Dkt. # 125-8 at ECF p. 34 n.12. However, this separate fee petition became necessary after discussions with counsel for Lead Plaintiff Rafi failed to reach a resolution and Rafi's counsel would not agree to submit Contributing Counsel's time and lodestar and related (minor) expenses in this litigation as part of with Co-Lead counsel's fee and expense petition. The time and lodestar for which Contributing Counsel are seeking reimbursement, 114.60 hours or $61,820 in lodestar, relates solely to prosecuting and briefing the motion for a separate Securities Act lead plaintiff and not in connection with the research and drafting of a separate complaint that was filed, or any other work in this case.[2] *See* Declarations of Howard T. Longman and Juli E. Farris in Support of Contributing Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses, concurrently filed herewith as Exhibits A and B.

**A.     Contributing Counsel Made the Only Motion for a Separate Lead Plaintiff.**

Contributing Counsel vigorously represented the only lead plaintiff movants that made a motion under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for the appointment of a separate lead plaintiff for claims brought under the Securities Act of 1933 (the "Securities Act" or "'33 Act") (the "Securities Act Lead Plaintiffs' Motion"). Dkt. # 32-43. The Securities Act claims are the only extant claims in this litigation. *See* Dkt. # 60 (dismissing claims brought under the Securities Exchange Act of 1934 (the "Exchange Act") and sustaining certain claims brought under the Securities Act.)

---

[1] *See* Dkt. # 128 at p. 10 (referencing Dkt. # 125-8 at ECF p. 34 n.12).

[2] Timothy and Tai Slyne filed their securities complaint in this Court on June 25, 2021, entitled *Slyne v. Athira Pharma, Inc.*, No. 2:21-cv-00864-TSZ (W.D. Wash.), the same day as the actions filed on behalf of lead plaintiff Nacif entitled *Nacif v. Athira Pharma, Inc.*, No. 2:21-cv-00861-TSZ (W.D. Wash.), and by counsel for lead plaintiff Rafi entitled *Jawandha v. Athira Pharma, Inc.*, No. 2:21-cv-00862-TSZ (W.D. Wash.).

Contributing Counsel's Mot. for Award of Att'ys' Fees & Expenses - 2
(No. 2:12-cv-00861-TSZ)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

In appointing lead plaintiffs this Court accepted the reasoning contained in the Securities Act Lead Plaintiffs' Movants' motion to appoint a separate lead plaintiff for claims brought under the Securities Act of 1933, however, it did not appoint Securities Act Lead Plaintiff Movants Timothy or Tai Slyne, who advanced this argument, instead ruling that under the PSLRA, lead plaintiff Wies Rafi, the movant with the largest loss who also had a claim under the '33 Act, should be appointed. Rafi was appointed Lead Plaintiff for the Securities Act claimants even though he did not make a motion for a separate lead plaintiff for the Securities Act claims and, in fact, had moved to be lead plaintiff for both persons who purchased Athira shares pursuant and traceable to the Registration Statement under the Securities Act *and* for persons who purchased Athira shares on the open market between September 18, 2020 and June 17, 2021 and possessed claims only under the Exchange Act. Dkt. # 42-43. In his Response to the lead plaintiff motions, including the Securities Act Lead Plaintiffs' Motion, Plaintiff Rafi stated only that if the presumption of adequacy for proposed Lead Plaintiff Nacif, who he conceded had the largest losses overall, was rebutted or Nacif was otherwise disqualified, he should be appointed lead of both classes, again not offering any support for the argument in favor of a separate lead for the '33 Act claims. Dkt. # 46. In his Reply, movant Rafi did not argue for a separate lead for the Securities Act claims *per se*, he only asserted that if the Court were to rule in favor of the Securities Plaintiffs' lead motion and appoint separate leadership for the Securities Act claims he was more adequate than Securities Act Lead Plaintiff Movants because he had larger losses. Dkt. # 56.

**B.    Separate Co-Lead Plaintiffs Were Appointed Which Saved Significant Judicial and Attorney Time and Resources.**

This Court, in its Order dated October 5, 2021, determined that a separate lead plaintiff to represent persons with claims under the '33 Act was preferable because plaintiff Nacif, who had the largest losses, did not have a claim under the Securities Act and because the level of proof between Securities Act and Exchange Act claims was very different—the Securities Act claim did not require a showing of scienter and the Exchange claims did—the

Contributing Counsel's Mot. for Award of Att'ys' Fees & Expenses - 3
(No. 2:12-cv-00861-TSZ)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

"situation in this matter warrants appointment of co-lead plaintiffs." Dkt. # 60 at p. 8. Especially pertinent to ensuing events in this litigation, this Court, in appointing co-lead plaintiffs, stated:

> Finally, the notion that an inadequate lead plaintiff could simply be replaced at a later time, *see Pino v. Cardone Capital, LLC*, No. 2:20-cv-8499, 2020 WL 7585839, at *5 (C.D. Cal. Dec. 18, 2020), does not offer much comfort here; **a new lead plaintiff and lead counsel would essentially start from scratch and the proceedings would be significantly delayed**.

*Id.* (emphasis added).

