**EXHIBIT A**

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTONIO BACHAALANI NACIF, WIES RAFI, and HANG GAO, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br>v.<br><br>ATHIRA PHARMA, INC., et al.,<br><br>          Defendants. | CASE NO.:  2:21-cv-00861-TSZ<br>(Consolidated with Case Nos. 21-cv-00862-TSZ and 21-cv-00864-TSZ) |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) FINAL APPROVAL HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF LITIGATION EXPENSES**

***This is not a solicitation from a lawyer. PLEASE READ THIS NOTICE CAREFULLY. It explains important rights you may have, including the possible receipt of cash. If you are a member of the Class, your legal rights will be affected whether or not you act.***

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Western District of Washington (the "Court"), if you purchased or otherwise acquired Athira Pharma, Inc. ("Athira" or the "Company") publicly traded common stock during the period from September 17, 2020, through June 17, 2021, inclusive (the "Class Period"), and were damaged thereby. **Important documents filed in the Action and related to this Notice, including the Amended Stipulation and Agreement of Settlement dated December 15, 2023 (the "Amended Stipulation"), are available for downloading at** www.AthiraSecuritiesSettlement.com **(the "Settlement Website").**[1]

---

[1]  All capitalized terms used in this Notice that are not defined herein have the meanings given to them in the Amended Stipulation.

**ATTENTION NOMINEES: If you purchased or otherwise acquired Athira common stock from September 17, 2020, through June 17, 2021, inclusive, for the beneficial interest of persons or entities other than yourself, you must take the following actions within the next seven (7) calendar days.**

1.     If you purchased or otherwise acquired Athira publicly traded common stock from September 17, 2020, through June 17, 2021, inclusive, including in Athira's Initial Public Offering ("IPO") and Secondary Public Offering ("SPO"), as a nominee for the beneficial interest of persons or entities other than yourself, you must within SEVEN (7) CALENDAR DAYS of receipt of this Notice either: (a) request from the Settlement Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within SEVEN (7) CALENDAR DAYS of receipt of those Notice Packets forward them to all such beneficial owners; or (b) send a list of the names and addresses of all such beneficial owners to the Settlement Administrator at *Athira Pharma Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, in which event the Settlement Administrator shall promptly mail the Notice Packet to such beneficial owners. If you choose to follow procedure (a), upon such mailing you must send a statement to the Settlement Administrator confirming that the mailing was made as directed. **YOU ARE NOT AUTHORIZED TO PRINT THE NOTICE PACKET YOURSELF. NOTICE PACKETS MAY ONLY BE PRINTED BY THE SETTLEMENT ADMINISTRATOR**. *See* paragraphs 81-82 below for information about expense reimbursement.

## SUMMARY OF THIS NOTICE

**NOTICE OF SETTLEMENT:** Antonio Bachaalani Nacif, Wies Rafi, and Hang Gao (collectively, "Plaintiffs"), on behalf of themselves and the Class (as defined in ¶ 17 below), have reached a proposed settlement of the Action for $10,000,000 in cash (the "Settlement Amount") that, if approved by the Court, will resolve all claims in the Action and related claims (the "Settlement"). This lawsuit was brought by investors alleging, among other things, that Defendants[2] violated the federal securities laws by making false and misleading statements during the Class Period related to allegedly altered images in certain research papers co-authored by Dr. Kawas. A more detailed description of the Action is in paragraph 16 below.

2.     The proposed Settlement, if approved by the Court, will settle and release claims of the Class, as defined in paragraph 17 below. More specifically, the Settlement will resolve:

**Securities Act Claims**: Claims relating to Athira's publicly traded common stock acquired in connection with its IPO and SPO during the period from September 17, 2020, through March 16, 2021, brought under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77k, 77l, and 77o; and

**Exchange Act Claims**: Claims relating to Athira's publicly traded common stock acquired from March 17, 2021, through June 17, 2021, brought under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) & 78t(a), and United States Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5.

3.     The Court did not finally decide in favor of Plaintiffs or Defendants. Instead, the Parties have agreed to settle. Defendants deny the allegations that they made any material misstatements or omissions or engaged in any other wrongdoing or liability, that any member of the Class has suffered any damages, or that the price of Athira stock was artificially inflated by reason of any alleged misstatements or

---

[2]   Dr. Leen Kawas, Glenna Mileson, Dr. Tadataka Yamada (deceased), Joseph Edelman, James A. Johnson, and John M. Fluke, Jr. are collectively referred to as the "Individual Defendants." Dr. Tadataka Yamada (deceased), Joseph Edelman, James A. Johnson, and John M. Fluke, Jr. are also called the "Directors." Claims were also brought against Goldman Sachs & Co. LLC, Jefferies LLC, Stifel, Nicolaus & Company, Inc., and JMP Securities LLC (collectively, the "Underwriters"). Athira, the Individual Defendants, and the Underwriters are referred to as "Defendants." With the exception of Dr. Kawas, the Court dismissed all claims against the Individual Defendants, and it also dismissed all claims against the Underwriters, in a July 29, 2022 order that granted in part and denied in part Defendants' motions to dismiss.

omissions.  Defendants are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.  The Amended Stipulation shall in no event be construed as or deemed to be evidence of an admission or concession by Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.

4.    **Statement of the Class's Recovery:** Athira has agreed to pay, or cause the payment of, $10,000,000 into an escrow account. The Settlement Amount, plus any earned interest (estimated at approximately $500,000 assuming U.S. T-Bill yields of 5% over the span of one year) (the "Settlement Fund") will be used to pay (a) Taxes (estimated at approximately $200,000), (b) Notice and Administration Costs (estimated at approximately $200,000), (c) escrow fees of approximately $5,200 per year; (d) Litigation Expenses, including awards to Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), that might be awarded by the Court (estimated at no more than $235,000), and (e) attorneys' fees that might be awarded by the Court (estimated at no more than 33⅓% of the Settlement Fund). The resulting "Net Settlement Fund" would total approximately $6,526,467 after these deductions.

5.    The Net Settlement Fund will be distributed according to a plan of allocation, which has been proposed by Plaintiffs and is awaiting the approval of the Court, to Class Members who submit timely eligible Claim Forms, and whose proportional "*pro rata*" distribution from the Net Settlement Fund would be at least $10.00. The proposed plan of allocation (the "Plan of Allocation") is on pages 9-15 below. It provides formulas for calculating Claims and states that up to 8.5% of the Net Settlement Fund will be allocated to Authorized Claimants' Exchange Act Claims (the "Exchange Act Allocation") and no less than 91.5% of the Net Settlement Fund will be allocated to Authorized Claimants' Securities Act Claims (the "Securities Act Allocation").  An Authorized Claimant's *pro rata* distribution amount will be the sum of their *pro rata* distribution for any Securities Act Claims and their *pro rata* distribution for any Exchange Act Claims.

6.    Although the claims under the Exchange Act and the Securities Act in the Action generally relate to similar alleged misconduct, this approach to valuing the claims is the result of a supplemental arm's-length mediation between representatives of the Exchange Act Subclass and representatives of the Securities Act Subclass before an experienced mediator and is intended to reflect the Court's rulings in the case, which dismissed claims under the Exchange Act. (The Exchange Act Subclass and the Securities Act Subclass are defined in paragraph 17 below.)

