The Honorable Thomas S. Zilly

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

ANTONIO BACHAALANI NACIF, WIES RAFI, and HANG GAO, individually and on behalf of all other similarly situated,

*Plaintiffs*,

v.

ATHIRA PHARMA, INC., and LEEN KAWAS, Ph.D.,

*Defendants.*

No. 2:21-cv-00861-TSZ

**CONTRIBUTING COUNSEL'S REPLY IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

Note on Motion Calendar: October 18, 2024

Longman Law, P.C. and Keller Rohrback, L.L.P. (collectively, "Contributing Counsel"), on behalf of Plaintiffs Timothy and Tai Slyne hereby respond[1] to what is styled "Plaintiffs' Opposition to Longman Law's Motion for an Award of Attorneys' Fee and Reimbursement of Expenses" (the Opposition"), filed October 11, 2024.[2]

Contributing Counsel, on behalf of their clients, were the only movants to petition this Court to appoint separate lead plaintiffs and separate lead counsel, for claims made under the Securities Act of 1933 (the "Securities Act"). The benefit to the class of that request, and the

---

[1] The definitions set forth in Contributing Counsel's motion are hereby referenced and incorporated herein.

[2] As an initial matter, while the Opposition references only Longman Law, the underlying petition was actually filed on behalf of two law firms, Longman Law, P.C. and Keller Rohrback, L.L.P.

Contributing Counsel's Reply in Support of Mot. for Award of Att'ys' Fees & Expenses - 1
(No. 2:12-cv-00861-TSZ)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Court's decision resulting in the appointment of separate lead counsel and lead plaintiff with standing to pursue Section 11 claims, has become apparent over the course of this litigation and its settlement.[3]

In arguing that Contributing Counsel should not be compensated for their efforts, *see* Opp. at 2, Co-Lead Counsel misquote *Flanagan, Lieberman, Hoffman & Swaim v. Ohio Pub. Emps. Ret. Sys.*, 814 F.3d 652 (2d. Cir. 2016) ("Flanagan"), when arguing that it is "far different" from the case cited by Contributing Counsel in support of their petition, *Pappas v. Naked Juice Co. of Glendora, Inc.,* No. LA CV11-08276 JAK (PLAx), 2014 U.S. Dist. LEXIS 200645 (C.D. Cal. Jan. 2, 2014). Both cases support movant's argument, making the same point: "non-lead counsel are entitled to reasonable attorneys' fees for work completed prior to the appointment of a lead plaintiff if such work conferred 'a substantial benefit on the class.'" *Flanagan*, 814 F.3d at 657; *Pappas,* 2014 U.S. Dist. LEXIS 200645 at *49 (non-lead counsel who drafted a complaint pre-appointment containing novel and distinct claims should be compensated for their work). [4] The Second Circuit points out that "attorneys whose work produces a common fund benefitting a group of plaintiffs

---

[3] Co-Lead Counsel also cite *Fund. Throne v. Citicorp Inv. Servs. Inc.*, 378 F. App'x 629 (9th Cir. 2010) as an example of a non-lead attorney being denied fees for not contributing to a settlement. In that case, however, the stipulated settlement was reached before consolidation. *Id.* at 630-31.  After consolidation, counsel for the lead plaintiff, who had negotiated with the defendant, drafted the stipulated settlement. The non-lead counsel moving for fees had received a pre-final draft of the stipulated settlement and suggested minor changes, but no changes that were made thereafter altered the dollar amount of the settlement agreement. *Id.* at 631. By contrast, here Contributing Counsel were responsible for creating the separate lead plaintiff and lead counsel structure that: a. enabled the Securities Act claims to be prosecuted by a lead plaintiff with standing to pursue them expeditiously and efficiently; and b. ultimately, with the Court's intervention, an allocation formula appropriately weighted in favor of the class with the surviving superior claims was achieved.

[4] Contributing Counsel are unable to find the quoted passage anywhere in the case to which it is attributed. *See* Opp. at 2, quoting *Flanagan,* 814 F.3d at 657, ("The key factor in determining whether to compensate non-lead counsel for pre-appointment work is whether non-lead counsel 'create[d] a substantial benefit for the class' during that period," such as "by developing legal theories that are ultimately used by lead counsel in prosecuting the class action."). But even if the quoted standard applies, Contributing Counsel did develop legal theories that benefited the Securities Act Class, by suggesting that a lead plaintiff with standing to bring such claims should be appointed.

