# Exhibit 1

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTONIO BACHAALANI NACIF; WIES RAFI; and HANG GAO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ATHIRA PHARMA, INC., et al.,<br><br>Defendants. | CASE NO.: 2:21-cv-00861-TSZ<br><br>**PLAINTIFFS' CORRECTED OPPOSITION TO LONGMAN LAW'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**<br><br>**NOTE ON MOTION CALENDAR**<br><br>**Noted for October 18, 2024 by Court Order** |

PLAINTIFFS' CORRECTED OPPOSITION TO LONGMAN LAW'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES - CASE NO. 2:21-CV-00861-TSZ

LABATON KELLER SUCHAROW LLP
140 BROADWAY, New York, NY 10005
PHONE: 212 907-0700
FAX: 212 818-0477

Lead plaintiffs Wies Rafi ("Rafi")[1] and Antonio Bachaalani Nacif ("Nacif," and together with Rafi, "Lead Plaintiffs") and additional named plaintiff Hang Gao ("Gao," and together with Lead Plaintiffs, "Plaintiffs"), and their counsel, Co-Lead Counsel, oppose the motion of Longman Law, P.C. ("Longman") and its liaison counsel (together, "Longman") for an award of attorneys' fees and expenses. ECF No. 133 ("Longman Fee Motion"). The Longman Fee Motion should be rejected because Longman failed to provide a benefit to the Class.

Attorneys who represent a class and are successful in creating a common fund for the benefit of class members are entitled to a reasonable fee from the common fund as compensation for their services. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (holding that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole"). In the Ninth Circuit, "a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 769 (9th Cir. 1977). Co-Lead Counsel, who litigated this case to its very favorable result, met this standard and moved for an award of 25% of Settlement Fund. *See* ECF No. 131 (Co-Lead Counsel's fee motion explaining why an award of a percentage of the Settlement Fund is warranted).

While Longman acknowledges that the relevant standard "is whether the services of [the non-lead counsel] provided a benefit to the common fund," he does not actually provide any evidence that his actions increased the Settlement Fund in any way. *See* Longman Fee Motion, ECF Nos. 133, 133-1. Longman concedes (as he must) that he was not the only counsel to assert Securities Act claims: Counsel for Plaintiff Rafi, Glancy Prongay & Murray LLP, had earlier filed a complaint with such claims, on behalf of a different plaintiff, before Longman's involvement in

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Amended Stipulation and Agreement of Settlement, dated December 15, 2023 ("Amended Stipulation," ECF No. 125-2).

the case.[2] *See Jawandha v. Athira Pharma, Inc. et al.,* Case No. 2:21-cv-00862, ECF. No. 1 (W.D. Wash. June 25, 2021).  Instead, Longman cites that he represented the first lead plaintiff movant to argue that there should be separate lead plaintiffs for the Securities Act and Exchange Act claims.  *See* Longman Fee Motion at 2-3.  To be clear, this was not a novel argument, as courts have appointed separate lead plaintiffs for different claims in other securities class actions.  *See, e.g.*, ECF No. 48 at n.17 (Longman citing cases for proposition).  And most importantly, Longman's argument did not create a substantial benefit to the Class. *Beauregard*, 2011 WL 13076742 at *3 ("The key factor in determining whether to compensate non-lead counsel for pre-appointment work is whether non-lead counsel 'create[d] a substantial benefit for the class' during that period," such as "by developing legal theories that are ultimately used by lead counsel in prosecuting the class action.") (quoting *In re Cendant Corp. Sec. Litig.,* 404 F.3d 173, 195 (3d Cir. 2005)).  As such, this situation is far different than that which Longman cites in comparison. *See Pappas v. Naked Juice Co. of Glendora, Inc.*, No. 11-cv-08276, 2014 WL 12382279, at *16 (C.D. Cal. Jan. 2, 2014) (granting fees to non-lead counsel who had alleged novel claims that "formed a basis for a portion of the settlement agreement.").