In fact, in this Court's Order of July 29, 2022, ruling on Defendants' motion to dismiss, the direct impact of the significant substantive distinctions that this Court had previously pointed out between the Exchange Act and the '33 Act in its Order appointing lead counsel and the practical consequences of not appointing separate lead counsel were vividly demonstrated. Dkt. # 89. While sustaining claims based on certain statements under Section 11 of the Securities Act based on the strict liability of an issuer, the same statement as well as other statements did not survive Defendants' motion to dismiss because scienter was absent, i.e., the operative pleadings contained no facts suggesting "intent[] to 'deceive, manipulate, or defraud'" investors. *Id.* at pp. 43–44. Thus, this Court, in appointing co-leads plaintiffs, based both on inherent conflicts and practical implications flowing therefore, proved prescient. Had the Exchange Act claims been dismissed and had the only lead plaintiff been Nacif—who did not have standing to bring claims under the Securities Act—a new lead plaintiff and lead counsel would have had to be appointed under the PSLRA, resulting in significant delay. *See Scheller v. Nutanix, Inc.*, No. 19-cv-01651-WHO, 2021 WL 2410832, at *3  (N.D. Cal June 10, 2021) (If there is no longer a lead plaintiff with viable claims or who withdraws, the Court may reopen the process for selecting a new lead plaintiff and consider new applications.); *In re Tezos Sec. Litig.*, No. 17-cv-06779-RS, 2019 WL 2183448, at *3  (N.D. Cal. Apr. 8, 2019) (PSLRA requirements must be followed for selecting a new lead plaintiff, even if the Court chooses to not reopen the application process and selects a new lead plaintiff only from existing applications.); *See also Advanced Magnetics, Inc. v.*

Contributing Counsel's Mot. for Award of Att'ys' Fees & Expenses - 4
(No. 2:12-cv-00861-TSZ)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997) (If a lead plaintiff does not have standing to pursue a claim on behalf of a class, a new plaintiff with standing must be selected in lieu of dismissal to avoid injustice.) However, because a separate lead plaintiff and lead counsel had been appointed, this action proceeded without delay, saving judicial resources as well as attorney time and expense.

## C.   The Appointment of a Separate Securities Lead Plaintiff Benefitted the Securities Act Class

The next series of events in this case drives home even more forcefully the clear advantage of having a separate lead counsel and the substantial benefit conferred by Contributing Counsel in making its motion and putting forth arguments in support of the Court appointing co-lead plaintiffs. On April 28, 2023, Lead Plaintiffs Nacif and Rafi moved for preliminary approval of a proposed settlement. Dkt. # 118. The Court denied co-lead plaintiffs' motion for preliminary approval, providing that, among other reasons, the allocation formula did not reflect the dismissal of the Exchange Act claims because "class members with Exchange Act claims could recover, in the aggregate, more than class members with Securities Act . . . Claims." Dkt. # 123 at pp. 7–8.[3] Subsequently, co-lead counsel filed a renewed motion for preliminary approval on December 15, 2023. Dkt. # 125. In contrast to the allocation formula contained in the first motion for preliminary approval, Lead Plaintiffs in their second motion proffered an allocation formula with an apportionment of 91.5% of the settlement proceeds for Securities Act claimants and 8.5% for Exchange Act claimants, which clearly provides much greater relief for Securities Act claimants whose claims prevailed in this Court, than Lead Plaintiff first motion for

---

[3] In its Order denying the first motion for preliminary approval of a proposed class settlement, Dkt. # 123, this Court rejected the idea of a pro rata allocation of settlement proceeds to claimants based on their calculated Recognized Loss Amounts, with a 25% increase to the Recognized Loss Amounts of claimants under the Securities Act due to the fact that only the Securities Act Claims prevailed in this Court. The Court expressed concern that despite the 25% boost, Securities Act claimants would still receive less of the settlement proceeds than Exchange Act claimants even though the Exchange Act Claims were dismissed, because the Recognized Loss Amounts of the Exchange Act claimants were higher due to the higher prices per share following the public offerings.

Contributing Counsel's Mot. for Award of Att'ys' Fees & Expenses - 5
(No. 2:12-cv-00861-TSZ)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

preliminary approval. The approval by the Court of this allocation formula which is a more accurate reflection of actual events of this litigation, *i.e.*, the dismissal of the Exchange Act claims and the strength of the Securities Act claims, was in part enabled by the separation of the Securities Act class leadership which was significant in ultimately achieving the proposed settlement. Indeed, the Securities Act class members who make claims in the now proposed settlement will gain far greater relief as a result of the appointment of separate leadership for a separate subclass.

Because this Court had appointed a separate lead for a Securities Act subclass, based on the arguments made by Contributing Counsel for a separate leadership for claims under the Securities Act, the Court was keenly focused on the shortcomings of the approach taken in the first motion for preliminary approval, which failed to recognize the inherent unfairness of an allocation formula favoring the Exchange Act class members whose claims had been dismissed. Therefore, Contributing Counsel's motion was, at minimum, a significant causative factor in conferring a tremendous benefit on the Securities Act class members, and Contributing Counsel is thus entitled to an award of a fee. *Pappas*, 2014 WL 12382279, at *15.

## II.    CONCLUSION

Contributing Counsel therefore respectfully request an award of attorneys' fees in the amount of their combined lodestar of $61,820 and expenses of $461.15, all directly related to making the Securities Act Lead Plaintiffs' motion seeking separate leadership for claims under the Securities Act of 1933.

Dated: April 30, 2024.              Respectfully submitted,

*s/ Juli E. Farris*
Juli E. Farris, WSBA 17593
Eric R. Laliberte, WSBA 44840
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-1900
jfarris@kellerrohrback.com
elaliberte@kellerrohrback.com

Contributing Counsel's Mot. for Award of Att'ys' Fees & Expenses - 6
(No. 2:12-cv-00861-TSZ)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Howard T. Longman, NJBA 264882018
*Admitted Pro Hac Vice*
LONGMAN LAW, P.C.
354 Eisenhower Pkwy., Suite 1800
Livingston, New Jersey 07039
Telephone: (973) 994-2315
hlongman@longman.law

***Attorneys for Plaintiffs Timothy Slyne and Tai Slyne***

Contributing Counsel's Mot. for Award of Att'ys' Fees & Expenses - 7
(No. 2:12-cv-00861-TSZ)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384