7.    **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action.  Among other things, Defendants disagree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

8.    **Estimated Average Recovery Per Share:**  Based on Plaintiffs' expert's estimates of the number of shares of Athira publicly traded common stock purchased during the Class Period that might have been affected by the conduct at issue in the Action (21,360,000 shares), the allocations between the Exchange Act Claims and the Securities Act Claims in the Plan of Allocation, and assuming that all Class Members submit Claim Forms, the estimated average recoveries from the Settlement per allegedly damaged share are:

| | Gross Amount Per Share Before Deductions[3] | Net Amount Per Share After Deductions |
|---|---|---|
| Average Securities Act Distribution Amount | $0.72 | $0.47 |
| Average Exchange Act Distribution Amount | $0.10 | $0.06 |

---

[3] It is estimated that approximately 12,720,000 shares were allegedly damaged under the Securities Act Claims and 8,640,000 shares were allegedly damaged under the Exchange Act Claims.

9.    For example, a Class Member with a Securities Act Claim who purchased 1,000 eligible shares might receive a payment of $470.00 and a Class Member with an Exchange Act Claim who purchased 1,000 eligible shares may receive a payment of $60.00. According to the Plan of Allocation, the smallest payment will be $10.00 and Plaintiffs' expert has estimated that Athira's largest publicly known investor could recover approximately $480,000.

10.    Class Members should note, however, that these average recoveries per share are only estimates. Some Class Members may recover more or less than these estimated amounts depending on, among other factors, the number of shares of Athira common stock they purchased, when and at what prices they purchased/acquired or sold their Athira common stock, and the total number and value of valid Claims submitted.  Distributions from the Net Settlement Fund to Class Members will be made based on the proposed Plan of Allocation (*see* pages 9-15 below) or such other plan of allocation as might be approved by the Court.

11.    **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, who have been prosecuting the Action on a wholly contingent basis since its inception in 2021, have not received any payment of attorneys' fees for their work on behalf of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Glancy Prongay & Murray, LLP and Labaton Keller Sucharow LLP (collectively, "Co-Lead Counsel"), will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Co-Lead Counsel will apply for payment of Litigation Expenses in an amount not to exceed $235,000, which might include awards to Plaintiffs related to their representation of the Class of no more than $30,000 in the aggregate. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Estimates of the average cost per affected share of Athira common stock, if the Court approves Co-Lead Counsel's fee and expense application, is $0.26 per eligible share with respect to the Securities Act Claims and $0.04 per eligible share with respect to the Exchange Act Claims. A copy of Co-Lead Counsel's motion for attorneys' fees and litigation expenses is available for review on the Settlement Website.

12.    **Identification of Co-Lead Counsel Representatives:** (i) Casey E. Sadler, Esq. of Glancy Prongay & Murray, LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888) 773-9224, settlements@glancylaw.com; and (ii) Michael P. Canty, Esq., of Labaton Keller Sucharow LLP, 140 Broadway, New York, New York 10005, (888) 219-6877, settlementquestions@labaton.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN SEPTEMBER 6, 2024, OR *SUBMITTED ONLINE* AT THE SETTLEMENT WEBSITE NO LATER THAN SEPTEMBER 6, 2024** | Submitting a Claim Form is the only way to be eligible for a payment from the Settlement Fund. If you are a Class Member and you do not exclude yourself from the Class, you will be bound by the Settlement and you will give up any Released Plaintiffs' Claims (defined in ¶ 23 below) that you have against Defendants and the other Released Defendants' Parties (defined in ¶ 24 below), so it is in your interest to submit a Claim Form. *See* ¶ 29 below for instructions. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST NO LATER THAN SEPTEMBER 6, 2024** | If you exclude yourself from the Class, you will not receive any payment from the Settlement Fund. Excluding yourself from the Class is the only option that allows you to ever be part of any other lawsuit against Defendants or the other Released Defendants' Parties concerning the Released Plaintiffs' Claims. *See* ¶¶ 66-71 below for instructions. |

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **OBJECT TO THE SETTLEMENT AND/OR RELATED MATTERS** | If you do not like the proposed Settlement, the proposed Plan of Allocation (including the *cy pres* recipient), or the request for attorneys' fees and Litigation Expenses, you may object by either (a) submitting a written objection **electronically or postmarked (or bearing other proof of mailing) no later than September 6, 2024**; or (b) appearing at the Final Approval Hearing and telling the Court your views. *See* ¶¶ 74-80 below for instructions and further details as there are different deadlines depending on whether you are represented by an attorney.<br><br>You cannot object unless you are a Class Member and do not exclude yourself from the Class. |
| **ATTEND A HEARING IN PERSON OR VIRTUALLY ON OCTOBER 25, 2024 AT 10:00 A.M. PT** | The Court will hold a Final Approval Hearing on October 25, 2024 at 10:00 a.m. *See* ¶ 72 below for instructions. If you are a Class Member and have not excluded yourself from the Class, you may state any objections during the Final Approval Hearing. If you have not, however, submitted a Claim Form, you will not receive any portion of the Settlement Fund and, if the Court approves the Settlement, you will be bound by its terms. |
| **DO NOTHING** | If you are a member of the Class and you do nothing, you will not receive a payment. You will, however, remain in the Class and give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? — Page 5
What Is This Case About? — Page 6
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Class? — Page 6
How Are Class Members Affected By The Action
   And The Settlement? — Page 7
How Do I Participate In The Settlement? What Do I Need To Do? — Page 8
How Much Will My Payment Be? — Page 9
What Payment Are The Attorneys For The Class Seeking?
   How Will The Lawyers Be Paid? — Page 15
What If I Do Not Want To Be A Member Of The Class?
   How Do I Exclude Myself? — Page 15
When And Where Will The Final Approval Hearing Be Held? — Page 16
How Do I Object? May I Speak At The Final Approval Hearing If I Don't
   Like Something About The Settlement? — Page 16
What If I Bought Shares On Someone Else's Behalf? — Page 17
Whom Should I Contact If I Have Questions? — Page 17

## WHY DID I GET THIS NOTICE?

13.  This Notice has been mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Athira common stock during the Class Period. As a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.

14.  This Notice is to inform you of the existence of this class action, how you might be affected, and how to exclude yourself from the Class. It also informs you about the proposed Settlement, and a

hearing to be held by the Court about approving the Settlement, the proposed Plan of Allocation and the motion by Co-Lead Counsel for attorneys' fees and Litigation Expenses (the "Final Approval Hearing"). *See* paragraph 72 below for details about the Final Approval Hearing, including the date and location of the hearing.

15.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim or defense in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

16.    This case is a class action relating to the purchase and sale of Athira common stock. The operative consolidated amended complaint (the "Complaint") asserted claims against: (a) Athira and the Individual Defendants under Section 10(b) and Section 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder; (b) all Defendants under Sections 11 and 12(a)(2) of the Securities Act with respect to the Company's Initial Public Offering and Secondary Public Offering; and (c) the Individual Defendants under Section 15 of the Securities Act with respect to the Company's IPO and SPO.  Among other things, the Complaint alleged that Defendants made materially false and misleading statements and/or failed to disclose that the Company's president and chief executive officer, Dr. Kawas, had improperly enhanced images in certain research papers she co-authored that were published from 2011 to 2014, which were referenced in certain applications by Washington State University ("WSU") for patents that were then exclusively licensed to Athira.  The Complaint further alleged that, when information regarding the allegedly enhanced images was publicly disclosed, the Company's stock price was negatively impacted.  The Complaint is available for review on the Settlement Website.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE CLASS?