---

Contributing Counsel's Reply in Support of Mot. for Award of Att'ys' Fees & Expenses - 2
(No. 2:12-cv-00861-TSZ)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

may receive reasonable attorneys' fees from that fund." *Id. citing Victor v Argent Classic Convertible Arbitrage Fund L.P.*, 623 F3d 82, 86 (2d Cir 2010). *Victor*, in fact, applies specifically to work performed prior to the appointment of lead plaintiffs. (*Flanagan*, 814 F.3d at 657). Here the "group" of Securities Act plaintiffs benefited from Contributing Counsel's work.

In their Opposition, Co-Lead Counsel distorts Contributing Counsel's argument, when it suggests that Contributing Counsel are improperly seeking credit for being the "first lead plaintiff movant" to make a "novel" argument that a separate lead plaintiff with standing to do so should be appointed to represent those with Securities Act claims. Opp. at 3, (quoting Mot. at 2). Contributing Counsel never argued that this "novel" argument had not been made in any prior case. Indeed, Mr. Longman was well aware that a motion for separate representation of a Securities Act Class was not a "first," because he has successfully made the same request in other cases on behalf of those holding Securities Act claims where Exchange Act claims are also alleged. *See, e.g.*, *In re Peregrine Sys., Inc. Sec. Litig.,* No. Civ. 02-cv-870-J (RBB), 2002 WL 32769239, at *11-12 (S.D. Cal. Oct. 11, 2002) (Appointing separate lead plaintiffs for the Securities Act and Exchange Act claims due to conflicting interests. The settlement that resulted contained the highest settlement amount contributed by an outside director to date). His understanding of the benefit of a separate Securities Act lead plaintiff in that context is the reason he proposed it here.

Mr. Longman was also aware that it is a strategy that is overlooked in the unique circumstances in which it can be beneficial. The separate representation argument is, in fact, still relatively novel and success is often elusive. *See e.g. In re CTI BioPharma Corp. Sec. Litig.*, 2016 WL 7805876; *In re Surebeam Corp. Secs. Litig.*, No. 03 CV 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Dec. 31, 2003) ("[O]n a number of occasions, courts have found a class representative typical even if the class representative is representing claims of both Securities Act and Exchange Act claimants.")

Thus, while the request for the appointment of a separate Securities Act Plaintiff was not made here for the first time in *any* case, it is abundantly clear that, were it not for Contributing Counsel, the request to appoint a second lead plaintiff with standing to bring Securities Act claims

Contributing Counsel's Reply in Support of Mot. for Award of Att'ys' Fees & Expenses - 3
(No. 2:12-cv-00861-TSZ)

at the outset of the litigation would never have been made in *this* case.[5]  In short, Contributing Counsel did succeed on advancing a "relatively" novel legal argument of separate lead plaintiffs and lead counsel, thereby eliminating the delay that would have resulted from the need to select a new lead Plaintiff when the Exchange Act claims were dismissed (as the Court predicted), and ultimately enhanced the recovery to Securities Act Class members for their separate claims, via an allocation formula now weighted towards the members of the Securities Act Class, whose claims were the only ones to survive the motion to dismiss.

Co-Lead Counsel then argue that Contributing Counsel "did not provide evidence that he [they] increased the Settlement Fund in any way." Opp. at 1.[6] But the history of this litigation itself demonstrates that the presence of a separately represented group of Securities Act claim holders, proposed only by Contributing Counsel, provided leverage for settlement negotiations and, as reflected in the Court's well-reasoned Order dated October 5, 2021 (the "October Order"), formed the basis for the rejection of the allocation formula initially proposed by Co-Lead Counsel, that was ultimately cured by rebalancing the distribution to provide a greater portion of the settlement fund to those who hold Securities Act claims.  The existing facts demonstrate that it conferred a demonstrable benefit to Securities Act claim holders, i.e. the difference between the initial allocation and the one ultimately approved by the Court. There can be no doubt that benefit to Securities Act claimants was enhanced by the Court's rejection of the first Motion for Preliminary Approval and subsequent adjustment to the allocation in favor of the Securities Act Class.  Co-Lead Counsel has not cited any authority for the proposition that an attorney has not conferred a benefit to the Securities Act Class under these circumstances.

---

[5] Although Plaintiff Rafi was ultimately appointed because his Securities Act losses were larger than the Slyne Plaintiffs, Plaintiff Slyne was the only plaintiff to make this argument, novel or not.