More importantly, Longman's argument did not lead to an actual benefit to the Class. Longman Fee Motion at 4-5 (citing the conservation of judicial resources and "*attorney* time and expense").[3]  First, Longman's assertion that judicial and attorney resources were conserved is unsupported.  Even if the Court had appointed Nacif as the sole lead plaintiff, he would have alleged Exchange Act and Securities Act claims in a consolidated amended complaint because both types of claims had already been asserted in the initial complaints underlying this consolidated action.  Had the Exchange Act claims been dismissed and Nacif lost standing, courts

---

[2] Even if Longman were the first, he still would not be entitled to attorneys' fees because pleading a Securities Act claim is not the same as obtaining a recovery and such pleading was not difficult given that the alleged misstatements were issued in connection with the IPO and overlap with the start of the Exchange Act claims. *See Beauregard v. Smart Online, Inc.*, No. 07-cv-785, 2011 WL 13076742, at *4–5 (M.D.N.C. June 6, 2011).

[3] Without actually stating so, Longman implies that the separate lead plaintiffs provided some unspecified benefit to the Class given that the Exchange Act claims were dismissed. Such implication is unsupported by the record.

PLAINTIFFS' CORRECTED OPPOSITION TO LONGMAN LAW'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES - CASE NO. 2:21-CV-00861-TSZ

LABATON KELLER SUCHAROW LLP
140 BROADWAY, New York, NY 10005
PHONE: 212 907-0700
FAX: 212 818-0477

2

typically appoint the next largest movant with standing to prosecute the Securities Act claims.[4] Longman ignores that, under the Court's subsequent rulings, Nacif had standing to assert the Securities Act claims. *See, e.g.,* ECF No. 95. Second, the conservation of judicial and attorney resources did not increase, create, or otherwise contribute to the Settlement Fund. Indeed, since Co-Lead Counsel's fee request is based on a ***percentage of the Settlement Fund***, the amount of attorney time spent on the case has no impact on the Settlement Fund itself.

Longman's other argument, that the appointment of separate lead plaintiffs benefited the Class by revising the plan of allocation, is equally baseless. Longman Fee Motion at 5-6 ("Indeed, the Securities Act class members who make claims in the now proposed settlement will gain far greater relief as a result of the appointment of separate leadership for a separate subclass"). Even ignoring that the relative allocation between the Classes does not increase the total amount of the Settlement Fund, Longman's argument demonstrates a lack of understanding of the record and the Court's prior orders. In reality, despite the appointment of separate lead plaintiffs, the Court had concerns about a conflict and the allocation between the two classes. *See* ECF No. 123 at 5-8 (denying preliminary approval and raising intraclass conflict ***between both Lead Plaintiffs*** and the Class because Exchange Act claims were dismissed and "class members with Exchange Act Claims could recover, in the aggregate, more than class members with Securities Act (or both Securities Act and Exchange Act) Claims, even though their claims have little value in light of the Court's Dismissal Order."). The Court's concerns were alleviated with the addition of a third representative and a revised plan of allocation after supplemental arm's-length negotiations. *See, e.g.*, ECF Nos. 128, 128-1 (preliminarily approving Settlement based on Amended Stipulation and revised plan of allocation that resulted from adversarial arms'-length process between the parties (including the Lead Plaintiffs and the initial plaintiff in the action, Gao) overseen by mediator); *see generally* Joint Declaration of Thomas G. Hoffman, Jr. and Casey E. Sadler in Support of Co-Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of

---

[4] Indeed, this is exactly what happened in one of the cases cited by Longman. *See In re Tezos Sec. Litig.*, No. 17-06779, 2019 WL 2183448, at *5 (N.D. Cal. Apr. 8, 2019) (appointing next largest lead movant as lead plaintiff following lead plaintiff's withdrawal).

PLAINTIFFS' CORRECTED OPPOSITION TO LONGMAN LAW'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES - CASE NO. 2:21-CV-00861-TSZ

LABATON KELLER SUCHAROW LLP
140 BROADWAY, New York, NY 10005
PHONE: 212 907-0700
FAX: 212 818-0477

3

Expenses, ECF No. 132 at ¶¶ 46-51. In no way did the appointment of two lead plaintiffs result in the changes to the plan of allocation.