17.    If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded. The Court has certified for settlement purposes:

- a class of all persons and entities who or which purchased or otherwise acquired Athira Pharma, Inc. publicly traded common stock during the period from September 17, 2020, through June 17, 2021, inclusive, and were damaged thereby (the "Class");

- a subclass of all persons and entities who or which purchased or otherwise acquired Athira Pharma, Inc. publicly traded common stock during the period from September 17, 2020, through March 16, 2021, inclusive, and were damaged thereby (the "Securities Act Subclass"); and

- a subclass of all persons and entities who or which purchased or otherwise acquired Athira Pharma, Inc. publicly traded common stock during the period from March 17, 2021, through June 17, 2021, inclusive, and were damaged thereby (the "Exchange Act Subclass").

18.    Excluded from the Class are: (a) Athira and Dr. Kawas; (b) the Underwriters; (c) all persons who served, during the Class Period, as partners, control persons, executive officers or directors of Athira or the Underwriters, and members of their immediate families; (d) all present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Athira or the Underwriters; (e) any entity in which Athira, the Underwriters, or one or more Excluded Persons[4] have or had a controlling interest; (f) any trust of which one or more Excluded Persons is the settlor or beneficiary; (g) all liability insurance carriers for Athira or Excluded Persons; and (h) the legal representatives, heirs, successors, or assigns of any person or entity excluded pursuant to (a) through (g). Notwithstanding any provision to the contrary, (i) any Investment Vehicle, as defined in the Amended Stipulation, shall not be excluded

---

[4] "Excluded Persons" means the Directors, Glenna Mileson, Dr. Kawas, and their immediate family members.

from the Class; and (ii) "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by, or are under common control with Athira or the Underwriters, including Athira's employee retirement and/or benefit plan(s).

19.   Also excluded from the Class are persons and entities that timely submit a written request for exclusion in accordance with the requirements in this Notice. *See* "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself," on page 15 below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE A PAYMENT.**

| HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
|---|

20.   As a Class Member, you are represented by Plaintiffs and Co-Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on all attorneys of record in this matter below.

21.   If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and related claims and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns, in their capacities as such only, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and unconditionally released as against the Released Defendants' Parties (as defined in ¶ 24 below) each and every Released Plaintiffs' Claim (as defined in ¶ 23 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.

22.   If you are a Class Member and do not wish to remain a Class Member, you must exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself?" below.

23.   "**Released Plaintiffs' Claims**" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, whether direct, representative, class, or individual in nature, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Plaintiffs or any other member of the Class: (a) asserted in the Action; or (b) could have asserted in any court or forum, that arise out of or are based upon (i) the allegations, transactions, facts, matters or occurrences, representations or omissions set forth or referred to in the complaints filed in the Action, and (ii) the purchase, acquisition, sale, or holding of Athira publicly traded common stock during the Class Period or pursuant and/or traceable to the registration statements and prospectuses issued in connection with Athira's IPO or SPO.  Released Plaintiffs' Claims do not include: (a) any claims relating to enforcement of the Settlement; (b) any claims of any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court; and (c) any derivative claims asserted by shareholders on behalf of Athira in the related consolidated shareholder derivative lawsuits, captioned *Bushansky v. Kawas et al*., Case No. 2:22-cv-497-TSZ (W.D. Wash.) and *Houlihan v. Kawas et al*., Case No. 2:22-cv-620-TSZ (W.D. Wash.), which have been consolidated, and in which a separate proposed settlement is now pending the Court's approval.  For more information about the proposed settlement of the derivative active, see Athira's Investor Relations webpage at https://investors.athira.com/, which will have information as it becomes available.

24.   "**Released Defendants' Parties**" means (a) Defendants; (b) the Immediate Family members of the Individual Defendants; (c) direct or indirect parent entities, subsidiaries, related entities, and affiliates of Athira and the Underwriters; (d) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her Immediate Family members; (e) for any of the entities listed in parts (a), (c), and (d), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers,

managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, legal representatives, heirs, executors, administrators, and any controlling person thereof; and (f) any entity in which a Defendant has a controlling interest; all in their capacities as such.

25.    "**Unknown Claims**" means any Released Plaintiffs' Claims which any Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Released Defendants' Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Class Members and each of the other Released Defendants' Parties shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants acknowledge, and each of the other Class Members and each of the other Released Defendants' Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

26.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants and the other Released Defendants' Parties, on behalf of themselves and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns, in their capacities as such only, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and unconditionally released as against Plaintiffs and the other Released Plaintiffs' Parties (as defined in ¶ 28 below) each and every Released Defendants' Claim (as defined in ¶ 27 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiffs' Parties.

27.    "**Released Defendants' Claims**" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

28.    "**Released Plaintiffs' Parties**" means (a) Plaintiffs, all Class members, and Plaintiffs' Counsel, and (b) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, legal representatives, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

| HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO? |
| --- |

29.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation to the Settlement Administrator **postmarked (or bearing other proof of mailing), or submitted online**

using the Settlement Website, no later than September 6, 2024. A Claim Form is included with this Notice, or you may obtain one from the Settlement Website, **www.AthiraSecuritiesSettlement.com**. You may also request that a Claim Form be sent to you by calling the Settlement Administrator toll free at (866) 274-4004. Please retain all records of your ownership of and transactions in Athira common stock, as they may be needed to document your Claim. If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

30.   At this time, it is not possible to make a precise determination as to how much any individual Class Member might receive from the Settlement. Estimates of the average per share recoveries are in paragraphs 8-9 above.

31.   As explained in the summary, Athira has agreed to pay or cause the payment of ten million dollars ($10,000,000) in cash, which together with any interest or earnings thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Class Members and administering the Settlement on behalf of Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation below or such other plan of allocation as the Court may approve.

32.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

33.   Neither Defendants nor any other entity that paid any portion of the Settlement Amount on their behalf is entitled to get back any portion of the Settlement Fund after the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

34.   Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

35.   Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked (or bearing other proof of mailing) **on or before September 6, 2024**, if sent by mail, or submitted online at www.AthiraSecuritiesSettlement.com **on or before September 6, 2024**, shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Class Member and be subject to the provisions of the Amended Stipulation, including the terms of any judgment entered and the releases given. *See* ¶¶ 21–28 above.

36.   Participants in and beneficiaries of a plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA Plan") should NOT include any information relating to their transactions in Athira common stock held through the ERISA Plan in any Claim Form that they submit. They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan. Athira's employee retirement and/or benefit plan(s) are excluded from the Class.

37.   Only Class Members will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition, or that exclude themselves from the Class pursuant to request, will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. Athira common stock is the only security included in the Settlement.

## PROPOSED PLAN OF ALLOCATION

38.   The Plan of Allocation below is the plan for the distribution of the Net Settlement Fund that is being proposed by Plaintiffs and Co-Lead Counsel to the Court for approval. The Court might approve this Plan of Allocation or modify it. Any order modifying the Plan of Allocation will be posted on the Settlement Website at: www.AthiraSecuritiesSettlement.com.

39.    The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making pro rata allocations of the Net Settlement Fund.

40.    Based on the provisions in this Plan, a "Recognized Loss Amount" shall be calculated by the Settlement Administrator for each purchase or acquisition of Athira common stock during the relevant time periods that is listed in the Claim Form and for which adequate documentation is provided.