[6] Contributing Counsel concede that their clients were not the only or the first to assert Securities Act claims in this litigation. Again, at least one of the Co-Lead Counsel did assert Securities Act claims, but nonetheless still seem to miss the point which is that if a litigant has only Exchange Act claims (but not Security Act claims) he or she has a significant conflict of interest with the litigant possessing strict liability Securities Act claims which are much easier to prove, as amply demonstrated by this litigation.

Contributing Counsel's Reply in Support of Mot. for Award of Att'ys' Fees & Expenses - 4
(No. 2:12-cv-00861-TSZ)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Co-Lead Counsel's argument that the appointment of separate lead plaintiffs did not ultimately conserve attorney time and judicial resources, Opp. at 3, is directly undermined by this Court's own words in its decision appointing separate lead plaintiffs:

> [T]he notion that an inadequate lead plaintiff could simply be replaced at a later time, see *Pino v. Cardone Capital, LLC*, No. 2:20-cv-8499, 2020 WL 7585839, at *5 (C.D. Cal. Dec. 18, 2020), does not offer much comfort here; a new lead plaintiff and lead counsel would essentially start from scratch and the proceedings would be significantly delayed.

October Order at 8.

Co-Lead Counsel next make the erroneous assertion that "based on the Court's subsequent rulings" lead plaintiff Nacif had standing to assert the Securities Act claims, referencing this Court's Minute Order denying defendants' motion for reconsideration of the decision denying their motion to dismiss the Securities Act claims. (See ECF No. 95). Nothing in the Minute Order, or any other ruling, supports their proposition, which this Court emphatically rejected: "[I]in this matter, an inability to prove scienter would be dispositive as to Nacif, who **undisputedly** has no Securities Act claims." October Order at 8 (Emphasis added). [7]

Lead Counsel's remaining arguments are speculative and misplaced. Contributing Counsel have no undisclosed fee arrangements regarding division of the fees requested for their common benefit contribution. As an initial matter, the arrangement for which the Court sought disclosure was a proposal to share fees between Class Counsel and Longman Law, PC, *see* Order at 10 (Dkt 128), which never materialized, as Contributing Counsel explained. Mot. at 2. The Contributing Counsel's Motion and accompanying declarations disclose the award that each firm requests and will receive if the Court approves. No other arrangement exists between the two firms, or with anyone else, regarding the fees requested. S*ee* Declaration of Juli Farris at ¶4. Similarly, while the Slyne Plaintiffs' delay in submitting their claims to the settlement administrator is an

---

[7] The Court's statement that "plaintiffs are entitled to proceed forward on their Securities Act § 11 claim" is hardly support for the bold assertion that Plaintiff Nacif had standing to bring claims based on the purchase of securities that are not traceable to the offering in question, as the Court originally held when appointing Plaintiff Rafi.

Contributing Counsel's Reply in Support of Mot. for Award of Att'ys'
Fees & Expenses - 5
(No. 2:12-cv-00861-TSZ)

unfortunate oversight, it does not reflect lack of interest in the litigation. *Id.* at ¶6. Moreover, the Slyne's *individual* recovery has no bearing upon the question of whether the contribution of their *counsel* conferred a common benefit. Finally, as Lead Counsel is well aware, Mr. Longman is unable to attend the upcoming hearing because it has been scheduled during a Jewish religious holiday that he observes. It would be unfair under the circumstances to require him to appear in person to answer questions in order to obtain the relief he seeks, particularly given that he has local co-counsel available to attend in his place, as the rules of this District require. LCR 83.1(d)(2). None of these specious arguments invalidate Contributing Counsel's legitimate request.

### CONCLUSION

Contributing Counsel respectfully request that this Court grant their Motion for Attorney Fees and Reimbursement of Expenses.

Dated: April 30, 2024.                    Respectfully submitted,

<u>*s/ Juli E. Farris*</u>
Juli E. Farris, WSBA 17593
Eric R. Laliberte, WSBA 44840
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, Washington 98101
Telephone: (206) 623-1900
jfarris@kellerrohrback.com
elaliberte@kellerrohrback.com

I certify that this memorandum contains 1951 words, in compliance with the Local Civil Rules.

Howard T. Longman, NJBA 264882018
*Admitted Pro Hac Vice*
LONGMAN LAW, P.C.
354 Eisenhower Pkwy., Suite 1800
Livingston, New Jersey 07039
Telephone: (973) 994-2315
hlongman@longman.law

***Attorneys for Plaintiffs Timothy Slyne and Tai Slyne***

Contributing Counsel's Reply in Support of Mot. for Award of Att'ys'
Fees & Expenses - 6
(No. 2:12-cv-00861-TSZ)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384