Longman's lack of familiarity with the record warrants closer scrutiny of his fee request. The Court's February 15, 2024 order required that "Any motion for attorneys' fees and litigation costs shall indicate which firms will be paid and in what amount, and it shall be accompanied by a copy of any agreement among or between firms concerning how the fees and/or costs will be apportioned." ECF No. 128 at 10. Yet, Longman did not provide the fee arrangement with its local counsel Keller Rohrback L.L.P. *See generally* Longman Fee Motion. Moreover, Longman did not address or disclose if he had any fee arrangements with other counsel, especially where his clients (Timothy and Tai Slyne) appear to be related to counsel awarded fees in the related derivative action against Athira (Patrick Slyne), and Mr. Longman and Mr. Slyne were counsel at the same small firm (Stull Stull & Brody LLP) for decades. *See Bushanksy v. Leen Kawas, et al.*, Case No. C22-497 TSZ (July 18, 2024), ECF No. 29 at ¶4 (awarding Slyne Law LLC $433,326.85 in attorney fees).[5] It is of further note that Co-Lead Counsel have been advised by the Claims Administrator that Longman's clients, Timothy and Tai Slyne, failed to file claims in the Settlement, which suggests minimal interest in actually being involved in the lawsuit. As such, Co-Lead Counsel respectfully request that the Court ask Mr. Longman at the upcoming final approval hearing about these relationships, the existence of any fee arrangements, and whether he was working together in some manner with counsel in related actions.

*        *        *

In sum, it is respectfully submitted that Longman's fee request should be denied in its entirety because his firm provided no benefit to the Class. *Fund. Throne v. Citicorp Inv. Servs. Inc.*, 378 F. App'x. 629, 631 (9th Cir. 2010) (affirming lower court decision that non-lead attorney "was not entitled to recover attorneys' fees because [] attorneys were not actively involved in reaching the settlement and their work did not substantially benefit the class.").

---

[5] From recent obituaries, it appears that Timothy Slyne is the brother and Tai is the sister-and-law of Patrick Slyne. *See* https://kileyfuneralhome.com/tribute/details/5229/Joan-Howard/obituary.html; *see also* https://www.courant.com/obituaries/donald-j-slyne-hartford-ct/

PLAINTIFFS' CORRECTED OPPOSITION TO LONGMAN LAW'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES - CASE NO. 2:21-CV-00861-TSZ

LABATON KELLER SUCHAROW LLP
140 BROADWAY, New York, NY 10005
PHONE: 212 907-0700
FAX: 212 818-0477

4

Dated: October 11, 2024

Respectfully submitted,

**LABATON KELLER SUCHAROW LLP**

By: *s/ Thomas G. Hoffman, Jr.*
Michael P. Canty
Thomas G. Hoffman, Jr.
140 Broadway
New York, New York 10005
Phone: (212) 907-0700
Fax: (212) 818-0477
Email: mcanty@labaton.com
thoffman@labaton.com
nzeiss@labaton.com

**GLANCY PRONGAY & MURRAY LLP**
Joseph D. Cohen
Kara M. Wolke
Casey E. Sadler
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Phone: (310) 201-9150
Fax: (310) 201-9160
Email: jcohen@glancylaw.com
kwolke@glancylaw.com
csadler@glancylaw.com

*Co-Lead Counsel for the Class*

**ROSSI VUCINOVICH, P.C.**

By: *s/ Benjamin T. G. Nivison*
Benjamin T. G. Nivison, WSBA No. 39797
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
Phone: (425) 646-8003
Fax: (425) 646-8004
Email: bnivison@rvflegal.com

*Liaison Counsel for the Class*

**BLOCK & LEVITON LLP**
Jacob Walker
Michael Gaines
260 Franklin Street, Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600

PLAINTIFFS' CORRECTED OPPOSITION TO LONGMAN LAW'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES - CASE NO. 2:21-CV-00861-TSZ

LABATON KELLER SUCHAROW LLP
140 BROADWAY, New York, NY 10005
PHONE: 212 907-0700
FAX: 212 818-0477

5

Email: jake@blockleviton.com
michael@blockleviton.com

*Additional Plaintiffs' Counsel*

PLAINTIFFS' CORRECTED OPPOSITION TO LONGMAN
LAW'S MOTION FOR AN AWARD OF ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES
- CASE NO. 2:21-CV-00861-TSZ

LABATON KELLER SUCHAROW LLP
140 BROADWAY, New York, NY 10005
PHONE: 212 907-0700
FAX: 212 818-0477

6

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List served via ECF on all registered participants only.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 11, 2024.


/s/ *Thomas G. Hoffman, Jr.*
Thomas G. Hoffman, Jr.

CERTIFICATE OF SERVICE
- CASE NO. 2:21-CV-00861-TSZ

LABATON KELLER SUCHAROW LLP
140 BROADWAY, New York, NY 10005
PHONE: 212 907-0700
FAX: 212 818-0477