41.    **Dispute Resolution**: The Settlement Administrator will notify Claimants in writing about whether their Claim Forms are rejected in order to give Claimants the chance to remedy any curable deficiencies. If any Claimant whose Claim has been rejected, in whole or in part, desires to contest the rejection, the Claimant must, within 20 days after the date of the notice from the Settlement Administrator, submit a statement explaining the Claimant's grounds for contesting the rejection, and requesting a review by Co-Lead Counsel.  Co-Lead Counsel will make a final determination of the Claim dispute, in consultation with the Settlement Administrator.

42.    **Securities Act Subclass**: Shares of Athira common stock purchased or otherwise acquired (i) directly from an Underwriter in the IPO or the SPO,  or (ii) in the open market during the period from September 17, 2020, through March 16, 2021, inclusive, shall be considered an acquisition of Athira common stock that is traceable to the IPO and/or SPO offering materials and are eligible for a recovery under the Securities Act.[5] Purchases or acquisitions of Athira common stock on or after March 17, 2021 are not eligible for a recovery under the Securities Act. The time period from September 17, 2020, through March 16, 2021, inclusive, is the "Securities Act Period." The Recognized Loss Amounts for the Securities Act Claims shall be calculated as described below in "Calculation of Recognized Loss Amount Per Share Under the Securities Act." The sum of a Claimant's Recognized Loss Amounts Per Share Under the Securities Act will be the Claimant's "Securities Act Claim Amount."

43.    In the Calculation of Recognized Loss Amount Per Share Under the Securities Act, the "Offering Price" shall be $17.00 (*i.e.*, the IPO offering price) for shares of Athira common stock acquired prior to January 21, 2021. The Offering Price shall be $22.50 (*i.e.*, the SPO offering price) for shares of Athira common stock acquired directly from an Underwriter pursuant to the SPO.  For all other shares of Athira common stock acquired during the period from January 21, 2021 through March 16, 2021, inclusive, the Offering Price shall be $18.41, which is the weighted average of the IPO and SPO offering price.

44.    **Exchange Act Subclass**: The Recognized Loss Amount for shares of Athira common stock purchased or otherwise acquired during the period from March 17, 2021 through June 17, 2021, inclusive, (called the "Exchange Act Period") shall be calculated as described below in "Calculation of Recognized Loss Amount Per Share Under the Exchange Act." The sum of a Claimant's Recognized Loss Amounts Per Share Under the Exchange Act will be the Claimant's "Exchange Act Claim Amount."

45.    As also discussed in paragraph 67 below, the settlement proceeds available for payment of the Exchange Act Claims shall be limited to a total amount of up to 8.5% of the Net Settlement Fund (the "Exchange Act Allocation") and no less than 91.5% of the Net Settlement Fund will be available for payment of the Securities Act Claims (the "Securities Act Allocation"). Although the claims under the Exchange Act and the claims under the Securities Act in the Action generally relate to similar alleged misconduct, this approach to valuing Exchange Act Claims is the result of a supplemental arm's-length

---

[5] In September 2020, Athira commenced the initial public offering of its common stock, in which it sold and issued a total of 13,397,712 shares at a price to the public of $17.00 per share. The Company's common stock began publicly trading on the Nasdaq Global Select Market under the symbol "ATHA" on September 18, 2020. On January 21, 2021, Athira commenced a secondary public offering of its common stock, in which it sold and issued a total of 4,600,000 shares at a price to the public of $22.50 per share. On March 17, 2021, prior to market open, certain lock-up agreements entered into in connection with Athira's IPO expired, and as a result, a significant portion of the shares of the Company's common stock not registered with the SEC in connection with its IPO or SPO became available for resale.  (*See* Athira Pharma, Inc., SEC Form 10-K, filed March 25, 2021, p. 100.)

mediation between representatives of the Exchange Act Subclass and representatives of the Securities Act Subclass before Mr. Melnick and is intended to reflect the Court's rulings on Defendants' motions to dismiss the Complaint, which dismissed all claims under the Exchange Act.

46.    In the Action, Plaintiffs allege that Defendants made false statements and omitted material facts in the IPO and SPO materials, and thereafter, which had the effect of allegedly artificially inflating the price of Athira common stock. Plaintiffs also allege that corrective disclosures removed the artificial inflation from the price of Athira common stock on June 18, 2021 (the "Corrective Disclosure Date"). Recognized Loss Amounts are based in part on the price decline in Athira common stock, as quantified by Plaintiffs' expert, on the Corrective Disclosure Date. The estimated alleged artificial inflation in the price of Athira common stock during the Class Period is reflected in Table 1, below.

47.    Section 11 of the Securities Act provides for an affirmative defense of negative causation, which prevents recovery for losses that Defendants can prove are not attributable to misrepresentations and/or omissions in a registration statement as alleged by Plaintiffs. Under Section 10(b) of the Exchange Act, in order to have recoverable damages, disclosures correcting an alleged misrepresentation must be the cause of the decline in the price of the stock. Accordingly, given the likely defenses in the Action, the Calculation of Recognized Loss Amount Per Share Under the Securities Act and the Exchange Act assume that the decline in the price of Athira common stock, net of market and industry effects, on the Corrective Disclosure Date is the only compensable loss. Accordingly, in order to have a Recognized Loss Amount, Athira common stock must have been purchased or otherwise acquired during the Class Period and held until the close of the U.S. financial markets on June 17, 2021. To the extent a Claimant does not satisfy the conditions in the preceding sentence with respect to certain transactions, his, her or its Recognized Loss Amount for those transactions will be zero.

| Table 1 Alleged Artificial Inflation in Athira Common Stock | | |
| --- | --- | --- |
| **From** | **To** | **Per-Share Price Inflation** |
| September 17, 2020 | June 17, 2021 | $7.14 |
| June 18, 2021 | Thereafter | $0.00 |

48.    The "90-day look back" provision of the PSLRA is incorporated into the Calculation of Recognized Loss Amount Per Share Under the Exchange Act. This limitation provides that the Recognized Loss Amount on Athira common stock purchased during the Exchange Act Period and held as of the close of the 90-day period subsequent to the Exchange Act Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period. The Recognized Loss Amount on Athira common stock purchased during the Exchange Act Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

49.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero. Any transactions in Athira common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS PER SHARE UNDER THE SECURITIES ACT

50.    Based on the formulas below, a Recognized Loss Amount shall be calculated under the Securities Act for each share of Athira common stock that was purchased or otherwise acquired (i) directly from an Underwriter in the IPO or the SPO,  or (ii) in the open market during the period from September 17, 2020, through March 16, 2021, inclusive, that is listed in the Claim Form and for which adequate documentation is provided.

      i.    For shares sold prior to the close of the U.S. financial markets on June 17, 2021, the Recognized Loss Amount is $0.00 per share.

ii. For shares sold during the period from June 18, 2021 through June 25, 2021,[6] inclusive, the Recognized Loss Amount per share is *the lesser of*:

    a. $7.14; or

    b. the purchase price (not to exceed the Offering Price) *minus* the sale price.

iii. For shares still held as of the close of trading on June 25, 2021, the Recognized Loss Amount per share is *the lesser of*:

    a. $7.14; or

    b. the purchase price (not to exceed the Offering Price) *minus* $10.84.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS PER SHARE
## UNDER THE EXCHANGE ACT

51.   Based on the formulas below, a Recognized Loss Amount shall be calculated under the Exchange Act for each purchase or acquisition of Athira common stock during the period from March 17, 2021 through June 17, 2021, inclusive, that is listed in the Claim Form and for which adequate documentation is provided.

i. For shares sold prior to the close of the U.S. financial markets on June 17, 2021, the Recognized Loss Amount is $0.00 per share.

ii. For shares sold during the period from June 18, 2021 through September 15, 2021, inclusive (*i.e.,* sold during the 90-Day Lookback Period), the Recognized Loss Amount per share is *the least of*:

    a. $7.14; or

    b. the purchase price *minus* the sale price; or

    c. the purchase price *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2, below.

iii. For shares still held as of the close of trading on September 15, 2021, the Recognized Loss Amount per share is *the lesser of*:

    a. $7.14; or

    b. the purchase price *minus* the average closing price for Athira common stock during the 90-Day Lookback Period, which is $10.33.

| Table 2 90-Day Lookback Values | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 6/18/2021 | $11.15 | 7/20/2021 | $10.51 | 8/18/2021 | $10.25 |
| 6/21/2021 | $10.95 | 7/21/2021 | $10.52 | 8/19/2021 | $10.23 |
| 6/22/2021 | $10.75 | 7/22/2021 | $10.52 | 8/20/2021 | $10.22 |
| 6/23/2021 | $10.71 | 7/23/2021 | $10.51 | 8/23/2021 | $10.22 |
| 6/24/2021 | $10.77 | 7/26/2021 | $10.49 | 8/24/2021 | $10.22 |
| 6/25/2021 | $10.78 | 7/27/2021 | $10.47 | 8/25/2021 | $10.22 |
| 6/28/2021 | $10.76 | 7/28/2021 | $10.46 | 8/26/2021 | $10.22 |
| 6/29/2021 | $10.72 | 7/29/2021 | $10.44 | 8/27/2021 | $10.23 |
| 6/30/2021 | $10.66 | 7/30/2021 | $10.41 | 8/30/2021 | $10.24 |
| 7/1/2021 | $10.66 | 8/2/2021 | $10.39 | 8/31/2021 | $10.25 |
| 7/2/2021 | $10.65 | 8/3/2021 | $10.38 | 9/1/2021 | $10.26 |
| 7/6/2021 | $10.68 | 8/4/2021 | $10.37 | 9/2/2021 | $10.27 |

---

[6] June 25, 2021 is the filing date of the first complaint stating a claim under the Securities Act in this matter. The closing price of Athira common stock on June 25, 2021 was $10.84.

| Table 2 — 90-Day Lookback Values | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 7/7/2021 | $10.67 | 8/5/2021 | $10.38 | 9/3/2021 | $10.28 |
| 7/8/2021 | $10.66 | 8/6/2021 | $10.36 | 9/7/2021 | $10.29 |
| 7/9/2021 | $10.68 | 8/9/2021 | $10.36 | 9/8/2021 | $10.30 |
| 7/12/2021 | $10.67 | 8/10/2021 | $10.35 | 9/9/2021 | $10.31 |
| 7/13/2021 | $10.67 | 8/11/2021 | $10.34 | 9/10/2021 | $10.33 |
| 7/14/2021 | $10.63 | 8/12/2021 | $10.33 | 9/13/2021 | $10.33 |
| 7/15/2021 | $10.60 | 8/13/2021 | $10.32 | 9/14/2021 | $10.33 |
| 7/16/2021 | $10.54 | 8/16/2021 | $10.29 | 9/15/2021 | $10.33 |
| 7/19/2021 | $10.51 | 8/17/2021 | $10.27 | N/A | N/A |

## ADDITIONAL PROVISIONS

52.   The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 60 below) is $10.00 or greater.

53.   **FIFO Matching:** If a Class Member has more than one purchase/acquisition or sale of Athira common stock, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Sales of Athira common stock will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

54.   **Calculation of Claimant's "Recognized Claim":** A Claimant's "Securities Act Claim Amount" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss Amounts Per Share Under the Securities Act. A Claimant's "Exchange Act Claim Amount" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss Amounts Per Share Under the Exchange Act.  A Claimant's Securities Act Claim Amount plus his, her, or its Exchange Act Claim Amount will be his, her, or its "Recognized Claim."

55.   **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of Athira common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Athira common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of Athira common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Athira common stock unless (i) the donor or decedent purchased or otherwise acquired such Athira common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor or decedent, or by anyone else with respect to such Athira common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

56.   **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Athira common stock.  The date of a "short sale" is deemed to be the date of sale of Athira common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has a short position in Athira common stock during the Class Period, the earliest subsequent purchases or acquisitions shall be matched against such short position, and not be entitled to a recovery, until that short position is fully covered.

57.   **Option Contracts:** Option contracts are not securities eligible to participate in the Settlement. With respect to Athira common stock purchased through the exercise of an option, the purchase date of the Athira common stock shall be the exercise date of the option and the purchase price of the Athira common stock shall be the closing price of Athira common stock on the date of exercise. Any Recognized Loss Amount arising from purchases of Athira common stock acquired during the Class Period through the exercise of an option on Athira common stock shall be computed as provided for other purchases of Athira common stock in the Plan of Allocation.

58.    **Market Gains and Losses:** To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Athira common stock during the Class Period, the value of the Claimant's Recognized Claim shall be zero. Such Claimants shall in any event be bound by the Settlement.

59.    The Settlement Administrator shall determine a Claimant's market loss or gain with respect to their Securities Act Claims and their Exchange Act Claims, separately. For instance, with respect to Securities Act Claims, the Settlement Administrator shall calculate the difference between (i) the Securities Act Purchase Amount[7] and (ii) the sum of the Securities Act Sales Proceeds[8] and the Securities Act Holding Value.[9] If the Claimant's Securities Act Purchase Amount *minus* the sum of the Securities Act Sales Proceeds and the Securities Act Holding Value is a positive number, that number will be the Claimant's market loss on such securities; if the number is a negative number or zero, that number will be the Claimant's market gain on such securities. To the extent a Claimant had a market gain on such securities, the Claimant's Securities Act Claim Amount shall be zero. To the extent a Claimant suffered a market loss on such securities, but that market loss was less than the Claimant's total Securities Act Claim, then the Claimant's Securities Act Claim Amount shall be limited to the amount of the actual market loss. The same calculations will be made with respect to the Claimant's Exchange Act Claims.

60.    **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Securities Act Claims and Exchange Act Claims. Specifically, a "Securities Act Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Securities Act Claim Amount divided by the total of the Securities Act Claim Amounts of all Authorized Claimants, multiplied by the amount of the Securities Act Allocation (91.5%). Similarly, an "Exchange Act Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Exchange Act Claim Amount divided by the total of the Exchange Act Claim Amounts of all Authorized Claimants, multiplied by the amount of the Exchange Act Allocation (8.5%). The sum of an Authorized Claimant's Securities Act Distribution Amount and Exchange Act Distribution Amount will be an Authorized Claimant's Distribution Amount. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will be removed from the final *pro rata* calculations and no distribution will be made to such Authorized Claimant. Any Distribution Amounts of less than $10.00 will be included in the pools distributed to those Authorized Claimants whose Distribution Amounts are $10.00 or greater.

61.    **Maximum Recovery for Exchange Act Claims:** Cumulative payments of all Exchange Act Claims will be limited to no more than 8.5% of the Net Settlement Fund (Exchange Act Allocation). Thus, if the total cumulative payments for Exchange Act Claims of Authorized Claimants exceed 8.5% of the Net Settlement Fund, then the Exchange Act Claims will be reduced proportionately until they collectively equal 8.5% of the Net Settlement Fund. If the total cumulative payments of all Exchange Act Claims of Authorized Claimants is less than 8.5% of the Net Settlement Fund, then the Exchange Act Claims will be limited to their actual lesser proportion of the Net Settlement Fund. Any excess will be transferred to the Securities Act Allocation.

---

[7] The "Securities Act Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Athira common stock purchased or acquired during the Securities Act Period. The "Exchange Act Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Athira common stock purchased or acquired during the Exchange Act Period.

[8] The "Securities Act Sales Proceeds" is the total amount received (excluding commissions and other charges) from the sale of Athira common stock purchased during the Securities Act Period. The "Exchange Act Sales Proceeds" is the total amount received (excluding commissions and other charges) from the sale of Athira common stock purchased during the Exchange Act Period.

[9] The Settlement Administrator shall ascribe a "Securities Act Holding Value" to shares of Athira common stock purchased or acquired during the Securities Act Period and still held as of the close of trading on June 17, 2021, which shall be $11.15 per share (*i.e.,* the closing price of Athira common stock on the Corrective Disclosure Date). The total of such holding values shall be the Claimant's "Securities Act Holding Value." The Settlement Administrator shall ascribe an "Exchange Act Holding Value" to shares of Athira common stock purchased or acquired during the Exchange Act Period and still held as of the close of trading on June 17, 2021, which shall be $11.15 per share (*i.e.,* the closing price of Athira common stock on the Corrective Disclosure Date). The total of such holding values shall be the Claimant's "Exchange Act Holding Value."

62.    After the initial distribution of the Net Settlement Fund, the Settlement Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund at least nine (9) months after the initial distribution, if Co-Lead Counsel, in consultation with the Settlement Administrator, determine that it is cost-effective to do so, the Settlement Administrator shall conduct a re-distribution of the funds remaining, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, and Taxes to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 in such additional re-distributions may occur thereafter if Co-Lead Counsel, in consultation with the Settlement Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, and Taxes would be cost-effective.

63.    _**Cy Pres**_ **Recipient**: At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to the Public Justice Foundation, or such other non-sectarian, not-for-profit organization(s) approved by the Court. Class Members can object to this _cy pres_ designation by following the objection procedures explained in paragraphs 74 to 80.

64.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as might be approved by the Court, shall be conclusive against all Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' expert, Defendants, Defendants' Counsel, or any of the other Releasees,[10] or the Settlement Administrator or other agent designated by Co-Lead Counsel arising from distributions made substantially in accordance with the Amended Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, Defendants and their respective counsel, and all other Released Defendants' Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Settlement Administrator, the payment or withholding of Taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

65.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims in the Action on behalf of the Class, nor have Plaintiffs' Counsel been paid for their Litigation Expenses.[11] In connection with final approval of the Settlement, Co-Lead Counsel will apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund. At the same time, Co-Lead Counsel also intend to apply for payment of Litigation Expenses in an amount not to exceed $235,000, which might include awards to Plaintiffs related to their representation of the Class in an aggregate amount not to exceed $30,000. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as might be approved by the Court will be paid from the Settlement Fund.  You may object to the request for attorneys' fees and/or Litigation Expenses by following the objection procedures explained in paragraphs 74 to 80.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?

66.    Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless they mail or email a written request for exclusion from the Class.  You

---

[10] "Releasees" are all Released Plaintiffs' Parties and Released Defendants' Parties.

[11] Plaintiffs' Counsel are Labaton Keller Sucharow LLP, Glancy Prongay & Murray LLP, Rossi Vucinovich, P.C., the Schall Law Firm, and Block & Leviton LLP.  Longman Law, PC and Keller Rohrback L.L.P., which appeared at the beginning of the case as counsel for proposed lead plaintiffs Timothy and Tai Slyne, have asked the Court to award the firms attorneys' fees of $61,820 and expenses of $461.15.  Co-Lead Counsel intend to oppose these requests.

can either write a letter containing the information below or submit the form called "Request to Be Excluded from the Class" that is in this Notice Packet and available for downloading at www.AthiraSecuritiesSettlement.com.

67.   Your request must either be *emailed* to info@strategicclaims.net **no later than September 6, 2024**, or be *mailed* to *Athira Pharma Securities Litigation*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063 so that it is **postmarked (or bears other proof of mailing) no later than September 6, 2024**. You will not be able to exclude yourself from the Class after that date.   (If you email your request, you will receive an email confirmation of receipt from the Settlement Administrator. If you do not receive an email confirmation within one business day, please call or email the request again.)

68.   Each request for exclusion must: (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Class in *Athira Pharma Securities Litigation*, Case No. 2:21-cv-00861-TSZ"; and (c) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

69.   Please also provide additional optional information so that the Parties know you are a Class Member. Please state the number of shares of Athira common stock that the person or entity requesting exclusion purchased/acquired and sold during the Class Period (*i.e.,* from September 17, 2020, through June 17, 2021, inclusive), as well as the dates and prices of each such purchase/acquisition and sale. Providing this information is optional and the Court will not reject any request for exclusion that does not include this information; however, we might need to ask you for it in the future because Athira has the right to terminate the Settlement if requests for exclusion are received that exceed an amount agreed to by the Parties.

70.   If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have a pending lawsuit, arbitration, or other proceeding, or later file one, relating to any of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.

71.   If you ask to be excluded from the Class, you will not be eligible to receive any payment from the Net Settlement Fund so, in that event, do not file a Claim Form.

| WHEN AND WHERE WILL THE FINAL APPROVAL HEARING BE HELD? |
| --- |

72.   The Final Approval Hearing will be held on October 25, 2024 at 10:00 a.m., before the Honorable Thomas S. Zilly, United States District Court for the Western District of Washington, at the United States Courthouse, Courtroom 15206, 700 Stewart Street, Seattle, WA 98101. At the Final Approval Hearing, the Court will hear from all participants concerning whether it should approve the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses. Please check the website **www.AthiraSecuritiesSettlement.com** prior to the hearing to confirm the date, time, and procedures for attending in person or joining via ZoomGov.com.

73.   **Class Members do not need to attend the Final Approval Hearing.  The Court will consider any objection made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Final Approval Hearing**.

| HOW DO I OBJECT? MAY I SPEAK AT THE FINAL APPROVAL HEARING IF I DON'T LIKE SOMETHING ABOUT THE SETTLEMENT? |
| --- |

74.   Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation (including the *cy pres* recipient), and/or Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses. Objections can be in writing or you can present your views to the Court by attending the Final Approval Hearing.

75.    In order to object in writing, you must mail or email your objection, together with copies of all other papers supporting the objection, to the Settlement Administrator so that the papers are ***postmarked (or bear other proof of mailing)*, or emailed, on or before September 6, 2024,** if you are <u>not</u> represented by an attorney:

*Athira Pharma Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
info@strategicclaims.net

76.    Any written objection: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) should contain a statement of the Class Member's objection or objections, and the specific reason(s) for each objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class; and (c) may include any legal and/or evidentiary support the Class Member wishes to bring to the Court's attention. Persons who intend to object and desire to present evidence at the Final Approval Hearing may include in their written objection the identity of any witness they wish to call to testify.  Whether witnesses will be heard during the Final Approval Hearing is a matter within the discretion of the Court.  You may submit a written objection without appearing at the Final Approval Hearing.

77.    Instead of submitting a written objection, you can appear at the Final Approval Hearing and present your views to the Court. Information about the hearing is in paragraphs 72-73.  Please check the Settlement Website **www.AthiraSecuritiesSettlement.com** prior to the hearing to confirm the date, time, and procedures for attending in person or joining via ZoomGov.com.

78.    You are not required to hire an attorney to represent you in connection with objecting or appearing at the Final Approval Hearing; however, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court, serve copies of his or her appearance on all attorneys of record in this matter, and mail the notice to the Settlement Administrator at the address in paragraph 75. If you object and are represented by an attorney, they must file your objection with the Court **on or before October 11, 2024**.

79.    **You may not object to the Settlement, the Plan of Allocation (including the *cy pres* recipient), or Co-Lead Counsel's motion for attorneys' fees and payment of Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.**

80.    **Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval of the Settlement and related matters.**

**WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?**

81.    If you purchased or otherwise acquired Athira publicly traded common stock from September 17, 2020, through June 17, 2021, inclusive, including in the IPO and the SPO, for the beneficial interest of persons or entities other than yourself as a nominee, you must within SEVEN (7) CALENDAR DAYS of receipt of this Notice follow the instructions in paragraph 1 above.

82.    Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed $0.05 plus postage at the current pre-sort rate used by the Settlement Administrator per Notice Packet mailed; or $0.05 per name and address provided to the Settlement Administrator, by providing the Settlement Administrator with proper documentation supporting the expenses for which reimbursement is sought.  **YOU ARE NOT AUTHORIZED TO PRINT THE NOTICE PACKET YOURSELF. NOTICE PACKETS MAY ONLY BE PRINTED BY THE SETTLEMENT ADMINISTRATOR.**

**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

83.    This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the Amended Stipulation and

the Complaint filed in the Action, and any related orders entered by the Court, which are posted on the website maintained by the Settlement Administrator, www.AthiraSecuritiesSettlement.com.

84.   Questions about this Notice or the Settlement should be directed to Co-Lead Counsel using the contact information provided in paragraph 12, above. All inquiries concerning the Claim Form should be directed to:

*Athira Pharma Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
(866) 274-4004
info@strategicclaims.net
www.AthiraSecuritiesSettlement.com

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, OR DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: May 15, 2024

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTONIO BACHAALANI NACIF, WIES RAFI, and HANG GAO, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>   v.<br><br>ATHIRA PHARMA, INC., et al.,<br><br>        Defendants. | CASE NO.:  2:21-cv-00861-TSZ<br>(Consolidated with Case Nos. 21-cv-00862-TSZ and 21-cv-00864-TSZ) |

## PROOF OF CLAIM FORM

### I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the Class based on your claims in the action entitled *Nacif et al., v. Athira Pharma, Inc. et al*., Case No.: 2:21-cv-00861-TSZ (the "Action"), you must complete and, on page 24 below, sign this Proof of Claim Form ("Claim Form").  If you fail to submit a timely Claim Form, your Claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.  The Amended Stipulation and Agreement of Settlement, dated December 15, 2023 (the "Amended Stipulation"), and other documents about the Settlement are available at **www.AthiraSecuritiesSettlement.com**.[1]

2.    Submission of this Proof of Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.    **YOU MUST MAIL BY FIRST-CLASS MAIL POSTMARKED (OR BEARING OTHER PROOF OF MAILING) NO LATER THAN SEPTEMBER 6, 2024, OR SUBMIT ONLINE NO LATER THAN SEPTEMBER 6, 2024, YOUR COMPLETED AND SIGNED CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED BELOW AS FOLLOWS**:

**Mailed Submissions**:
*Athira Pharma Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

**Online Submissions**:
www.AthiraSecuritiesSettlement.com

If you are NOT a member of the Class, as defined in the accompanying Notice and below, DO NOT submit a Claim Form.

---

[1] All capitalized terms used in this Claim Form that are not defined herein have the meanings given to them in the Amended Stipulation.

4.      NOTICE TO INSTITUTIONAL FILERS:  Representatives with authority to file on behalf of (a) accounts of multiple Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format.  If you are a Representative Filer, you must contact the Settlement Administrator at efile@strategicclaims.net or visit their website at www.strategicclaims.net/institutional-filers/ to obtain the required file layout.  Claims that are not submitted in electronic spreadsheet format and in accordance with the Settlement Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file, along with the electronic spreadsheet format.  Claim Forms should be combined on a legal entity basis, where applicable. Sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number.  No Claim Forms submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Settlement Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

5.      NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their Claims online using the electronic version of the Claim Form hosted at www.AthiraSecuritiesSettlement.com.  If you are not acting as a Representative Filer, you do not need to contact the Settlement Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted.  If you are unsure if you should submit your Claim Form as a Representative Filer, please contact the Settlement Administrator at info@strategicclaims.net or (866) 274-4004.  If you are not a Representative Filer, but your Claim Form contains a large number of transactions, the Settlement Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

## II.    CLAIMANT IDENTIFICATION

6.      You are a member of the Class if you: (a) purchased or otherwise acquired Athira Pharma, Inc. publicly traded common stock during the period from September 17, 2020, through March 16, 2021, inclusive, and were damaged thereby (the "Securities Act Subclass") and/or (b) purchased or otherwise acquired Athira Pharma, Inc. publicly traded common stock during the period from March 17, 2021 through June 17, 2021, inclusive, and were damaged thereby (the "Exchange Act Subclass").  If you purchased or acquired Athira publicly traded common stock and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, you purchased or acquired Athira publicly traded common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm ("nominee"), you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

7.      Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser/acquirer and purchaser/acquirer of record, if different from the beneficial purchaser/acquirer of the Athira shares that form the basis of this Claim.  THIS CLAIM FORM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE ATHIRA PUBLICLY TRADED COMMON STOCK UPON WHICH THIS CLAIM FORM IS BASED.

8.      All joint purchasers or acquirers must sign this Claim Form.  Executors, administrators, guardians, conservators, and trustees or others acting in a representative capacity on behalf of a Class Member must complete and sign this Claim Form on behalf of persons they represent, and submit evidence of their current authority to act on their behalf, including titles or capacities.  The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the Claim Form.  Failure to provide the foregoing information could delay verification of your Claim Form or result in rejection of the Claim Form.

## III.    IDENTIFICATION OF TRANSACTIONS

9.      Use Part II of this form entitled "Schedule of Transactions in Athira Publicly Traded Common Stock" to supply all required details of your transaction(s) in Athira publicly traded common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet. **THE PARTIES DO NOT OTHERWISE HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN ATHIRA COMMON STOCK.**

10.     On the schedules, provide all of the requested information with respect to **all** of your purchases or acquisitions and **all** of your sales of Athira publicly traded common stock which took place during the time periods requested below, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to **all** of the shares of Athira publicly traded common stock you held at the close of trading on June 25, 2021 and September 15, 2021.  Failure to report all such transactions may result in the rejection of your Claim Form.

11.     List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

12.     The date of covering a "short sale" is deemed to be the date of purchase of Athira publicly traded common stock.  The date of a "short sale" is deemed to be the date of sale of Athira publicly traded common stock.

13.     For each transaction, copies of broker confirmations or other documentation of your transactions should be attached to your Claim Form.  Failure to provide this documentation could delay verification of your Claim Form or result in rejection of your Claim Form.

14.     **Dispute Resolution**:  The Settlement Administrator will notify Claimants in writing about whether their Claim Forms are rejected in order to give Claimants the chance to remedy any curable deficiencies.  If any Claimant whose Claim has been rejected, in whole or in part, desires to contest the rejection, the Claimant must, within 20 days after the date of the notice from the Settlement Administrator, submit a statement explaining the Claimant's grounds for contesting the rejection, and requesting a review by Co-Lead Counsel.  Co-Lead Counsel will make a final determination of the Claim dispute, in consultation with the Settlement Administrator.

**PART I:    CLAIMANT IDENTIFICATION**

The Settlement Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Settlement Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name

|  |
|---|

Co-Beneficial Owner's Name

|  |
|---|

Entity Name (if Claimant is not an individual)

|  |
|---|

Record Owner Name (if different from Beneficial Owner(s) listed above)

|  |
|---|

Representative Name (if different from Beneficial Owner(s) listed above)

|  |
|---|

Address1 (street name and number)

|  |
|---|

Address2 (apartment, unit, or box number)

|  |
|---|

| City | State | ZIP/Postal Code |
|---|---|---|
|  |  |  |

| Foreign Country (only if not USA) | Foreign County (only if not USA) |
|---|---|
|  |  |

Social Security Number (last four digits only) or Taxpayer Identification Number (last four digits only)

| | | | |
|---|---|---|---|

| Telephone Number (day) | Telephone Number (evening) |
|---|---|
|  |  |

Email address

|  |
|---|

Claimant Account Type (check appropriate box):
- ☐ Individual (includes joint owner accounts)  ☐ Pension Plan  ☐ Trust
- ☐ Corporation  ☐ Estate
- ☐ IRA/401K  ☐ Other _____ (please specify)

**PART II:    SCHEDULE OF TRANSACTIONS IN ATHIRA PUBLICLY TRADED COMMON STOCK**

**A.    Purchases or acquisitions of Athira publicly traded common stock from September 17, 2020, through June 17, 2021, inclusive (must be documented):**

| Purchase Date MM/DD/YY (List Chronologically) | Number of Shares Purchased | Total Purchase Price (excluding taxes, commissions, and fees, if any) | In an Offering Y/N |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |
| 4._____ | 4._____ | 4._____ | 4._____ |
| 5._____ | 5._____ | 5._____ | 5._____ |
| 6._____ | 6._____ | 6._____ | 6._____ |

**IMPORTANT:**        If any purchase listed covered a "short sale," please mark Yes.    ☐ Yes

**B.    Purchases during the 90-Day Lookback Period** – State the total number of shares of Athira publicly traded common stock purchased from June 18, 2021, through September 15, 2021[2] (must be documented): _____

**C.    Sales of Athira publicly traded common stock from September 17, 2020 through September 15, 2021, inclusive (must be documented):**

| Sale Date MM/DD/YY (List Chronologically) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees, if any) |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |
| 4._____ | 4._____ | 4._____ | 4._____ |
| 5._____ | 5._____ | 5._____ | 5._____ |
| 6._____ | 6._____ | 6._____ | 6._____ |

**D.    Number of shares of Athira publicly traded common stock held at the close of trading on June 25, 2021 (must be documented):** _____

**E.    Number of shares of Athira publicly traded common stock held at the close of trading on September 15, 2021 (must be documented):** _____

---

[2] Information requested in this Claim Form with respect to your transactions from June 18, 2021, through September 15, 2021 is needed only in order for the Settlement Administrator to confirm that you have reported all relevant transactions.  Purchases during this period, however, are not eligible for a recovery because these purchases are outside the Class Period.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THIS FORM ON PAGE 24 BELOW.  FAILURE TO SIGN THIS FORM MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM FORM.**

**CERTIFICATION**

I (We) hereby state and represent that I am (we are) a member of the Class as defined in the Notice, and that I am (we are) not excluded from the Class as set forth in the Notice.

I (We) hereby state and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any Released Plaintiffs' Claim (as defined in the accompanying Notice).

I (We) hereby state and represent that I (we) have included information about all of my (our) purchases and sales of Athira publicly traded common stock that occurred during the time periods requested and the number of shares held by me (us), to the extent requested.

I (We) certify that I am (we are) NOT subject to backup tax withholding.  (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, 2024 in _____,
                                 (Month/Year)                    (City)

_____.
     (State)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above acknowledgment.
2. If this Claim Form is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation.
4. **Do not send** originals of certificates.
5. Keep a copy of your Claim Form and all supporting documentation for your records.
6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR, IF MAILED, BE POSTMARKED (OR BEARING OTHER PROOF OF MAILING) NO LATER THAN SEPTEMBER 6, 2024, ADDRESSED AS FOLLOWS:**

*Athira Pharma Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
Tel: (866) 274-4004
Fax: (610) 565-7985
www.AthiraSecuritiesSettlement.com

## REQUEST TO BE EXCLUDED FROM THE CLASS

**If you want to remain in the Class and remain eligible to receive money from the Settlement in this case, <u>DO NOT RETURN THIS FORM</u>.**

**If you want to "opt out" and be excluded from the Class, which means that you will not be bound by any orders or judgment in this case or the Settlement (but you will not be able to receive any money from the Settlement), you may complete and return this form using the instructions below. Alternatively, you can send a letter as explained in the accompanying Notice:**

Name of Person(s) or Entity Requesting Exclusion: _____

_____

Mailing address: _____
                       Street          City        State       Postal Code
Phone number: _____

Email address: _____

**IF YOU WANT TO OPT OUT AND BE EXCLUDED FROM THE CLASS, PLEASE CHECK THE BOX BELOW AND SIGN BELOW.**

☐   Exclude me (us) from the Class in *Athira Pharma Securities Litigation*, Case No. 2:21-cv-00861-TSZ.

Please also provide the additional optional information listed below so that the Parties know you are a Class Member. Providing this information is optional and the Court will not reject any request for exclusion that does not include this information. However, we may need to ask you for it in the future because Athira has the right to terminate the Settlement if requests for exclusion are received that exceed an amount agreed to by the Parties. Please list: (i) the number of shares of Athira common stock purchased/acquired and sold from September 17, 2020, through June 17, 2021, inclusive; (ii) the dates of each purchase/acquisition and sale; and (iii) the prices of each purchase/acquisition and sale:

| Purchase/Acquisition/Sale Date MM/DD/YY (List Chronologically) | Number Of Shares Purchased Or Sold | Purchase/Sale Price |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

*If you require additional space, please attach extra schedules in the same format as above.

_____      _____
Date Signed                            (Sign your name(s) here)

                                        _____
                                        (Print your name(s) here)

                                        _____
                                        (Capacity of person signing, *e.g.*, Class Member, Executor, Representative, or Administrator)

## <u>REQUEST TO BE EXCLUDED FROM THE CLASS</u>

<u>**INSTRUCTIONS FOR RETURNING THIS FORM**</u>:

**You must return this form (or a letter) postmarked (or by other proof of mailing), or by email, NO LATER THAN September 6, 2024:**

| **Mailed Submissions**: | **Emailed Submissions:** |
|---|---|
| *Athira Pharma Securities Litigation*<br>EXCLUSIONS<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson Street, Suite 205<br>Media, PA 19063 | info@strategicclaims.net<br><br>If you send an email, you will receive an email confirmation of receipt from the Settlement Administrator. If you do not receive an email confirmation within one business day, please call or email them again. |

*Athira Pharma Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**